**MDL 1554**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAY 2 3 2003

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

```
------------------------------------------------------x
                                    :
IN RE: INITIAL PUBLIC OFFERING      :     MDL DOCKET NO. _____
SECURITIES LITIGATION               :
                                    :
------------------------------------------------------x
```

## MOTION BY THE INITIAL PUBLIC OFFERING SECURITIES LITIGATION LEAD PLAINTIFFS TO TRANSFER FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS PURSUANT TO 28 U.S.C. § 1407

Movants are in excess of 309 Court-appointed lead plaintiffs in as many consolidated and

coordinated actions comprising the *Initial Public Offering Securities Litigation,* 21 MC 92 (SAS)

(S.D.N.Y.) (the "IPO Securities Litigation"). Movants respectfully move the Panel for an Order,

pursuant to 28 U.S.C. § 1407, transferring an action pending in the United States District Court

for the Southern District of Florida (the "Florida Action") to the Southern District of New York,

and specifically to the Honorable Shira A. Scheindlin, United States District Judge for the

Southern District of New York, for coordinated or consolidated pretrial proceedings with the 309

related actions pending there which involve questions of fact and law common to the Florida

Action. In support of such transfer, and as set forth in greater detail in the accompanying

Memorandum of Law, Movants state as follows:

IMAGED MAY 27'03    **OFFICIAL FILE COPY**              316179

1.      During the late 1990s into 2000, several hundred high technology and Internet-related companies raised capital by selling ownership of their companies to the public through initial public offerings and secondary offerings (collectively, "IPOs"). The IPOs were structured and implemented, in large part, in New York City where the investment banks, underwriters of the IPOs, maintain offices. Beginning in January 2001, well over 1100 complaints that allege federal securities law violations arising from improper conduct in connection with the IPOs of certain of those issuers (the "IPO Actions") were filed in, or transferred to, the United States District Court for the Southern District of New York against three types of defendants: (1) the underwriters of the IPO; (2) "issuers" or the companies that issued the stock in the IPOs; and (3) the company's directors and officers (or, the "individual defendants"). In those IPO Actions, plaintiffs have sued, in total: fifty-five underwriters - *including* Credit Suisse First Boston Corp. ("CSFB"), who is the primary defendant in the Florida Action; 309 issuers - including Commerce One, the issuer of the shares purchased by Plaintiff Liu (as well as Robert W. Tenney, who has filed a motion to be lead plaintiff); and hundreds of individual defendants.

2.      To efficiently and effectively manage these more than 1100 IPO Actions, the Southern District of New York, Assignment Committee, directed the transfer of all IPO Actions to Judge Scheindlin for "coordination and decision of pretrial motions, discovery and related matters other than trial." Subsequently, Judge Scheindlin further consolidated the IPO Actions by issuer, resulting in 309 consolidated cases coordinated for pretrial litigation in the above-captioned IPO Securities Litigation.

3.      Several substantive proceedings have taken place, including the filing, briefing of and oral argument on motions to dismiss, which Judge Scheindlin, in a 238-page Decision and Order dated February 19, 2003, [*In re Initial Public Offering Securities Litigation*, 241 F. Supp.

316179

2d 281, (S.D.N.Y. 2003)], denied the underwriter defendants' motion to dismiss in almost every regard, and left them defendants in all 309 actions. Discovery is well underway and tens of thousands of pages of internal underwriter documents have already been reviewed and as many as tens of millions of pages of further documents from underwriter defendants are expected to be produced in the coming months.

4.    On February 28, 2003, the Florida Action was filed in the Southern District of Florida, asserting claims against IPO Securities Litigation defendant CSFB, certain of its related entities, 50 issuers (37 of which are IPO Securities Litigation defendants) and several of their individual defendants (68 of which are IPO Securities Litigation defendants). In each of the 37 cases where the same issuer is named, the alleged class period overlaps substantially and the case alleges misrepresentations in the identical IPO registration statements.

5.    This motion seeks the transfer of the Florida Action to the Southern District of New York. In accordance with J.P.M.L. Rule 7.2(a)(ii), a schedule listing the Florida Action for which transfer is sought, as well as the 309 consolidated cases comprising the IPO Securities Litigation is annexed hereto as Exhibit A.

6.    Because the IPO Securities Litigation and the Florida Action are based upon certain similar factual issues, coordinated or consolidated pretrial proceedings in one judicial district are necessary. Absent transfer, the parties and courts will face the burden and expense of:

        (a)    needless duplicative discovery and discovery disputes;

        (b)    inconsistent pretrial rulings on substantive matters, including motions for summary judgment; and

        (c)    requiring defendants to litigate the same issues in two different judicial

316179

districts on different schedules.

7.      Transfer of the Florida Action to the Southern District of New York will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the actions. New York is the most appropriate venue because, among other things:

(a)      Many other IPO-related actions as well as the governmental and regulatory investigations are currently proceeding in the Southern District of New York. These proceedings include those brought by: (1) the Securities and Exchange Commission; (2) New York State Attorney General Eliot Spitzer; (3) the Office of the United States Attorney (for the Southern District of New York); (4) the Office of the District Attorney, New York County; and (5) the NASD and New York Stock Exchange;

(b)      CSFB is the principal corporate defendant whose U.S. corporate headquarters are located at 11 Madison Avenue in New York City;

(c)      Many of the defendant investment banks which underwrote the securities offerings at issue are headquartered, or maintain offices, in New York and have been providing discovery, including document production and proffering witnesses for depositions; and

(d)      Each of the law firms on the IPO Plaintiffs' Executive Committee is either located in New York City or is within close proximity to New York City. In addition, many of the law firms representing defendants in the IPO Securities Litigation, including counsel to CSFB (Wilmer Cutler & Pickering), are located in New York City.

WHEREFORE, Movants respectfully request an Order:

(i)      Transferring the Florida Action to the Southern District of New York for coordinated or consolidated pretrial proceedings with the IPO Securities Litigation; and

(ii)      For such other and further relief as the Panel may deem just and proper.

316179

4

Dated: May _____, 2003

| | |
|---|---|
| **WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP** | **BERNSTEIN LIEBHARD & LIFSHITZ, LLP** |

WOLF HALDENSTEIN ADLER
   FREEMAN & HERZ LLP

By: _____
     Daniel W. Krasner (DK-6381)
     Fred Taylor Isquith (FI-6782)
     Thomas H. Burt (TB-7601)
     Gustavo Bruckner (GB-7701)
270 Madison Avenue
New York, New York 10016
(212) 545-4600

BERNSTEIN LIEBHARD &
   LIFSHITZ, LLP

By: _____
     Stanley D. Bernstein (SB-1644)
     Robert Berg (RB-8542)
     Rebecca M. Katz (RK-1893)
10 East 40th Street
New York, NY 10016
(212) 779-1414

MILBERG WEISS BERSHAD HYNES
   LERACH LLP

By: _____
     Melvyn I. Weiss (MW-1392)
     Ariana J. Tadler (AJT-0452)
     Peter G.A. Safirstein (PS-6176)
One Pennsylvania Plaza
New York, NY 10119-0165
(212) 594-5300

STULL STULL & BRODY

By: _____
     Jules Brody (JB-9151)
     Aaron Brody (AB-5850)
6 East 45th Street
New York, NY 10017
(212) 687-7230

SCHIFFRIN & BARROWAY, LLP

By: _____
     Richard S. Schiffrin
     David Kessler
     Darren J. Check
Three Bala Plaza East, Suite 400
Bala Cynwyd, PA 19004
(610) 667-7706

SIROTA & SIROTA LLP

By: _____
     Howard Sirota (HBS-5925)
     Rachell Sirota (RS-5831)
     Saul Roffe (SR-2108)
     John P. Smyth (JPS-3206)
     Halona N. Patrick (HNP-5803)
110 Wall Street, 21st Floor
New York, NY 10005
(212) 425-9055

**Plaintiff's Executive Committee**

316179

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**MAY 2 3 2003**

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

```
-------------------------------------------------------x
                                       :
IN RE: INITIAL PUBLIC OFFERING         :          MDL DOCKET NO. _____
SECURITIES LITIGATION                  :
                                       :
-------------------------------------------------------x
```

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION BY THE
INITIAL PUBLIC OFFERING SECURITIES LITIGATION LEAD
PLAINTIFFS TO TRANSFER FOR COORDINATED OR CONSOLIDATED
PRETRIAL PROCEEDINGS PURSUANT TO 28 U.S.C. § 1407**

Movants are in excess of 309 Court-appointed lead plaintiffs in as many consolidated and

coordinated actions comprising the *Initial Public Offering Securities Litigation*, 21 MC 92 (SAS)

(S.D.N.Y.) (the "IPO Securities Litigation").[1]   Movants respectfully submit this memorandum of

law in support of their motion pursuant to 28 U.S.C. § 1407 to transfer an action pending in the

Southern District of Florida (the "Florida Action")[2] to the Southern District of New York, and

specifically to the Honorable Shira A. Scheindlin, United States District Judge for the Southern

---

[1]  A schedule of the IPO Securities Litigation lead plaintiffs is annexed hereto as Exhibit A.

[2]  The Florida Action is styled *Liu v. Credit Suisse First Boston Corp., et al.*, No. 03-20459 (S.D. Fla.)
(Martinez, J.).  A copy of the *Liu* Complaint is annexed hereto as Exhibit B

315865

District of New York, for coordinated or consolidated pretrial proceedings with the 309 related actions[3] pending there where each involve questions of fact and law common if not identical to the Florida Action.

## PRELIMINARY STATEMENT

During the late 1990s into 2000, several hundred high technology and Internet-related companies raised capital by selling ownership of their companies to the public through initial public offerings and secondary offerings (collectively, "IPOs"). The IPOs were structured and implemented, in large part, in New York City where the investment banks, underwriters of the IPOs, maintain offices. Beginning in January 2001, well over 1100 complaints that allege federal securities law violations arising from improper conduct in connection with the IPOs of certain of those issuers (the "IPO Actions") were filed in, or transferred to, the United States District Court for the Southern District of New York.

The IPO Actions assert claims against three sets of defendants: (1) underwriters of the IPO(s); (2) "issuers" or the companies that issued stock in the IPO(s); and (3) "individual defendants", or directors and officers of the issuers. In the IPO Actions, hundreds of plaintiffs asserted claims against more than fifty underwriters, *including* Credit Suisse First Boston Corp. ("CSFB"), the primary defendant in the Florida Action; more than three hundred issuers; and hundreds of individual defendants.

To efficiently and effectively manage these more than 1100 IPO Actions, the Southern District of New York Assignment Committee, directed the transfer of all IPO Actions to Judge Scheindlin for "coordination and decision of pretrial motions, discovery and related matters other

---

[3] A Schedule of all Actions, including the 309 IPO Securities Litigation actions as well as the Florida Action, is annexed to the Motion by the Initial Public Offering Securities Litigation Lead Plaintiffs to Transfer For Coordinated as Consolidated Pretrial Proceedings Pursuant to 28 U.S.C. § 1407.

315865

than trial." See August 9, 2001 Order, *In re Initial Public Offering Sec. Litig.*, 21 MC 92.[4]

Subsequently, Judge Scheindlin further consolidated the IPO Actions by issuer, resulting in 309

consolidated cases coordinated for pretrial litigation in the above-captioned IPO Securities

Litigation.[5]

The IPO Securities Litigation has been actively litigated. Several substantive

proceedings have taken place, including the filing, briefing of and oral argument on motions to

dismiss, which Judge Scheindlin, in a 238-page Decision and Order dated February 19, 2003, [*In

re Initial Public Offering Securities Litigation*, 241 F. Supp. 2d 281, (S.D.N.Y. 2003)], denied

the underwriter defendants' motion to dismiss in almost every regard, and left them defendants in

all 309 actions. Judge Scheindlin's rulings garnered considerable media attention, including

reports in *The New York Times* and *The Wall Street Journal*. The Decision and Order has also

been published on several internet websites, including LEXIS [2003 U.S. Dist. LEXIS 2373].

Discovery proceedings are presently active. To date, tens of thousands of pages of

internal underwriter documents have already been reviewed and as many as tens of millions of

pages of further documents from underwriter defendants are expected to be produced in the

coming months. In addition, plaintiffs have noticed depositions for May 2003, with the first

depositions - of defendant CSFB - to take place in New York City.

---

[4] The August 9 Order is annexed hereto as Exhibit C.

[5] In addition, several federal and state antitrust actions or claims arising out of the same circumstances were filed. The Assignment Committee of the Southern District of New York transferred all IPO antitrust claims to the Honorable William H. Pauley III, by transferring actions or severing antitrust claims brought together with the securities cases. These were consolidated by Judge Pauley as the *In re Initial Public Offering Antitrust Litigation*, 01 CV 2014 (WHP) (the "IPO Antitrust Litigation"). The IPO Antitrust Litigation names underwriters as defendants, including CSFB. The wrongful conduct alleged covers all companies taken public from 1998 through 2000, including each named in the Florida Action. A copy of the IPO Antitrust Litigation Consolidated Amended Class Action Complaint is annexed hereto as Exhibit D.

315865

On February 28, 2003, nine days after the issuance of Judge Scheindlin's February 19, 2003, Decision and Order sustaining the Amended Complaints, the Florida Action filed was on behalf of plaintiff Amy Liu, arising out of facts and circumstances similar, if not identical, to those of the IPO Securities Litigation.  Named as defendants in the Florida Action are CSFB, certain of CSFB's related entities, fifty issuers (thirty-seven of the fifty issuer defendants in the Florida Action are issuer defendants in the IPO Securities Litigation)[6] and several of their officers and directors (of the thirty-seven issuer defendants which are also IPO Securities Litigation defendants, sixty-eight of seventy-four of the respective individual defendants named in the Florida Action are also IPO Securities Litigation defendants).[7]

I.     THE FLORIDA ACTION SHOULD BE TRANSFERRED TO THE UNITED
       STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

Thus, as more fully set forth below, transfer of the Florida Action to the United States District Court for the Southern District of New York is warranted for at least four reasons:

A.     The IPO Securities Litigation and the Florida Action involve
       common questions of fact and law and arise out of many of
       the same transactions and occurrences

The IPO Securities Litigation and the Florida Action unquestionably involve common questions of fact and law and arise out of many of the same transactions and occurrences. Indeed, in the Florida Action, thirty-seven of the fifty issuer defendants, and their respective IPOs and the aftermarket trading of those issuer defendants' securities, are covered by allegations in the IPO Securities Litigation.  In each of the 37 cases where the same issuer is

---

[6] Of the issuers who are not IPO Securities Litigation defendants, 10 of their offerings are covered by the IPO Antitrust Litigation.

[7] The IPO Antitrust Litigation, deals with securities and class members who are covered by those actions, and asserts claims for the losses under similar, if not identical, theories of liability.

315865

named, the alleged class period overlaps substantially and the case alleges misrepresentations in the identical IPO registration statements. Generally, plaintiffs in the IPO Securities Litigation and the Florida Action each allege that underwriter defendants and issuer defendants misused the respective underwriters' research analysts to inflate and manipulate the price of the issuer's securities in the aftermarket. The complaints sustained by Judge Scheindlin, however, alleged a broad scheme with great particularity. The IPO Securities Litigation and the Florida Action both allege common motives including, *inter alia*, that: (1) underwriters were motivated to engage in the alleged fraud to promote themselves to existing clients and to other prospective issuers with an intent to obtain future investment banking engagements; and (2) the issuers and individual defendants were motivated to commit the alleged fraud to raise capital, to use their stock as currency for mergers and acquisitions, and for extraordinary gain.

B.     The IPO Securities Litigation and Florida Action seek
       to represent the same or overlapping putative classes

The IPO Securities Litigation and the Florida Action both seek to represent classes of investors which are overlapping, if not identical, and include the same class members and class periods. In the IPO Securities Litigation, pursuant to the provisions of the PSLRA, the movants have been appointed as lead plaintiffs to prosecute the claims relating to the securities of 37 issuers which overlap with the Florida Action.

C.     Transfer of the Florida Action will prevent duplication
       of effort, preclude the risk of inconsistent rulings and
       promote efficient use of judicial resources

Transfer of the Florida Action to the Southern District of New York will advance the just and efficient conduct of the IPO Securities Litigation by avoiding duplicative pretrial motion practice and inconsistent pretrial rulings, avoiding duplicative discovery and conserving the resources of the parties and the judiciary. It will clearly promote judicial efficiency. Absent transfer, District Judges 1,500 miles apart necessarily will have to become acquainted with the

5

315865

same underlying factual issues and will have to oversee similar discovery and administrative disputes and determine similar pretrial motions.

   D.   <u>The Southern District of New York is the more convenient forum</u>

   Transfer of the Florida Action to the Southern District of New York will best serve the convenience of the parties, witnesses and counsel.  The offices of the investment banks are largely located in New York City.  The executive offices of CSFB is in New York City.  The government and regulatory investigators are largely out of New York City.  The lawyers representing the parties in the IPO Litigation are largely located in New York City.

## FACTUAL BACKGROUND

   The IPO Securities Litigation arises from the worst economic scandal since the 1920s and 1930s.  Fortunes were made for Wall Street insiders while devastating losses were inflicted on small, individual investors.  From January 1998 to December 2000, several hundred high technology and Internet-related companies raised capital by selling ownership of their companies to the public.  Prior to going public, each company hired a group of investment banks to underwrite their IPO.  Typically, the underwriters received a percentage of the gross proceeds as compensation for their services, and the Issuers received the remaining capital.

   Plaintiffs who purchased stock in the aftermarket for 309 of these high-technology and Internet-related stocks allege, *inter alia*, that the underwriters and issuers engaged a massive market fraud and manipulation.  Judge Scheindlin summarized the heart of the IPO Securities Litigation as follows:

> These cases allege a vast scheme to defraud the investing public. The scheme -- characterized by Tie-in Agreements, Undisclosed Compensation, and analyst conflicts, and concealed by misrepresentations and omissions -- was aimed at fraudulently driving up the price of stock in hundreds of companies in the immediate aftermarket of their initial public offerings ("IPOs"). Plaintiffs allege that investment banks routinely required substantial investors to participate in the scheme in order to receive

6

315865

allotments of these valuable IPOs. The companies going public and their officers profited handsomely by taking advantage of the inflated value of the stock to raise capital, enter into mergers and acquisitions, or sell their individual holdings at enormous gains. The investment banks profited by receiving kickbacks from the investors who received the IPO allocations. To hide the scheme from the investing public, the investment banks, companies, and officers violated the securities laws by making misleading statements in offering documents and by manipulating the market. Thousands of ordinary investors, who are Plaintiffs in these cases, allege that the value of their holdings plummeted as a result of this unlawful conduct.

In re Initial Pub. Offering Sec. Litig., 241 F. Supp. 2d at 293.

Similarly, the Florida Action alleges that CSFB and each Issuer that it took public defrauded the market for IPO Securities. See Florida Action Cplt. ¶ 90. As with the IPO Securities Litigation, the Florida Action alleges that CSFB used its research analysts in all stages of the IPO process to lure potential clients to its IPO practice. Florida Action Cplt. ¶ 100. In connection therewith, the Florida Action similarly alleges that each Issuer had a direct financial interest in influencing the stock price because a higher stock price for the Issuer would be advantageous in seeking merger and acquisition opportunities with other companies (see Florida Action Cplt. ¶ 124).

Accordingly, for the reasons set forth herein, transfer of the Florida Action to the Southern District of New York for consolidation or coordination with the IPO Securities Litigation is warranted.

## ARGUMENT

### THE FLORIDA ACTION SHOULD BE TRANSFERRED TO THE SOUTHERN DISTRICT OF NEW YORK

The Multidistrict Litigation Act, 28 U.S.C. § 1407, sets forth three requirements for transfer. The transfer must: (i) involve actions having one or more common questions of fact; (ii) further the "just and efficient conduct" of the actions; and (iii) promote "the convenience of

7

315865

parties and witnesses."  28 U.S.C. § 1407(a).  All three criteria weigh heavily in favor of transferring the Florida Action to the Southern District of New York and to Judge Scheindlin for all pretrial purposes.

I.    THE IPO SECURITIES LITIGATION AND THE
      FLORIDA ACTION INVOLVE COMMON QUESTIONS OF FACT

The Florida Action, like one of the many facets of the IPO Securities Litigation, is based upon allegations that CSFB (a central IPO Securities Litigation defendant) engaged in fraud and manipulated the market in IPO securities.  Both the Florida Action and the IPO Securities Litigation also allege that the Issuer Defendants and the respective individual defendants were motivated to commit securities fraud for several reasons including, *inter alia*, the use of stock as currency for future mergers and acquisitions and personal wealth, respectively.

This Panel consistently has held that securities fraud actions based upon substantially the same alleged underlying facts and circumstances are sufficient to warrant transfer pursuant to Section 1407(a).  See, e.g., In re Phar-Mor, Inc. Sec. Litig., No. 959, 1994 WL 41830 (J.P.M.L. Jan. 31, 1994), transferred to In re Phar-Mor, Inc. Sec. Litig., 164 B.R. 903 (W.D. Pa. 1994); In re Computervision Corp. Sec. Litig., 814 F. Supp. 85, 86 (J.P.M.L. 1993); In re Omnitrition Int'l, Inc. Sec. Litig., No. 965, 1993 WL 52634 (J.P.M.L. Feb. 22, 1993); In re Alert Income Partners Sec. Litig., 788 F. Supp. 1230, 1231 (J.P.M.L. 1992); In re Southeast Hotel Props. Ltd. P'ship Investor Litig., 796 F. Supp. 538, 539 (J.P.M.L. 1992) (all transferring securities cases for consolidation or coordination).

In addition, transfer is appropriate because the relevant actions are class actions. Centralization will "prevent inconsistent pretrial rulings" - not only as to overlapping discovery disputes, but "especially with respect to overlapping class certification requests."  In re Rio Hair Naturalizer Prods. Liab. Litig., 904 F. Supp. 1407, 1408 (J.P.M.L. 1995).  "[C]lass certification

8

315865

questions ... amplify[y] the need to have a single judge oversee the class action issues in these ... actions to avoid duplicative efforts and inconsistent rulings in this area." In re Cuisinart Food Processor Antitrust Litig., 506 F. Supp. 651, 655 (J.P.M.L. 1981).  In securities cases, moreover, the Panel has consistently recognized that the potential for overlapping or conflicting class certification rulings militate heavily in favor of a Section 1407 transfer.  E.g., In re Resource Exploration, Inc., Sec. Litig., 483 F. Supp. 817, 821 (J.P.M.L. 1980); In re LTV Corp. Sec. Litig., 470 F. Supp. 859, 862 (J.P.M.L. 1979); In re Food Fair Sec. Litig., 465 F. Supp. 1301, 1305 (J.P.M.L. 1979).

Finally, that the Florida Action raises claims against additional defendants should not alter the Panel's analysis because common questions of fact exist and both the IPO Securities Litigation and the Florida Action involve claims  arising from CSFB's alleged manipulation of the market for IPO securities.  See, e.g., In re Salomon Bros. Treasury Sec. Litig., 796 F. Supp. 1537, 1538 (J.P.M.L. 1992) (transferring action with common factual issues despite recognizing that "[l]egal theories ... vary among the actions, with some actions raising claims not common to all actions").

II.   TRANSFER OF THE FLORIDA ACTION TO NEW YORK IS NECESSARY TO PROMOTE THE JUST AND EFFICIENT CONDUCT OF THE ACTIONS

Where, as here, numerous actions are pending that present common issues of fact, transfer pursuant to Section 1407 is not just warranted, it is "necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary." In re Cygnus Telecomms. Tech., LLC, Patent Litig., 177 F. Supp. 2d 1375, 1376 (J.P.M.L. 2001) (emphasis added).

A.   Transfer Will Conserve the Resources of the Parties and the Judiciary

Transferring the Florida Action to the Southern District of New York will conserve the resources of the parties and the judiciary.  Absent transfer, the many parties will be forced

9

315865

simultaneously to litigate the same issues in separate judicial districts, resulting in a significant increase in burden and expense. Moreover, repetitive - and potentially conflicting - adjudications concerning similar disputes and pretrial motions would constitute a waste of judicial resources, particularly when a straightforward transfer can prevent such waste.

B.   Transfer Will Avoid Inconsistent Pretrial Rulings

In addition to multiple, potentially inconsistent discovery rulings, there exists a very real possibility of conflicting substantive decisions being entered in the IPO Securities Litigation and the Florida Action. As the Panel is well aware, securities fraud litigation largely turns on the outcome of pretrial motions going to the legal sufficiency of the pleadings or for summary judgment at the close of discovery. Absent transfer and consolidation or coordination, the burden to the parties and courts of this motion practice is amplified, and the possibility of inconsistent rulings manifest. See, e.g., In re Cygnus Telecomms., 177 F. Supp. 2d at 1376 (among other reasons, centralization is necessary to prevent inconsistent pretrial rulings); In re Transocean Tender Offer Sec. Litig., 415 F. Supp. 382, 384 (J.P.M.L. 1976) ("[T]he likelihood of motions for partial dismissal and summary judgment in all three actions grounded at least in part on [a common issue] makes Section 1407 treatment additionally necessary to prevent conflicting pretrial rulings and conserve judicial effort.").

C.   Transfer Will Avoid Duplicated Discovery

Discovery has commenced in the IPO Securities Litigation. Hundreds of Thousands of pages of documents have already produced by the defendants and are in the process of review. Before the end of the year it is anticipated that 10-million pages will be produced. Depositions are scheduled to begin in May. Discovery proceedings of Plaintiffs have also commenced.

Because much of the discovery from CSFB and the overlapping Issuers would be similar in the IPO Securities Litigation already covers the allegations in the Florida Action, the Florida

10

315865

Action should be transferred to avoid subjecting all of the defendants to overlapping discovery in similar actions pending in multiple forums. See, e.g., In re Regents of Univ. of Cal., 964 F.2d 1128, 1135-36 (Fed. Cir. 1992) (upholding decision of Panel to transfer for consolidated or coordinated pretrial proceedings where, among other things, Panel relied on need for depositions common to all actions); In re Gen. Tire & Rubber Co. Sec. Litig., 429 F. Supp. 1032, 1034 (J.P.M.L. 1977) (placing actions "under the control of a single judge" in order to "ensure that duplicative discovery on the complex factual questions will be prevented" and "eliminat[e] the possibility of conflicting pretrial rulings"); In re Equity Funding Corp. of Am. Sec. Litig., 375 F. Supp. 1378, 1384 (J.P.M.L. 1974) ("We know that proof in [securities fraud] litigation of this kind consists primarily of documents and depositions.").

Moreover, duplicative discovery will inevitably lead to duplicative discovery disputes, again multiplying the parties' (and the courts') burden and expense in conducting the litigation and creating the specter of inconsistent discovery rulings.

III.   TRANSFER TO NEW YORK WILL SERVE THE
       CONVENIENCE OF THE PARTIES AND WITNESSES

Transfer of the Florida Action to the Southern District of New York also will best serve the convenience of the parties and witnesses:

A.     Many other IPO-related actions as well as the governmental and regulatory
       proceedings are currently proceeding in the New York City.  These proceedings
       include those brought by: (1) the Securities and Exchange Commission; (2) New
       York State Attorney General Eliot Spitzer; (3) the Office of the United States

11

315865

Attorney (for the Southern District of New York); (4) the Office of the District Attorney, New York County; and (5) the NASD and New York Stock Exchange.[8]

B.    New York City was the center of activity where the investment banking firms are based as part of "Wall Street" and is also where the investment banking firms will be providing discovery, including document production and proffering witnesses for depositions.

C.    CSFB is the principal corporate defendant whose U.S. corporate headquarters are located at 11 Madison Avenue in New York City.

D.    Most of the law firms representing defendants in the IPO Litigation, including counsel to CSFB (Wilmer Cutler & Pickering), are located in New York. Each of the law firms on the IPO Plaintiffs' Executive Committee are either located in New York or are within close proximity.

Indeed, this Panel has consistently recognized that the most appropriate transferee district for class action securities litigation is generally the district in which the principal corporate defendant's headquarters is located because "many relevant witnesses and documents can be expected to be found there." In re Medical Resources, Inc., Sec. Litig., No. 1247, 1998 U.S. Dist. LEXIS 15832, at *4 (J.P.M.L. Oct. 7, 1998); see also In re Fine Host Corp. Sec. Litig., No. 1241, 1998 U.S. Dist. LEXIS 12332, at *3-*4 (J.P.M.L. Aug. 7, 1998); In re Rational Software Corp. Sec. Litig., No. 1224, 1998 U.S. Dist. LEXIS 5078, at *2 (J.P.M.L. Apr. 8, 1998); In re Summit Tech., Inc. Sec. Litig., No. 1195, 1997 U.S. Dist. LEXIS 15778, at *2-*3 (J.P.M.L. Oct. 9, 1997); In re Computervision Corp. Sec. Litig., 814 F. Supp. 85, 86 (J.P.M.L. 1993).

---

[8] For example, on April 23, 2003, the U.S. Attorney for the Southern District of New York arrested and charged Frank P. Quattrone, a former technology investment banker at CSFB, with obstruction of justice and tampering with witnesses in connection with these proceedings.

315865

For these reasons, transfer of the Florida Action to the Southern District of New York is appropriate. <u>See</u> <u>In re Wash. Pub. Power Supply Sys. Sec. Litig.</u>, 568 F. Supp. 1250, 1251-52 (J.P.M.L. 1983) (transferring action to district with strongest relationship to litigation); <u>see</u> <u>also</u> <u>In re Baldwin-United Corp. Litig.</u>, 581 F. Supp. 739, 741 (J.P.M.L. 1984) (transferring actions to forum where first-filed and most advanced actions were pending).

Because the Florida Action is based upon facts common to the IPO Litigation, and because transfer to New York for consolidation and coordination will clearly serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation, the instant motion should be granted.

## CONCLUSION

For all of the foregoing reasons, the Movants respectfully request that the Panel grant their Motion to Transfer and issue an Order transferring the Florida Action to the Southern District of New York for coordinated and consolidated pretrial proceedings with the IPO Litigation.

315865

Dated: May _____, 2003

| | |
|---|---|
| **WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP** | **BERNSTEIN LIEBHARD & LIFSHITZ, LLP** |

<div style="display:flex">

**WOLF HALDENSTEIN ADLER
   FREEMAN & HERZ LLP**

By: _____
    Daniel W. Krasner (DK-6381)
    Fred Taylor Isquith (FI-6782)
    Thomas H. Burt (TB-7601)
    Gustavo Bruckner (GB-7701)
270 Madison Avenue
New York, New York 10016
(212) 545-4600

**MILBERG WEISS BERSHAD HYNES
   LERACH LLP**

By: _____
    Melvyn I. Weiss (MW-1392)
    Ariana J. Tadler (AJT-0452)
    Peter G.A. Safirstein (PS-6176)
One Pennsylvania Plaza
New York, NY 10119-0165
(2`12) 594-5300

**SCHIFFRIN & BARROWAY, LLP**

By: _____
    Richard S. Schiffrin
    David Kessler
    Darren J. Check
Three Bala Plaza East, Suite 400
Bala Cynwyd, PA 19004
(610) 667-7706

**BERNSTEIN LIEBHARD &
   LIFSHITZ, LLP**

By: _____
    Stanley D. Bernstein (SB-1644)
    Robert Berg (RB-8542)
    Rebecca M. Katz (RK-1893)
10 East 40th Street
New York, NY 10016
(212) 779-1414

**STULL STULL & BRODY**

By: _____
    Jules Brody (JB-9151)
    Aaron Brody (AB-5850)
6 East 45th Street
New York, NY 10017
(212) 687-7230

**SIROTA & SIROTA LLP**

By: _____
    Howard Sirota (HBS-5925)
    Rachell Sirota (RS-5831)
    Saul Roffe (SR-2108)
    John P. Smyth (JPS-3206)
    Halona N. Patrick (HNP-5803)
110 Wall Street, 21st Floor
New York, NY 10005
(212) 425-9055

</div>

**Plaintiff's Executive Committee**

315865



# Exhibit A

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAY 2 3 2003

FILED
CLERK'S OFFICE

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAY 2 3 2003

FILED
CLERK'S OFFICE

## SCHEDULE OF ACTIONS

Amy Liu, Plaintiff, vs. Credit Suisse First Boston Corporation; Credit Suisse First Boston,
Incorporated; Credit Suisse First Boston-USA; Credit Suisse First Boston; Credit Suisse Group;
Frank Quattrone; George Boutros; William Brady; John M. Hennessy; Allen D. Wheat; Richard
Thornburg; Charles Ward; David A. Denunzio; Edward Nadel; John Hodge; Jack Tejavanija;
Airspan Networks, Inc.; Eric D. Stonestrom; Joseph J. Caffarelli; At Road, Inc.; Krish Panu;
Thomas C. Hoster; Occam Networks Inc. (formerly "Accelerated Networks, Inc."); Suresh
Nihalani; Frederic T. Boyer; Avantgo, Inc.; Richard Owen; David B. Cooper, Jr.; Autoweb.com,
Inc. (AUTOBYTEL, real party in interest); Dean A. Debiase; Samuel M. Hedgpeth III; BSquare
Corp.; William T. Baxter; Brian V. Turner; Blue Coat Systems, Inc. (formerly "Cacheflow,
Inc."); Brian M. Nesmith; Michael J. Johnson; Clarent Corp.Verso Technologies, Inc., real party
in interest); Jerry Shaw-Yau Chang; Richard J. Heaps; Commerce One, Inc.; Mark B. Hoffman;
Peter F. Pervere; Corillian Corp.; Ted F. Spooner; Steven Sipowicz; Centillium
Communications, Inc.; Faraj Aalaei; John W. Luhtala; Digital Impact, Inc.; William C. Park;
David Oppenheimer; E Machines, Inc.; Stephen A. Dukker; Steven H. Miller; Efficient
Networks, Inc.; Mark A. Floyd; Jill S. Manning; Epiphany, Inc.; Roberg S. Siboni; Kevin J.
Yeaman; Evolve Software, Inc; John P. Bantleman; Douglas S. Sinclair; Handspring, Inc.;
Donna L. Dubinsky; Bernard J. Whitney; Improvenet, Inc.; Ronald B. Cooper; Richard G.
Reece; Internap Network Services Corp.; Anthony C. Naughtin; Paul E. McBride; Informatica
Corp.; Gaurav S. Dhillon; Craig L. Klosterman; Iprint Technologies, Inc. (formerly
"Imprint.com"; Madetoorder.com, Inc., real party in interest); Royal P. Farros; James P.
McCormick; Intraware, Inc.; Peter H. Jackson; Donald M. Freed; Intertrust Technologies Corp.;
Victor Shear; Erwin N. Lenowitz; Interwoven, Inc.; Martin Brauns; David M. Allen; Luminent,
Inc.; William R. Spivey; Eric Blanchno; Lante Corp. (SBI and Company, real party in interest);
C. Rudy Puryear; Brian Henry; VA Software Corporation (formerly "Va Linux Systems"); Larry
M. Augustin; Todd B. Schull; Lightspan Partnership, Inc.; John T. Kernan; Kathleen R.
McElwee; MCDATA Corporation; John F. McDonnell; Dee J. Perry; Multilink Technology
Corp.; Richard N. Nottenbug; Eric M. Pillmore; MP3.COM (Vivendi Universal Net USA Group,
Inc. real party in interest); Michael L. Robertson; Paul L.H. Ouyang; Numerical Technologies,
Inc.; Y.C. (Buno) Pati; Richard Mora; New Focus, Inc.; Kenneth E. Westrick; William L. Potts,
Jr.; Novatel Wireless, Inc.; John Major; Melvin Flowers; Onvia.com, Inc.; Glenn S. Ballman;
Mark T. Calvert; Onyx Software Corp.; Brent R. Frei; Sarwat H. Ramadan; Razorfish, Inc. (SBI
and Company, real party in interest); Jeffrey A. Dachis; Susan Black; Retek, Inc.; John
Buchanan; Gregory A. Effertz; Pinnacor, Inc. (formerly "Screamingmedia, Inc."); Kevin C.

Clark; David M. Obstler; Silicon Image, Inc.; David D. Lee; Daniel K. Atler; Selectica, Inc.; Rajen Jaswa; Stephen Bennion; Simplex Solutions, Inc. (Cadence Design Systems, Inc., real party in interest); Penelope A. Herscher; Luis P. Buhler; Supportsoft, Inc. (formerly "Support.com"); Radha R. Basu; Brian M. Beattie; Tanning Technology Corp.; Larry G. Tanning; Henry F. Skelsey; Tickets.com, Inc.; W. Thomas Gimple; John M. Markovich; Tumbleweed Communications Corp.; Jeffrey C. Smith; Joseph C. Consul; Triton Network Systems, Inc.; Howard Speaks; Kenneth R. Vines; Viant Corp. (Divine, Inc., real party in interest); Robert L. Gett; M. Dwayne Nesmith; Vitria Technology, Inc.; Jomei Chang; Paul Auvil; Globespanvirata, Inc. (formerly "Virata Corp."); Charles Cotton; Andre Vought, DEFENDANTS.   Pending in the United States District Court, Southern District of Florida, 03-20459, before Judge Jose Martinez.

The following 309 actions are all pending before Judge Shira A. Scheindlin in the United States District Court for the Southern District of New York and coordinated as *In re Initial Public Offering Sec. Litig.*, 21 MC 92 (SAS):

*In re VA Linux Systems, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 0242 (SAS) (MGC)
PLAINTIFFS
Anita Budich; Michael Chase; William Curtwright; Ellis Enterprises; Flagler Drive Corp.; Spiros and Mary Jane Gianos; Michael Green; Martin Gubernick; Jon Halseth; Mark W. Herson; Abraham Kassin; Linda Kava; Evelyn Long; Alexader Makaron; Steve Mazzo; Oba McMillan; Plilip Pifko; Vladamir Shumaster; Amita Singhal; Robert Tuttle; Scott Wattenbarger; Zagoda A.G.

DEFENDANTS
Credit Suisse First Boston; VA Linux

*In re Priceline.com, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 2261 (SAS) (LTS)
PLAINTIFFS
Radiant Advisers, LLC; Buddy & Eileen Dukeman; Shaker Halab; Richard Hirsch; David W. Hook; Suan Hook; IPS GMBHl; Jordan Lifshitz; Dan Swindler

DEFENDANTS
Allen & Co. Incorporated; Bancboston Robertson Stephens, Inc.; Credit Suisse First Boston Corp.; Donaldson Lufkin & Jenrette Securities Corp.; Goldman Sachs & Co.; Merrill, Lynch, Pierce, Fenner & Smith Inc.; Morgan Stanley Dean Witter & Co. Inc.; Robertson Stephens, Inc.; Salomon Smith Barney, Inc.; Priceline.com, Inc.

*In re Ariba, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 2359 (SAS) (JSM)
PLAINTIFFS
Awayes Abdelgaffer ; Claude Amsellem; Richard Baker; Patricia Baldwin; Gene Dolzhansky; Frank D. Gruttadauria ; Joel Hochhauser; Phyllis Hochstein; Michael Hutchins; H. Wayne Jones; Steve Korman ; Steven Kollander; Glenn Luksik; Thomas McMackin; Sam Monderer; Michael

#317155

Parker; Mordechai Pollack; Kenneth Shives; Rosemarie Stumpf

DEFENDANTS
Deutsche Banc Alex. Brown; Merrill Lynch Pierce Fenner & Smith; Morgan Stanley; Morgan Stanley Dean Witter; Ariba; Keith J. Kinsey

*In re Calico Commerce, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 2601 (SAS) (NRB)
PLAINTIFFS
Dane Chin; Blime Feldheim; Cynthia Yuen Lai Hui; Marshall Hui; Robert Fievisohn ; Jtwros; Henry Mayer; Raymond Rapaglia ; Raponi Drywall & Plastering, Inc. ; Gregory Rigby; SDR Investors - Simon Roffe-President; Alan Sher ; George Soulintzis; Paul Statham; Joseph Spinden; Allen Sumner; Lothar Trumpp; Zvi Weinreb; Denice Choy-Yuen

DEFENDANTS
BancBoston Robertson Stephens; Credit Suisse First Boston; Goldman Sachs; JP Morgan; Merrill Lynch Pierce Fenner & Smith; Calico Commerce; Arthur F. Knapp; Bernard J. Lacroute; Alan P. Naumann; William G. Paseman; William D. Unger

*In re PlanetRX.com, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 2621 (SAS) (AKH)
PLAINTIFFS
Orest Balaban; Anthony Crescenzo; Craig A. Euritt; Bruce Gavin; Dean E. Hart; Burton and Michelle Levine; Dennis Mollgaard; Phu Nguyen; Idarto and Sherry Tanumihardjo; Thomas Tierney; SDR Investors LP by Simon Rolfe President; Shah Temory; Richard Ray and Pamela K. Trujillo

DEFENDANTS
Bancboston Robertson Stephens, Inc.; Bear Stearns & Co., Inc.; Credit Suisse First Boston Corp.; Hambrecht & Quist, LLC; JP Morgan Securities Inc., as Successor-in-Interest to H&Q; Lehman Brothers; Merrill Lynch, Pierce, Fenner & Smith, Inc.; Morgan Stanley Dean Witter & Co., Inc.; Robertson Stephens, Inc.; Salomon Smith Barney, Inc.; The Goldman Sachs Group, Inc.; William Blair & Company; Planetrx.com, Inc.; David M. Beirne; Christos M. Cotsakos; Michael Moritz; William Razzouk; Steve Valenzuela

*In re Red Hat, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 2712 (SAS) (LTS)
PLAINTIFFS
John Balisy; Larry Barnes; Robert Berkowitz; Adele Brody; Philip W. Calvert; Francine Ceasar; Ann R. Champion; John C. Clark; Barbara Eiseman; Gwen Jordan; Abraham S. Kassin; Saul Kassin; Leaseway Inc.; Rajesh Patel; Joseph & Janet Schacherer; David J. Steinberg & Challa B. Steinberg

DEFENDANTS
Credit Suisse First Boston Corporation; Goldman, Sachs & Company; Hambrecht & Quist; JP Morgan Securities Inc.; Merrill Lynch, Pierce, Fenner & Smith Incorporated; The Goldman Sachs Group, Inc.; Thomas Weisel Partners LLC; Red Hat, Inc.; Frank Batten, Jr.; Marc Ewing; Manoj K. George; David G. Shumannfang; Matthew J. Szulik; Robert F. Young

#317155

*In re B2B Internet HOLDRS Initial Public Offering Sec. Litig.*, 01 Civ. 2858 (SAS) (GEL)
PLAINTIFFS
Aaron Fleck & Associates ; AFA Management Partners, LP ; Coast Investments ; Catu Limited;
Claude Amsellem; David Bellville; David Bornstein ; Michael Egan; The Theresa T. Fadem
Trust , Bruce A. Fadem; Stephan Fiske ; Dore Felder IRA; Paul Guez; Mary Beth Hamil ;
Leonard Handler; Paul Hoffman ; Alton Howard ; Mario Alexis Joseph; Stanley M. Klein;
Valerie Kofsky ; Daniel Kucera; James P. and Carol Larkin; William W. Mann; Fara Manshadi ;
Seymour and Susan Mansfield and Trust ; Steven Myers ; Tia Ying Mo; Jeffrey Mosczy; Lou
Ann Murphy ; Binh Q. Nguyen; Barry Plotkin ; Hui Min Qu ; Carol Raisefeld; Mark Rubin ;
Pradeep Sirvastava ; Duan Wen Tan; Fenyong Tan; Robert Thomas ; Terry Van Der Tuck ;
Micheal Weiss ; Christopher Williamson; Michael Weiss ; Chavy Weisz; Bert Zauderer

DEFENDANTS
Bancboston Robertson, Stephens; Credit Suisse First Boston; Goldman Sachs; Lehman Brothers;
Merrill Lynch; Merrill Lynch Pierce Fenner & Smith; Morgan Stanley Dean Witter; Salomon
Smith Barney; Ahmass L. Fakahany; E. Stanley O'Neal; George A. Schieren; Julian Brodsky;
William W. Buckley, III; Michael Forgash; Kenneth A. Fox; David Gathman; Thomas Gerrity;
Scott Gould; Robert E. Keith, Jr.; John L. Steffens

*In re Marketwatch.com, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 3225 (SAS) (LLS)
PLAINTIFFS
Nicholas and Bettie Anderson; Laurence Bonilla; William Denson; Jeff Eltinge; Denis Fazioli;
Heidi Hertz; Gary Kogan; B. W. Magid; Major W. Sherwin; Murray L. Waldon; Phillip Walsky

DEFENDANTS
Bancboston Robertson Stephens, Inc.; Bear, Stearns & Co., Inc.; Credit Suisse First Boston
Corporation; Merrill Lynch, Pierce, Fenner & Smith, Incorporated; Morgan Stanley Dean Witter
& Co., Incorporated; Robertson Stephens, Inc.; Salomon Smith Barney, Inc.; The Goldman
Sachs Group, Inc.; Marketwatch.com, Inc.

*In re NetZero, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 3358 (SAS) (WHP)
PLAINTIFFS
Audrey Bernstein; Jodi Bernstein; Ivan Doner; Duane J. Dwyer; Thomas Edwards; Lawrence W.
Fagan, Sr.; Lawrence W. Fagan, Sr. and Ann P. Fagan - TTEES of the Fagan Trust ; DTD -
6/16/86; Harry Greenbaum; Batya Grubin; David Langer; Judy M. Langer; Roderick Lau;
Eugene J. Marcotte; Maria & Taniel Nishanian; Darnell Peterson; Radiant Advisers, LLC;
Jimmie P. Sheffield; Linda A. Sanders; Jason Williams

DEFENDANTS
Bancboston Robertson, Stephens, Inc.; Robertson Stephens, Inc.; Salomon Smith Barney, Inc.;
The Goldman Sachs Group, Inc.; Netzero, Inc.; United Online, as Successor-in-Interest to
Netzero, Inc.

#317155

*In re Autoweb.com, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 3360 (SAS) (GBD)
PLAINTIFFS
Richard Anderson ; James S. Ashburn; Estelle Augustine; Anupkumar Bhasin ; Joe Braswell ; Irving S. & Judith Braun; Anita S. Budich ; Don K Burris ; Buddy and Eileen Dukeman ; Manuel G. Fernandez; Thomas Fields; Abraham Garfinkel; Robert Grovich ; Antoine El-Hayek; Raymond Lance Huffman ; Bruce J. Jiorle; Susan Katz; Glenn Kerr; Roderick Lau ; Raymond Litwin; Michael McKay; N. Jerry Palumberi; Demetrios Petratos; Hedi Reihl ; Mark Schlnick; Rachel Schwartz ; Kenneth Shives ; Dorothy M. Stariha; Heinz Wahl ; Anthony Voto ; Bert Zauderer; Deming Zhous

DEFENDANTS
BancBoston Robertson Stephens; Credit Suisse First Boston; Morgan Stanley Dean Witter; Salomon Smith Barney; Autoweb.com, Inc.

*In re Avici Systems, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 3363 (SAS) (CSH)
PLAINTIFFS
Richard Anderson ; Estelle L. Augustine; Anupkumar Bhasin ; Anita Budich ; Don K. Burris ; Joe Braswell; Buddy and Eileen Dukeman; Haichal Esther; Paul Felzen as Trustee of the Louise Laskin 1991 Revocable Trust u/t/d October 24 1991; Dr. Steven M. Green; Robert Grovich; Nicholas Hareson; Dr. Maureen M.Hayes; Raymond Huffman; Eugene Lefkowitz; Albert Lewis; J and V Charitable Remainder Trust (Albert Lewis); Bruce Jiorle; Glenn Kerr; Perng Lee; Xin Zhi Lin; John Mammen; Avi Mandel; Robert Minai; Kenneth H. Moeslein; Ian Murray; Tammy L. Pelissier; Demetrious Petratos; Hans Reihl; Susan Katz; Roderick Lau; Raymond Litwin; Rachel Schwartz; Mark Sculnick; Kenneth Shives; Chaile B. Steinberg; David J. Steinberg; David Turner; Tamarack I, L.P.; Anthony Voto; Heinz Wahl; Deming Zhous; Bert Zauderer

DEFENDANTS
Lehman Brothers; Morgan Stanley; Morgan Stanley Dean Witter; Avici Systems

*In re Ventro Corp. Initial Public Offering Sec. Litig.*, 01 Civ. 3450 (SAS) (BSJ)
PLAINTIFFS
Andrew Albstein; Abraham Kassin; Pond Equities; BancBoston Robertson Stephens; Morgan Stanley Dean Witter; Ventro; Brook H. Byers; Jonathan D. Callaghan; Jerrold B. Harris; S. Joshua Lewis; David P. Perry; John A. Pritzker; L. John Wilkerson

DEFENDANTS
BancBoston Robertson Stephens; Morgan Stanley Dean Witter; Ventro Corporation

*In re Marimba, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 3483 (SAS) (RWS)
PLAINTIFFS
Neil R. Berger ; Colbert Birnet; Clay Demattei; Leroy and Mary Demuth; Ngoc T. Hoang; Vernon Easley; Philip Gluckman; Michael Kaylor; John Lasota ; Jesse Mendez; Robert Ponce; Steven Skoll; David and Chaile Steinberg; Daryl Wynne; Ron Volpe; Anthony Voto

DEFENDANTS

5

#317155

Bear Stearns & Co. Inc.; Credit Suisse First Boston Corporation; Morgan Stanley & Co., Incorporated; Marimba, Inc.

*In re Digimarc Corp. Initial Public Offering Sec. Litig.*, 01 Civ. 3792 (SAS) (JGK)
PLAINTIFFS
Richard Anderson; Estelle Augustine; Anupkumar Bhasin; Joe Braswell; Anita Budich; Don Burris; William Coates; Brian Felgoise; Buddy Dukeman; Eileen Dukeman; Robert Grovich; Raymond lance Huffman; Bruce Jiorle; Morris Kassin; Susan Katz; Glenn Kerr; Marcia Last; Roderick Lau; Raymond Litwin; Demetrios Petras; Wallace Petsch; Hans Reihl; Kenneth Shives; Mark Schulnick; Rachel Schwartz; Anthony Voto; Heinz Wahl; Emmett H. Zahn; Bert Zauderer; Deming Zhous

DEFENDANTS
BancBoston Robertson Stephens; Digimarc Corporation

*In re Corvis Corp. Initial Public Offering Sec. Litig.*, 01 Civ. 3857 (SAS) (JSM)
PLAINTIFFS
Richard Anderson ; Estelle L. Augustine ; Harry Binder Profit Sharing Trust dated 12/30/88; Saswata Basu; Anupkumar Bhasin ; Arlene Blau; Joe Braswell; Anita Buditch ; Don K Burris; Moises Chocron; Buddy and Eileen Dukeman; Julia Eastland; Patrick Elliot ; Ignacio Fanco ; Fairland Management; Paul Felzen; (Trustee - Louise Laskin 1991 Revocable Trust); Arnold Foote; Leland Galt; Sherwood Goozee; Robert Grovich ; Lance Huff; Raymond Lance Huffman; Bruce Jiorle; George Joseph Jr.; Susan Katz; Glenn Kerr; Daniel Kucera; Roderick Lau; Raymond Litwin; Avi Mandel; S. Perry Penland as Trustee of the Penland & Penland Profit Sharing Trust U/A 12/10/70; PRFT Partners; Demetrios Petratos; Tracy Price; Hans Reihl; Sean Rooney; David Ross; Rachel Schwartz; Mark Sculnick ; Kenneth Shives; Edward E. Trotter; Anthony Voto; Heinz Wahl; Donald Wallace; Bert Zauderer; Deming Zhous

DEFENDANTS
Banc of America Securities; Bancboston Robertson Stephens; Bear Sterns; Credit Suisse First Boston; FleetBoston Robertson Stephens; Lehman Brothers; Merrill Lynch Pierce Fenner & Smith; Corvis Corp.

*In re Multex.com, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 3910 (SAS) (BSJ)
PLAINTIFFS
Raymond B. Dooley; Ellis Invetment Ltd.; Ellen Evans; Boris Kalandar; Rachel Schwartz; SDR Investors (by Simon Roffe President of SDR Fund Management Inc.)

DEFENDANTS
Bancboston Robertson Stephens, Inc.; Goldman Sachs & Co.; Merrill Lynch, Pierce, Fenner & Smith, Incorporated; Salomon Smith Barney, Inc.; Robertson Stephens, Inc.; The Goldman Sachs Group, Inc.; Multex.com, Inc.

*In re Internet Capital Group, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 3975 (SAS) (DLC)
PLAINTIFFS

#317155

AFA Management Partners, LP; Aaron Fleck & Assoc.; David Bornstein; Catu Limited; Coast Investments; Paul Guez; Mary Beth Hamil; Paul M. Hoffman; Alton H. Howard; Morris Kassin; Valerie Kofsky; Daniel Kucera; Seymour and Susan Mansfield; Seymour Mansfield as Trustee for Albert and Anne Mansfield Grandchildren's Trust for Alexis Mansfield; Fara Manshadi; Steven G. Meyers; Lou Ann Murphy; Binh Q. Nguyen; Edward O'Brien; Barry Plotkin; Carol Raisefeld; Lawrence Raisefeld ; Lawrence Raisefeld Trust; Michael G. Ryan; Pradeep Srivastava; Robert Thomas; Chavy Weisz

DEFENDANTS
BancBoston Robertson Stephens; FleetBoston Robertson Stephens; Goldman Sachs; Lehman Brothers; Merrill Lynch Pierce Fenner & Smith; Internet Capital Group, Inc.

*In re Doubleclick, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 3980 (SAS) (DC)
PLAINTIFFS
Radiant Advisers, LLC; Jonathan Ames; Michael A. Benevento; Jeffrey Braverman; Adele Brody; Thomas Chipain; Dash Limited; Christopher Dougherty; Babara Eiseman; Benjamin Furman; John Hodgson; Val Kay; Steven Kollander; Mead Ann Krim; Ruth M. Lockard; David J. Moody; Mahin S. Moshayekh; Binh O. Nguyen; Dane Scott Nuanes; Shelomoh and Sabeheh Sameyaii; Mousa M. Shunnarah; Steven J. Stranteri; Calvin Tszeng; Philip Warner

DEFENDANTS
B.T. Alex. Brown; Donaldson Lufkin & Jenrette; Goldman Sachs; Merrill Lynch; Merrill Lynch Pierce Fenner & Smith; Morgan Stanley Dean Witter; Salomon Smith Barney; Doubleclick

*In re Liberate Technologies, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 4147 (SAS) (MBM)
PLAINTIFFS
Ben Berman; Sanjay Budhwar; Irwin M. Chase Trust; Rio Guzman; Carl Huang; Stephen Inglis; Linda R. and Terry R. Jones; Susan Katz; David Osher; Karol Rose; Myron Ruderman; Tova Schwartz; Brian Shonson; Joseph Wilder

DEFENDANTS
BancBoston Robertson Stephens; Chase Securities; Credit Suisse First Boston; Dain Rauscher; Merrill Lynch Pierce Fenner & Smith; U.S. Bancorp Piper Jaffray; JP Morgan SEC; Hambrecht & Quist; RBC Dominion Securities; Liberate

*In re MP3.com, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 4183 (SAS) (RLC)
PLAINTIFFS
Don K. Burris ; Jefferey Eltinge ; Mary Hoffman; Jag Enterprises LLC (Mark Fixler Managing Member); Saul Kassin; Thomas McMackin; Murowa Financial; Shane Popovich; Don Saulic; John Uhl

DEFENDANTS
Bancboston Robertson Stephens, Inc.; Credit Suisse First Boston Corporation; Robertson Stephens, Inc.; MP3.COM, Inc.

#317155

*In re Stamps.com Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 4186 (SAS) (JSM)
PLAINTIFFS
Rita Butler Anderson; J. Louis Binder; Collegeware USA; William Daniels; Ellis Investments; Jack Farshi; Vasanthakumar Gangaiah; Paula Gulich; Carl Hayes; Raymond Lance Huffman; Richard S. Kolodny; Radiant Advisers; Dan Raphael; Michelle Weiss; Patrick Willoughby, Jr.; Ho Yang

DEFENDANTS
Bancboston Robertson Stephens, Inc.; The Goldman Sachs Group, Inc.; Stamps.com Inc.; Mohan P. Ananda; David C. Bohnett; Jeffrey J. Brown; Thomas H. Bruggere; Thomas N. Clancy; G. Bradford Jones; John W. Lavalle; John M. Payne; Marvin Runyon; Loren E. Smith; Carolyn M. Ticknor

*In re InterTrust Technologies Corp. Initial Public Offering Sec. Litig.*, 01 Civ. 4187 (SAS) (BSJ)
PLAINTIFFS
Brijesh Agarwal; Khaled Barakat; Bueos Aires Seruwenos LLC.; Yvonne Y. Chan; Gary Crandall; Arthur Dokes, Jr.; William M. Dratel; George C. Ellis, Jr. MD; Jeffrey Eltinge; June Eltinge; Michael Erickson; Darren Gallo; Jim Greenwood; Morris Kassin; Patrice A. Lawall; Richard Lawall; Joann White-Lawall; Sharyn Lawall-Dratel; Debby Lawall-Pappas; Rodney J. Paulette; Jeffrey Levitin; Luis Perelman and Luis Perelman Trust FBO Gay Perelman; Michael C. Pwers, MD; Mark Sculnick; Jerome T. Sherman; Todd Simon

DEFENDANTS
BancBoston Robertson Stephens; Credit Suisse First Boston; FleetBoston Robertson Stephens; Merrill Lynch Pierce Fenner & Smith; Morgan Stanley; Morgan Stanley Dean Witter; Salomon Smith Barney; InterTrust Technologies Corp.

*In re Organic, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 4778 (SAS) (JSM)
PLAINTIFFS
Michael L. Ball; Anthony Barry; Celestia Bourke; Roadjee P. Calara; Leonard and Estelle Cohen; Charles Eads; Larry Geisel; Jim Greenwood; Nuala Jameson; Carl M. Letts; Bruce Molen; Annie Nguyen; T.P. O'Gorman; Chaim Selevan; Robert D. Shelly; Daniel L. Soper; Gregory Steiger; L. David Tomei; Noel C. Tucker

DEFENDANTS
Credit Suisse First Boston Corporation; Dain Rauscher, Inc.; Donaldson Lufkin; Goldman, Sachs & Co.; Merrill Lynch, Pierce, Fenner & Smith Inc.; Salomon Smith Barney, Inc.; The Goldman Sachs Group, Inc.; Thomas Weisel Partners, LLC; Organic, Inc.

*In re Wireless Facilities, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 4779 (SAS) (MBM)
PLAINTIFFS
Troy Brooks; Derby & Co. LP; Fuller & Thaler Asset Management; Marcel Graver; Ann Greathouse; David Hertz; Hedi Hertz; Carolyn Hill; Aman Kermaninejad ; Suresh Khanna; Philip Warner; Kurt Krasne; Anne Yung

8

DEFENDANTS
B.T. Alex. Brown; Banc of America Securities; Bear Stearns; Chase Securities; CIBC World Markets; Credit Suisse First Boston; Dain Rauscher; Deutsche Banc Securities; FleetBoston Robertson Stephens; Goldman Sachs; Hambrecht & Quist; J.P. Morgan; J.P. Morgan Chase; J.P. Morgan Securities; Lehman Brothers; Merrill Lynch Pierce Fenner & Smith; Morgan Stanley Dean Witter; Robert Fleming; Salomon Smith Barney; Thomas Weisel Partners; Wireless Facilities

*In re Selectica, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 4941 (SAS) (GBD)
PLAINTIFFS
John and Patrick Fitapelli; Daniel Niedrich; Radiant Advisers; Farideh Sigari; Phillip Stone

DEFENDANTS
E-Offering Corp.; Banc of America Securities LLC; Credit Suisse First Boston Corporation; Dain Rauscher, Inc.; DB Alex Brown, as Successor-in-Interest to Deutsche Bank; Deutsche Banc Alex Brown Inc.; E-Offering Corp.; RBC Dain Rauscher Corporation, as Successor-in-Interest to Dain Rauscher; Robertson Stephens, Inc.; Soundview Technologies; Thomas Weisel Partners LLC; US Bancorp Piper Jaffray, Inc.; Selectica, Inc.; Stephen Bennion; Rajen Jaswa; Sanjay Mittal

*In re Digital Impact, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 4942 (SAS) (DAB)
PLAINTIFFS
Stephens Bassett; William Colten; David Dramn; Richard Freeman; Joseph Martin; Jim Pedder; Warren Stein; Peter Weinreb

DEFENDANTS
Bear Stearns; Credit Suisse First Boston; Donaldson Lufkin; Hambrecht & Quist; J.P. Morgan Chase; U.S. Bancorp Piper Jaffray; Digital Impact

*In re Expedia, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 4973 (SAS) (LMM)
PLAINTIFFS
Louis Carola; Salvatore Caruso; Mary Grace Dippolito; Mark Drinkwater; Rosalyn Levine; David R. T. Long; Michael Mangan; Barry Margulies; Pattsy Messer; Marten Piccinini; Nirmal Saha; Karin Wacaser; Dale K. Wilson

DEFENDANTS
BancBoston Robertson Stephens; Credit Suisse First Boston; Donald Lufkin; FleetBoston Robertson Stephens; Goldman Sachs; Merrill Lynch Pierce Fenner & Smith; Morgan Stanley; Morgan Stanley Dean Witter; Expedia; Richard N. Barton; Gregory B. Maffei; Gregory S. Stanger

*In re iVillage, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 4974 (SAS) (SWK)
PLAINTIFFS
Jerry Cobb; David Fellner; Robert Ford; Saul Kassin; Koshy Koshy; Arnold Melamed; Jonathon Sarver; Debra Scheinfeld-Oliv; Israel Spitzer ; Khaled Turjman

#317155

DEFENDANTS
B.T. Alex. Brown; BancBoston Robertson Stephens; Bank of America Securities; Bear Stearns;; Chase Securities; CIBC World Markets; Credit Suisse First Boston; Dain Rauscher; Deutsche Bank Securities; Donaldson Lufkin; FleetBoston Robertson Stephens; Goldman Sachs; Hambrecht & Quist; J.P. Morgan; J.P. Morgan Securities; Lehman Brothers; Merrill Lynch Pierce Fenner & Smith; Morgan Stanley Dean Witter; Robert Fleming, Inc.; Salomon Smith Barney; Soundview Technology Group, Inc.; Wit Capital; iVillage, Inc.; Alison Abraham; Candice Carpenter; Nancy Evans; Douglas McCormick; Craig T. Monaghan; Sanjay Muralidhar

*In re Gadzoox Networks, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 5039 (SAS) (RO)
PLAINTIFFS
Herbert Black; Eric Cooper; Dominic Cottrill; Gabriel T. Forrest; Joe Goldgrab; Stanley Haiduk; Simon Katz; Adeline P. Murphy; Linda N. Parsons; Leon J. Roomberg

DEFENDANTS
B.T. Alex. Brown; BancBoston Robertson Stephens; Bank of America Securities; Bear Stearns; Chase Securities; CIBC World Markets; Credit Suisse First Boston; Dain Rauscher; DB Alex Brown; Deutsche Bank Securities; FleetBoston Robertson Stephens; Goldman Sachs; Hambrecht & Quist; J.P. Morgan; J.P. Morgan Chase; J.P. Morgan Securities; Lehman Brothers; Merrill Lynch Pierce Fenner & Smith; Morgan Keegan; Morgan Stanley Dean Witter; Robert Fleming; Salomon Smith Barney; Gadzoox Networks, Inc.; Alistair Black; Christine E. Munson; Bill Sickler

*In re Caliper Technologies Corp. Initial Public Offering Sec. Litig.*, 01 Civ. 5072 (SAS) (GBD)
PLAINTIFFS
Colbert Birnet; Shalom Daskal; Ira B. Kovel; Gale H. Leach

DEFENDANTS
CIBC World Markets; Credit Suisse First Boston; Dain Rauscher; Hambrecht & Quist; J.P. Morgan Chase; Caliper Technologies Corporation

*In re Z-Tel Technologies, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 5074 (SAS) (KMW)
PLAINTIFFS
Albert Brody; David Grosinger; Marv Jaffe; Charles P. Scholes; Westwood Management Corp.

DEFENDANTS
Bear Stearns; Credit Suisse First Boston; Dain Rauscher; Deutsche Banc Alex. Brown; Hambrecht & Quist; J.P. Morgan Chase; Merrill Lynch Pierce Fenner & Smith; Salomon Smith Barney; Thomas Weisel Partners; Z-Tel Technologies, Inc.

*In re El Sitio, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 5089 (SAS) (JSM)
PLAINTIFFS
Percy C. Burns, III; B. V. Coracias; Warren F. Foster and Frances P. Foster; Bais Kahana; Howard M. Lasker; Larry Walls; Shapour Yavari

DEFENDANTS
BancBoston Robertson Stephens; Claxson; Credit Suisse First Boston; FleetBoston Robertson Stephens; J.P. Morgan Chase; Lehman Brothers; Merrill Lynch; Merrill Lynch Pierce Fenner & Smith; Salomon Smith Barney; Soundview Technology; Wit Capital; El Sitio, Inc.

*In re Cacheflow, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 5143 (SAS) (MGC)
PLAINTIFFS
Michael Atlas; Colbert Birnet; Leonard and Estelle Cohen ; Eric Egelman; Tzui M. Follman; Greg Frick; Alan Karahalis; Val Kay; Don R. Powell; Kenneth Restivo; Kenneth L. Schmid; Victor Wesley Jr.

DEFENDANTS
BancBoston Robertson Stephens; Credit Suisse First Boston; Dain Rauscher; FleetBoston Robertson Stephens; Hambrecht & Quist; J.P. Morgan Chase; Morgan Stanley; Morgan Stanley Dean Witter; Salomon Smith Barney; Cacheflow

*In re Intersil Holding Corp. Initial Public Offering Sec. Litig.*, 01 Civ. 5144 (SAS) (AKH)
PLAINTIFFS
Donald E. Benjamin; Aaron Brody; John and William Buescher; Robert P. Jordan; Murowa Financial; Aniko Heller Nagy; Pat O'Shea; James Robert Richey; Sanat Shankardass; Yehudah Toiv; Susan Williams

DEFENDANTS
Chase Securities; Credit Suisse First Boston; FleetBoston Robertson Stephens; JP Morgan; Lehman Brothers; Merrill Lynch Pierce Fenner & Smith; S.G. Cowen Securities; Salomon Smith Barney; Intersil; Arnold Chase; Lawrence J. Ciaccia; Julie B. Forbes; Daniel J. Heneghan; W. Russell Morcom; Larry W. Sims; Gregory L. Williams

*In re Retek, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 5225 (SAS) (BSJ)
PLAINTIFFS
Eli Bensinger; Lillian Bloom; Simon A. Bulko; Shuk-Lee Chu; Patricia A. Gammino; Steven Hovdesven; Sieglinde Jeffries; Arthur Kauffman; Thomas Molnar; Ben Nguyen; Zareh Sarrafian; Iwan Sutardji; Linda Westbrook; Susan Williams

DEFENDANTS
Bancboston Robertson, Stephens Inc.; Credit Suisse First Boston Corporation; Fleetboston Robertson Stephens, Inc.; Merrill Lynch, Pierce, Fenner & Smith Incorporated; Robertson Stephens, Inc.; Salomon Smith Barney, Inc.; US Bancorp Piper Jaffray, Inc.; Retek Inc.; John Buchanan; Gregory A. Effertz; Gordon Masson

*In re Net2000 Communications, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 5227 (SAS) (VM)
PLAINTIFFS
Angelo Gordon & Co., LP; Jimmy Chin; Daniel P. Conrad; Thad Figura; Gardner Gilsey;

11

#317155

Ronald Harris; Syed M. Hussain; Robert Lanham; Charles Miller; Helen Miller; Beth Paqvin; Patron Transmissions; Katherine Piven; Harry C. Ridgely; Malka Rubin; Thomas M. Schrader; Herbert A. Taylor II; E. Allan Wendt

DEFENDANTS
Bear Stearns & Co., Inc.; Credit Suisse First Boston Corp.; Donaldson, Lufkin & Jenrette Securities Corp.; Goldman, Sachs & Co.; JP Morgan Securities, Inc.; Legg Mason Wood Walker, Inc.; Lehman Brothers, Inc.; Salomon Smith Barney Inc.; The Goldman Sachs Group; Net2000 Communications, Inc.; Peter B. Callowhill; Donald E. Clark; Eric Geis; Clyde Heintzelman; Reid Miles; Mitchell Reese; Clayton A. Thomas, Jr.

*In re VerticalNet, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 5241 (SAS) (KMW)
PLAINTIFFS
Gregory S. Carroll; CJA Acquisition Inc.; Erza Charitable Trust; James Goldenetz; William A. Gordeau; Jeff Hoang; Ann L. Jay; Leela Job; Patricia . Jones; Valerie Kofsky; Soo D. Lee; Evan McKeown; Michelle Miller; Michael Morris; George Murphy; Alexander Nehring; Linda Penhale; Carlos Reeberg; Michael Schonberg; Jae Sook So; Teait Capital, LLC; John J. Wicker; Doug Williams

DEFENDANTS
B.T. Alex. Brown; Banc of America Securities; BancBoston Robertson Stephens; Bear Stearns ; Chase Securities; CIBC World Markets; Credit Suisse First Boston; Dain Rauscher; Dain Rauscher Wessels; Deutsche Banc Securities; FleetBoston Robertson Stephens; Goldman Sachs ; Hambrecht & Quist; J.P. Morgan; J.P. Morgan Securities; Lehman Brothers; Merrill Lynch Pierce Fenner & Smith; Morgan Stanley Dean Witter; Prudential; Robert Fleming; Salomon Smith Barney; Soundview Technology; Volpe Brown Whelan; Wit Capital; VerticalNet

*In re Audible, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 5258 (SAS) (HB)
PLAINTIFFS
Peyman Abdollahzadeh; William Chue ; Gregory M. Dimicelli; Abraham Garfinkel; Oren Giskan; John Rick Heidel; Mark Katz; George Masidzg; John Rando; Sam Regam

DEFENDANTS
CIBC World Markets; Credit Suisse First Boston; J.P. Morgan Chase; J.P. Morgan Securities; Lehman Brothers; Morgan Stanley; Morgan Stanley Dean Witter; Prudential Securities; Soundview Technology Group; Volpe Brown Whelan; Wit Capital; Audible; Andrew J. Huffman

*In re Telaxis Communications Corp. Initial Public Offering Sec. Litig.*, 01 Civ. 5267 (SAS) (DAB)
PLAINTIFFS
Stephen Inglis; Danielle Katz; Daniel Kucera; Mazzarese Family Trust; Lyle Paquette; Scott Swindle

#317155

**DEFENDANTS**
Banc of America Securities; CIBC World Markets; Credit Suisse First Boston; Deutsche Banc Securities; J.P. Morgan Chase; Telaxis Communications Corporation

*In re TiVo, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 5269 (SAS) (JGK)
**PLAINTIFFS**
Cho Ho Bae; Dixon Burden; Jose Campon; Thomas Corley; Thomas Dale; Rutherford Dawson; Cary Luskin; Chris Greaves; Kevin C. Krich; George Masidze; David Osher; Murray Price; Cathleen Vongdellane; Ben Werczberger

**DEFENDANTS**
Allen & Company; Banc of America Securities; BancBoston Robertson Stephens; Credit Suisse First Boston; FleetBoston Robertson Stephens; Hambrecht & Quist; J.P. Morgan Chase; Thomas Weisel Partners; Tivo, Inc. ; James Barton; David H. Courtney; Michael Ramsay

*In re Netcentives, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 5332 (SAS) (DC)
**PLAINTIFFS**
Eddie Bloomfield; Neil Chasin; David Herschman; Bruce J. Kraemer; Joseph LaDuke; Eugene Lefkowitz; Chris Madison; Sid Weissman

**DEFENDANTS**
Credit Suisse First Boston Corporation; Dain Rauscher, Inc.; Deutsche Bank Alex Brown; Deutsche Bank Securities, Inc.; Hambrecht & Quist, LLC; JP Morgan Securities; RBC Dain Rauscher Inc.; Thomas Weisel Partners, LLC; Netcentives, Inc.; John F. Longinotti; West Shell, III

*In re 724 Solutions, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 5333 (SAS) (GEC)
**PLAINTIFFS**
Colbert Birnet L.P.; Joseph A. Derringer; Gregory R. Hodges; Theodore Leonard; James Robinson; Wendy Wanderman; Leon Woody

**DEFENDANTS**
Credit Suisse First Boston; FleetBoston Robertson Stephens; Thomas Weisel Partners; 724 Solutions, Inc.; Gregory Wolfond; Thomas Wolfond

*In re Onvia.com, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 5354 (SAS) (VM)
**PLAINTIFFS**
David Arnatt; Ronney Cooper; Kris Fleischli; Abraham Garfinkel; Eric Goepfert; John Hoffman; Anna Proshak; David Stoddard; Richard Wu

**DEFENDANTS**
Chase Securities, Inc.; Credit Suisse First Boston Corporation; Fleet Boston Robertson Stephens Inc.; JP Morgan Securities; Robertson Stephens, Inc.; Onvia.com, Inc.

13

#317155

*In re iPrint Technologies, Inc. (f/k/a Iprint.com) Initial Public Offering Sec. Litig.*, 01 Civ. 5365
(SAS) (WK)
PLAINTIFFS
Alfred Boeckli; Abraham Garfinkel - 5365; Abraham Garfinkel - 7428; Patrick Praesel; Jeanne
Rich; Todd Simon; Robert C. Smith; Lisa Stoshak

DEFENDANTS
Credit Suisse First Boston; Royal P Farros; FleetBoston Robertson Stephens; J.P. Morgan Chase;
U.S. Bancorp Piper Jaffray; iPrint Technologies, Inc.; James P. McCormick

*In re NaviSite, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 5374 (SAS) (WK)
PLAINTIFFS
Arvid Brandstrom; Brandstrom Instruments; Fayyaz Dewji; David Federico; Barry Feldman;
Quyen T. Ha; Moses Mayer; Lynn McFarlane; Binh Nguyen; Tony Tse; James D. Weeks; Stuart
Werman

DEFENDANTS
Bancboston Robertson Stephens, Inc.; Bank of America Securities LLC; Bear Stearns & Co.,
Inc.; Chase Securities, Inc.; CIBC World Markets; Credit Suisse First Boston Corporation; Dain
Rauscher, Inc.; DB Alex Brown; Deutsche Bank Securities, Inc.; First Albany Companies, Inc.;
Fleetboston Robertson Stephens, Inc.; Robert Fleming, Inc.; Goldman Sachs Group, Inc.;
Hambrecht & Quist; JP Morgan Securities; Lehman Brothers; Merrill Lynch, Pierce, Fenner &
Smith, Inc.; Morgan Stanley Dean Witter & Co., Incorporated; Robertson Stephens, Inc.;
Salomon Smith Barney, Inc.; Navisite, Inc.

*In re Deltathree.com, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 5425 (SAS) (LLS)
PLAINTIFFS
Privatinvest Bank, AG; Christopher Anderson; Norman Bodine; Aliza Brody; Gregory C.
Cleaver; Zbigniew Czyzewski; Dror Hadari; Hanna Hadari; Tal Hadari; Widad Jafar; Mr./Mrs.
Richard Lane; Jon Melser; Murowa Financial; Eric Norris; Bnos Rochel; George Strum; Barry
Unger M. D.

DEFENDANTS
Bear Stearns; Fidelity Capital Markets; Goldman Sachs; Lazard Freres; Lehman Brothers;
Merrill Lynch Pierce Fenner & Smith; U.S. Bancorp Piper Jaffray; Deltathree.com; Jacob A.
Davidson; Avery S. Fischer; Itzhak Fisher; Mark J. Hirschhorn; Jacob Z. Schuster; Amos Sela;
Donald R. Shassian; Nir Tarlovsky; Elie C. Wurtman

*In re Razorfish, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 5427 (SAS) (AGS)
PLAINTIFFS
John Barclay; Econor Investments; Laura Cunningham; Stephen Greenberg; Michael Paul Kelly;
Michelle Kideys; Bruce Nahorwey; Amelia E. Sarvinski; Bennett Storfer; Wayne Taillon;
George L. Vlahos

#317155

DEFENDANTS
Bancboston Robertson Stephens, Inc.; Credit Suisse First Boston Corporation; Deutsche Banc
Alex Brown Inc.; Lehman Brothers Inc.; Robertson Stephens, Inc.; Razorfish, Inc.; Carter F.
Bales; Susan Black; Peter I.G. Bystedt; Jeffrey A. Dachis; Craig M. Kanarick; Kjell A.
Nordstrom; Jonas S.A. Svensson; John Wren

*In re Avenue A, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 5446 (SAS) (RMB)
PLAINTIFFS
Saswata Basu; Audrey Bernstein; Famiglia Enterprises; Mauro Golmarvi ; Steve Gordon;
Bernice Mermelstein; Teresa Lovegren; Tom Pabandith ; Anthony Panagiota; Lawrence
Pearlman ; Lisa Rowe; Anthony and Maria Scotto; Nick Shener ; Mark Smith ; Jerry Tillem;
Sally Tonningsen

DEFENDANTS
Dain Rauscher; Morgan Stanley; Morgan Stanley Dean Witter; Salomon Smith Barney; Thomas
Weisel Partners; Avenue A

*In re Aether Systems, Inc.* Initial Public Offering Sec. Litig., 01 Civ. 5570 (SAS) (LAP)
PLAINTIFFS
Larry Ackerman; Adele Brody; Edward Cassady; Henry Cole; Isak Karasik; Jerry Krim; Daniel
Kucera; Joe Moyer; George Murphy; Robert Narayan; Pond Equities; Manual R. Raimi; Renee
B. Raimi ; Drew Ricco; Dr. Pradeep Srivastava; Bernd Toennesmann

DEFENDANTS
BancBoston Robertson Stephens; Bank of America Securities; Credit Suisse First Boston;
Deutsche Bank Securities; Donaldson Lufkin & Jenrette; FleetBoston Robertson Stephens;
Friedman Billings Ramsey; Merrill Lynch Pierce Fenner & Smith; Morgan Stanley; Morgan
Stanley Dean Witter; U.S. Bancorp Piper Jaffray; Aether Systems, Inc.

*In re Commerce One, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 5575 (SAS) (CLP)
PLAINTIFFS
Mahesh Ariyakula; Jonathan Baruch; George W. Cameron; Scott R. Cameron; Coast Investment
& Development; William and James Costock; Mary Jane Crescente; Michael A. Esemplace;
Lewis and Marc Imundo ; Kriker Kasbarian; Sanford Alan Kassel; Dan Kucera; Robert
Malafonte; Market Street Securities; Masahiro Nakamura; Geary Partners; Presido Partners;
Privateinvest Bank AG; Frank Povoski; Zory Shmidoff; Rudolf Skubella; Yehudah Toiv; James
E. Traylor Jr.; Feridoon Zarrinnia

DEFENDANTS
BancBoston Robertson Stephens; Credit Suisse First Boston; Donaldson Lufkin & Jenrette;
FleetBoston Robertson Stephens; U.S. Bancorp Piper Jaffray; Commerce One, Inc.; Thomas J.
Gonzales II

*In re Silverstream Software, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 5600 (SAS) (GEL)
PLAINTIFFS

#317155

Collegeware USA Inc.; Jean De Angelis; Eliyohv Levoitz; Don Petersen; Debra Robinson

DEFENDANTS
Bancboston Robertson, Stephens, Inc.; Fleetboston Robertson Stephens, Inc.; Morgan Stanely Dean Witter, Inc.; Robertson Stephens, Inc.; SG Cowen Securities Corporation; Silverstream Software, Inc.; Craig A. Dynes; David A. Litwack; David R. Skok

*In re Palm, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 5613 (SAS)
PLAINTIFFS
Privatinvest Bank, AG; Joel Abrams; Larry Ackerman; Israel Bollag; Han Chae; Hing S. Chan; Harold Futransky; Benjamin R. Isaiah; Joel Mandel; David Mehalick; Joel Model; Patron Transmissions; Milton Pfeiffer; Plumbers and Pipefitters National Pension Fund; Vicki Briamonte Price; Richard Rostholder; Grace Walsh; Lee S. Walsh; Matthew Weiner

DEFENDANTS
Bancboston Robertson Stephens, Inc.; Bank of America Securities LLC; Bear Stearns & Co., Inc.; Chase Securities, Inc.; CIBC World Markets; Credit Suisse First Boston Corp.; Dain Raucher, Inc.; DB Alex Brown; Deutsche Bank Securities, Inc.; Robert Fleming, Inc.; Hambrecht & Quist, LLC; JP Morgan ; JP Morgan Securities; Lehman Brothers, Inc.; Merrill Lynch, Pierce, Fenner & Smith, Inc.; Morgan Stanley Dean Witter & Co.; Robertson Stephens, Inc.; Salomon Smith Barney, Inc.; The Goldman Sachs Group, Inc.; Palm, Inc.

*In re Accelerated Networks, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 5644 (SAS) (AGS)
PLAINTIFFS
Adil Dastur ; John Ecklund; Harfa Holdings, Inc.; Tom Hernandez; Dale Holder; Kenneth Flax; Rahman J. Mogshaddam; David Pearl; Steven Rothbart; Diane Salvadore; Ramesh Singh ; Stephen and Faith Varwig

DEFENDANTS
Credit Suisse First Boston; U.S. Bancorp Piper Jaffray; UBS Warburg; Accelerated Networks, Inc.

*In re Value America, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 5739 (SAS) (JES)
PLAINTIFFS
Howard Bunch; Russell Corser; Seymour Englard; Steven N. Farah; Earl S. Kauffman; PJS Management, LLC; Yehudah Toiv; James Wolfe

DEFENDANTS
BancBoston Robertson Stephens; FleetBoston Robertson Stephens; Prudential Securities; Volpe Brown Whelan; Glenda M. Dorchak; Dean M. Johnson; Thomas Morgan; Rex Scatena; Sandra T. Watson; Craig A. Winn

*In re New Focus, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 5822 (SAS) (DAB)
PLAINTIFFS
Brenda Abbruzzio; Salvatore Abbruzzio; Joseph Chielli; Wallace Clark; Joel A. Cohen; David

#317155

G. Dawes; Kenneth W. Decker; Terrance F. Lanter Sr.; Pond Equities; Naraindas Punjabi; Renaissance Capital Greenwich Funds; Sloane Russeck; Mathew Samuel; James G. Spar

DEFENDANTS
Chase Securities, Inc.; CIBC World Markets Corp.; Credit Suisse First Boston Corporation; Fleetboston Robertson Stephens, Inc.; JP Morgan Securities; Merrill Lynch, Pierce, Fenner & Smith, Inc.; Robertson Stephens, Inc.; US Bancorp Piper Jaffray, Inc.; New Focus, Inc.

*In re Covad Communications Group, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 5834 (SAS) (LMM)
PLAINTIFFS
John and Sallie Burkett; Gordon L. Bailey; The Becker Securities Fund L.P.; Jennifer Bond ; Neils Peter Christenson; Barbra Bobitt Cook ; Gary Dubin; Derrick, June and Louis Hoffman; Gabriel Forrest; George C. Fox; Steven Friedfertig ; Abraham Garfinkel; Howard Ginsberg; Sarah Harman; Michael Houser; Helen Korsinsky; Paterson Family Trust ; B. J. Rone; Frances Rosenberg; Myles Sachs ; William Savey ; Samuel and Lynn Sinay ; Robert Vanvooren ; Ross Wagner

DEFENDANTS
B.T. Alex. Brown; BancBoston Robertson Stephens; Bear Stearns; Credit Suisse First Boston; Deutsche Bank Securities; Donaldson Lufkin; FleetBoston Robertson Stephens; Goldman Sachs; J.P. Morgan Chase; Morgan Stanley Dean Witter; Salomon Smith Barney; Covad Communications Group, Inc.; Robert E. Knowling, Jr.; Timothy Laehy; Frank Marshall; Charles McMinn

*In re Drugstore.com, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 5838 (SAS) (AKH)
PLAINTIFFS
Arthur A. Danekas; Charles DiFazio, Jr.; Ronald Drucker; Robin Dua; Ellen Exelbert; Steven Farah; Jamie L. Franzen; Tyrone Harley; Rebecca Hughes; Jacob Kassin; Morris Kassin; Saul Kassin; Randy Kretchmar; Howard M. Laskar; See-Choy Lee; Al Monjazeb; Dennis Olsen; Melissa Pludo; Judith Thomas; Kenneth Thomas; Ronald Wambold; Bertha Washington

DEFENDANTS
Credit Suisse First Boston; Donaldson Lufkin & Jenrette; Morgan Stanley; Morgan Stanley Dean Witter; Salomon Smith Barney; Thomas Weisel Partners; Drugstore.com, Inc.; Mark Silverman

*In re Agency.com, Ltd. Initial Public Offering Sec. Litig.*, 01 Civ. 5902 (SAS) (VM)
PLAINTIFFS
Reza Alizadegan; Kerry Burstein ; Shu Hau Chen; Stephen Dinallo; Randall Englehart; Steven N. Farah; The Fairmont Fund; Michael Gallagher  ; Shailendra Majmundar; Edward Mazzella, Jr.; Seymour Orenstein ; Abe Naymark ; Frederick Raila ; David Roffe; Robert Saak; Thomas N. Salerno; Awraham Schaechter; The Estate of Rebecca Solomon (Gregory Stone Executor); Daniel P. Verbic

#317155

DEFENDANTS
Goldman Sachs; Hambrecht & Quist; JP Morgan; Salomon Smith Barney; Agency.com, Ltd.

*In re EToys, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 5911 (SAS)
PLAINTIFFS
Larry Ackerman; Congregation Dvar Moshe of Horodenke; Marcia Davis; F GR Akel; Tzvi M.
And Cheryl Follman; Luis Gomez; Nita Govan; Jerry Krim; Theodore Laoudis; Leclub Williams
Limited; Han Lew; David Lowinger; Alejandro Ludlow; Juan Ludlow; Harris McCully
Associates Inc.; Sudir Mehta; Charles Moore; Joseph Muir; Michael Sabbia; Michael Schon; The
Silver Family Foundation; Rudolph Skubella; Joseph Tellier; Gerald Walters

DEFENDANTS
BancBoston Robertson Stephens; Credit Suisse First Boston; Dain Rauscher; Donaldson Lufkin
& Jenrette; FleetBoston Robertson Stephens; Goldman Sachs; Hambrecht & Quist; J.P. Morgan
Chase; Merrill Lynch Pierce Fenner & Smith; RBC Dominion; EToys, Inc.; Edward C. Lenk;
Steven J. Schoch

*In re Chinadotcom Corp. Initial Public Offering Sec. Litig.*, 01 Civ. 5937 (SAS) (LAP)
PLAINTIFFS
Ahemd Allssa ; 1401 Ocean Avenue LLC.; Michael Yung Xin Cai; Rutherford Dawson; Barry
Gang; Ronald Giordano ; Victoria Goldner; Iris Hsu; Michael Mangan ; Charles McClung ;
David Mehalick; Paul and Teresa Ng; Paul Rosenfeld; Shlomo Roshgadol; Robert Russo;
Gregory Sanchez; Tommiita Sengvilay ; Dr. Allen Taylor; Andrea Yarnoff; Ying Xia

DEFENDANTS
BancBoston Robertson Stephens; Bear Stearns; Dain Rauscher; FleetBoston Robertson
Stephens; Lehman Brothers ; Merrill Lynch Pierce Fenner & Smith; Chinadotcom Corp.

*In re Digitas, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 5948 (SAS) (MGC)
PLAINTIFFS
Robert C. Allen II; Merlin Benningfield; Eric Bet; Amir Borochov; Brian Brown; Joseph J.
Carrigan; Michael Carucci; Barry Feldman; Eli Gorelick; Harry M. Hoffman IRA Rollover; John
Jason; Mary Jason; Steven Kuritzky; William Molen; Douglas Moss; William Palumbo; Patrice
Peterson; Scott Roberts; Joseph C. Rowe, Jr.; Gary Sherman;

DEFENDANTS
Banc of America Securities; Bear Stearns; Deutsche Banc Alex. Brown; Deutsche Bank
Securities; FleetBoston Robertson Stephens; Morgan Stanley; Morgan Stanley Dean Witter;
Salomon Smith Barney; Digitas, Inc.

*In re Akamai Technologies, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 6000 (SAS) (RWS)
PLAINTIFFS
David Cheng; Theresa M. Dabrowski and Stanley J. Dabrowski; George Dovellos; Alexandre
Heitz ; Richard Gibbs; Val Kay; Ian Kideys; Daniel Kucera; David Lowinge; Charles Moore ;
Michael Morris; Randy Morrison; George Murphy; Milton Pfeiffer; Martin Picone ; Pond

18

#317155

Equities; Herbert G. Spielman; Jimmy A. Sutton; Curt Turner

DEFENDANTS
Credit Suisse First Boston; Dain Rauscher; Donaldson Lufkin & Jenrette; Hambrecht & Quist;
J.P. Morgan Chase; Morgan Stanley; Morgan Stanley Dean Witter; Salomon Smith Barney;
Thomas Weisel Partners; Akamai Technologies, Inc.; Daniel M. Lewin; Paul Sagan

*In re Sycamore Networks, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 6001 (SAS) (DC)
PLAINTIFFS
Joel Abrams; Yitzchak Ariel; Kenneth Barton; CBZ, Inc.; Jimmy Chin; Thomas Doubet, Jr.;
Donald Drucker; Ronald Drucker; Vasanthakumar Gangaiah; James Goldenetz; Meyer Guttman;
Frederick B. Henderson; John K. Humphreys; Farzana Javaid; John B. Johanneson; John
Kasdan; Barry Lemberg; John Longman; Milton Pfeiffer; Thomas C. Phillips; Gerald S. Platts;
Pond Equities; Sushma Sahai; Rudolph Skubella; Patrick J. Sparks; Dragan Stevanovski; Usman
Vakil; Charles Wertman; Frank Zortman

DEFENDANTS
Bancboston Robertson Stephens Inc.; Credit Suisse First Boston Corporation; Dain Rauscher,
Inc.; Dain Rauscher Wessels, a Division of Dain Rauscher Incorporated; Deutsche Banc
Securities, Inc.; Fleetboston Robertson Stephens, Inc.; Goldman  Sachs & Co.; JP Morgan
Securities Inc.; Lehman Brothers; Merrill Lynch, Pierce, Fenner, & Smith Incorporated; Morgan
Stanley & Co., Incorporated; Robertson Stephens, & Co.; Robertson Stephens, Inc.; The
Goldman Sachs Group, Inc.; Sycamore Networks, Inc.; Breakaway Solutions, Inc.; Timothy
Barrows; Gordon Brooks; Kevin Comerford; Gururaj Deshpande; Paul Ferri; Christopher H.
Greendale; Frances M. Jewels; Daniel E. Smith

*In re Next Level Communications, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 6004 (SAS)
(DC)
PLAINTIFFS
Milton Cummings; Mary Gorton; Sanford Alan Kassel Custodian for Gavin Phillip Kassel;
Sanford Alan Kassel Trustee for the Sanford Kassel Family Trust; Ronald Lessnau; Donald V.
Mager; Donald Polich; Joel Richmon; Seymour Sarokin; Stephen Topham; Zichron Yakov
Menachem Inc.

DEFENDANTS
Bancboston Robertson Stephens, Inc.; Credit Suisse First Boston Corporation; Dain Rauscher,
Inc.; Dillon Reed; Fleetboston Robertson Stephens, Inc.; Lehman Brothers, Inc.; Merrill Lynch
& Co.; Prudential Securities Incorporated; RBC Dominion Securities; Robertson Stephens, Inc.;
UBS Warburg LLC; Volpe Brown Whelan & Company, LLC; Warburg Dillon Reed LLC; Next
Level Communications, Inc.; Kevin B. Kimberlin

*In re Tickets.com, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 6008 (SAS) (JES)
PLAINTIFFS
Zorn Associates; Zorn Parner; William Branch; Colin Cody; David Dekock; Abraham Eisen;
Jeffrey Fagal; Richard Husa; Jeffrey Johnson; Andrew Le; Marilyn Silverman Mendell; Peter

#317155

Siklos; Spencer Thomas; James Weeks; Richard Zorn

DEFENDANTS
Credit Suisse First Boston; E*Offering; Morgan Stanley; Morgan Stanley Dean Witter; Morgan Stanley Dean Witter Online; S.G. Cowen Securities; Soundview Technology Group; Wit Capital; Tickets.com; Chistos M. Cotsakos; Thomas Pascoe

*In re Proton Energy Systems, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 6082 (SAS) (LAP)
PLAINTIFFS
George J. Buckowski; Nicholas P. Decourville; Goldplate Investment Partners Ltd.; Bette R. Grayson as Trustee Under the Will of Florence Rosenman; Joe L. Hamner; Mark Marino; Brian Middlekamp; Donna Procaccianti; Robert Procaccianti

DEFENDANTS
Credit Suisse First Boston Corp.; Morgan Stanley & Co., Inc.; Salomon Smith Barney, Inc.; Proton Energy Systems, Inc.; John A. Glidden; Trent M. Molter; Walter W. Schroeder; Robert W. Shaw, Jr.

*In re InterNAP Network Services Corp. Initial Public Offering Sec. Litig.*, 01 Civ. 6084 (SAS) (RMB)
PLAINTIFFS
Bernie Bernard; Alfred R. Eubanks; Tzvi Follman; Michael Genduso; Kenneth Gobetz; William Gottesman; Nigel Grech; W. John Harwood; Selena Howard; William D. Malcomb; Wolfgang Carl Mayer; Leonard Perlman; William Porter; Dale Scott; William Siegel; Leeroy Daniel Sorenson; Jerry Tillem; George Weinroth

DEFENDANTS
BancBoston Robertson Stephens; Chase Securities; Credit Suisse First Boston; Dain Rauscher; Deutsche Bank Securities; Donaldson Lufkin & Jenrette; FleetBoston Robertson Stephens; Hambrecht & Quist; J.P. Morgan Chase; Merrill Lynch Pierce Fenner & Smith; Morgan Stanley; Morgan Stanley Dean Witter; Salomon Smith Barney; InterNAP; Charles M. Ortega

*In re Network Plus Corp. Initial Public Offering Sec. Litig.*, 01 Civ. 6089 (SAS) (JES)
PLAINTIFFS
Richard S. Allegood; Narinder Grewal; Lynn MacFarlane; George Masidze; Michael Thoen Stuart Werman

DEFENDANTS
Bear, Stearns & Co., Inc.; Credit Suisse First Boston Corporation; Donaldson Lufkin & Jenrette Securities Corporation; Goldman Sachs & Co.; Lehman Brothers, Inc.; Merrill Lynch, Pierce, Fenner & Smith Incorporated; Salomon Smith Barney, Inc; George Alex; James J. Crowley; Robert L. Hale; Robert T. Hale, Jr.

*In re Redback Networks, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 6090 (SAS) (SK)
PLAINTIFFS

#317155

Yitzchak Ariel; Dominick Capuano; Victor Chehebar; Cheryl Follman; Tzvi M. Follman;
Stephen J. Greenberg; Aileen Haw; Jean Hephinger; William Hitchcock; Iris Hsu; Frank Kulesa;
Robert Lang; Moshe Lederman; Julie Moscove; George Murphy; Timothy J. Presi; Harvey A.
Schneider; Hindie Silver; Tectonic Fund; Yehudah Toiv; George S. Young; Michele L. Young

DEFENDANTS
Bancboston Robertson Stephens Inc.; Dain Raucher; Lehman Brothers Inc.; Morgan Stanley &
Co., Incorporated; Robertson Stephens, Inc.; Redback Networks, Inc.; Dennis L. Barsema;
Geoffrey C. Darby

*In re TIBCO Software, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 6110 (SAS) (MBM)
PLAINTIFFS
Raymond Agnello, Jr.; Jack and Sylvia Broad; Joseph J. Carrigan; Edward Clark; John Coleman;
Seymour England; Fremont Investment Advisors; Adam Jung; Philip Katz; Jerry Krim; Greg
Melheim; Martha Murcia; Miguel Murcia; Michael Peterson; Milton Pfeiffer; Peter Rosenblum;
J. Scott Scherer; Joan Sherman; Marc Sherman; William Gerard Short; Beata Spira; Vladimir
Spira, M.D., FAAP; Albert Tacornal; Patricia Tacornal; Marc Walraven

DEFENDANTS
BancBoston Robertson Stephens; Bear Stearns; Credit Suisse First Boston; Deutsche Banc Alex.
Brown; Deutsche Banc Securities; FleetBoston Robertson Stephens; Goldman Sachs; J.P.
Morgan Chase; S.G. Cowen Securities; TIBCO Software, Inc.; John J. Gaysom

*In re ON Semiconductor Corp. Initial Public Offering Sec. Litig.*, 01 Civ. 6114 (SAS) (LMM)
PLAINTIFFS
Joel Abrams; M. Lynn Atkinson; Terrance M. Bates; Moses Breuer; Philip Cohen; Ronald D.
Eddy; James Flyte; Louis and Sheila Friend - Friend Revocable Family Trust; Howard Frintner;
Fuller & Thaler Asset Management; Gary Goldberg; Patricia Griggs; Thomas A. and Mary Jane
Hanley; Kenneth Khoury; James H. Morris; Melinda Szafranski

DEFENDANTS
Chase Securities, Inc.; Credit Suisse First Boston Corporation; Fleetboston Robertson Stephens,
Inc.; JP Morgan Securities; Lehman Brothers, Inc.; Morgan Stanley & Co., Incorporated;
Robertson Stephens, Inc.; Salomon Smith Barney, Inc.; On Semiconductor Corporation (f/k/a
SCG Holding Corporation)

*In re Integrated Information Systems, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 6120 (SAS)
(VM)
PLAINTIFFS
Piyush Bhargava; Aliza Brody; Jimmy K.V. Chin; Daniel J. Field; Carole Groux; Herry
Kurniawan; Donald Ormond; Anthony Peri; Suzanne Privette; Bruce Reynolds; Robert M.
Thacker

DEFENDANTS
Deutsche Bank Securities; FleetBoston Robertson Stephens; J.P. Morgan Chase; Legg Mason;

#317155

Legg Mason Wood Walker; Lehman Brothers; Robert W. Baird & Co.; U.S. Bancorp Piper Jaffray; Integrated Information Systems, Inc.

*In re Rhythms Netconnections, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 6128 (SAS) (MGC)
PLAINTIFFS
Helen Z. Baker; Ismel Baker; John Brown; Chang Qing Cao; Yunsung Chuang; City of Sacramento; Douglas Dydo; Frieda Elefant; Ralph Elefant; Sheldon Elefant; Fairland Management Corp.; Gallucci Family Partnership; Stephen Greenberg; Jewish Board of Family and Children's Services Inc.; John Moscati; Manouchehr Mozageny; Milton Pfeiffer; Melissa Pludo; Bradley Reich; Julian Rosenberg; Elaine Rubel; Thomas Paine Investments LP; John N. Uhlmeyer; Glen Williams; Williams & Williams; Richard Zynda

DEFENDANTS
Bancboston Robertson Stephens, Inc.; BT Alex Brown, Inc.; Deutsche Banc Alex Brown Inc.; Deutsche Bank Capital Corporation; Fleetboston Robertson Stephens, Inc.; Hambrecht & Quist, LLC; JP Morgan Securities; Lehman Brothers, Inc.; Merrill Lynch, Pierce, Fenner & Smith Incorporated; Robertson Stephens, Inc.; Salomon Smith Barney Inc.; Thomas Weisel Partners LLC; Rhythms Netconnections Inc.; Scott C. Chandler; Kevin R. Compton; Keith B. Geeslin; Catherine M. Hapka; Ken L. Harrison; Keith B. Mayer; Susan Mayer; William R. Stensrud; John L. Walecka; Edward J. Zander

*In re Extreme Networks, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 6143 (SAS) (RO)
PLAINTIFFS
Dominick Capuano; Susan M. DeMaio; Ray Doerr; Xuefei (Annie) Hui; Hai-Ning Hwang; Richard Hwang; James J. Kobuki; James A. and Judith A. Lark; Edmund Olifers; Michael Polselli; Pond Equities; Arthur Rubia; Thomas Thale; Robert Trinka; John G. Williams

DEFENDANTS
B.T. Alex. Brown; BancBoston Robertson Stephens; Dain Rauscher; Dain Rauscher Wessels; Deutsche Bank Alex Brown; FleetBoston Robertson Stephens; Hambrecht & Quist; JP Morgan; Lehman Brothers; Morgan Stanley; Morgan Stanley Dean Witter; RBC Dain Rauscher; S.G. Cowen Securities; Thomas Weisel Partners; Extreme Networks, Inc.; Charles Carinalli; Stephen Haddock; Promod Haque; William Kelly; Vito E. Palermo; George Prodan; Paul Romeo; Herb Schneider; Harry Silverglide; Gordon L. Stitt; Peter Wolken

*In re E.piphany, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 6158 (SAS) (LMM)
PLAINTIFFS
Deb Belcore; Buenos Aires Seruwenos LLC; Richard Eichfeld; Daniel Kucera; Tectonic Fund; Zia Uddin

DEFENDANTS
BancBoston Robertson Stephens; Credit Suisse First Boston; Merrill Lynch Pierce Fenner & Smith; E.piphany, Inc.

#317155

*In re Portal Software, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 6160 (SAS) (LAP)
PLAINTIFFS
Frank Bielanski; Robert Cole; James Dove; Wendell Flatter; Richard Haas; Buck D. Hallen;
Arthur Jansik; Jacob Kaiser; Daniel Kucera; Michael A. Spero; Bernd Toennesmann

DEFENDANTS
Bancboston Robertson Stephens, Inc.; Credit Suisse First Boston Corp.; Donaldson, Lufkin &
Jenrette Securities Corp.; Goldman Sachs & Co.; Hambrecht & Quist, LLC; JP Morgan
Securities; Robertson Stephens, Inc.; Portal Software, Inc.

*In re BSQUARE Corp. Initial Public Offering Sec. Litig.*, 01 Civ. 6216 (SAS) (HB)
PLAINTIFFS
Ari Fishoff ; Louis Kornman; Eddie Maiorino ; Andrew Rowley; Maurice Wilber; Paul
Zimmerman

DEFENDANTS
BancBoston Robertson Stephens; Credit Suisse First Boston; FleetBoston Robertson Stephens;
Hambrecht & Quist; J.P. Morgan Chase; Lehman Brothers; Bsquare Corp.

*In re Chordiant Software, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 6222 (SAS) (DAB)
PLAINTIFFS
Jimmy Ku Chin ; Mr. & Mrs. Gregory Katzman; Arkady and Rena Mavashev; Victor A Neel;
Thomas R. Stelter Trustee for the Thomas R. Stelter Declaration of Trust dated 1/31/92; Sarah
Weiss

DEFENDANTS
BancBoston Robertson Stephens; Dain Rauscher; FleetBoston Robertson Stephens ; Thomas
Weisel Partners; Chordiant Software, Inc.

*In re McData Corp. Initial Public Offering Sec. Litig.*, 01 Civ. 6627 (SAS) (MGC)
PLAINTIFFS
Linda Berbusse; Walter Fogel; Robert Gutner; Sarah Lerner; Michael Urness

DEFENDANTS
Bear, Stearns & Co., Inc.; Credit Suisse First Boston Corporation; Dain Rauscher, Inc.; Deutsche
Banc Alex Brown, Inc.; Deutsche Bank Capital Corporation; Fleetboston Robertson Stephens;
Merrill Lynch, Pierce Fenner & Smith Incorporated; RBC Dain Rauscher Inc.; Robertson
Stephens, Inc.; McData Corporation

*In re Blue Martini Software, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 6241 (SAS) (RCC)
PLAINTIFFS
Brenda and Salvatore Abbruzzino; Donna L. Davison; Kenneth Dillon; Piyali Ganguwy; Alo
Ghosh; Remy Girard; Iris Hsu; Xin Ju; Mohammad Khalaf; Maurice Philogene; Honoro Shapiro;
Joseph F. Simone; C. Strakaris; Glenn Tortoso; Ralph B. Wood

#317155

DEFENDANTS
Dain Rauscher; Goldman Sachs; Thomas Weisel Partners ; U.S. Bancorp Piper Jaffray; Blue Martini Software, Inc.

*In re drkoop.com, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 6242 (SAS) (VM)
PLAINTIFFS
Ned P. Brafford; Richard A. Brafford; Jimmy Chin; Glenn S. Davis; Raisa Gertsberg; Zachary Maragoudakis; Jack Schwartz; Stourbridge

DEFENDANTS
B.T. Alex. Brown; Banc of America Securities; Bancboston Robertson, Stephens; Bear Stearns; Deutsche Banc Alex Brown; FleetBoston Robertson Stephens; Goldman Sachs; Hambrecht & Quist; J.P. Morgan Chase; Merrill Lynch Pierce Fenner & Smith; drkoop.com, Inc.; Jeffrey C. Ballowe; Mardian Blair; G. Carl Jr. Everett; Susan M. Georgen-Saad; Donald W. Hackett; Richard D. Helppie Jr.; C. Everett Koop; Louis Scalpati; Nancy L. Snyderman; John F. Zaccaro

*In re Caldera Systems, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 6271 (SAS) (JSM)
PLAINTIFFS
Viola G. Archuleta for Ubaldo Gallegos; Eddison Andrews; Geraldine and Melvin Calhoun; Tracey Calhoun; Hoover and Margaret Chew ; Peter Collias ; Shelly Couch; Milton Edwards ; Claire Eff; Ubaldo Gallegos ; Michael Godin ; James Gregg; Niall Hynan; Sonne Jao ; Rachel Johnson; Joseph Serpico Jr. ; Richard Signorelli ; George Weinroth; Philip Wieczorek

DEFENDANTS
Bear Stearns; First Security Van Kasper; FleetBoston Robertson Stephens; Soundview Technology Group; Wells Fargo; Wells Fargo Van Kasper; Wit Soundview; Caldera Systems, Inc.

*In re iBasis, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 6272 (SAS) (DC)
PLAINTIFFS
Arthur Bloom; Jimmy K.V. Chin; Robin Kwalbrun; Lieb Merkin, Inc.; Joan Manzione Custodian for Justin Omary; Bartula Marek; David M. Mehalick; Sharon Merkin; Solomon N. Merkin; Steven E. Smith; Ken Thomason; Lori Will

DEFENDANTS
BancBoston Robertson Stephens; FleetBoston Robertson Stephens; Hambrecht & Quist; J.P. Morgan Chase; U.S. Bancorp Piper Jaffray; iBasis, Inc.; Izhar Armony; Charles N. Corfield; Ofer Gneezy; Charles S. Houser; Michael J. Hughes; John Jarve; Robert Maginn; Gordon J. Vanderbrug

*In re Ashford.com, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 6275 (SAS) (DLC)
PLAINTIFFS
Congregation Mitza Meals Inc.; Luis Gomez; David Hess; George S. Jenkins IV; Mary Ellen Kana; Daniel Karas; Suzanne Knohl; James Liapakis; Jorge Maercovich; Leland Putterman

#317155

DEFENDANTS
BancBoston Robertson Stephens; Bank of America Securities; Dain Rauscher; Deutsche Banc Alex. Brown; Deutsche Bank Securities; E*Offering; FleetBoston Robertson Stephens; Goldman Sachs; Salomon Smith Barney; Wit Soundview; Ashford.com, Inc.

*In re iManage, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 6277 (SAS) (GEL)
PLAINTIFFS
James Brainard; Hing Shuen Chan; Chi Ming Cheung; Moshe Deutsche; Andrew Echman; Kuo-Chi Feng; Edwin Juskiewicz; Manawendra Roy; Hung Szeto; Long Wan; Wang-Li Yen

DEFENDANTS
BancBoston Robertson Stephens; C.E. Unterberg Towbin; FleetBoston Robertson Stephens; U.S. Bancorp Piper Jaffray; iManage, Inc.

*In re Terra Networks, SA Initial Public Offering Sec. Litig.*, 01 Civ. 6288 (SAS) (AKH)
PLAINTIFFS
Leon Adams; Todd Berkley; Laurence Bezirdjian; Richard Haas; George Murphy; Samuel Sinay

DEFENDANTS
Bear Stearns; Credit Suisse First Boston; Goldman Sachs; J.P. Morgan; J.P. Morgan Chase; Lehman Brothers; Salomon Smith Barney; Terra Networks, SA

*In re Mediaplex, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 6301 (SAS)
PLAINTIFFS
Louis C. Arps; Michael Atlas; David Dargenzio; Philip De Limur; Robert DePalo; Michael Erickson; Eliyohv Levovitz; Kamran Mashayekh; Paul and Hanh Nguyen

DEFENDANTS
Bancboston Robertson Stephens, Inc.; Credit Suisse First Boston, Inc.; Donaldson Lufkin; Fidelity Capital Markets, a Division of Natoinal Financial Services Corporation; Fleetboston Robertson Stephens, Inc.; Hambrecht & Quist; JP Morgan Securities; Lehman Brothers; Lehman Brothers Holdings, Inc.; Merrill Lynch, Pierce, Fenner & Smith, Incorporated; Robertson Stephens, Inc.; SG Cowen Securities Corporation; US Bancorp Piper Jaffray, Inc.; Mediaplex, Inc.; Valueclick, as Successor-in-Interest to Mediaplex

*In re Clarent Corp. Initial Public Offering Sec. Litig.*, 01 Civ. 6322 (SAS) (RCC)
PLAINTIFFS
Charles W. Binford; Edward Cohill; Harvey Fleishman; International Brotherhood of Electrical Workers Local 98; Bill Jenkins; Cynthia I. Jenkins; Wenjie Luo - 7317; Wenjie Luo - 7838; Ciaran MacNeill; Gregory Mercurio ; Miriam Nadler; Milton Pfeiffer; Steven E. Smith; Scott A. Starosta

DEFENDANTS
BancBoston Robertson Stephens; Credit Suisse First Boston; Deutsche Bank Securities; FleetBoston Robertson Stephens; Hambrecht & Quist; J.P. Morgan Chase; Thomas Weisel

#317155

Partners ; U.S. Bancorp Piper Jaffray; Clarent Corp.; Syaru Shirley Lin; Michael F. Vargo

*In re Buy.com, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 6323 (SAS) (RMB)
PLAINTIFFS
Joel Abrams; Mohammad Akhtar; Edward Augustine; Robert Berkowitz; Lance Bledsoe;
Bledsoe Family Trust; Leo & Jose Castillo; Nanette Combs; Rutherford Dawson; Goodman
Epstein; Richard Haas; Louis, Gerald and Robert Peruski; Pond Equities; Eran Roberts; Amir
Sahebi; Richard Taylor

DEFENDANTS
Bear Stearns; Deutsche Bank Securities; FleetBoston Robertson Stephens; Goldman Sachs;
Hambrecht & Quist; J.P. Morgan Chase; Merrill Lynch Pierce Fenner & Smith; Salomon Smith
Barney; U.S. Bancorp Piper Jaffray; Buy.com, Inc.

*In re GoTo.com, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 6339 (SAS) (JSR)
PLAINTIFFS
Happy-Kat; Isaac Kassin; David Mehalick; Dante Monteverde; Melissa Pludo; The Rosenberg
Family Foundation

DEFENDANTS
BancBoston Robertson Stephens; Bank of America Securities; Bear Stearns; Credit Suisse First
Boston; Deutsche Bank Securities; DLJDirect; Donaldson Lufkin & Jenrette; FleetBoston
Robertson Stephens; Hambrecht & Quist; J.P. Morgan Chase; Lehman Brothers; Merrill Lynch
Pierce Fenner & Smith; Salomon Smith Barney; Thomas Weisel Partners; GoTo.com, Inc.;
Overture Services, Inc.

*In re Webvan Group, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 6365 (SAS) (KMW)
PLAINTIFFS
Brian Almashie; James August; Marek Bartula; Joseph Baumann; DJ Blair; Gene Dolzhansky;
Dennis Garrity; Saul Halpert; Daniel C. Irish; Toma Lefkovitz; Jeffrey Mankoff; Mytien Ngo;
Christopher J. O'Hanlon; Paul R. Robichaux; Michael Schmeltzer; Sara Soltan; The Taube
Family Trust

DEFENDANTS
BancBoston Robertson Stephens; Bear Stearns; Credit Suisse First Boston; Dain Rauscher;
Deutsche Banc Securities; Donaldson Lufkin & Jenrette; FleetBoston Robertson Stephens;
Goldman Sachs; J.P. Morgan Chase; Merrill Lynch Pierce Fenner & Smith; Salomon Smith
Barney; Thomas Weisel Partners; Louis H. Border; Kevin R. Czinger; Mark Holtzman; George
T. Shaheen; Robert Swan

*In re Breakaway Solutions, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 6397 (SAS) (VM)
PLAINTIFFS
CBZ Inc.; Tim Conners; Jerry Loew; John Longman; Gerald S. Platts; Mohammad and Shamim
Tariq; Leila M. Thompson

#317155

DEFENDANTS
Deutsche Banc Securities; Lehman Brothers ; Morgan Stanley; Morgan Stanley Dean Witter;
Breakaway Solutions, Inc.; Gordon Brooks; Kevin Comerford; Christopher H Greendale

*In re Viant Corp. Initial Public Offering Sec. Litig.*, 01 Civ. 6403 (SAS) (BSJ)
PLAINTIFFS
Michael Atlas; Dr. Daniel Burchfield; Rudolph Donocik; Jeffrey Greengrass; Yar W. Mociuk;
Kevin Peterson; Larry Santos; Dov Slater

DEFENDANTS
BancBoston Robertson Stephens; Credit Suisse First Boston; Deutsche Banc Securities;
Goldman Sachs; J.P. Morgan Chase; Lehman Brothers; Salomon Smith Barney; Viant Corp.

*In re Transmeta Corp. Initial Public Offering Sec. Litig.*, 01 Civ. 6492 (SAS) (AGS)
PLAINTIFFS
Jerome Hammonds; Wayne T. Marks; Martin Robin; Jason John Schwarz

DEFENDANTS
Banc of America Securities; Chase Securities; Dain Rauscher; Deutsche Banc Securities; JP
Morgan; Morgan Stanley; Morgan Stanley Dean Witter; S.G. Cowen Securities; Salomon Smith
Barney; Transmeta Corporation; Mark K. Allen; R. Hugh Barnes; Larry R. Carter; James N.
Chapman; David R. Ditzel; Murray A. Goldman; Douglas A. Laird; Merle A. McClendon; Paul
M. McNulty; William P. Tai; T. Peter Thomas

*In re Critical Path, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 6542 (SAS) (LMM)
PLAINTIFFS
William Bell; Gary Dowd; Mark Dresslar; Paul Flynn ; James Goldenetz; Rudy Kellerman ;
Steven Kohner; Terence C. Leeds; John Makepeace; Alexander Nehring; Jane Rieman ; Richard
Saik; Ken Stevens; Angela Thompson; Ezra Vance; William Warner

DEFENDANTS
BancBoston Robertson Stephens; Dain Rauscher; Dain Rauscher Wessels; First Albany
Companies; FleetBoston Robertson Stephens; Hambrecht & Quist; J.P. Morgan Chase; Morgan
Stanley; Critical Path, Inc.; David C. Hayden; Douglas T. Hickey; David A. Thatcher

*In re Brocade Communications Systems, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 6613
(SAS) (BSJ)
PLAINTIFFS
Mary C. Bunting Trustee Bunting Family Rev Trust; Dominick Capuano; Han B. Chae ; Virginia
Fitzpatrick; Don Folse; John Gerald; Ernest Gottdiener; Yvonne Hamlin; Arvind Kumra; Robert
J. McCullen; Bruce McDonald; Khosrow Moayer; Rick Radliff; Gerald F. Ryan; James Schieda;
Patricia Stoyer

DEFENDANTS
BancBoston Robertson Stephens ; BT Alex. Brown; Dain Rauscher; Deutsche Banc Alex.

#317155

Brown; FleetBoston Robertson Stephens; Morgan Stanley; Morgan Stanley Dean Witter; RBC
Dain Rauscher

*In re OmniSky, Corp. Initial Public Offering Sec. Litig.*, 01 Civ. 6660 (SAS) (CLP)
PLAINTIFFS
Andrew Avilla; Floyd Benigni; James H. Bennett; Diane and Anthony Calderelli; Guy DeSimini;
Joseph P. Genco; Harry Kolassa; Louis Lagonik; Robert S. Lau; Patrick Murphy; Joseph
Palumbo; James Swearengin, Jr.; Daniel A. White

DEFENDANTS
Chase Securities, Inc.; Credit Suisse First Boston Corporation, as Successor-in-Interest to
Donaldson Lufkin & Jenrette Securities, Inc.; Donaldson Lufkin & Jenrette Securities
Corporation; Fleetboston Robertson Stephens, Inc.; JP Morgan Securities; Merrill Lynch, Pierce,
Fenner & Smith, Inc.; Robertson Stephens, Inc.; Salomon Smith Barney, Inc.; Omnisky, Corp.;
Michael J. Malesardi; Patrick S. McVeigh; Lawrence S. Winkler

*In re Liquid Audio, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 6661 (SAS) (MBM)
PLAINTIFFS
Kathy Demetriades ; Jeff Eltinge; Irwin Karassik; Murowa Financial; Howard Ree

DEFENDANTS
BancBoston Robertson Stephens; Credit Suisse First Boston; Dain Rauscher Wessels; Fidelity
Capital Markets; FleetBoston Robertson Stephens; Lehman Brothers; U.S. Bancorp Piper
Jaffray; National Financial; Liquid Audio, Inc.

*In re Neoforma.com, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 6689 (SAS) (AKH)
PLAINTIFFS
George J. and Katharine V. Alexander; Saswata Basu; Cong. Germilas Keren; Gerald Platts;
Glenn Stept

DEFENDANTS
Bear Stearns & Co., Inc.; Merrill Lynch, Pierce, Fenner & Smith Incorporated; Robertson
Stephens, Inc., f/k/a/ Fleetboston; Neoforma.com, Inc.

*In re Airspan Networks, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 6747 (SAS) (JES)
PLAINTIFFS
David Irving Cohen; Timothy Keller; Richard Le Vien; Brian Middlekamp; Pond Equities;
Satagopan Rajogopalan; Candida Sa

DEFENDANTS
Bear Stearns; Credit Suisse First Boston; Deutsche Bank Alex. Brown; Lehman Brothers; U.S.
Bancorp Piper Jaffray; Airspan Networks, Inc.

*In re MatrixOne, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 6757 (SAS) (HB)
PLAINTIFFS

#317155

Michael Bernstein; Colbert Birnet; Raymond Doerr; Robert Holmes; Billy Vincent; Gary Whittinghill

DEFENDANTS
Dain Rauscher Incorporated; Goldman, Sachs & Co.; RBC Dain Rauscher Inc.; Soundview Technology Group, Inc.; US Bancorp Piper Jaffray Inc.; Wit Soundview Corp.; Matrixone, Inc.

*In re WebMD (f/k/a Healtheon) Initial Public Offering Sec. Litig.*, 01 Civ. 6768 (SAS) (MGC)
PLAINTIFFS
Laila Abdelnour; Larry Ackerman; G Alagiri; Marc Baroudi; BMC Investments; Kory Bostwick; Helene Brody; Jimmy K.V. Chin; Patricia Del Pino; Louis Feniger; David Hon; Dorothy Coven Ira; Israel Kohn; Ganapathy S. Krishnamurthy; Herbert Silverberg; Albert J. Von Holt

DEFENDANTS
Goldman Sachs; Hambrecht & Quist; J.P. Morgan Chase; Morgan Stanley; Morgan Stanley Dean Witter; WebMD Corporation

*In re Lionbridge Technologies, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 6770 (SAS)
PLAINTIFFS
Paul Dabill; Bernard Gateau; Claire Lubowicki; Andrew Samet

DEFENDANTS
Adams Harkness & Hill; Prudential Securities U.S. Bancorp Piper Jaffray; Robertson Stephens; Lionbridge Technologies, Inc.

*In re GRIC Communications, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 6771 (SAS) (HB)
PLAINTIFFS
Colbert Birnet; Joseph Fanara; Sanjay Israni; Northern Capital Holdings; Gerald Platts; Gabriel Poloni; Glenn Tortoso; William Yates

DEFENDANTS
CIBC World Markets; Deutsche Bank Securities; Prudential Securities; U.S. Bancorp Piper Jaffray; GRIC Communications, Inc.; Hong Chen; Roger L. Pierce; Kim S. Silverman; David Teichmann; Joseph M. Zaelit

*In re Eloquent, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 6775 (SAS) (DAB)
PLAINTIFFS
Marek Bartula; Rita M. Bowman; John W. Cline; Consolidated Transfer & Warehouse Co., Inc.; Jeffrey Diamond; Dennis R. Hollerman; Pond Equities; Robert L. Winsky Trust; Zitto Investments Inc.

DEFENDANTS
Bank of America Securities; FleetBoston Robertson Stephens; Lehman Brothers; Morgan Stanley; Salomon Smith Barney; Thomas Weisel Partners; U.S. Bancorp Piper Jaffay; Eloquent, Inc.

#317155

*In re Perot Systems Corp. Initial Public Offering Sec. Litig.*, 01 Civ. 6820 (SAS) (AGS)
PLAINTIFFS
Seth Abrams; Mike Burgauer ; Adrian Chin; Robinson Radiology Ltd Profit Sharing Plan and
Trust

DEFENDANTS
Bear Stearns & Co., Inc.; Hambrecht & Quist, Inc.; JP Morgan Securities Inc.; Merrill Lynch
Pierce Fenner & Smith Inc.; Morgan Stanley Dean Witter, Inc.; Salomon Smith Barney, Inc.;
UBS Warburg LLC; Warburg Dillon Read, LLC; Perot Systems Corporation

*In re Stratos Lightwave, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 6821 (SAS) (RO)
PLAINTIFFS
Larry Blisko; Jimmy K. Chin ; Daniel Kucera; Ari Mandel; Mrs. Alice Paulin; Dr. Claude Paulin

DEFENDANTS
Banc of America Securities LLC; Bear, Stearns & Co. Inc.; CIBC World Markets; Fidelity
Capital Markets, Inc.; Fleetboston Robertson Stephens, Inc.; JP Morgan Securities; Lehman
Brothers, Inc.; Morgan Stanley Dean Witter & Co. Incorporated; Robert W. Baird & Co.
Incorporated; Robertson Stephens, Inc.; Tucker Anthony Clearly Gull, Inc.; US Bancorp Piper
Jaffray, Inc.; Statos Lightwave, Inc.; Arnold Chase; James W. McGinley; William J. McGinley;
David A. Slack

*In re Kana Software, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 6822 (SAS) (RO)
PLAINTIFFS
Catu, Ltd.; Simon Cooper; Peter Gelfand; Jon Hirsch; Abraham Kassin; Saul Kassin; Jozsef
Lorinc; David Mehalick; Irving Rabiner; Dana Ross

DEFENDANTS
Goldman Sachs; Hambrecht & Quist; J.P. Morgan Chase; Lehman Brothers; Wit Capital;
Soundview Technology; Kana Software, Inc.; Mark S. Gainey; Joseph D. McCarthy; Michael J.
McCloskey

*In re Microtune, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 6823 (SAS)
PLAINTIFFS
Michael Atlas; Michael Berger; Ellis Investments Ltd.; Charles McFadden; Joan Trafficanta

DEFENDANTS
Bear Stearns & Co., Inc.; Chase; Goldman Sachs & Co.; JP Morgan Securities; Salomon Smith
Barney Inc.; SG Cowen Securities Corporation; Microtune, Inc.; Bartek Douglas; Rogers Everett

*In re Bottomline Technologies, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 6824 (SAS) (LAP)
PLAINTIFFS
Benson W. Campbell, Jr.; Paul Cyrek; Stephen Mountain; Roy Newton; Lori Will

#317155

DEFENDANTS
BancBoston Robertson Stephens; CIBC World Markets; Deutsche Banc Alex. Brown; FleetBoston Robertson Stephens; J.P. Morgan Chase; Bottomline Technologies, Inc.

*In re Autobytel.com, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 6825 (SAS) (DAB)
PLAINTIFFS
Quentin Anderson; Vivian Bernstein; James Broz; Joseph Calcaterra, Jr.; David Hofffman ; Abraham Kassin; Gary W. and Suzanne Kurtz; Joel C. Leutsch; David and Mary Mucci; Melissa Pludo; Lynne Helene Sinay

DEFENDANTS
Bear Stearns; Credit Suisse First Boston; Deutsche Bank Alex. Brown; Goldman Sachs; Lehman Brothers; Lehman Brothers Holdings; Morgan Stanley; Morgan Stanley Dean Witter; Salomon Smith Barney; Salomon Smith Barney Holdings; UBS Painewebber; UBS Warburg Long Term Disability Plan; Autobytel.com, Inc.

*In re Concur Technologies, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 6828 (SAS) (KMW)
PLAINTIFFS
Robert Baker; Jeff Brandes; Richard Cavallaro; Jesse Houston; Edward Howden; John Leet; Joey Rosario; Gerald Platts; Sarah Weiss

DEFENDANTS
BancBoston Robertson Stephens; First Albany Companies; FleetBoston Robertson Stephens; Hambrecht & Quist ; J.P. Morgan Chase; Piper Jaffray; Prudential Securities; U.S. Bancorp Piper Jaffray; Volpe Brown Whelan; Concur Technologies, Inc.; Michael W. Hilton; S. Steven Singh; Sterling R. Wilson

*In re iBeam Broadcasting Corp. Initial Public Offering Sec. Litig.*, 01 Civ. 6842 (SAS) (RCC)
PLAINTIFFS
Joel Abrams; Frank Baker; Richard L. Gay; Debby Hirschhorn; Jerry Krim; Paul W. Roth

DEFENDANTS
Bear Stearns; FleetBoston Robertson Stephens; J.P. Morgan Chase; Morgan Stanley; Morgan Stanley Dean Witter; Robertson Stephens; iBeam Broadcasting Corp.; Peter Desnoes; Chris Dier

*In re Starmedia Network, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 6846 (SAS) (WK)
PLAINTIFFS
Earl Arneson; BH Holdings LLC; Tom Calhoun; Kelly P. Day; The Day Family; Wallace S. DePuy; John Deutzman; Wendy Deutzman; Joseph Diamant; Mark Fennel; Tzvi Follman; The Gadol Interests; James R. Gross; Michael Howe; Ivan Kaufman; Bart Lloyd; John R. Longman; Michael Mangan; Douglas Primrose; Rennel Trading Corp.; Arlene Scolnik; Willard Scolnik; Everett Shekleton

DEFENDANTS
Bancboston Robertson, Stephens Inc.; Credit Suisse First Boston, Inc.; Donaldson Lufkin;

#317155

E*offering Corp; Goldman Sachs Group, Inc.; Goldman, Sachs & Company; Hambrecht & Quist; JP Morgan & Co.; JP Morgan Chase & Co.; Merrill Lynch, Pierce, Fenner & Smith; Morgan Stanley & Co., Incorporated; Morgan Stanley Dean Witter & Co.; Robertson Stephens, Inc.; Salomon Smith Barney, Inc.; Salomon Smith Barney Holdings, Inc.; Soundview Technology; Thomas Weisel Partners LLC; Starmedia Network, Inc.; Jack C. Chen; Fernando J. Espuelas; Steven J. Heller

*In re Smartdisk Corp. Initial Public Offering Sec. Litig.*, 01 Civ. 6870 (SAS) (MGC)
PLAINTIFFS
Howard R. Barto; Colbert Birnet; Barry Feldman; Les W. Robbins; Ricky Yan

DEFENDANTS
Bancboston Robertson, Stephens Inc.; Hambrecht & Quist LLC; JP Morgan Securities; Robertson Stephens, Inc.; US Bancorp Piper Jaffray, Inc.; Smartdisk Corporation; Michael S. Battaglia; Addison M. Fischer; Michael R. Mattingly

*In re Loudeye Technologies, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 6872 (SAS) (RCC)
PLAINTIFFS
Ranjit Ahuja; Philip K. Bryan; Jason Calabrese; Joseph A. Fischetti, Jr.; David Gambini; Vincent Hartmann; Harold E. Hoffman, Jr.; Jacob Kempler; Arthur Levine; Dolores A. Stevenson; Elmer F. Stevenson; Joseph Treglia; Kathleen Treglia

DEFENDANTS
Chase Securities; CIBC World Markets; FleetBoston Robertson Stephens; J.P. Morgan Chase; Loudeye Technologies, Inc.

*In re OTG Software, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 6873 (SAS) (DC)
PLAINTIFFS
Desaree Arlene David; Mark A. Fogelman; Alexander Kouprievitch; James Lewis; David Moriarty; Jonathan P. Nelson; Zahava Rosenfeld

DEFENDANTS
Credit Suisse First Boston Corporation; DB Alex Brown, as Successor-in-Interest to Deutsche Bank; Deutsche Bank Securities, Inc.; Fleetboston Robertson Stephens, Inc.; Friedman, Billings, Ramsey & Co.; Robertson Stephens, Inc.; Salomon Smith Barney Inc.; SG Cowen Securities Corporation; OTG Software, Inc.; F. William Caple; Richard A. Kay; Ronald W. Kaiser

*In re Digital Island, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 6887 (SAS) (AGS)
PLAINTIFFS
Collegeware USA, Inc.; Fred Alfano; Julian Carroll; Philip Chick; Wallace Clark; Gunter Deppe; Jane Griffith; Christopher George; Kenneth Griffith; Andrea Jones; Abraham Kassin; Gleb Klyuzner; Jerry Krim; Bart Lloyd; David Mehalick; Carla Monroe; Masary Sakamoto; Abraham Slomovics; Sheldon Torn

#317155

DEFENDANTS

Banc of America Securities; BancBoston Robertson Stephens; Bear Stearns; Dain Rauscher; Deutsche Banc Alex. Brown; Deutsche Bank Securities; FleetBoston Robertson Stephens; Goldman Sachs; Hambrecht & Quist; J.P. Morgan Chase; Lehman Brothers; Merrill Lynch Pierce Fenner & Smith; Thomas Weisel Partners; Digital Island, Inc.

*In re Avanex Corp. Initial Public Offering Sec. Litig.*, 01 Civ. 6890 (SAS) (DLC)

PLAINTIFFS

Ryan Beveridge; Clayton Blaney; Robert Gutner; International Brotherhood of Electrical Workers Local 98; Chanoch Kamelhar; Barbra Mcfarland ; George Murphy; Richard Palladino

DEFENDANTS

FleetBoston Robertson Stephens; Lehman Brothers; Morgan Stanley; Morgan Stanley Dean Witter; U.S. Bancorp Piper Jaffray; Avanex Corp.

*In re ITXC Corp. Initial Public Offering Sec. Litig.*, 01 Civ. 6892 (SAS) (NRB)

PLAINTIFFS

Mitchell Bloch; Patrick Beckx; Barry Willis Carlman; Nathan Cosnowsky; Marie Dravin; Marc Gelman; Herman Miller; Cary Savitz; Su Shiying; Allan H. Sklar; Edward Smyth; Anthony S. Undorf

DEFENDANTS

CIBC World Markets; Credit Suisse First Boston; Deutsche Bank Alex. Brown; First Analysis Securities; FleetBoston Robertson Stephens; J.P. Morgan Chase; Lehman Brothers; Merrill Lynch Pierce Fenner & Smith; Donalson Lufkin; Hambrecht & Quist; ITXC Corp.

*In re Vicinity Corp. Initial Public Offering Sec. Litig.*, 01 Civ. 6906 (SAS)

PLAINTIFFS

Robert Elkas; Stephen Inglis; MBH Inc.; William Meier; William A. Spehr

DEFENDANTS

Bear Stearns; Dain Rauscher; J.P. Morgan Chase; J.P. Morgan Securities; Thomas Weisel Partners; U.S. Bancorp Piper Jaffray; Vicinity Corp.; Arnold Chase

*In re Fairmarket, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 6948 (SAS) (GBD)

PLAINTIFFS

David Eric Blackwell; Jimmy K.V. Chin; Adam Connery; Michael Cunnane; Ohel Shlomo Dov; Emily H. Dudley ; Tan Van Ho; Maria A. McHugh; Sujan Pradhan; Walter F. Sabroski

DEFENDANTS

Banc of America Securities; Deutsche Banc Alex Brown; Deutsche Bank Securities; FleetBoston Robertson Stephens; Goldman Sachs; J.P. Morgan Chase; Merrill Lynch Pierce Fenner & Smith; Salomon Smith Barney Holdings; U.S. Bancorp Piper Jaffray; Hambrecht & Quist; Fairmarket, Inc.

#317155

*In re RoweCom, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 6950 (SAS)
PLAINTIFFS
Joel Abrams; Anthony Carrubba; Congregation Shmiel Vyakov #2; Abraham Kassin; Kenneth
Reichle; Abraham Slomovics

DEFENDANTS
Bancboston Robertson, Stephens, Inc.; BT Alex Brown; CIBC World Markets Corp.; DB Alex
Brown, as Successor-in-Interest to BT Alex Brown; Deutsche Bank Alex Brown, Inc.; Devine,
Inc.; Fleetboston Robertson Stephens, Inc.; JP Morgan Securities Inc.; Prudential Securities
Incorporated; Robertson Stephens, Inc.; Salomon Smith Barney, Inc.; Volpe Brown Whelan &
Company, LLC; Rowecom, Inc.; Louis Hernandez, Jr.; Richard Rowe

*In re Cybersource Corp. Initial Public Offering Sec. Litig.*, 01 Civ. 7000 (SAS)
PLAINTIFFS
Leon Goldstein; Stephen Greenberg; Brian Mohr; Melissa Pludo ; Javad Samadi; Nicolas
Wallaert

DEFENDANTS
BancBoston Robertson Stephens; C.E. Unterberg Towbin; FleetBoston Robertson Stephens;
Goldman Sachs; J.P. Morgan Chase; Merrill Lynch Pierce Fenner & Smith; UBS Painewebber;
UBS Warburg; Cybersource Corp.

*In re Equinix, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 7002 (SAS)
PLAINTIFFS
Walter Challenger - BC, Inc.; Steven Hoffman; Avi Mandel; Mark Willson; Robin Willson

DEFENDANTS
Chase Securities; Epoch Partners; Goldman Sachs; JP Morgan; Lehman Brothers; Salomon
Smith Barney; Equinix, Inc.

*In re Global Crossing, Ltd. Initial Public Offering Sec. Litig.*, 01 Civ. 7023 (SAS)
PLAINTIFFS
Salvatore & Brenda Abbruzzino; Robert Adams; Seth Atwood; Bob Belk; Pamela Bienenstock;
Marguarite Burkholder; Carl Bush; Samuel H. Caruso Jr.; Louis Capilino; Merle Davis; Joyce
Dunn; John Ellie; Kent Bradford Ellis; Fred Evans; James Fara; E. L. Fike; Peter Fyhrie;
Anthony Gingello; Valerie Gingello; Richard Horne; Phillip Jacob; Paul Kuklinski; Richard and
Barbara Laner IRA Revocable Trust; Gregory Lawton; Luann Lawton; Jonathan K. Lawton;
Lawrence W. Lawton-Executor of Estate of Johanna A. Lawton; Joseph C. Loschiavo; Bernard
McAllister; Joseph A. and Leora A. Mollo; George Murphy; Lewis Nadler; Lillian Nadler;
Marcia Nadler; Steven Nadler; Gadasan Negash; Paul Piekara; Melissa Pludo; Branko Polak;
Paul Rosenfeld; Pravin G. and Anjana Sampat; Philip Schecter; Jacque Soiret; Jeffrey T. Smith;
Jennie Stanbro; Michael Stanbro; Robert Sullivan; Katharine Lee Tucker; Ronald Wambolt;
Nancy Weld; Wayne Weld; Mordecai Weinstein; George Zicarelli; Murray Zucker

DEFENDANTS

34

#317155

Bear Stearns; BT Alex Brown; Chase Hambrecht & Quist; CIBC Oppenheimer Corp.; CIBC World Markets Corp.; Credit Suisse First Boston; Deutsche Banc Alex. Brown; Deutsche Bank Securities; DLJ Direct, Inc.; FleetBoston Robertson Stephens; Goldman Sachs; Hambrecht & Quist; J.P. Morgan Chase; Lehman Brothers; Merrill Lynch Pierce Fenner & Smith; Morgan Stanley; Morgan Stanley Dean Witter; Salomon Smith Barney; Frontier Corporation; Global Crossing, Ltd.; Jay R. Bloom; Abbott L. Brown; Joseph P. Clayton; Dan J. Cohrs; Lodwrick Cook; James Gorton; Rolla P. Huff; Dean C. Kehler; David L. Lee; Jay R. Levine; William D. Phoenix; Barry Porter; Bruce Raben; John M. (Jack) Scanlon; Michael R. Steed; Hillel Weinberger; Gary Winnick

*In re Net2Phone, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 7028 (SAS)
PLAINTIFFS
William Gray; Robert Gutner; James Kotsopoulos; Malka Kugelman; Donald W. Rinaldo, Jr.

DEFENDANTS
Bancboston Robertson Stephens; Bear, Stearns & Co., Inc.; Bear Stearns & Co., Inc.; BT Alex Brown Incorporated; Deutsche Banc Alex Brown Inc.; Deutsche Bank Securities, Inc.; Donaldson, Lufkin & Jenrette Securities Corporation; Goldman Sachs & Co.; Hambrecht & Quist, LLC; JP Morgan Securities; Morgan Stanley & Co.; Robertson Stephens, Inc.; Net2Phone, Inc.; Clifford M. Sobel

*In re Looksmart, Ltd. Initial Public Offering Sec. Litig.*, 01 Civ. 7030 (SAS)
PLAINTIFFS
T. Michael Chaves; Walter Finnegan; Bernard Grizzaffi; Stanley Lindon; Bart Lloyd; Robert Nazario

DEFENDANTS
BancBoston Robertson Stephens; Goldman Sachs

*In re OpenTV Corp. Initial Public Offering Sec. Litig.*, 01 Civ. 7032 (SAS)
PLAINTIFFS
Yuim Aaronson; John Abbamondi; Thaddeus & Gertrude Andrews; Marek Bartula; Helen Brody; Zheng Cao; Alhan Evrim; Salvatore Giordano; Abraham Kassin; Susan Laguardia; Leslie Ogilvie; Pejman Sabet; Leonard Tannenbaum; Steven Tannenbaum; Ephraim Varshovsky

DEFENDANTS
Merrill Lynch, Pierce, Fenner & Smith Incorporated; Thomas Weisel Partners LLC; Opentv Corp.

*In re Handspring, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 7033 (SAS)
PLAINTIFFS
Salvatore & Brenda Abbruzzino; Imagene Fawcett and Gregory Fawcett; Ezra Graber; Thomas F. Keener; Jeorges Levy; Judith Peck

#317155

DEFENDANTS
Bear Stearns; Credit Suisse First Boston; Donaldson Lufkin & Jenrette; J.P. Morgan Chase; Merrill Lynch; Merrill Lynch Pierce Fenner & Smith; U.S. Bancorp Piper Jaffray; Handspring, Inc.

*In re McAfee.com Corp. Initial Public Offering Sec. Litig.*, 01 Civ. 7034 (SAS)
PLAINTIFFS
Donald Attfield; Philip Attfield; Jacqueline Bragin; Peifen Carroll; Colbert Birnet LP; Henry Cole; Paul Lightbody; Bruce Perelman ; John J. Primeau Sr.

DEFENDANTS
Bancboston Robertson, Stephens, Inc.; Fleetboston Robertson Stephens, Inc.; Hambrecht & Quist; JP Morgan Securities; Morgan Stanley & Co., Inc.; Robertson Stephens, Inc.; McAfee.com Corporation

*In re Netro Corp. Initial Public Offering Sec. Litig.*, 01 Civ. 7035 (SAS)
PLAINTIFFS
Zion Badichi; John E. Bryant; Christian and Judith Grubb; Robert Gutner; James B. Hilmerson, Sr.; Jim J. Hilmerson; Arogyaswami Joseph Jaganathan; Robert H. Hoffman; Norman & Mary Ann Martindale; Michael S. Palmer; Ramiro Soto-Gonzalez

DEFENDANTS
Bancboston Robertson, Stephens, Inc.; Dain Rauscher, Inc.; Goldman Sachs; Lehman Brothers, Inc.; Merrill Lynch, Pierce, Fenner & Smith Incorporated; Robertson Stephens Inc.; Robertson Stephens, Inc.; Netro Corporation, Inc.

*In re FreeMarkets, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 7039 (SAS)
PLAINTIFFS
Ann-Margaret Anselmo; Rolando A. Borromeo; Charles Bower; Benjamin H. Chan; J. Gregory Chisholm; Eric Chou; Richard Coombs; Michael Cunnane; Kevin Durfee; Lawrence Greenberg; Richard Hart; Shoshana Hirsch; Sik-Lin Huang; Jack Jargowsky; Saul Kassin; Vinay Kothari; Dale Kruse; Michael Lang; Masoumeh H. McCarthy; Thomas McGregor Leaver; Mohammed A. Namvar; Elsie Reilly Nelson; Charles Joseph Pettit; Maynard M. Scharr; David Shalom; Melvin L. Shrawder; Jerry Steffey; Joyce T. Wallace; David Winters

DEFENDANTS
Credit Suisse First Boston; Deutsche Bank Securities; Donaldson Lufkin & Jenrette; FleetBoston Robertson Stephens; Goldman Sachs; Morgan Stanley; Morgan Stanley Dean Witter; Lehman Brothers; Freemarkets, Inc.; Scott T. Randall; John Belchers

*In re Commtouch Software, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 7044 (SAS)
PLAINTIFFS
Globe Corporation; Brenda Wright

#317155

DEFENDANTS
Prudential Securities; Robertson Stephens; U.S. Bancorp Piper Jaffray; Warburg Dillon Read

*In re Lante Corp., Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 7046 (SAS)
PLAINTIFFS
Saswata Basu; Robert Malafronte

DEFENDANTS
Credit Suisse First Boston; Deutsche Bank Securities; Thomas Weisel Partners; Lante Corp., Inc.

*In re FirePond, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 7048 (SAS)
PLAINTIFFS
Fred Barrett; Larry Blisko; James E. and Diane C. Collins; David Mehalick; Joseph Zhen; Zitto Investments

DEFENDANTS
Dain Rauscher; FleetBoston Robertson Stephens; S.G. Cowen Securities; FirePond, Inc.

*In re Marvell Technologies Initial Public Offering Sec. Litig.*, 01 Civ. 7053 (SAS)
PLAINTIFFS
Joseph P. Genco; Richard Hart; Martin Kenney

DEFENDANTS
Goldman Sachs & Co Inc.; JP Morgan Securities Inc.; Lehman Brothers Inc.; Robertson Stephens, Inc.; Marvell Technology Group, Ltd.

*In re F5 Networks, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 7055 (SAS)
PLAINTIFFS
Michael Atlas; Harvey Barton; Diana H. Brown ; William Daniels; Robert Genco; Joon K. Ho; Thomas Kenney; Gleb Klyuzner; James Kotsopoulos; Christopher Carlo Rocca; Linda M. Lee; Zhongming Wu; Mei A. Yong; Harry Zelnick

DEFENDANTS
B.T. Alex. Brown; Bear Stearns; Credit Suisse First Boston; RBC Dain Rauscher; Dain Rauscher Wessels; Deutsche Banc Alex Brown; FleetBoston Robertson Stephens; J.P. Morgan Chase; J.P. Morgan H & Q; Salomon Smith Barney; Bancboston Robertson Stephens; Donaldson Lufkin; F5 Networks, Inc.

*In re Aspect Medical Systems, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 7090 (SAS)
PLAINTIFFS
Virginia Anderson; Samuel Berger; Edward Belinski; Linda Caldwell; Cindy Fabiano; Joseph Fisher; Susan Gill; David Landsberg; Leonard Peddy; Sandra Phillips; Susan Williams

DEFENDANTS
Morgan Stanley

#317155

*In re Delano Technology Corp. Initial Public Offering Sec. Litig.,* 01 Civ. 7180 (SAS)
PLAINTIFFS
Ellis Investments Ltd.; David Ferguson; Louis G. Mauro; John F. O'Hern; Joe Scavuzzo; Wendy
Scavuzzo; Alan Shapiro; Adam Peter Stone; Dianne Strauss; Dianne Strauss FBO J. Stauss

DEFENDANTS
FleetBoston Robertson Stephens; U.S. Bancorp Piper Jaffray; Delano Technology Corporation

*In re Storage Networks, Inc. Initial Public Offering Sec. Litig.,* 01 Civ. 7181 (SAS)
PLAINTIFFS
Michael Atlas; C. Felice Boewe; Bertha H. Brown; Jean D. Hart; Robert J. Hart; Thomas R.
Heidenthal; Brenda Kositzka; Lloyd Olsen; Brian Ratte; Sayed Akbar Sadat; Sherri Sheridan; Jui
Miao Wang; Michael J. Weiss; William Whalen

DEFENDANTS
Chase; Credit Suisse First Boston Corporation; Goldman, Sachs & Co.; JP Morgan Chase & Co.;
Salomon Smith Barney, Inc.; Thomas Weisel Partners LLC; Storage Networks, Inc.; Peter W.
Bell; Paul C. Flanagan; William D. Miller

*In re Modem Media, Inc. Initial Public Offering Sec. Litig.,* 01 Civ. 7201 (SAS)
PLAINTIFFS
Tim Anderson ; Sandra Bauman; Nelson Chang; Ronald Dee; Rudolf M. Donocik; Ronnie O.
Enfinger; Jerry Gisclair ; James Hosick Jr.; George S. Johnson; William R. Lundy, Jr.; Michael
Mather ; Abraham Neiger; David Ryan ; Keith Schwacha ; Devin Wilson

DEFENDANTS
Bancboston Robertson Stephens, Inc.; Bank of America Securities LLC; Bear Stearns & Co Inc.;
Morgan Stanley Dean Witter & Co.; Nationsbanc Montgomery Securities LLC; Robertson
Stephens Inc.; Robertson Stephens Inc.; Modem Media, Inc.; Robert Allen, II; Gerald M.
O'Connell; Steven C. Roberts

*In re Medicalogic, Inc. Initial Public Offering Sec. Litig.,* 01 Civ. 7226 (SAS)
PLAINTIFFS
Blime Feldheim; Sidney L. Jarvis

DEFENDANTS
Bancboston Robertson, Stephens Inc.; Credit Suisse First Boston Corp.; as Successor-in-Interest
to Donaldson Lufkin & Jenrette Securities, Inc.; DLJDirect Inc.; Donaldson, Lufkin & Jenrette,
Robertson Stephens, Inc., as Successor-in-Interest to Bancboston Securities Corporation; US
Bancorp Piper Jaffray Companies Inc.; Medicalogic, Inc.; Mark K. Leavitt; Frank J. Spina

*In re TheGlobe.com, Inc. Initial Public Offering Sec. Litig.,* 01 Civ. 7247 (SAS)
PLAINTIFFS
Gerald Baldino; Ann Barcellona; Siney Ginsberg; Ed Haddad; Krikor Kasbarian; Mark

#317155

Fleszenski; Valerie Kofsky; Burt Marland; Moshe Miller; Robert Rischmiller; Lynne Sinay; Stourbridge Investments Ltd.; Troy Trahan

DEFENDANTS
Bear Stearns; Bear Stearns & Co Inc.; Credit Suisse First Boston; Donaldson Lufkin & Jenrette Securities; Hambrecht & Quist; J.P. Morgan Chase; Prudential Volpe Technology Group; Volpe Brown Whelan; TheGlobe.com, Inc.

*In re Preview Systems, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 7279 (SAS)
PLAINTIFFS
Ellis Investments Ltd.; Saul Kassin

DEFENDANTS
Bancboston Robertson Stephens, Inc.; Dain Rauscher Incorporated; RBC Dain Rauscher Inc.; Robertson Stephens, Inc.; Soundview Technology Group, Inc.; Wit Soundview; Preview Systems, Inc.; Vincent Pluvinage; G. Bradford Solso

*In re Niku Corp. Initial Public Offering Sec. Litig.*, 01 Civ. 7280 (SAS)
PLAINTIFFS
Michael Atlas; Ellis Investments Ltd.; Kenneth J. Goffreda; Robert T. Nelson; Leo Wolanin

DEFENDANTS
Bear, Stearns & Co., Inc.; Dain Rauscher Incorporated; Deutsche Banc Alex Brown; Deutsche Bank Capital Corporation; Goldman Sachs & Co.; RBC Dain Rauscher Inc.; Robertson Stephens, Inc.; Thomas Weisel Partners, LLC; US Bancorp Piper Jaffray, Inc.; Niku Corp.

*In re NetSilicon, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 7281 (SAS)
PLAINTIFFS
Ellis Investments Ltd.; Patrick Miller; Michael Rasner; Walter Weitz

DEFENDANTS
CIBC World Markets; H&Q; JP Morgan Securities, as Successor-in-Interest to H&Q; US Bancorp Piper Jaffray, Inc.; Netsilicon, Inc.; Osicom Technologies, Inc.

*In re Nuance Communications Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 7344 (SAS)
PLAINTIFFS
Michael Atlas; Carla Carrabino; John Gulizia; Gabriel Schneider

DEFENDANTS
Credit Suisse First Boston Corporation; Dain Rauscher, Inc.; Goldman Sachs & Co.; Merrill Lynch, Pierce, Fenner & Smith Incorporated; Soundview Technology; Thomas Weisel Partners LLC; Wit Soundview Group, Inc.; Nuance Communications, Inc.

*In re Digital River, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 7355 (SAS)
PLAINTIFFS

#317155

Charles Deering; Vincent T. Ferrer; Fremont Gruss; John Moy; Anthony Nicolois; Boris Prokhorenko; Ahmed Tariq; Richard S. Van Heel; William Whalen; Gregory F. Wydysh

DEFENDANTS
B.T. Alex. Brown; Bancboston Robertson, Stephens; BancAmerica Robertson Stephens; Bear Stearns; Credit Suisse First Boston; Dain Rauscher; Deutsche Banc Alex. Brown; FleetBoston Robertson Stephens; Digital River, Inc.

*In re SciQuest.com, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 7415 (SAS)
PLAINTIFFS
Marek Bartula; John A. Berton - Berton Family Trust; David E. Busel; Phyllis J. Busel; Michael Erickson; Patricia (Pat) Figuerido; Moses Kaiser; Morris Kassin-Collegeware USA; Robert Wallace

DEFENDANTS
Bancboston Robertson Stephens, Inc.; Bear, Stearns & Co.; Credit Suisse First Boston Corp., as Successor-in-Interest to Deutsche Bank; Credit Suisse First Boston Corporation, as Successor-in-Interest to Donaldson Lufkin & Jenrette Securities, Inc.; Deutsche Bank Alex Brown; Deutsche Bank Capital Corporation; DLJDirect, Inc.; Donaldson Lufkin & Jenrette Securities Corporation; E-Offering; Goldman, Sachs & Co., Inc.; Hambrecht & Quist; JP Morgan Securities; Merrill Lynch, Pierce, Fenner, & Smith, Incorporated; Robertson Stephens, Inc.; Soundview Technology Group, Inc.; Scott Andrews; Peyton C. Anderson; James J. Scheuer

*In re E-LOAN, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 7467 (SAS)
PLAINTIFFS
Gregory Balfanz; Michael Yong Xin Cai; Saul Kassin; Chaim Kraus; Michael Napoli; Donald Robertson

DEFENDANTS
Bancboston Robertson, Stephens, Inc.; Credit Suisse First Boston; DLjdirect, Inc.; Donaldson Lufkin & Jenrette; FleetBoston Robertson Stephens; Goldman Sachs; Hambrecht & Quist; J.P. Morgan Chase; Merrill Lynch Pierce Fenner & Smith; E-LOAN, Inc.

*In re Talarian Corp. Initial Public Offering Sec. Litig.*, 01 Civ. 7474 (SAS)
PLAINTIFFS
Jimmy K.V. Chin; Martin Lowenstein; Anthony Montanaro; Domenica Montanaro; Joel Richmon

DEFENDANTS
FleetBoston Robertson Stephens ; Lehman Brothers; Lehman Brothers Holdings; Merrill Lynch Pierce Fenner & Smith; S.G. Cowen Securities; Wit Soundview; Talarian Corp.; Thomas J. Laffey; Paul A. Larson; Michael A. Morgan

*In re Internet Infrastucture HOLDRS Initial Public Offering Sec. Litig.*, 01 Civ. 7654 (SAS)
PLAINTIFFS

#317155

Al Cavallaro; Jack L. Cobb; Stanley Klein; David Trost

DEFENDANTS
Merrill Lynch Pierce Fenner & Smith; Merrill Lynch; Ahmass L. Fakahany; John L. Steffens

*In re Keynote Systems, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 7666 (SAS)
PLAINTIFFS
John Bagnasco; Jason Kassin; Mytien Ngo

DEFENDANTS
BancBoston Robertson Stephens; FleetBoston Robertson Stephens; Keynote Systems, Inc.; John Flavio; Umang Gupta

*In re Ziff-Davis, Inc. (CNET Networks) Initial Public Offering Sec. Litig.*, 01 Civ. 7669 (SAS)
PLAINTIFFS
Abraham Kassin; Saul Kassin; David Powell; Vicki Walsh

DEFENDANTS
CIBC World Markets; Credit Suisse First Boston; Donaldson Lufkin; Goldman Sachs; Hambrecht & Quist; J.P. Morgan Chase; Merrill Lynch Pierce Fenner & Smith; Morgan Stanley Dean Witter; CNET Networks; Ziff-Davis, Inc.

*In re ONI Systems Corp. Initial Public Offering Sec. Litig.*, 01 Civ. 7842 (SAS)
PLAINTIFFS
Salvatore Abruzzino and Brenda Abbruzzino; Michael S. August; James H. Bevels; Shing Chan; Siegfried Endlichhofer; Barbara Hajjar; Wayne P. Lill Jr. Trustee for the WP Lill Jr. Trust Dated 12/22/99; Rudolph J. Skubella; Alan Wuu-Chen Ling; Steven Yeary

DEFENDANTS
Banc of America Securities LCC; Chase Securities, Inc.; Credit Suisse First Boston Corporation; Fleetboston Robertson Stephens, Inc.; Goldman, Sachs & Co.; JP Morgan Securities; Lehman Brothers; Robertson Stephens, Inc.; Salomon Smith Barney, Inc.; Salomon Smith Barney Holdings Inc.; Oni Systems Corp.

*In re Virage, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 7866 (SAS)
PLAINTIFFS
Marek Bartula; Jimmy K.V. Chin; Bernard Edmonds; Jerome Gladstein; Ginger LeMay; William R. Murray; B. V. Prasad; Marilyn Reichman; Timothy L. and Regina W. Rigler

DEFENDANTS
Credit Suisse First Boston; Donaldson Lufkin & Jenrette Securities; E-Offering; FleetBoston Robertson Stephens; Soundview Technology Group; Wit Soundview; Virage, Inc.; Alfred J. Castino; Paul G. Lego

#317155

*In re PSI Technologies Holdings, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 8401 (SAS)
PLAINTIFFS
Jimmy K. V. Chin; Bart Lloyd

DEFENDANTS
Banc of America Securities LLC; Bear Stearns & Co., Inc.; Chase; Fleetboston Robertson
Stephens, Inc.; JP Morgan Securities Inc.; Robertson Stephens, Inc.; Thomas Weisel Partners
LLC; PSI Technologies Holdings, Inc.; Jose Concepcion, III; Thelma Oribello; Helen Tiu;
Arthur Young, Jr.

*In re Engage Technologies, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 8404 (SAS)
PLAINTIFFS
Patrick Beckx; Jimmy K.V. Chin; Lawrence Frankel; Gallop & Gallop Advertising, Inc.; Krikor
Kasbarian; Patrick Mangan; Stathis Pappas; Eva Marie Roberto; YCHL Parking Corp.

DEFENDANTS
Bear Stearns; Credit Suisse First Boston; Dain Rauscher; Deutsche Banc Alex. Brown;
Donaldson Lufkin & Jenrette; Goldman Sachs; Hambrecht & Quist; J.P. Morgan Chase;
Prudential Securities; RBC Dain Rauscher; Engage Technologies, Inc.

*In re USinternetworking, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 9348 (SAS)
PLAINTIFFS
David Ceveghino ; Forrest England; Louis Feniger; Patricia A. Snell; William W. Snell III; Seth
Weizel

DEFENDANTS
B.T. Alex. Brown; Bear Stearns; CIBC World Markets; Credit Suisse First Boston; Deutsche
Banc Alex. Brown; FleetBoston Robertson Stephens; Goldman Sachs; Hambrecht & Quist; J.P.
Morgan Chase; Legg Mason Wood Walker; USinternetworking, Inc.; Christopher R. McCleary;
Stephen E. McManus; Andrew A. Stern

*In re Intraware, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 9349 (SAS)
PLAINTIFFS
Mikhail Azvalinsky; Peter K. Michl

DEFENDANTS
Credit Suisse First Boston; FleetBoston Robertson Stephens; Hambrecht & Quist ; J.P. Morgan
Chase; Intraware, Inc.

*In re eBenX, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 9411 (SAS)
PLAINTIFF
Rennel Trading Corp.

DEFENDANTS
BancBoston Robertson Stephens; Thomas Weisel Partners; UBS Warburg; Warburg Dillon

#317155

Read; eBenX, Inc.

*In re Agile Software Corp. Initial Public Offering Sec. Litig.*, 01 Civ. 9413 (SAS)
PLAINTIFFS
Rennel Trading Corp.; Miriam Werczberger

DEFENDANTS
Deutsche Bank Securities; Hambrecht & Quist; JP Morgan; Morgan Stanley; Robertson
Stephens; Agile Software Corp.; Thomas P. Shanahan; Bryan D. Stolle

*In re eGain Communications Corp. Initial Public Offering Sec. Litig.*, 01 Civ. 9414 (SAS)
PLAINTIFF
Rennel Trading Corp.

DEFENDANTS
BancBoston Robertson Stephens; Credit Suisse First Boston Corp.; Donaldson Lufkin &
Jenrette; Prudential Securities, Inc.; Volpe Brown Whelan; eGain Communications Corp.

*In re iXL Enterprises, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 9417 (SAS)
PLAINTIFFS
Lisa Frye; John G. Miles; J. Chris Rowe; Bill Turner

DEFENDANTS
Bear Stearns; FleetBoston Robertson Stephens; Merrill Lynch Pierce Fenner & Smith; Morgan
Stanley; iXL Enterprises, Inc.; M. Wayne Boylston; U. Bertram Ellis, Jr.

*In re Ask Jeeves, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 9422 (SAS)
PLAINTIFFS
Jonathan Clifford; Kevin T. Finley; Greg Jennings; Thomas Pilarz; Leonard Turroff

DEFENDANTS
Dain Rauscher; FleetBoston Robertson Stephens; Goldman Sachs; Morgan Stanley; U.S.
Bancorp Piper Jaffray; Ask Jeeves, Inc.; Robert W. Wrubel

*In re Lexent, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 9440 (SAS)
PLAINTIFFS
John L. Labansky

DEFENDANTS
Credit Suisse First Boston; J.P. Morgan Chase; Prudential Securities; Lexent, Inc.

*In re Korea Thrunet Co., Ltd. Initial Public Offering Sec. Litig.*, 01 Civ. 9442 (SAS)
PLAINTIFFS
Bradley Dean Fay; Robert S. Phillips

#317155

DEFENDANTS
Bear Stearns; CIBC World Markets; Credit Suisse First Boston; FleetBoston Robertson
Stephens; Goldman Sachs; J.P. Morgan Chase; Lehman Brothers Holdings; Merrill Lynch Pierce
Fenner & Smith; BancBoston Robertson Stephens; Hambrect & Quist; Donaldson Lufkin &
Jenrette; Korea Thrunet Co.; Jong-Kil Kim; Yong-Teh Lee; Boo Woong Yoo

*In re TeleCommunication Systems, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 9500 (SAS)
PLAINTIFFS
David J. Bertoli; Max Neil Highstein

DEFENDANTS
Banc of America Securities; Bear Stearns; Chase Securities; Deutsche Banc Securities;
FleetBoston Robertson Stephens; JP Morgan; Merrill Lynch Pierce Fenner & Smith; Salomon
Smith Barney; Thomas Weisel Partners; Telecommunication Systems

*In re Quicklogic Corp. Initial Public Offering Sec. Litig.*, 01 Civ. 9503 (SAS)
PLAINTIFFS
Janis and Susan Prusis; Leonard Turoff

DEFENDANTS
Bancboston; Bear Stearns & Co., Incorporated; Robertson Stephens, Inc.; Robertson Stephens,
Inc., f/k/a Fleetboston; Quicklogic Corporation; E. Thomas Hart; Arthur O. Whipple

*In re Prodigy Communications, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 9504 (SAS)
PLAINTIFFS
James B. Holman; Miriam Werczberger

DEFENDANTS
Bancboston Robertson Stephens Inc.; Bear, Stearns & Co. Inc.; ING Baring Furman Selz LLC;
Prudential Securities, Inc., as Successor-in-Interest to Volpe Brown; Robertson Stephens, Inc.;
SBC Communications, Inc., as Successor-in-Interest to Prodigy; Soundview Technology, as
Successor-in-Interest to Wit Capital; Volpe Brown Whelan & Company, LLC; Wit Capital
Corp.; Prodigy Communications, Inc.

*In re Numerical Technologies, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 9513 (SAS)
PLAINTIFFS
Pond Equities

DEFENDANTS
Chase Securities, Inc.; Credit Suisse First Boston Corporation; Robertson Stephens, Inc.; SG
Cowen Securities Corporation, Inc.

*In re Vignette Corp. Initial Public Offering Sec. Litig.*, 01 Civ. 9514 (SAS)
PLAINTIFFS
Leon Leybovich; Joseph P. Ruggles

#317155

DEFENDANTS
Dain Rauscher Wessels; Hambrecht & Quist; JP Morgan; Morgan Stanley Dean Witter;
Robertson Stephens; U.S. Bancorp Piper Jaffray; Vignette Corp.

*In re Exchange Applications, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 9516 (SAS)
PLAINTIFFS
Tony G. Bedwell; Rebecca Kraitenberg; Robert Walsh

DEFENDANTS
Adams Harkness & Hill; B.T. Alex. Brown; Deutsche Banc Alex Brown; Hambrecht & Quist; JP
Morgan; Soundview Technology Group; Exchange Applications, Inc.

*In re Verado Holdings (f/k/a Firstworld) Initial Public Offering Sec. Litig.*, 01 Civ. 9558 (SAS)
PLAINTIFFS
Joni Ray Abrams; David B. Best; David Bezar; Jill Elaine Dean; Gary K. Dean; Gary Kingsley;
John Pouliot

DEFENDANTS
Bear Stearns; CIBC World Markets; Deutsche Bank Securities; Goldman Sachs; Lehman
Brothers; Merrill Lynch Pierce Fenner & Smith; Morgan Stanley ; Salomon Smith Barney;
Verado Holdings; Paul C. Adams; Jeffrey L. Dykes; Sheldon S. Ohringer

*In re Onyx Software Corp. Initial Public Offering Sec. Litig.*, 01 Civ. 9560 (SAS)
PLAINTIFFS
William Goggins; Gary G. Stubbers

DEFENDANTS
Credit Suisse First Boston Corporation; Donaldson Lufkin & Jenrette Securities Corporation;
Piper Jaffray, Inc.; SG Cowen Securities Corporation; Soundview Technology Group, Inc.; Wit
Capital Corporation; Onyx Software Corporation; Brent R. Frei; Sarwat H. Ramadan

*In re Northpoint Communications Group, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 9561
(SAS)
PLAINTIFFS
Todd Feldman; Steven Fiore; Simon Siu; P. David Wright

DEFENDANTS
BT Alex Brown Incorporated; CIBC World Markets Corp.; Credit Suisse First Boston
Corporation; Deutsche Banc Alex Brown Inc.; Goldman Sachs & Co.; Merrill Lynch, Pierce,
Fenner & Smith, Incorporated; Morgan Stanley & Co.; Salomon Smith Barney, Inc.; Soundview
Technology; Wit Capital Corporation; Northpoint Communications Group, Inc.; Henry P. Huff;
Michael W. Malaga

#317155

*In re Tut Systems, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 9563 (SAS)
PLAINTIFFS
William Price; William E. Whalen ; William M. Whitte

DEFENDANTS
Credit Suisse First Boston; Dain Rauscher Wessels; FleetBoston Robertson Stephens; Lehman
Brothers; Merrill Lynch Pierce Fenner & Smith; S.G. Cowen Securities; Salomon Smith Barney;
UBS Warburg Long Term Disability Plan; Warburg Dillon Read; Tut Systems, Inc.

*In re UTStarcom, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 9604 (SAS)
PLAINTIFFS
Ted Lacek; Charles D. and Janet Medalie; Lori Will

DEFENDANTS
Banc of America Securities; Credit Suisse First Boston; Deutsche Banc Alex. Brown;
FleetBoston Robertson Stephens; Hambrecht & Quist; J.P. Morgan Chase; Merrill Lynch Pierce
Fenner & Smith; Nationsbanc; U.S. Bancorp Piper Jaffray; UTStarcom, Inc.

*In re AvantGo Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 9618 (SAS)
PLAINTIFFS
Arie Slot

DEFENDANTS
Bancboston Robertson, Stephens; Credit Suisse First Boston; FleetBoston Robertson Stephens;
Merrill Lynch Pierce Fenner & Smith; Avantgo, Inc.

*In re Digitalthink, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 9619 (SAS)
PLAINTIFFS
Arsenio C. deGuzman; Erin Sicuranza

DEFENDANTS
Credit Suisse First Boston; FleetBoston Robertson Stephens; Digitalthink, Inc.

*In re MetaSolv Software, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 9651 (SAS)
PLAINTIFFS
Colbert Birnet L.P.

DEFENDANTS
Bancboston Robertson, Stephens, Inc.; Jeffries & Company, Inc.; Morgan Stanley Dean Witter
& Co.; Robertson Stephens, Inc.; Metasolv Software, Inc.

*In re Net Perceptions, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 9675 (SAS)
PLAINTIFFS
Timothy J. Fox

#317155

DEFENDANTS
Bancboston Robertson, Stephens, Inc.; Dain Rauscher, Inc.; Fleetboston Robertson Stephens, Inc.; Hambrecht & Quist; JP Morgan Securities; RBC Dain Rauscher Inc.; Robertson Stephens, Inc.; US Bancorp Piper Jaffray, Inc.; Net Perceptions, Inc.

*In re IMPSAT Fiber Networks, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 9710 (SAS)
PLAINTIFFS
Martin Camaj; Rica Dray; Darrell M. Padgette; Peter Rooney

DEFENDANTS
Goldman Sachs; Merrill Lynch Pierce Fenner & Smith; Morgan Stanley; Salomon Smith Barney, Inc.; IMPSAT Fiber Networks, Inc.; Guillermo Jofre; Enrique M. Pescarmona; Ricardo A. Verdaguer

*In re UAXS Global Holdings, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 9719 (SAS)
PLAINTIFFS
Oscar E. Hanning; A. Pher Holmberg

DEFENDANTS
Chase Hambrecht & Quist; FleetBoston Robertson Stephens; Goldman Sachs; J.P. Morgan Chase; UAXS Global Holdings, Inc.

*In re VIA Net.WORKS, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 9720 (SAS)
PLAINTIFFS
Mark Fried; Raymond C. Homan; Paul O'Leary

DEFENDANTS
Bear Stearns & Co Inc.; Credit Suisse First Boston; Deutsche Banc Alex. Brown; Donaldson Lufkin & Jenrette; J.P. Morgan Chase; Lehman Brothers Holdings; Merrill Lynch Pierce Fenner & Smith; Morgan Stanley Dean Witter; Salomon Smith Barney Holdings; Thomas Weisel Partners; VIA NET.WORKS, Inc.

*In re Antigenics, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 9741 (SAS)
PLAINTIFFS
Joseph Baum

DEFENDANTS
FleetBoston Robertson Stephens; U.S. Bancorp Piper Jaffray; Antigenics, Inc.

*In re Alloy Online, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 9742 (SAS)
PLAINTIFFS
Joshua Teitelbaum

DEFENDANTS
BancBoston Robertson Stephens; Dain Rauscher Wessels; Ladenburg Thalmann; Prudential

#317155

Securities; RBC Dain Rauscher; Volpe Brown Whelan; Alloy Online, Inc.

*In re High Speed Access Corp. Initial Public Offering Sec. Litig.*, 01 Civ. 9743 (SAS)
PLAINTIFFS
E. Howard King, Jr.; Ruthy Parnes

DEFENDANTS
Banc of America Securities; CIBC World Markets; J.P. Morgan; Lehman Brothers; High Speed
Access Corp.

*In re Openwave Systems, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 9744 (SAS)
PLAINTIFFS
Pond Equities; James Tran

DEFENDANTS
Bancboston Robertson Stephens, Inc.; Banc of America Securities LLC; Credit Suisse First
Boston Corporation; Goldman Sachs & Co.; Hambrecht & Quist, LLC; JP Morgan Securities;
Robertson Stephens, Inc.; US Bancorp Piper Jaffray, Inc.; Openwave Systems, Inc.; Phone.com,
Inc.; Malcolm Bird; Alain Rossman

*In re Valley Media, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 9745 (SAS)
PLAINTIFFS
Jeffrey D. Breen; Ruthy Parnes

DEFENDANTS
BancBoston Robertson Stephens; J.P. Morgan Securities; Valley Media; Robert R. Cain; J.
Randolph Cerf; Barnet J. Cohen

*In re Satyam Infoway, Ltd. Initial Public Offering Sec. Litig.*, 01 Civ. 9746 (SAS)
PLAINTIFFS
Nechama Kamelhar

DEFENDANTS
Merrill Lynch Pierce Fenner & Smith Inc.; Robertson Stephens, Inc.; Salomon Smith Barney,
Inc.; Satyam Infoway, Ltd.; R. Ramaraj; T.R. Santhanakrishnan

*In re Dice, Inc. (Earthweb) Initial Public Offering Sec. Litig.*, 01 Civ. 9747 (SAS)
PLAINTIFF
Raphael Grossman

DEFENDANTS
Bear Stearns; J.P. Morgan Securities; Prudential Securities; Robert Stephens; Soundview
Technology; Volpe Brown Whelan; Wit Capital; Dice, Inc.

*In re GT Group Telecom, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 9748 (SAS)

#317155

PLAINTIFFS
Todd Krouner

DEFENDANTS
CIBC World Markets; Goldman Sachs; Merrill Lynch Pierce Fenner & Smith; Morgan Stanley;
RBC Dominion Securities; Salomon Smith Barney; GT Group Telecom, Inc.; Daniel R. Milliard;
Stephen H. Shoemaker

*In re TenFold Corp. Initial Public Offering Sec. Litig.*, 01 Civ. 9797 (SAS)
PLAINTIFFS
Jeffry T. Dillon; Richard Heckman

DEFENDANTS
Bancboston Robertson, Stephens; B.T. Alex. Brown; Deutsche Banc Alex Brown; FleetBoston
Robertson Stephens; Goldman Sachs; S.G. Cowen Securities; U.S. Bancorp Piper Jaffray;
TenFold Corp.

*In re NetRatings, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 9798 (SAS)
PLAINTIFFS
Mario R. Leeser; Joel Richman

DEFENDANTS
Banc of America Securities, LLC; Bear Stearns & Co., Inc.; CE Unterberg, Towbin, Inc.; CIBC
World Markets, Inc.; Lehman Brothers; Merrill Lynch & Co. Inc.; Nationsbanc, Nationsbanc
Montgomery; Netratings, Inc.; David A. Norman; David J. Toth

*In re Metawave Communications Corp. Initial Public Offering Sec. Litig.*, 01 Civ. 9799 (SAS)
PLAINTIFFS
Jerome Fitzmaurice; Gordon Gordon; Tamara R. Pearlman; James R. Weber

DEFENDANTS
Merrill Lynch, Pierce, Fenner & Smith Incorporated; Salomon Smith Barney, Inc.; US Bancorp
Piper Jaffray, Inc.; Metawave Communications Corporation

*In re Evolve Software, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 9800 (SAS)
PLAINTIFFS
Richard Jaross; Larry Thomas

DEFENDANTS
Credit Suisse First Boston; Dain Rauscher; Deutsche Bank Securities; RBC Dain Rauscher;
Soundview Technology; U.S. Bancorp Piper Jaffray; Wit Soundview; Evolve Software, Inc.

*In re Airgate PCS Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 9801 (SAS)
PLAINTIFFS
Tamara Pearlman; Robert Tuele

#317155

DEFENDANTS
Credit Suisse First Boston; Deutsche Bank Securities; Donaldson Lufkin & Jenrette; Hambrecht & Quist; Thomas P. Shanahan

*In re Bookham Technology PLC Initial Public Offering Sec. Litig.*, 01 Civ. 9883 (SAS)
PLANTIFF
Max Bigler Irrevocable Trust

DEFENDANTS
FleetBoston Robertson Stephens; Goldman Sachs; Bookham Technology PLC

*In re Oplink Communications, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 9904 (SAS)
PLAINTIFFS
Norris Kipfer Harward

DEFENDANTS
Robertson Stephens, Inc.; Oplink Communications, Inc.

*In re Interwoven, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 9917 (SAS)
PLAINTIFFS
Thomas Jadico; Dareld V. Olson; Tom Wallat

DEFENDANTS
Adams Harkness & Hill; Credit Suisse First Boston; Dain Rauscher; Dain Rauscher Wessels; FleetBoston Robertson Stephens; Soundview Technology Group; Interwoven, Inc.; David M. Allen; Martin W. Brauns; Peng T. Ong; Mark W. Saul

*In re OraPharma, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 9918 (SAS)
PLAINTIFFS
David F. Boyd; Al Daughtry; Linda Frey Kremer

DEFENDANTS
Fleetboston Robertson Stephens, Inc.; Robertson Stephens, Inc.; SG Cowen Securities Corporation; US Bancorp Piper Jaffray, Inc.; Orapharma, Inc.

*In re Sonus Networks, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 9921 (SAS)
PLAINTIFFS
Edward C. Donahue; Nathan and Laura Friedman; Daniel Kucera

DEFENDANTS
Fleetboston Robertson Stephens, Inc.; Goldman, Sachs & Co.; JP Morgan Securities, Inc.; Lehman Brothers, Inc.; Robertson Stephens, Inc.; Sonus Networks, Inc.; Hassan M. Ahmed; Stephen J. Nill

#317155

*In re Informatica Corp. Initial Public Offering Sec. Litig.*, 01 Civ. 9922 (SAS)
PLAINTIFFS
William Neuman

DEFENDANTS
BancBoston Robertson Stephens; Credit Suisse First Boston; First Albany Corporation; Morgan
Stanley; Soundview Technology Group; Thomas Weisel Partners; Informatica Corp.;
Gaurav S. Dhillon; Diaz H. Nesamoney

*In re Immersion Corp. Initial Public Offering Sec. Litig.*, 01 Civ. 9975 (SAS)
PLAINTIFFS
Marat Chorny
Gene Myers

DEFENDANTS
Bear Stearns; FleetBoston Robertson Stephens; Immersion Corp.; Victor Viegas

*In re Radio Unica Communications Corp. Initial Public Offering Sec. Litig.*, 01 Civ. 9978 (SAS)
PLAINTIFFS
Michael Atlas; Louis DePietro

DEFENDANTS
Bancboston Robertson, Stephens, Inc.; CIBC World Markets; Credit Suisse First Boston Corp.;
Deutsche Bank Capital Corporation; Deutsche Bank Alex Brown Incorporated; Donaldson
Lufkin & Jenrette Securities Corp.; Fleetboston Robertson Stephens, Inc.; Merrill Lynch, Pierce,
Fenner & Smith, Inc.; Morgan Stanley Dean Witter & Co.; Prudential Securities Incorporated;
Robertson Stephens, Inc.; The Bear Stearns Companies Inc.; Salomon Smith Barney Holdings,
Inc.; Radio Unica Communications Corp.; Joaquin F. Blaya; Manuel A. Borges; Steven E.
Dawson

*In re Turnstone Systems, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 9981 (SAS)
PLAINTIFFS
Arthur Mendoza; Robert Spencer; Michael Szymanowski; Michael Wallace

DEFENDANTS
Dain Rauscher; FleetBoston Robertson Stephens; Goldman Sachs; Turnstone Systems, Inc.; P.
Kingston Duffie; Denise Savoie; Richard N. Tinsley

*In re Apropos Technology, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 9982 (SAS)
PLAINTIFFS
Michael Atlas

DEFENDANTS
Banc of America Securities; Bear Stearns; Chase Hambrecht & Quist; Dain Rauscher; J.P.
Morgan Chase; S.G. Cowen Securities; U.S. Bancorp Piper Jaffray; Apropos Technology, Inc.

#317155

*In re BackWeb Technologies Ltd. Initial Public Offering Sec. Litig.*, 01 Civ. 10000 (SAS)
PLAINTIFFS
Larry J. Bailey; Marek Bartula; William C. Block; Daniel Brandwein; Brian Carter; Gary M.
Craft; Apurva Desai; Helen Duncan-Peters; Lawrence A. Fantoli; Barry R. and Nancy R.
Friedman; Roslyn Gladstone Trust; Duane E. Johnson; Alexander Johnston; Gary Kaplowitz;
Paul A. Lacy; Thomas R. Laster; Burton Lichterman; Lawrence Leveson; Harvey N. Smith;
Steven J. Strulowitz; Dorothy J. Taylor; David M. Tobolowsky; Julian Vardi; Rose Vincola;
Ceceile Williams; Hetz Wochholz; Hetz Wochholz c/f Ashley Wochholz; Hetz Wochholz c/f
Erik Wochholz; Bernard Zahler; Eli Zinker

DEFENDANTS
BancBoston Robertson Stephens; Goldman Sachs; Lehman Brothers; BackWeb Technologies
Ltd.

*In re Viador, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 10040 (SAS)
PLAINTIFFS
Deborah Belcore; Simon Gendler

DEFENDANTS
Bear Stearns & Co. Inc.; Merrill Lynch Pierce Fenner & Smith; Robertson Stephens; Salomon
Smith Barney; Viador, Inc.

*In re ACLARA BioSciences, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 10050 (SAS)
PLAINTIFFS
Annette Held; Richard McKee; Barbara Raskob

DEFENDANTS
Banc of America Securities; Bear Stearns; CIBC World Markets; Deutsche Bank Securities;
FleetBoston Robertson Stephens; Merrill Lynch Pierce Fenner & Smith; Morgan Stanley; U.S.
Bancorp Piper Jaffray; Aclara BioSciences, Inc.

*In re Optio Software, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 10051 (SAS)
PLAINTIFFS
Michael L. Crawford; Kevin Dewey; Daniel H. Grahl; John A. Higman; Thomas P. Lynch; Matt
Pan

DEFENDANTS
Bancboston Robertson Stephens, Inc.; Bear Stearns & Co., Inc.; Dain Rauscher Inc.; Deutsche
Bank Alex. Brown; Deutsche Bank Securities, Inc.; Fleetboston Robertson Stephens, Inc.;
Merrill Lynch, Pierce, Fenner & Smith, Inc.; Robertson Stephens, Inc.; US Bancorp Piper
Jaffray, Inc.; Optio Software, Inc.; C. Wayne Cape; F. Barron Hughes

*In re Vixel Corp. Initial Public Offering Sec. Litig.*, 01 Civ. 10053 (SAS)
PLAINTIFFS

#317155

Larry Huynh; Zhen Shao

DEFENDANTS
BancBoston, Robertson, Stephens; Bear Stearns; Dain Rauscher Wessels; FleetBoston Robertson Stephens; Vixel Corp.

*In re Predictive Systems, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 10059 (SAS)
PLAINTIFFS
Wayne Gilbert; Jagit Gulati

DEFENDANTS
Bancboston Robertson, Stephens, Inc.; Bear Stearns & Co. Inc.; Credit Suisse First Boston Corp.; Donaldson Lufkin & Jenrette Securities Corp.; Fleetboston Robertson Stephens, Inc.; Goldman Sachs & Co; Robertson Stephens, Inc.; Predictive Systems, Inc.

*In re XCare.net, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 10075 (SAS)
PLAINTIFFS
Marek Bartula; Richard M. Dearnley - Dearnley Brothers Fund II; Karl Hennicke; Richard Lee Slotkin

DEFENDANTS
E*Offering; FleetBoston Robertson Stephens; S.G. Cowen Securities; Soundview Technology; XCare.net, Inc.

*In re Vitria Technology, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 10092 (SAS)
PLAINTIFFS
Ian Kideys; Kidey Corporation

DEFENDANTS
BancBoston Robertson Stephens; Brentwood Venture Capital; Credit Suisse First Boston; Merrill Lynch Pierce Fenner & Smith; Soundview Technology Group; Wit Soundview; Vitria Technology, Inc.

*In re CoSine Communications, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 10105 (SAS)
PLAINTIFFS
Lawrence B. Evans; Linc Corp.; (Lynne Joy McFarland); Paul Magliaro; Jeff D. Martin

DEFENDANTS
Chase Securities; Goldman Sachs; Hambrecht & Quist; J.P. Morgan Securities; Robertson Stephens; CoSine Communications, Inc.

*In re Data Return Corp. Initial Public Offering Sec. Litig.*, 01 Civ. 10107 (SAS)
PLAINTIFFS
Marcus Oates

#317155

DEFENDANTS
Bear Stearns; Goldman Sachs; Lehman Brothers; Salomon Smith Barney; Data Return Corp.;
Divine, Inc.

*In re Integrated Telecom Express, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 10108 (SAS)
PLAINTIFFS
Joel Richmon

DEFENDANTS
Bear Stearns; Lehman Brothers; Salomon Smith Barney; Integrated Telecom Express, Inc.

*In re Focal Communications Corp. Initial Public Offering Sec. Litig.*, 01 Civ. 10111 (SAS)
PLAINTIFFS
Philip Duggan

DEFENDANTS
Credit Suisse First Boston; Goldman Sachs; Merrill Lynch Pierce Fenner & Smith; Morgan
Stanley Dean Witter; Salomon Smith Barney Holdings; Thomas Weisel Partners; Bear Stearns;
Donaldson Lufkin; Focal Communications Corp.

*In re Triton Network Systems, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 10115 (SAS)
PLAINTIFFS
Metha M. Doescher; Alex Shainsky

DEFENDANTS
Credit Suisse First Boston; FleetBoston Robertson Stephens; Triton Network Systems, Inc.

*In re Register.com, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 10120 (SAS)
PLAINTIFFS
Stafford Perkins

DEFENDANTS
Goldman, Sachs & Co.; Lehman Brothers Inc.; Register.com, Inc.; Alan G. Breitman; Richard D.
Forman

*In re Latitude Communications, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 10121 (SAS)
PLAINTIFFS
Ronald Louis Traynor

DEFENDANTS
Credit Suisse First Boston; Salomon Smith Barney; Latitude Communications, Inc.

*In re Hoover's, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 10122 (SAS)
PLAINTIFFS
Paulsen K. Bailey; Joseph Capece

#317155

DEFENDANTS
Lehman Brothers; Hoover's, Inc.

*In re Repeater Technologies, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 10140 (SAS)
PLAINTIFFS
Frank Arduino; Ken Kalla

DEFENDANTS
Banc of America Securities LLC; CIBC World Markets; Dain Rauscher, Inc.; Deutsche Banc
Alex Brown Incorporated; Deutsche Bank Capital Corporation; Fleetboston Robertson Stephens,
Inc.; JP Morgan Securities ; Prudential Securities Incorporated; Robertson Stephens, Inc.; The
Bear Stearns Companies Inc.; Thomas Weisel Partners LLC; US Bancorp Piper Jaffray Inc.;
Repeater Technologies, Inc.; Chris Branscum; Arnold Chase; Kenneth Kenitzer; Timothy
Marcotte

*In re Radio One, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 10160 (SAS)
PLAINTIFFS
Colbert Birnet LP

DEFENDANTS
Bancboston Robertson Stephens, Inc.; Bank of America Securities, LLC; Bear Stearns & Co.,
Inc.; BT Alex Brown Incorporated; Credit Suisse First Boston Corporation; Deutsche Bank Alex
Brown; Deutsche Bank Securities, Inc.; Nationsbanc Montgomery Securities LLC; Prudential
Securities Incorporated; Robertson Stephens, Inc.; Radio One, Inc.; Catherine L. Hughes; Alfred
C. Liggins, III; Scott R. Royster

*In re AirNet Communications Corp. Initial Public Offering Sec. Litig.*, 01 Civ. 10161 (SAS)
PLAINTIFFS
Mayer Sinensky; William Todd Thompson

DEFENDANTS
Hambrecht & Quist; JP Morgan; Prudential Securities; Robertson Stephens; Salomon Smith
Barney; Volpe Brown Whelan; Airnet Communications Corp.

*In re Fatbrain.com, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 10164 (SAS)
PLAINTIFFS
Morris Kassin

DEFENDANTS
Banc of America Securities; Chase H & Q (Hambrecht & Quist); FleetBoston Robertson
Stephens; Morgan Stanley Dean Witter; Needham & Company; U.S. Bancorp Piper Jaffray;
Nationsbanc Montegomery; Bancboston Robertson Stephens; JP Morgan SEC;
Barnesandnoble.com; Fatbrain

#317155

*In re Packateer, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 10185 (SAS)
PLAINTIFFS
Greg Antoniono; Craig Andrew Milroy; Steven C. Mizerovsky

DEFENDANTS
Bancboston Robertson, Stephens, Inc.; Dain Rauscher, Inc.; Fleetboston Robertson Stephens, Inc.; Goldman Sachs Group, Inc.; RBC Dain Rauscher Inc.; Robertson Stephens, Inc.; The Bear Stearns Companies Inc.; Packeteer, Inc.

*In re Orchid Biosciences, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 10575 (SAS)
PLAINTIFFS
Norm Nash; Joseph Traynor; Clyde W. Waite

DEFENDANTS
Credit Suisse First Boston Corporation; Fleetboston Robertson Stephens, Inc.; Robertson Stephens, Inc.; Salomon Smith Barney, Inc.; Thomas Weisel Partners, LLC; US Bancorp Piper Jaffray, Inc.; Orchid Biosciences, Inc.

*In re Choice One Communications, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 10576 (SAS)
PLAINTIFFS
Paul Dachsteiner; Scott Goldstein; Mr. and Mrs. Carl Smith

DEFENDANTS
CIBC World Markets; Lehman Brothers; Morgan Stanley ; Thomas Weisel Partners; UBS Warburg Long Term Disability Plan; U.S. Bancorp Piper Jaffray; Warburg Dillon Read; Choice One Communications, Inc.

*In re Switchboard, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 10595 (SAS)
PLAINTIFFS
Kristina Ly; Wallace S. Pierce

DEFENDANTS
CIBC World Markets; Fleetboston Robertson Stephens, Inc.; JP Morgan Securities; Robertson Stephens, Inc.; Switchboard Incorporated; Douglas J. Greenlaw; John P. Jewett; Dean Polnerow

*In re Sirenza Microdevices, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 10596 (SAS)
PLAINTIFFS
Jeffrey J. Van Ryan

DEFENDANTS
Banc of America Securities LLC; CIBC World Markets; Dain Rauscher, Inc.; Deutsche Banc Alex Brown Incorporated; Deutsche Bank Capital Corporation; Fleetboston Robertson Stephens, Inc.; JP Morgan Securities; Merrill Lynch, Pierce, Fenner & Smith, Inc.; Morgan Stanley Dean Witter & Co.; Prudential Securities Incorporated; RBC Dain Rauscher Inc.; Robertson Stephens, Inc.; Salomon Smith Barney Holdings Inc.; The Bear Stearns Companies Inc.; Sirenza

#317155

Microdevices, Inc.; Arnold Chase; John Ocampo; Robert Van Buskirk; Thomas Scannell

*In re interWAVE International Ltd. Initial Public Offering Sec. Litig.*, 01 Civ. 10598 (SAS)
PLAINTIFFS
Scott Allen Middleton

DEFENDANTS
Banc of America Securities; S.G. Cowen Securities; Salomon Smith Barney Holdings;
interWAVE Communications International Ltd.

*In re Braun Consulting, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 10629 (SAS)
PLAINTIFFS
Evonne Moore; Luciano Mor

DEFENDANTS
Adams Harkness & Hill; Credit Suisse First Boston; Donaldson Lufkin; FleetBoston Robertson
Stephens; Hambrecht & Quist; J.P. Morgan Chase; Lehman Brothers Holdings; Prudential
Securities; Salomon Smith Barney Holdings; Braun Consulting, Inc.; Steven Braun; John Burke;
Thomas Duvall

*In re Wink Communications., Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 10638 (SAS)
PLAINTIFFS
Collegeware USA Inc.; Jamil S. Quwaider

DEFENDANTS
Bear Stearns; Chase H & Q (Hambrecht & Quist); Deutsche Banc Alex. Brown; Donaldson
Lufkin & Jenrette; FleetBoston Robertson Stephens; Goldman Sachs; J.P. Morgan Chase;
Lehman Brothers; Salomon Smith Barney; Wink Communications, Inc.; Brian P. Dougherty;
Mary Agnes Wilderotter

*In re Agilent Technologies, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 10639 (SAS)
PLAINTIFFS
Abraham Kassin; Carlos Medeiros; Jose Rivera; Jose Daniel Viveiros de Medeiros

DEFENDANTS
Bear Stearns; Chase H & Q (Hambrecht & Quist); Credit Suisse First Boston; FleetBoston
Robertson Stephens; Goldman Sachs; J.P. Morgan Chase; Lehman Brothers; Merrill Lynch
Pierce Fenner & Smith; Morgan Stanley Dean Witter; S.G. Cowen Securities; Salomon Smith
Barney; Agilent Technologies, Inc.

*In re Foundry Networks, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 10640 (SAS)
PLAINTIFFS
Mirza F. Baig; Nina Hardoff; Saul Kassin; Frank Mistretta

DEFENDANTS

#317155

Chase H & Q (Hambrecht & Quist); Deutsche Banc Alex. Brown; Donaldson Lufkin & Jenrette; FleetBoston Robertson Stephens; Goldman Sachs; J.P. Morgan Chase; Lehman Brothers; Merrill Lynch Pierce Fenner & Smith; Bancboston Robertson Stephens; Credit Suisse First BostonFoundry Networks, Inc.; H. Earl Ferguson; Timothy D. Heffner; Bobby R. Johnson, Jr.

*In re Ravisent Technologies, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 10683 (SAS)
PLAINTIFFS
Herman Miller

DEFENDANTS
Bear Stearns & Co., Inc.; Prudential Securities, Inc.; Robertson Stephens, Inc.; SG Cowen Securities Corporation; Volpe Brown Whelan & Company, LLC; Ravisent Technologies Inc.; Axeda Systems, Inc.; Jason C. Liu; Francies E.J. Wilde

*In re EXFO Electro Optical Engineering, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 10684 (SAS)
PLAINTIFFS
John G. Williams

DEFENDANTS
CIBC World Markets; Daine Rauscher Wessels; Merrill Lynch Pierce Fenner & Smith; RBC Daine Rauscher; RBC Dominion Securities; Soundview Technology; Wit Soundview; EXFO Electro Optical Engineering, Inc.

*In re Corio, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 10686 (SAS)
PLAINTIFFS
David Heiko; Brad Turck

DEFENDANTS
CIBC World Markets; Dain Rauscher; FleetBoston Robertson Stephens; Goldman Sachs; Merrill Lynch Pierce Fenner & Smith; Corio, Inc.

*In re FlashNet Communications, Inc. Initial Public Offering Sec. Litig.*,  01 Civ. 10738 (SAS)
PLAINTIFFS
Saul Kassin

DEFENDANTS
First Union Securities; FleetBoston Robertson Stephens; UBS Painewebber;Bancboston Robertson Stephens; Everen Securities; SBC Communications; FlashNet Communications, Inc.

*In re JNI Corp. Initial Public Offering Sec. Litig.*, 01 Civ. 10740 (SAS)
PLAINTIFFS
Jack Kassin; James Tison

DEFENDANTS

#317155

Bear Stearns; Chase H & Q (Hambrecht & Quist); DLJDirect; Donaldson Lufkin & Jenrette; FleetBoston Robertson Stephens; Lehman Brothers; Salomon Smith Barney; Credit Suisse First Boston Corp; JP Morgan SEC; JNI Corp.; Terry M. Flanagan; Thomas K. Gregory; Charles McKnett; Gloria Purdy; Eric P. Wenaas

*In re Globespan, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 10741 (SAS)
PLAINTIFFS
Collegeware Asset; Sannaka Wettimuny

DEFENDANTS
Credit Suisse First Boston; DLJDirect, Inc.; Donaldson Lufkin & Jenrette; E*Trade Group, Inc.; FleetBoston Robertson Stephens; Jefferies & Company; Lehman Brothers; Merrill Lynch Pierce Fenner & Smith; Morgan Stanley Dean Witter; Prudential Securities; S.G. Cowen Securities; Soundview Technology; Thomas Weisel Partners LLC; UBS Warburg; James Coulter; Thomas Epley; Armando Geday; Keith Geeslin; John Marren; Robert McMullan

*In re United Pan- Europe Communications, N.V. Initial Public Offering Sec. Litig.*, 01 Civ. 10744 (SAS)
PLAINTIFFS
Roger Andriessen; Jetta Hoffman; Judy Rubin

DEFENDANTS
Credit Suisse First Boston Corporation; Deutsche Bank Alex Brown; Deutsche Banc Securities; Donaldson Lufkin & Jenrette; Goldman Sachs; Morgan Stanley; Salomon Smith Barney; United Pan Europe Communications, N.V.

*In re Quest Software, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 10745 (SAS)
PLAINTIFFS
Ray D. Campbell; K. Peter Koch

DEFENDANTS
Bancboston Robertson, Stephens, Inc.; CIBC World Markets Group; Credit Suisse First Boston Corp.; Donaldson, Lufkin & Jenrette Securities Corporation; Fleetboston Robertson, Stephens, Inc.; Robertson Stephens, Inc.; Quest Software, Inc.; David M. Doyle; John J. Laskey; Vincent C. Smith

*In re Spanish Broadcasting System, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 10753 (SAS)
PLAINTIFFS
K. Peter Koch; Mitchell Wolf

DEFENDANTS
Bankboston Robertson, Stephens, Inc.; Bear, Stearns & Co., Inc.; Deutsche Bank Alex Brown; Deutsche Bank Securities Inc.; Fleetboston Robertson Stephens, Inc.; Lehman Brothers, Inc.; Merrill Lynch, Pierce, Fenner & Smith Incorporated; Morgan Stanley & Co., Incorporated; Purdential Securities Incorporated; Robertson Stephens, Inc.; Robinson Humphrey; Salomon

#317155

Smith Barney, Inc.; Volpe Brown; Spanish Broadcasting System, Inc.; Pablo Raul Alarcon, Sr.; Raul Alarcon, Jr.; Joseph A. Garcia

*In re Saba Software, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 10754 (SAS)
PLAINTIFFS
Bob McKee; John Paul Smith

DEFENDANTS
Banc of America Securities, LLC; Fleetboston Robertson Stephens, Inc.; Goldman, Sachs & Co.; Merrill Lynch, Pierce, Fenner & Smith Incorporated; Robertson Stephens, Inc.; US Bancorp Piper Jaffray, Inc.; Saba Software, Inc.; Terry Carlitz; Bobby Yazdani

*In re Support.com, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 10756 (SAS)
PLAINTIFFS
Dana Risley

DEFENDANTS
Bear, Stearns & Co. Inc.; Credit Suisse First Boston Corporation; Fleetboston Robertson Stephens, Inc.; Robertson Stephens, Inc.; Support.com Inc.; Radha Ramaswami Basu; Brian M. Beattie

*In re OmniVision Technologies, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 10775 (SAS)
PLAINTIFFS
Terry A. Chandler; Buddy McKee

DEFENDANTS
Fleetboston Robertson Stephens, Inc.; Prudential Securities Incorporated; Robertson Stephens, Inc.; Omnivision Technologies, Inc.

*In re Paradyne Networks, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 10797 (SAS)
PLAINTIFFS
Viola Archuleta; Carl K. Foote; Ubaldo Gallegos; Joseph M. Rana

DEFENDANTS
Bancboston Robertson, Stephens, Inc.; Banc of America Securities LLC; Credit Suisse First Boston Corp.; Dain Rauscher, Inc.; Donaldson Lufkin; Duetsche Banc Alex Brown Inc.; Deutsche Bank Capital Corporation; Fleetboston Robertson Stephens, Inc.; Hambrecht & Quist; JP Morgan Securities; Lehman Brothers Holdings Inc.; Merrill Lynch, Pierce, Fenner & Smith Inc.; Raymond James & Associates, Inc.; Robertson Stephens, Inc.; Salomon Smith Barney Holdings, Inc.; The Bear Stearns Companies Inc.; The Goldman Sachs Group, Inc.; Paradyne Networks, Inc.

*In re Oratec Interventions, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 10799 (SAS)
PLAINTIFFS
Cathey Cort; Jay D. Schainholz

#317155

DEFENDANTS
JP Morgan Securities; Merrill Lynch, Pierce, Fenner & Smith, Inc.; US Bancorp Piper Jaffray, Inc.; Oratec Interventions, Inc.

*In re Inrange Technologies Corp. Initial Public Offering Sec. Litig.*, 01 Civ. 10800 (SAS)
PLAINTIFFS
Gary Ferber; David Heitz

DEFENDANTS
Bear Stearns; FleetBoston Robertson Stephens; J.P. Morgan Chase; Merrill Lynch Pierce Fenner & Smith; Salomon Smith Barney Holdings; Inrange Technologies Corp.

*In re Finisar Corp. Initial Public Offering Sec. Litig.*, 01 Civ. 10813 (SAS)
PLAINTIFFS
William H. Hamilton

DEFENDANTS
Merrill Lynch Pierce Fenner & Smith; Finisar

*In re Ticketmaster Online-City Search, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 10822 (SAS)
PLAINTIFFS
Saul Kassin; Guy Vitello

DEFENDANTS
Allen & Company; Banc of America Securities; Bancboston Robertson, Stephens; Bear Stearns; Chase H & Q (Hambrecht & Quist); Credit Suisse First Boston Corporation; Donaldson Lufkin & Jenrette; FleetBoston Robertson Stephens; Goldman Sachs; JP Morgan; Morgan Stanley Dean Witter; Nationsbanc; Salomon Smith Barney; Ticketmaster Online-City Search, Inc.

*In re NextCard, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 10823 (SAS)
PLAINTIFFS
Jack Kassin
Brando Polak

DEFENDANTS
Bancboston Robertson, Stephens, Inc.; Bear, Stearns & Co. Inc.; Chase H&Q (Hambrecht & Quist LLC); Credit Suisse First Boston Corporation; DLJDirect, Inc.; Donaldson, Lufkin & Jenrette Securities Corporation; Fleetboston Robertson Stephens, Inc.; JP Morgan Securities; Lehman Brothers, Inc.; Prudential Securities Incorporated; Robertson Stephens, Inc.; Salomon Smith Barney, Inc.; The Goldman Sachs Group, Inc.; Thomas Weisel Partners LLC; US Bancorp Piper Jaffray, Inc.; Nextcard, Inc.

#317155

*In re Be Free, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 10827 (SAS)
PLAINTIFFS
Saul Kassin; Ronnie Sehon

DEFENDANTS
Chase H & Q (Hambrecht & Quist) ; Credit Suisse First Boston; DLJDirect; Donaldson Lufkin
& Jenrette; FleetBoston Robertson Stephens; JP Morgan; Merrill Lynch Pierce Fenner & Smith;
RBC Dain Rauscher; Royal Bank of Canada (Dain Rauscher Wessels); Be Free, Inc.; Thomas A.
Gerace

*In re pcOrder, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 10828 (SAS)
PLAINTIFFS
Morris Kassin

DEFENDANTS
Bancboston Robertson, Stephens, Inc.; Credit Suisse First Boston Corp.; Donaldson Lufkin &
Jenrette Securities Corp.; Fleetboston Robertson Stephens, Inc.; Pacific Growth Equities, Inc.;
Robertson Stephens, Inc.; SG Cowen Securities Corp.; The Goldman Sachs Group, Inc.; Pcorder,
Inc.; Trilogy Software, Inc.

*In re webMethods, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 10830 (SAS)
PLAINTIFFS
Jack Kassin; Michael McNeirney

DEFENDANTS
Friedman Billings Ramsey; Merrill Lynch Pierce Fenner & Smith; Morgan Stanley Dean Witter;
RBC Dain Rauscher; WebMethods, Inc.

*In re Sequenom, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 10831 (SAS)
PLAINTIFFS
Collegeware Asset Management; Collegeware USA Inc. by Saul Kassin

DEFENDANTS
Bear, Stearns & Co. Inc.; Chase H&Q (Hambrecht & Quist LLC); Credit Suisse First Boston
Corp.; Dillon Read; Donaldson, Lufkin & Jenrette Securities Corporation; Fleetboston Robertson
Stephens, Inc.; JP Morgan Securities; Lehman Brothers, Inc.; Merrill Lynch, Pierce, Fenner &
Smith Incorporated; Morgan Stanley Dean Witter & Co., Incorporated; Robertson Stephens, Inc.;
SG Cowen Securities Corporation; UBS Warburg LLC; Sequenom, Inc.; Hubert Koster; Helmut
Schuhsler; Steven L. Zaniboni

*In re Virata Corp. Initial Public Offering Sec. Litig.*, 01 Civ. 10833 (SAS)
PLAINTIFFS
Barry J. Agranat; David Paschket

#317155

DEFENDANTS
Banc of America Securities; Credit Suisse First Boston; Dain Rauscher Wessels; FleetBoston
Robertson Stephens; Morgan Stanley; Thomas Weisel Partners; UBS Warburg; U.S. Bancorp
Piper Jaffray; Warburg Dillon Read; Virata Corp.

*In re Informax, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 10834 (SAS)
PLAINTIFFS
Coastline Corp; Barry S. Kantrowitz

DEFENDANTS
Banc of America Securities; Bear Stearns; Dain Rauscher; Deutsche Bank Securities; Merrill
Lynch Pierce Fenner & Smith; Morgan Stanley; RBC Dain Rauscher, Inc.; Thomas Weisel
Partners; U.S. Bancorp Piper Jaffray; Informax, Inc.; Alex Titomirov

*In re Inforte Corp. Initial Public Offering Sec. Litig.*, 01 Civ. 10836 (SAS)
PLAINTIFFS
Mary C. Best; Brian Padgett

DEFENDANTS
Goldman Sachs; Salomon Smith Barney; Inforte Corp.; Philip S. Bligh; Stephen C. P. Mack;
Nick Padgett

*In re SMTC Corp. Initial Public Offering Sec. Litig.*, 01 Civ. 10838 (SAS)
PLAINTIFFS
William Mitchell; Joel Richmond

DEFENDANTS
CIBC World Markets Corp.; Credit Suisse First Boston Corp.; Deutsche Bank Alex Brown;
Deutsche Bank Securities Inc.; Donaldson, Lufkin & Jenrette Securities Corporation; Fleetboston
Robertson Stephens, Inc.; Lehman Brothers, Inc.; Merrill Lynch, Pierce, Fenner & Smith
Incorporated; Robertson Stephens, Inc.; SMTC Corporation; Edward Johnson; Richard Smith;
Paul Walker

*In re Chartered Semiconductor Manufacturing, Ltd. Initial Public Offering Sec. Litig.*, 01 Civ.
10839 (SAS)
PLAINTIFF
Barry S. Kantrowitz

DEFENDANTS
Credit Suisse First Boston; S.G. Cowen Securities; Salomon Smith Barney; Soundview
Technology Group

*In re Women.com Networks, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 10866 (SAS)
PLAINTIFFS
Abraham Kassin

#317155

DEFENDANTS
Bear Stearns; Credit Suisse First Boston; Deutsche Banc Alex. Brown; Donaldson Lufkin &
Jenrette; FleetBoston Robertson Stephens; Merrill Lynch Pierce Fenner & Smith; Morgan
Stanley Dean Witter; Salomon Smith Barney; iVillage; Women.com Networks, Inc.; Marleen
McDaniel; Michael Perry

*In re PurchasePro.com, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 10867 (SAS)
PLAINTIFFS
Collegeware USA Inc.; Robert F. Munsey; Patricia Sedore

DEFENDANTS
Bear Stearns & Co., Inc.; Chase H&Q (Hambrecht & Quist LLC); Credit Suisse First Boston
Corp.; Donaldson, Lufkin & Jenrette Securities Corp.; Fleetboston Robertson Stephens, Inc.;
Jeffries & Company, Inc.; JP Morgan Securities; Prudential Securities Inc.; Robertson Stephens,
Inc.; Salomon Smith Barney, Inc.; Volpe Technology; Purchasepro.com, Inc.; Charles E.
Johnson, Jr.

*In re Gigamedia Ltd. Initial Public Offering Sec. Litig.*, 01 Civ. 10884 (SAS)
PLAINTIFFS
Tiziano Invernizzi; Barbara McFarland

DEFENDANTS
Deutsche Banc Alex. Brown; Goldman Sachs; Gigamedia Ltd.

*In re Valicert, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 10889 (SAS)
PLAINTIFFS
Jacqueline Lachance

DEFENDANTS
Merrill Lynch Pierce Fenner & Smith; Valicert, Inc.; Joseph Amram; Timothy Conley

*In re Network Engines, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 10894 (SAS)
PLAINTIFFS
Margaret Vojnovich

DEFENDANTS
Credit Suisse First Boston Corp.; Fleetboston Robertson Stephens, Inc.; Goldman, Sachs & Co.;
Lehman Brothers Inc.; Robertson Stephens, Inc.; Salomon Smith Barney Inc.; Network Engines,
Inc.

*In re Radware Ltd. Initial Public Offering Sec. Litig.*, 01 Civ. 10898 (SAS)
PLAINTIFFS
Abraham Kassin; David Orange; John Warner

#317155

DEFENDANTS

Bank of America Corporation (Banc of America Securities LLC); Bancboston; Canadian Imperial Bank of Commerce (Cibc World Markets Corp.); CIBC World Markets; Fleetboston Robertson Stephens; Goldman Sachs Group, Inc.; Robertson Stephens & Co.; Robinson-Humphrey Company, Inc.; Salomon Smith Barney, Inc.; Suntrust Capital Markets, Inc. (Suntrust Robinson Humphrey Capital Markets); US Bancorp Piper Jaffray, Inc.; Radware Ltd.; Meir Moshe; Roy Zisapel; Yehuda Zisapel

*In re Juniper Networks, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 10899 (SAS)
PLAINTIFFS
Collegeware Asset Management; Thomas McDaniel; Amy Varani

DEFENDANTS
Chase (Hambrecht & Quist); Credit Suisse First Boston; FleetBoston Robertson Stephens; Goldman Sachs; J.P. Morgan Chase; Lehman Brothers; Merrill Lynch Pierce Fenner & Smith; Royal Bank of Canada (Dain Rauscher Wessels); S.G. Cowen Securities; Salomon Smith Barney; UBS Warburg (Warburg Dillon Read)

*In re Martha Stewart Living Omnimedia Initial Public Offering Sec. Litig.*, 01 Civ. 10900 (SAS)
PLAINTIFFS
Saul Kassin; Kathleen Mundy

DEFENDANTS
Banc of America Securities LLC; Bear, Stearns & Co. Inc.; Credit Suisse First Boston Corp.; Donaldson, Lufkin & Jenrette Securities Corporation, Inc.; Merrill Lynch, Pierce, Fenner & Smith Incorporated; Morgan Stanley Dean Witter, Inc.; Salomon Smith Barney, Inc.; The Goldman Sachs Group, Inc.; Martha Stewart Living Omnimedia, Inc.

*In re AsiaInfo Holdings  Initial Public Offering Sec. Litig.*, 01 Civ. 10901 (SAS)
PLAINTIFFS
Benedetto Hassan; JaeSeok Lim; John Muro; Joel Witmer; Sotirios Zervoulias

DEFENDANTS
Credit Suisse First Boston; Deutsche Banc Alex. Brown; Donaldson Lufkin & Jenrette; Morgan Stanley Dean Witter; AsiaInfo Holdings

*In re Silicon Image, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 10903 (SAS)
PLAINTIFFS
Alberto Jose Gonzalez

DEFENDANTS
Bear, Stearns & Co. Inc.; Credit Suisse First Boston Corp.; Robertson Stephens, Inc.; Robertson Stephens Inc.; Salomon Smith Barney Inc.; Silicon Image, Inc.; Daniel K. Atler; David D. Lee

*In re Carrier1 International SA Initial Public Offering Sec. Litig.*, 01 Civ. 10940 (SAS)

#317155

PLAINTIFF
John Ashou; Howard Borus; Michael Ladon Gardner; Linc Corp.; Bryan D. Woosley; Catherine
L. Yodsnukis; Joseph J. Yodsnukis

DEFENDANTS
Bear Stearns; Commerzbank Aktiengesellschaft; Merrill Lynch; Morgan Stanley Dean Witter;
Salomon Smith Barney; UBS Warburg Long Term Disability Plan; Warburg Dillon Read;
Carrier1 International SA; Joachim Bauer; Glenn M. Creamer; Jonathan E. Dick; Stig Johansson;
Mark A. Pelson; Victor A. Pelson; Thomas J. Wynne

*In re Sonic Wall, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 10941 (SAS)
PLAINTIFFS
Donald DeZarn

DEFENDANTS
Bancboston Robertson, Stephens, Inc.; Bear, Stearns & Co. Inc.; Credit Suisse First Boston
Corporation; Robertson Stephens Inc.; Robertson Stephens, Inc.; Sonicwall, Inc.; Sreekanth
Ravi; Sudhakar Ravi; Michael J. Sheridan

*In re Regent Communications., Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 10942 (SAS)
PLAINTIFFS
Kenneth Bordo

DEFENDANTS
Bear, Stearns & Co., Inc.; Credit Suisse First Boston Corporation; Morgan Stanley & Co.;
Regent Communications, Inc.; Terry S. Jacobs; William L. Stakelin; Anthony A. Vasconcellos

*In re Copper Mountain Networks, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 10943 (SAS)
PLAINTIFFS
Wendell Flatter; Charles Lowlicht

DEFENDANTS
BancBoston Robertson Stephens; Hambrecht & Quist; JP Morgan; Morgan Stanley; Copper
Mountain Networks, Inc.

*In re Daleen Technologies, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 10944 (SAS)
PLAINTIFFS
Angelo Fazari; Stuart Shilitz

DEFENDANTS
BancBoston Robertson Stephens; Hambrecht & Quist; JP Morgan; Salomon Smith Barney;
Daleen Technologies, Inc.

*In re Nextel Partners, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 10945 (SAS)
PLAINTIFFS

#317155

Carolyn Kiefer

DEFENDANTS
Credit Suisse First Boston Corporation; Goldman, Sachs & Co.; Merrill Lynch, Pierce, Fenner & Smith Incorporated; Morgan Stanley & Co.; Nextel Partners, Inc.

*In re InsWeb Corp. Initial Public Offering Sec. Litig.*, 01 Civ. 10969 (SAS)
PLAINTIFFS
David Abramo; John F. Farrell; Abraham Kassin

DEFENDANTS
Donaldson Lufkin & Jenrette; FleetBoston Robertson Stephens; Goldman Sachs; InsWeb Corp.

*In re TheStreet.com, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 10970 (SAS)
PLAINTIFFS
Bernd Huber; Abraham Kassin

DEFENDANTS
Chase H & Q (Hambrecht & Quist); FleetBoston Robertson Stephens; Goldman Sachs; JP Morgan; Merrill Lynch Pierce Fenner & Smith; Thomas Weisel Partners; TheStreet.com, Inc.

*In re Cobalt Networks Initial Public Offering Sec. Litig.*, 01 Civ. 10971 (SAS)
PLAINTIFF
Morris Kassin

DEFENDANTS
Bancboston Robertson, Stephens; Bear Stearns; Chase H & Q (Hambrecht & Quist); FleetBoston Robertson Stephens; Goldman Sachs; JP Morgan; Merrill Lynch Pierce Fenner & Smith; Soundview Technology Group; Wit Soundview; Gordon A. Campbell; Kenton D. Chow; Stephen W. Dewitt

*In re World Wrestling Federation Entertainment, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 10972 (SAS)
PLAINTIFFS
Kenneth Bank; Abraham Kassin

DEFENDANTS
Bear Stearns; Chase H & Q (Hambrecht & Quist); Credit Suisse First Boston; Donaldson Lufkin & Jenrette; JP Morgan; Merrill Lynch Pierce Fenner & Smith; Soundview Technology; Wit Capital; World Wrestling Federation Entertainment, Inc.; August J. Liguori; Linda E. McMahon; Vincent K. McMahon

*In re Internet Initiative Japan Initial Public Offering Sec. Litig.*, 01 Civ. 10974 (SAS)
PLAINTIFFS
Saul Kassin

#317155

DEFENDANTS
Goldman Sachs; Morgan Stanley Dean Witter; Internet Initiative Japan; Yasuhiro Nishi; Koichi Suzuki

*In re Tippingpoint Technologies, Inc. (f/k/a Netpliance) Initial Public Offering Sec. Litig.*, 01 Civ. 10976 (SAS)
PLAINTIFFS
Brian Levy

DEFENDANTS
BancBoston Robertson Stephens; Chase Hambrecht & Quist; Credit Suisse First Boston; DLJ Direct; Donaldson Lufkin & Jenrette; Fleetboston Robertson Stephens; JP Morgan; Tippingpoint Technologies, Inc.

*In re Jazztel P.L.C. Initial Public Offering Sec. Litig.*, 01 Civ. 10983 (SAS)
PLAINTIFFS
Donald Lamps

DEFENDANTS
Bear Stearns; Credit Suisse First Boston; Goldman Sachs; Merrill Lynch Pierce Fenner & Smith; Jazztel P.L.C.; Antonio Canton; Antonio Carro; Miguel Salis

*In re Xpedior, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 10984 (SAS)
PLAINTIFFS
Martin Camaj; George Essenmacher

DEFENDANTS
Bear Stearns; Credit Suisse First Boston; Deutsche Banc Securities; Donaldson Lufkin & Jenrette; FleetBoston Robertson Stephens; Goldman Sachs; Merrill Lynch Pierce Fenner & Smith; Morgan Stanley; Xpedior, Inc.; David N. Campbell; James W. Crownover; Steven M. Isaacson; Margarte G. Reed

*In re Centra Software, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 10988 (SAS)
PLAINTIFFS
J. Eugene Smith, Jr.; William Wood

DEFENDANTS
Dain Rauscher Wessels; FleetBoston Robertson Stephens; Centra Software, Inc.

*In re Maxygen, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 10990 (SAS)
PLAINTIFFS
Marilyn Male; Rickey L. Radliff

DEFENDANTS

#317155

Bancboston Robertson, Stephens, Inc.; Credit Suisse First Boston Corporation; Fleetboston
Robertson Stephens, Inc.; Goldman, Sachs & Co.; Merrill Lynch, Pierce Fenner & Smith
Incorporated; Robertson Stephens, Inc.; Salomon Smith Barney, Inc.; Maxygen, Inc.; Simba
Gill; Russell J. Howard

*In re Variagenics, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 10999 (SAS)
PLAINTIFFS
Florence Rozen; Richard A. Wettergreen

DEFENDANTS
Chase; Credit Suisse First Boston; Donaldson, Lufkin; FleetBoston Robertson Stephens; J.P.
Morgan Securities; Lehman Brothers Holdings; Merrill Lynch Pierce Fenner & Smith;
Prudential Securities; S.G. Cowen Securities; Variagenics, Inc.

*In re Manufacturers Services Ltd. Initial Public Offering Sec. Litig.*, 01 Civ. 11000 (SAS)
PLAINTIFFS
Dan Stearne; Marvin P. Crenshaw; Melvin Crenshaw, Jr.

DEFENDANTS
Banc of America Securities LLC; Chase; CIBC World Markets; Credit Suisse First Boston
Corp.; Dain Rauscher, Inc.; Donaldson, Lufkin; Fleetboston Robertson Stephens, Inc.; JP
Morgan Securities Inc.; Lehman Brothers Holdings Inc.; Morgan Stanley Dean Witter & Co.;
Prudential Securities Incorporated; RBC Dain Rauscher Inc.; Robertson Stephens, Inc.; Salomon
Smith Barney Holdings, Inc.; The Bear Stearns Companies Inc.; Thomas Weisel Partners LLC;
Bank of America Securities; Merrill Lynch Pierce Fenner & Smith; Manufacturers Services Ltd.

*In re Primus Knowledge Solutions, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 11201 (SAS)
PLAINTIFFS
DJ Family Ltd. Partnership; Daniel E. Johnson

DEFENDANTS
Bancboston Robertson, Stephens, Inc.; CIBC World Markets; Dain Rauscher, Inc.; Fleetboston
Robertson Stephens, Inc.; Hambrecht & Quist; JP Morgan Securities Inc.; RBC Dain Rauscher
Inc.; Robertson Stephens, Inc.; Salomon Smith Barney Holdings, Inc.; US Bancorp Piper Jaffray
Inc.; Primus Knowledge Solutions, Inc.

*In re Pacific Internet Ltd. Initial Public Offering Sec. Litig.*, 01 Civ. 11202 (SAS)
PLAINTIFFS
Robert F. Eslick; Bradley D. Fay; Yun S. Ng; Gerard P. Ruane, Jr.; Kathleen A. & Thomas M.
Ruane; Marilyn Casey Ruane; Alfonso L. Tiu

DEFENDANTS
Bancboston Robertson, Stephens, Inc.; CIBC World Markets; Fleetboston Robertson Stephens,
Inc.; Hambrecht & Quist; JP Morgan Securities Inc.; Lehman Brothers Holdings Inc.; Robertson
Stephens, Inc.; SG Cowen Securities Corporation; The Bear Stearns Companies Inc.; Pacific

#317155

Internet Limited; Chaim Heng Huat; Chan Wing Leong; Nicholas Lee Meng Tuck

*In re Pac-West Telecomm, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 11217 (SAS)
PLAINTIFFS
Jerry Krim

DEFENDANTS
Bear, Stearns & Co. Inc.; Goldman, Sachs & Co.; Merrill Lynch, Pierce, Fenner & Smith Inc.;
Salomon Smith Barney Inc.; Pac-West Telecomm, Inc.

*In re Silicon Laboratories, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 11218 (SAS)
PLAINTIFFS
Evelyn Ortiz; Linda Rubin

DEFENDANTS
Lehman Brothers; Morgan Stanley & Co.; Robertson Stephens, Inc.; Salomon Smith Barney,
Inc.; Silicon Laboratories, Inc.; John W. McGovern; Jeffrey W. Scott; Navdeep S. Sooch; David
R. Welland

*In re deCODE Genetics, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 11219 (SAS)
PLAINTIFFS
Linda Rubin

DEFENDANTS
Lehman Brothers; Morgan Stanley; Decode Genetics, Inc.

*In re Capstone Turbine Corp. Initial Public Offering Sec. Litig.*, 01 Civ. 11220 (SAS)
PLAINTIFF
Ralph C. Harrison

DEFENDANTS
Goldman Sachs; Merrill Lynch Pierce Fenner & Smith; Morgan Stanley; Salomon Smith Barney;
Capstone Turbine Corp.

*In re MCK Communications, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 11230 (SAS)
PLAINTIFFS
Steven J. Quarella; Aleksandr Sukennik

DEFENDANTS
Banc of America Securites LLC; Bancboston Robertson, Stephens, Inc.; Chase; CIBC World
Markets; Dain Rauscher, Inc.; Deutsche Banc Alex Brown Incorporated; Deutsche Bank Capital
Corporation; Fleetboston Robertson Stephens, Inc.; Hambrecht & Quist; JP Morgan Securities
Inc.; Lehman Brothers Holdings Inc.; Merrill Lynch, Pierce, Fenner & Smith, Inc.; Morgan
Stanley Dean Witter & Co.; Prudential Securities Incorporated; RBC Dain Rauscher Inc.;

70

#317155

Robertson Stephens, Inc.; Salomon Smith Barney Holdings Inc.; The Bear Stearns Companies Inc.; MCK Communications, Inc.; Steven J. Benson; Paul K. Zurlo

*In re Digital Insight Corp. Initial Public Offering Sec. Litig.*, 01 Civ. 11231 (SAS)
PLAINTIFFS
Joe McCollum; Robert M. Wright

DEFENDANTS
Banc of America Securities; Deutsche Bank Alex Brown; Deutsche Bank Securities; Morgan Stanley; Digital Insight Corp.

*In re Click Commerce, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 11234 (SAS)
PLAINTIFF
George Murphy

DEFENDANTS
Dain Rauscher; Deutsche Bank Securities; Lehman Brothers; Morgan Stanley; U.S. Bancorp Piper Jaffray; Click Commerce, Inc.

*In re Alamosa PCS Holdings Initial Public Offering Sec. Litig.*, 01 Civ. 11235 (SAS)
PLAINTIFFS
Bette R. Grayson; Tracy Spaeth

DEFENDANTS
Credit Suisse First Boston; Deutsche Bank Securities; Lehman Brothers; Merrill Lynch Pierce Fenner & Smith; Salomon Smith Barney; Alamosa PCS Holdings

*In re NetSolve, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 11239 (SAS)
PLAINTIFFS
Edward Woodward Jr.

DEFENDANTS
Bancboston Robertson, Stephens, Inc.; Dain Rauscher Wessels; Fleetboston Robertson Stephens, Inc.; RBC Dain Rauscher Inc.; Robertson Stephens, Inc.; Thomas Weisel Partners, LLC; Netsolve, Inc.

*In re Resonate, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 11245 (SAS)
PLAINTIFFS
Paul Felzen as Trustee of the Louise Laskin 1991 Revocable Trust u/t/d 10/24/91

DEFENDANTS
Goldman, Sachs & Co.; RBC Dain Rauscher Corporation; RBC Dain Rauscher Inc.; Soundview Technology; Resonate, Inc.; Robert C. Hausmann; Christopher C. Marino; Kenneth Schroeder

*In re Extensity, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 11246 (SAS)

#317155

PLAINTIFFS
Anthony Felzen; Nicholas H. Felzen

DEFENDANTS
Banc of America Securities; Bear Stearns; Credit Suisse First Boston; Deutsche Bank Securities; Donaldson Lufkin & Jenrette; FleetBoston Robertson Stephens; Goldman Sachs; Extensity, Inc.

*In re TeleCorp PCS, Inc. Initial Public Offering Sec. Litig.*, 01 Civ. 11249 (SAS)
PLAINTIFFS
Joseph W. Fontenot; Albert Schechter

DEFENDANTS
Banc of America Securities; Deutsche Bank Securities; Lehman Brothers; Merrill Lynch Pierce Fenner & Smith; Robertson Stephens; Salomon Smith Barney; AT&T Wireless Services, Inc.; Telecorp PCS, Inc.

*Muller v. Diversa Corp.*, 02 Civ. 9699
PLAINTIFFS
Mariam M. Heelan; Vicki M. Muller; Donald K. Natale

DEFENDANTS
ABN Amro Securities; Bear Sterns; Chase H&Q; Credit Suisse First Boston; Dain Rauscher; Deutsche Banc Alex Brown; ING Baring Furman Selz LLC; JP Morgan Securities, Inc.; Merrill Lynch; Morgan Stanley Dean Witter; Needham & Company; Pacific Growth Equities; RBC Dain Rauscher; Robert Stephens, Inc.; Salomon Smith Barney; SG Cowen Securities Corporation; Tucker Anthony; Warburg Dillon Read; Diversa Corp.; James M. Cavanaugh; Karin Eastham; Jay M. Short

#317155

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAY 2 3 2003

FILED
CLERK'S OFFICE

**CERTIFICATE OF SERVICE**

GUSTAVO BRUCKNER, certifies under penalty of perjury, as follows:

I am over the age of eighteen years and am not a party to this action.  I am associated with the firm of Wolf Haldenstein Adler Freeman & Herz LLP, attorneys for movants, Initial Public Offering Securities Litigation [21 MC 92 (SAS)] Lead Plaintiffs.

On May 12, 2003, I caused a copy of the <u>Motion by the Initial Public Offering Securities Litigation Lead Plaintiffs to Transfer for Coordinated or Consolidated Pretrial Proceedings Pursuant to 28 U.S.C. §1407</u> and the <u>Memorandum of Law in Support of the Motion by the Initial Public Offering Securities Litigation Lead Plaintiffs to Transfer for Coordinated or Consolidated Pretrial Proceedings Pursuant to 28 U.S.C. §1407</u> to be served upon the parties named below, by causing a true copy thereof, securely enclosed in a properly addressed wrapper, to be deposited into the custody of the United States Postal Service.

Dated: New York, New York
     May 12, 2003

Gustavo Bruckner

PLAINTIFF'S COUNSEL/ADDRESSES/REPRESENTED PARTIES:

**Charles H. Jung, Esq.**
**41 Sutter Street #1470**
**San Francisco, California 94104**
Amy Liu

**Lehtinen Vargas & Riedi, P.A.**
**Dexter W. Lehtinen, Esq.**
**Claudio Riedi, Esq.**
**7700 N. Kendall Drive, Suite 303**
**Miami, Florida 33156**
Amy Liu

RECEIVED CLERK'S OFFICE
2003 MAY 13  A 11: 09
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

318137

DEFENDANTS' COUNSEL/ADDRESSES/REPRESENTED PARTIES:

**Brobeck, Phleger & Harrison LLP**
**Francis S. Chlapowski, Esq.**
**1633 Broadway, 47th Floor**
**New York, NY 10019**
Occam Networks Inc. (formerly "Accelerated Networks, Inc.")
Airspan Networks, Inc.
Autoweb.com, Inc.
BSquare Corp.
Onvia.com, Inc.
AvantGo, Inc.
Tickets.com, Inc.

**Cooley Godward LLP**
**William Freeman, Esq.**
**Five Palo Alto Square**
**3000 El Camino Real**
**Palo Alto, CA 94306**
Clarent Corp.
Internap Network Services Corp.
Vitria Technology, Inc.

**Curtis Mallet-Prevost Colt & Mosle LLP**
**Nancy Delaney, Esq.**
**101 Park Avenue**
**New York, New York 10178**
Commerce One, Inc.
Blue Coat Systems, Inc (formerly "Cacheflow, Inc.")
Digital Impact, Inc.
E.piphany, Inc.
Intraware, Inc.
InterTrust Technologies Corp.
Evolve Software, Inc.
New Focus, Inc.
Viant Corp.
Triton Network Systems, Inc.
VA Software Corporation (formerly "VA Linux Systems")

**Gray Cary Ware & Freidenrich LLP**
**Shirli Fabbri Weiss, Esq.**
**4365 Executive Drive, Suite 1100**
**San Diego, CA 92121**
iPrint Technologies, Inc. (formerly "Iprint.com")

#318137

**Hale & Dorr LLP**
**John F. Better, III, Esq.**
**60 State Street**
**Boston, MA 02109**
Informatica Corp.
McData Corporation

**Katten Muchin Zavis Rosenman**
**James Hanlon, Jr., Esq.**
**525 West Monroe Street**
**Suite 1600**
**Chicago, IL 60661**
Lante Corp.

**Keker & Van Nest LLP**
**John Keker, Esq.**
**710 Sansome Street**
**San Francisco, CA 94111**
Frank Quattrone

**Latham & Watkins**
**Jeff Hammel, Esq.**
**885 Third Avenue**
**New York, NY 10022**
MP3.com

**Morrison & Foerster LLP**
**Matthew D'Amore, Esq.**
**1290 Avenue of the Americas**
**New York, NY 10404**
Handspring, Inc.
Razorfish, Inc.

**Shearman & Sterling**
**Jeffrey S. Facter, Esq.**
**555 California Street**
**San Francisco, California 94104**
Gregory A. Effertz
Rajen Jaswa
Stephen Bennion
John Buchanan
Retek, Inc.
Selectica, Inc.

3

**Wilmer, Cutler & Pickering**
**Fraser Hunter, Jr., Esq.**
**399 Park Avenue**
**New York, NY 10022**
Credit Suisse First Boston Corporation

**Wilson Sonsini Goodrich & Rosati**
**Nina F. Locker, Esq.**
**650 Page Mill Road**
**Palo Alto, California 94304**
Commerce One, Inc.
Blue Coat Systems, Inc (formerly "Cacheflow, Inc.")
Digital Impact, Inc.
E.piphany, Inc.
Intraware, Inc.
InterTrust Technologies Corp.
Evolve Software, Inc.
New Focus, Inc.
Viant Corp.
Triton Network Systems, Inc.
VA Software Corporation (formerly "VA Linux Systems")

NO APPEARANCES HAVE BEEN NOTED BY COUNSEL FOR THE FOLLOWING
CORPORATE DEFENDANTS.  SERVICE MADE AT LAST KNOWN ADDRESS:

**AT Road, Inc.**
 **General Counsel**
**47200 Bayside Parkway**
**Freemont, CA  94538**

**Corillian Corporation**
**General Counsel**
**3400 NW John Olsen Place**
**Hillsboro, OR  97124**

**Centillium Communications, Inc.**
**General Counsel**
**4211 Lakeview Boulevard**
**Freemont, CA  94538**

#318137

E Machines, Inc.
General Counsel
14350 Myford Road, Suite 100
Irvine, CA  92606

Efficient Networks, Inc.
General Counsel
4849 Alpha Road
Dallas, TX  75244

Improvenet, Inc.
General Counsel
8930 E Raintree Drive, Suite 300
Scottsdale, AZ  85260

Interwoven, Inc.
General Counsel
803 11th Avenue
Sunnyvale, CA 94089

Luminent, Inc.
General Counsel
20550 Nordhoff Street
Chatsworth, CA  91311

Lightspan Partnership, Inc.
General Counsel
10140 Campus Point Drive
San Diego, CA  92121-1520

Multilink Technology Corp.
General Counsel
300 Atrium Drive, Second Floor
Somerset, NJ  08873-4105

Novatel Wireless, Inc.
General Counsel
9360 Towne Centre Drive, Suite 110
San Diego, CA 92121

Onyx Software Corp.
General Counsel
1100 - 112th Avenue, NE, Suite 100
Bellevue, WA 98004

5

Pinnacor, Inc.
General Counsel
601 West 26th Street, 13th Floor
New York, NY 10001

Silicon Image, Inc.
General Counsel
1060 E. Arques Avenue
Sunnyvale, CA 94086

Simplex Solutions, Inc.
General Counsel
2655 Seely Avenue
San Jose, CA  95134

Supportsoft, Inc. (formerly "Support.com")
General Counsel
575 Broadway
Redwood City, CA 94063

Tanning Technology Corp.
General  Counsel
4600 South Syracuse Street, Suite 300
Denver, CO  80237

Tumbleweed Communications Corp.
General Counsel
700 Saginaw Drive
Redwood City, CA  94063

NO APPEARANCES HAVE BEEN NOTED BY COUNSEL FOR THE FOLLOWING
INDIVIDUAL DEFENDANTS.  SERVICE MADE AT LAST KNOWN ADDRESS:

Eric D. Stonestrom.
c/o Airspan Networks, Inc.
777 Yamato Road, Suite 105
Boca Raton, FL 33341

Joseph J. Caffarelli
c/o Airspan Networks, Inc.
777 Yamato Road, Suite 105
Boca Raton, FL 33341

#318137

Thomas C. Hoster
c/o At Road, Inc.
47200 Bayside Parkway
Freemont, CA  94538

Krish Panu
c/o At Road, Inc.
47200 Bayside Parkway
Freemont, CA  94538

Dean A. Debiase
c/o Autoweb,com, Inc.
18872 MacArthur Boulevard
Irvine, CA 92612

Samuel M. Hedgpeth III
c/o Autoweb,com, Inc.
18872 MacArthur Boulevard
Irvine, CA 92612

David B. Cooper, Jr.
c/o AvantGo, Inc.
25881 Industrial Boulevard
Hayward, CA 94545

Richard Owen
c/o AvantGo, Inc.
25881 Industrial Boulevard
Hayward, CA 94545

Brian M. Nesmith
c/o Blue Coat Systems, Inc.
650 Almanor Avenue
Sunnyvale, CA 94086

Michael J. Johnson
c/o Blue Coat Systems, Inc.
650 Almanor Avenue
Sunnyvale, CA 94086

William T. Baxter
c/o BSquare Corp.
3150 139th Avenue NE, Suite 500
Bellevue, WA 98005

#318137

Brian V. Turner
c/o BSquare Corp.
3150 139th Avenue NE, Suite 500
Bellevue, WA 98005

Faraj Aalaei
c/o Centillium Communications, Inc.
47211 Lakeview Boulevard
Freemont, CA  94538

JohnW. Luhtala
c/o Centillium Communications, Inc.
47211 Lakeview Boulevard
Freemont, CA  94538

Jerry Shaw-Yau Chang
c/o Clarent Corp.
850 Saginaw Drive
Redwood City, CA 94063

Richard J. Heaps
c/o Clarent Corp.
850 Saginaw Drive
Redwood City, CA 94063

Mark B. Hoffman
c/o Commerce One, Inc.
4440 Rosewood Drive
Pleasanton, CA 94588

Peter F. Pervere
c/o Commerce One, Inc.
4440 Rosewood Drive
Pleasanton, CA 94588

Steven Sipowicz
c/o Corillian Corporation
3400 NW John Olsen Place
Hillsboro, OR  97124

Ted F. Spooner
c/o Corillian Corporation
3400 NW John Olsen Place
Hillsboro, OR  97124

#318137

**George Boutros**
c/o Credit Suisse First Boston Corp.
11 Madison Avenue
New York, NY 10010

**William Brady**
c/o Credit Suisse First Boston Corp.
11 Madison Avenue
New York, NY 10010

**David A. Denunzio**
c/o Credit Suisse First Boston Corp.
11 Madison Avenue
New York, NY 10010

**John M. Hennessy**
c/o Credit Suisse First Boston Corp.
11 Madison Avenue
New York, NY 10010

**John Hodge**
c/o Credit Suisse First Boston Corp.
11 Madison Avenue
New York, NY 10010

**Edward Nadel**
c/o Credit Suisse First Boston Corp.
11 Madison Avenue
New York, NY 10010

**Jack Tejavanija**
c/o Credit Suisse First Boston Corp.
11 Madison Avenue
New York, NY 10010

**Richard Thornburgh**
c/o Credit Suisse First Boston Corp.
11 Madison Avenue
New York, NY 10010

**Charles Ward**
c/o Credit Suisse First Boston Corp.
11 Madison Avenue
New York, NY 10010

#318137

Allen D. Wheat
c/o Credit Suisse First Boston Corp.
11 Madison Avenue
New York, NY 10010

David Oppenheimer
c/o Digital Impact, Inc.
177 Bovet Road
San Mateo, CA 94402

William C. Park
c/o Digital Impact, Inc.
177 Bovet Road
San Mateo, CA 94402

Steven A. Dukker
c/o E Machines, Inc.
14350 Myford Road, Suite 100
Irvine, CA  92606

Steven H. Miller
c/o E Machines, Inc.
14350 Myford Road, Suite 100
Irvine, CA  92606

Mark A. Floyd
c/o Efficient Networks, Inc.
4849 Alpha Road
Dallas, TX  75244

Jill S. Manning
c/o Efficient Networks, Inc.
4849 Alpha Road
Dallas, TX  75244

Roger S. Siboni
c/o E.piphany, Inc.
1900 S. Norfolk Street, Suite 310
San Mateo, CA 94403

Kevin J. Yeaman
c/o E.piphany, Inc.
1900 S. Norfolk Street, Suite 310
San Mateo, CA 94403

#318137

John P. Bantleman
c/o Evolve Software, Inc.
150 Spear Street
San Francisco, CA 94105

Douglas S. Sinclair
c/o Evolve Software, Inc.
150 Spear Street
San Francisco, CA 94105

GlobespanVirata, Inc. (formerly "Virata Corp.")
General Counsel
100 Schulz Drive
Red Bank, NJ 07701

Charles Cotton
c/o Globespanvirata, Inc.
100 Schulz Drive
Red Bank, NJ  07701

Andre Vought
c/o Globespanvirata, Inc.
100 Schulz Drive
Red Bank, NJ  07701

Donna L. Dubinsky
c/o Handspring, Inc.
189 Bernardo Avenue
Mountain View, CA 94043

Bernard J. Whitney
c/o Handspring, Inc.
189 Bernardo Avenue
Mountain View, CA 94043

Ronald B. Cooper
c/o Improvenet, Inc.
8930 E Raintree Drive, Suite 300
Scottsdale, AZ  85260

Richard G. Reece
c/o Improvenet, Inc.
8930 E Raintree Drive, Suite 300
Scottsdale, AZ  85260

#318137

Gaurav S. Dhillon
c/o Informatica Corp.
2100 Seaport Boulevard
Redwood City, CA 94063

Craig L. Klosterman
c/o Informatica Corp.
2100 Seaport Boulevard
Redwood City, CA  94063

Paul E. McBride
c/o Internap Network Services Corp.
250 Williams Street, Suite E-100
Atlanta, GA 30303

Anthony C. Naughtin
c/o Internap Network Services Corp.
250 Williams Street, Suite E-100
Atlanta, GA 30303

Erwin N. Lenowitz
c/o InterTrust Technologies Corp.
4800 Patrick Henry Drive
Santa Clara, CA 95054

Victor Shear
c/o InterTrust Technologies Corp.
4800 Patrick Henry Drive
Santa Clara, CA 95054

David M. Allen
c/o Interwoven, Inc.
803 11th Avenue
Sunnyvale, CA 94089

Martin Brauns
c/o Interwoven, Inc.
803 11th Avenue
Sunnyvale, CA 94089

Donald M. Freed
c/o Intraware, Inc.
25 Orinda Way, Suite 101
Orinda, CA 94563

#318137

Peter H. Jackson
c/o Intraware, Inc.
25 Orinda Way, Suite 101
Orinda, CA 94563

Royal P. Farros
c/o iPrint Technologies, Inc.
3073 Corvin Drive
Santa Clara, CA 95051

James P. McCormick
c/o iPrint Technologies, Inc.
3073 Corvin Drive
Santa Clara, CA 95051

John T. Kernan
c/o Lightspan Partnership, Inc.
10140 Campus Point Drive
San Diego, CA  92121-1520

Kathleen R. McElwee
c/o Lightspan Partnership, Inc.
10140 Campus Point Drive
San Diego, CA  92121-1520

Eric Blachno
c/o Luminent, Inc.
20550 Nordhoff Street
Chatsworth, CA 91311

William R. Spivey
c/o Luminent, Inc.
20550 Nordhoff Street
Chatsworth, CA  91311

John F. McDonnell
c/o McDATA Corporation
310 Interlocken Crescent
Broomfield, CO 80021

Dee J. Perry
c/o McDATA Corporation
310 Interlocken Crescent
Broomfield, CO 80021

#318137

Paul L. H. Ouyang
c/o MP3.com
4790 Eastgate Mall
San Diego, CA 92121

Michael L. Robertson
c/o MP3.com
4790 Eastgate Mall
San Diego, CA 92121

Richard N. Nottenburg
c/o Multilink Technology Corp.
300 Atrium Drive, Second Floor
Somerset, NJ  08873-4105

Eric M. Pillmore
c/o Multilink Technology Corp.
300 Atrium Drive, Second Floor
Somerset, NJ  08873-4105

William L. Potts, Jr.
c/o New Focus, Inc.
2584 Junction Avenue
San Jose , CA  95134

Kenneth E. Westrick
c/o New Focus, Inc.
2584 Junction Avenue
San Jose, CA 95134

Melvin Flowers
c/o Novatel Wireless, Inc.
9360 Towne Centre Drive, Suite 110
San Diego, CA 92121

John Major
c/o Novatel Wireless, Inc.
9360 Towne Centre Drive, Suite 110
San Diego, CA 92121

Numerical Techologies, Inc.
General Counsel
70 W. Plumeria Drive
San Jose, CA 95134

#318137

Richard Mora
c/o Numerical Technologies, Inc.
70 W. Plumeria Drive
San Jose, CA  95134

Y.C. (Buno) Pati
c/o Numerical Technologies, Inc.
70 W. Plumeria Drive
San Jose, CA  95134

Frederic T. Boyer
c/o Occam Networks, Inc.
77 Robin Hill Road
Santa Barbara, CA 93117

Suresh Nihalani
c/o Occam Networks, Inc.
77 Robin Hill Road
Santa Barbara, CA 93117

Glenn S. Ballman
c/o Onvia.com, Inc.
1260 Mercer Street
Seattle, WA 98109

Mark T. Calvert
c/o Onvia.com, Inc.
1260 Mercer Street
Seattle, WA 98109

Brent R. Frei
c/o Onyx Software Corp.
1100 - 112th Avenue, NE, Suite 100
Bellevue, WA 98004

Sarwat H. Ramadan
c/o Onyx Software Corp.
1100 - 112th Avenue, NE, Suite 100
Bellevue, WA 98004

Kevin C. Clark
c/o Pinnacor, Inc.
601 West 26th Street, 13th Floor
New York, NY 10001

#318137

David M. Obstler
c/o Pinnacor, Inc.
601 West 26th Street, 13th Floor
New York, NY 10001

Susan Black
c/o Razorfish, Inc.
11 Beach Street, 10th Floor
New York, NY 10013

Jeffrey A. Dachis
c/o Razorfish, Inc.
11 Beach Street, 10th Floor
New York, NY 10013

C. Rudy Puryear
c/o SBI and Company
2825 E. Cottonwood, Suite 480
Salt Lake City, UT 84121

Brian Henry
c/o SBI and Company
2825 E. Cottonwood, Suite 480
Salt Lake City, UT 84121

David D. Lee
c/o Silicon Image, Inc.
1060 E. Arques Avenue
Sunnyvale, CA 94086

Daniel K. Atler
c/o Silicon Image, Inc.
1060 E. Arques Avenue
Sunnyvale, CA 94086

Luis P. Buhler
c/o Simplex Solutions, Inc.
2655 Seely Avenue
San Jose, CA  95134

Penelope A. Hersher
c/o Simplex Solutions, Inc.
2655 Seely Avenue
San Jose, CA  95134

#318137

Radha R. Basu
c/o Supportsoft, Inc.
575 Broadway
Redwood City, CA 94063

Brian M. Beattie
c/o Supportsoft, Inc.
575 Broadway
Redwood City, CA 94063


Henry F. Skelsey
c/o Tanning Technology Corp.
4600 South Syracuse Street, Suite 300
Denver, CO  80237

Larry G. Tanning
c/o Tanning Technology Corp.
4600 South Syracuse Street, Suite 300
Denver, CO  80237

W. Thomas Gimple
c/o Tickets.com, Inc.
555 Anton Boulevard, 11th Floor
Costa Mesa, CA 92626

John M. Markovich
c/o Tickets.com, Inc.
555 Anton Boulevard, 11th Floor
Costa Mesa, CA 92626

Howard Speaks
c/o Triton Network Systems, Inc.
8529 South Park Circle
Orlando, FL 32819

Kenneth R. Vines
c/o Triton Network Systems, Inc.
8529 South Park Circle
Orlando, FL 32819

Jeffrey C. Smith
c/o Tumbleweed Communications Corp.
700 Saginaw Drive
Redwood City, CA  94063

#318137

Joseph C. Consul
c/o Tumbleweed Communications Corp.
700 Saginaw Drive
Redwood City, CA 94063

Larry M. Augustin
c/o VA Software Corporation
47071 Bayside Parkway
Fremont, CA 94538

Todd B. Schull
c/o VA Software Corporation
47071 Bayside Parkway
Fremont, CA 94538

Robert L. Gett
c/o Viant Corp.
89 South Street
Boston, MA 02111

M. Dwayne Nesmith
c/o Viant Corp.
89 South Street
Boston, MA 02111

Paul Auvil
c/o Vitria Technology, Inc.
945 Stewart Drive
Sunnyvale, CA 94086

Jomei Chang
c/o Vitria Technology, Inc.
945 Stewart Drive
Sunnyvale, CA 94086


ADDITIONAL INTERESTED PARTIES:

Clerk of the Court
United States District Court
Southern District of Florida
301 North Miami Avenue
Miami, FL 33128

#318137

Clerk of the Court
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Hon. Shira A. Scheindlin
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1050
New York, NY 10007

Hon. William H. Pauley III
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2210
New York, NY 10007

Hon. Jose E. Martinez
United States District Court
Southern District of Florida
301 North Miami Avenue, 3rd Floor
Miami, FL 33128


MEMBERS OF LEAD PLAINTIFFS' EXECUTIVE COMMITTEE IN IN RE INITIAL PUBLIC OFFERING SECURITIES LITIGATION, 21 MC 92 (SAS):

Bernstein, Liebhard & Lifshitz, L.L.P.
Stanley Bernstein, Esq.
Sandy A. Liebhard, Esq.
Rebecca Katz, Esq.
Robert J. Berg, Esq.
10 East 40th Street
New York, NY 10016

Lovell, Stewart and Halebian LLP
Christopher Lovell, Esq.
Victor Stewart, Esq.
500 Fifth Avenue
New York, N.Y. 10110

#318137

Milberg Weiss Bershad
Hynes & Lerach, LLP
Melvyn I. Weiss, Esq.
Robert A. Wallner, Esq.
Ariana J. Tadler, Esq.
One Pennsylvania Plaza
New York, NY 10119

Sirota & Sirota
Howard Sirota, Esq.
Saul Roffe, Esq.
110 Wall Street, 21st Floor
New York, NY 10004

Stull Stull & Brody
Jules Brody, Esq.
Aaron Brody, Esq.
6 East 45th Street
New York, NY 10017

Wolf Haldenstein Adler Freeman & Herz LLP
Fred Taylor Isquith, Esq.
Thomas Burt, Esq.
Gustavo Bruckner, Esq.
270 Madison Avenue
New York, NY  10016


LIAISON COUNSEL TO UNDERWRITER DEFENDANTS IN IN RE INITIAL PUBLIC
OFFERING SECURITIES LITIGATION, 21 MC 92 (SAS) AND AUTHORIZED TO ACCEPT
PAPERS ON BEHALF OF UNDERWRITER DEFENDANTS:

Sullivan & Cromwell
Gandolfo DiBlasi, Esq.
Penny Shane, Esq.
125 Broad Street
New York, N.Y.  10004

#318137

LIAISON COUNSEL TO ISSUER DEFENDANTS IN <u>IN RE INITIAL PUBLIC OFFERING</u> <u>SECURITIES LITIGATION</u>, 21 MC 92 (SAS) AND AUTHORIZED TO ACCEPT PAPERS ON BEHALF OF ISSUER DEFENDANTS:

**Morrison & Foerster LLP**
**Jack Auspitz, Esq.**
**Matthew D'Amore, Esq.**
**1290 Avenue of the Americas**
**New York, N.Y. 10104-0012**

#318137

# Exhibit A

| Composite List Amended Complaint Lead Plaintiffs | |
| --- | --- |
| **Issuer** | **Name** |
| 724 Solutions | Gregory R. Hodges |
| | |
| Accelerated Networks II | David Pearl; Harfa Holdings, Inc. |
| | |
| Aclara Biosciences | Richard McKee |
| | |
| Aether Systems | Robert Narayan; Dr. Pradeep Srivastava |
| | |
| Agency.com | Shailendra Majmundar |
| | |
| Agile Software | Miriam Werczberger |
| | |
| Agilent Technologies | Carlos Medeiros; Jose Daniel Viveiros de Medeiros |
| | |
| Airgate PCS | Robert Tuele |
| | |
| AirNet Communications | William Todd Thompson |
| | |
| Airspan | Richard Le Vien |
| | |
| Akamai | Ian Kideys |
| | |
| Alamosa PCS Holdings | Tracy Spaeth |
| | |
| Alloy Online | Joshua Teitelbaum |
| | |

/317315

| | |
|---|---|
| Antigenics | Joseph Baum |
| Apropos Technology | Michael Atlas |
| Ariba | H. Wayne Jones |
| Ashford.com | James Liapakis |
| AsiaInfo Holdings | Benedetto Hassan |
| Ask Jeeves | Thomas Pilarz |
| Aspect Medical | Leonard Peddy |
| Audible | John Rando |
| Autobytel | Joseph Calcaterra, Jr.; Gary W. and Suzanne Kurtz |
| Autoweb | James S. Ashburn |
| Avanex | International Brotherhood of Electrical Workers Local 98; Richard Palladino |
| Avantgo | Arie Slot |
| Avenue A | Saswata Basu |
| Avici | Tamarack I, L.P. Ian Murray |

/317315

| | |
|---|---|
| B2B Internet Holdrs | Fenyong Tan |
| Backweb Technologies | Lawrence A. Fantoli |
| Be Free | Ronnie Sehon |
| Blue Martini | Ralph B. Wood |
| Bookham Technology PLC | Max Bigler Irrevocable Trust |
| Bottomline Technologies | Benson W. Campbell, Jr.; Stephen Mountain |
| Braun Consulting | Evonne Moore |
| Breakaway | Jerry Loew |
| Brocade | Arvind Kumra |
| Bsquare | Maurice Wilber |
| Buy.com | Amir Sahebi |
| Cacheflow | Val Kay |
| Caldera Systems | Claire Eff |
| Calico | Marshall Hui; Allen Sumner; Paul Statham |
| Caliper Technologies | Shalom Daskal |

/317315

| | |
|---|---|
| Capstone Turbine | Ralph C. Harrison |
| Carrier1 International | John Ashou |
| Centra Software | J. Eugene Smith, Jr. |
| Chartered Semiconductor | Barry S. Kantrowitz |
| Chinadotcom | Dr. Allen Taylor; Paul and Teresa Ng |
| Choice One | Paul Dachsteiner |
| Chordiant Software | Thomas R. Stelter<br>Trustee for the Thomas R. Stelter Declaration of Trust dated 1/31/92 |
| Clarent | Ciaran MacNeill |
| Click Commerce | George Murphy |
| Cobalt Networks | Morris Kassin |
| Commerce One | Jonathan Baruch |
| CommTouch Software | Globe Corporation |
| Concur Technologies | Edward Howden |
| Copper Mountain Networks | Charles Lowlicht |

/317315

| | |
|---|---|
| Copper Mountain Networks | Wendell Flatter |
| Corio | Brad Turck |
| Corvis | Saswata Basu |
| CoSine Communications | Jeff D. Martin |
| Covad | Neils Peter Christenson |
| Critical Path | Alexander Nehring |
| Cybersource | Brian Mohr |
| Daleen Technologies | Stuart Shilitz; Angelo Fazari |
| Data Return | Marcus Oates |
| deCode Genetics | Linda Rubin |
| Delano Technology | Dianne Strauss FBO J. Stauss; Dianne Strauss |
| deltathree.com | Hanna Hadari; Tal Hadari; Widad Jafar; Dror Hadari |
| Dice (Earthweb) | Raphael Grossman |
| Digimarc | Emmett H. Zahn |
| Digital Impact | Richard Freeman |

/317315

| | |
|---|---|
| Digital Insight | Robert M. Wright |
| Digital Island | Abraham Kassin; Fred Alfano |
| Digital River | Fremont Gruss; Boris Prokhorenko |
| Digitalthink | Arsenio C. deGuzman |
| Digitas | Joseph C. Rowe, Jr. |
| Diversa | Vicki M. Muller; Mariam M. Heelan; Donald K. Natale |
| Doubleclick | Dane Scott Nuanes |
| drkoop.com | Jack Schwartz |
| Drugstore.com | Bertha Washington |
| E.piphany | Zia Uddin |
| E-Loan | Gregory Balfanz |
| eBenX | Rennel Trading Corp. |
| eGain Communications | Rennel Trading Corp. |
| El Sitio | B. V. Coracias; Percy C. Burns, III |

/317315

| Eloquent | Jeffrey Diamond |
|---|---|
| Engage | Krikor Kasbarian |
| Equinix | Steven Hoffman |
| eToys | Michael Sabbia |
| Evolve Software | Richard Jaross |
| Exchange Applications | Tony G. Bedwell; Robert Walsh |
| Exfo | John G. Williams |
| Expedia | Michael Mangan |
| Extensity | Nicholas H. Felzen |
| Extreme Networks | Thomas Thale; John G. Williams |
| F5 Networks | James Kotsopoulos |
| Fairmarket | Sujan Pradhan |
| Fatbrain.com | Morris Kassin |
| Finisar | William H. Hamilton |
| Firepond | Joseph Zhen |

/317315

| | |
|---|---|
| Flashnet Communications | Saul Kassin |
| Focal Communications | Philip Duggan |
| Foundry Networks | Nina Hardoff |
| Freemarkets | Charles Bower |
| Gadzoox | Gabriel T. Forrest; Stanley Haiduk |
| GigaMedia | Barbara McFarland |
| Global Crossing | E. L. Fike; Jonathan K. Lawton; Gregory Lawton; Lawrence W. Lawton-Executor of Estate of Johanna A. Lawton |
| Globespan | Sannaka Wettimuny |
| Goto.com | Dante Monteverde |
| GRIC Communications | Gabriel Poloni |
| GT Group Telecom | Todd Krouner |
| Handspring | Jeorges Levy |
| High Speed Access | E. Howard King, Jr. |
| Hoovers | Joseph Capece; Paulsen K. Bailey |

/317315

| | |
|---|---|
| iBasis | Sharon Merkin; Solomon N. Merkin; Lieb Merkin, Inc. |
| iBeam | Richard L. Gay |
| iManage | Wang-Li Yen |
| Immersion | Marat Chorny |
| Impsat Fiber Networks | Darrell M. Padgette; Martin Camaj; Peter Rooney |
| Informatica | William Neuman |
| Informax | Coastline Corp. |
| Inforte | Mary C. Best |
| Inrange Technologies | David Heitz |
| Insweb | John F. Farrell |
| Integrated Information Systems | Carole Groux |
| Integrated Telecom Express | Joel Richmon |
| Internap | William Siegel |
| Internet Capital Group | AFA Management Partners, LP |
| Internet Infrastructure Holdrs | Jack L. Cobb |

/317315

| | |
|---|---|
| Internet Initiative Japan | Saul Kassin |
| Intersil | Donald E. Benjamin; Robert P. Jordan |
| Intertrust Technologies | Gary Crandall |
| Interwave Communications | Scott Allen Middleton |
| Interwoven | Dareld V. Olson |
| Intraware | Peter K. Michl |
| iPrint.com | Alfred Boeckli |
| ITXC | Marc Gelman |
| iVillage | Robert Ford |
| IXL Enterprises | John G. Miles |
| Jazztel | Donald Lamps |
| JNI | Jack Kassin |
| Juniper Networks (lead not in omnibus) | Thomas McDaniel |
| Juniper Networks | Amy Varani |
| Kana Software | Catu, Ltd. |

/317315

| | |
|---|---|
| Kana Software | Abraham Kassin |
| Keynote Systems | John Bagnasco |
| Korea Thrunet | Robert S. Phillips |
| Lante | Saswata Basu |
| Latitude Communications | Ronald Louis Traynor |
| Lexent | John L. Labansky |
| Liberate | Ben Berman |
| Lionbridge Technologies | Bernard Gateau |
| Liquid Audio | Jeff Eltinge |
| LookSmart | Bernard Grizzaffi |
| Loudeye | Joseph Treglia; Kathleen Treglia |
| Manufacturers Services LTD | Melvin Crenshaw, Jr.; Marvin P. Crenshaw |
| Marimba | Robert Ponce |
| Marketwatch.com | Nicholas and Bettie Anderson |
| Martha Stewart Living Omnimedia | Saul Kassin |

/317315

| | |
|---|---|
| Marvell Technology | Richard Hart |
| Matrixone | Raymond Doerr |
| Maxygen | Marilyn Male |
| McAfee.com | Philip Attfield |
| McData | Michael Urness |
| MCK Communications | Aleksandr Sukennik |
| Mediaplex | Paul Nguyen |
| Medicalogic | Sidney L. Jarvis |
| Metasolv Software | Colbert Birnet, LP |
| Metawave Communications | James R. Weber |
| Microtune | Joan Trafficanta |
| Modem Media | Nelson Chang |
| MP3.com | Saul Kassin |
| Multex | Raymond B. Dooley |

/317315

| | |
|---|---|
| Navisite | Arvid Brandstrom<br>Brandstrom Instruments |
| Neoforma.com | Saswata Basu |
| Net Perceptions | Timothy J. Fox |
| Net2000 | Daniel P. Conrad |
| Net2Phone | James Kotsopoulos |
| Netcentives | Neil Chasin |
| NetRatings | Joel Richmon |
| Netro | Christian and Judith Grubb |
| Netsilicon | Patrick Miller |
| Netsolve | Edward Woodward, Jr. |
| Network Engines | Margaret Vojnovich |
| Network Plus | Richard S. Allegood |
| Netzero | David Langer |
| New Focus | Mathew Samuel |
| Next Level | Ronald Lessnau |

/317315

| | |
|---|---|
| Nextcard | Brando Polak |
| Nextel Partners | Carolyn Kiefer |
| Niku | Kenneth J. Goffreda |
| Northpoint Communications | Todd Feldman |
| Nuance Communications | Michael Atlas |
| Numerical Technologies | Pond Equities |
| Omnisky | Floyd Benigni |
| Omnivision Technologies | Terry A. Chandler |
| ON Semiconductor | Gary Goldberg; Fuller & Thaler Asset Management |
| ONI Systems | Salvatore and Brenda Abbruzzino |
| Onvia.com | Richard Wu |
| Onyx Software | Gary G. Stubbers |
| Open TV | Alhan Evrim; Abraham Kassin |
| Openwave Systems | James Tran |

/317315

| | |
|---|---|
| Oplink Communications | Norris Kipfer Harward |
| Optio Software | Daniel H. Grahl |
| OraPharma | David F. Boyd |
| Oratec Interventions | Jay D. Schainholz |
| Orchid Biosciences | Clyde W. Waite |
| Organic | Jim Greenwood |
| OTG Software | Jonathan P. Nelson |
| Pac-West Telecomm | Jerry Krim |
| Pacific Internet | Robert F. Eslick |
| Packeteer | Greg Antoniono |
| Palm | Plumbers and Pipefitters National Pension Fund |
| Paradyne Networks | Joseph M. Rana |
| PCOrder | Morris Kassin |
| Perot Systems | Robinson Radiology Ltd Profit Sharing Plan and Trust |
| PlanetRx.com | Richard Ray and Pamela Kay Trujillo |

/317315

| | |
|---|---|
| Portal Software | Buck D. Hallen |
| Predictive Systems | Wayne Gilbert |
| Preview Systems | Saul Kassin |
| Priceline.com | David W. Hook |
| Primus Knowledge | Daniel E. Johnson |
| Prodigy Communications | James B. Holman |
| Proton Energy | Donna Procaccianti; Robert Procaccianti |
| PSI Technologies Holdings | Jimmy Chin |
| PurchasePro.com | Robert F. Munsey |
| Quest Software | K. Peter Koch |
| Quicklogic | Janis and Susan Prusis |
| Radio One | Colbert Birnet, LP |
| Radio Unica | Louis DePietro; Michael Atlas |
| Radware | John Warner |

/317315

| | |
|---|---|
| Ravisent Technologies | Herman D. Miller |
| Razorfish | Laura Cunningham; Michelle Kideys |
| Red Hat | Saul Kassin |
| Redback | Robert Lang; Aileen Haw |
| Regent Communications | Kenneth Bordo |
| Register.com | Stafford Perkins |
| Repeater Technologies | Frank Arduino; Ken Kalla |
| Resonate | Paul Felzen |
| Retek | Sieglinde Jeffries; Iwan Sutardji |
| Rhythms Netconnections | Ralph Elefant |
| Rowecom, Inc. | Kenneth Reichle; Abraham Kassin |
| Saba Software | John Paul Smith |
| Satyam Infoway | Nechama Kamelhar |
| Sciquest | Morris Kassin-Collegeware USA; John A. Berton - Berton Family Trust |
| Selectica | John and Patrick Fitapelli |

/317315

| | |
|---|---|
| Sequenom | Collegeware Asset Management |
| Silicon Image | Alberto Jose Gonzalez |
| Silicon Laboratories | Evelyn Ortiz |
| Silverstream | Don Peterson |
| Sirenza Microdevices | Jeffrey J. Van Ryen |
| Smartdisk | Howard R. Barto |
| SMTC | William Mitchell |
| Sonicwall | Donald M. DeZarn |
| Sonus Networks | Edward C. Donahue |
| Spanish Broadcasting | Mitchell Wolf |
| Stamps.com | Vasanthakumar Gangaiah |
| Starmedia Network | Kelly P. Day |
| Storage Networks | Sayed Sadat |
| Stratos Lightwave | Dr. Claude Paulin; Mrs. Alice Paulin |

/317315

| | |
|---|---|
| Support.com | Dane A. Risley |
| Switchboard | Wallace S. Pierce |
| Sycamore Networks | Frederick B. Henderson |
| Talarian | Anthony Montanaro; Domenica Montanaro; Martin Lowenstein |
| Telaxis | Scott Swindle |
| Telecommunications Systems | David J. Bertoli |
| Telecorp PCS | Joseph W. Fontenot |
| TenFold | Jeffry T. Dillon |
| Terra Networks, S.A. | Samuel Sinay |
| The Globe.com | Krikor Kasbarian |
| TheStreet.com | Bernd Huber |
| Tibco | Vladimir Spira, M.D., FAAP and Beata Spira |
| Ticketmaster | Saul Kassin |
| Tickets.com | Marilyn Silverman Mendell |
| Tippingpoint Technologies | Brian Levy |

/317315

| | |
|---|---|
| Tivo | Rutherford Dawson |
| Transmeta Corp. | Jerome Hammonds |
| Triton Networks Systems | Metha M. Doescher; Alex Shainsky |
| Turnstone Systems | Michael Szymanowski |
| Tut Systems | William Price |
| UAXS Global | A. Pher Holmberg; Oscar E. Hannig |
| United Pan-Europe Communications | Roger Andriessen |
| Usinternetworking | Louis Feniger |
| UTStarcom | Charles D. and Janet Medaliz |
| VA Linux | Zagoda A.G. |
| ValiCert | Jacqueline LaChance |
| Valley Media | Jeffrey D. Breen |
| Value America II | Earl S. Kauffman |
| Variagenics | Richard A. Wettergreen |

/317315

| | |
|---|---|
| Ventro | Abraham Kassin |
| Verado Holdings | David B. Best |
| Verticalnet | Gregory S. Carroll; Alexander Nehring |
| VIA Net.works | Raymond C. Homan; Mark Fried |
| Viador | Simon Gendler |
| Viant | Michael Atlas; Yar W. Mociuk |
| Vicinity | Robert Elkas |
| Vignette | Joseph P. Ruggles |
| Virage | Ginger LeMay |
| Virata | Barry J. Agranat |
| Vitria Technology | Ian Kideys; Kideys Corporation |
| Vixel | Zhen Shao |
| WebMD | Kory Bostwick |
| webMethods | Jack Kassin |
| Webvan | Paul R. Robichaux |

/317315

| | |
|---|---|
| Webvan | James August |
| Wink | Jamil S. Quwaider |
| Wireless Facilities | Fuller & Thaler Asset Management |
| Women.com Networks | Abraham Kassin |
| World Wrestling Federation | Kenneth Bank |
| Xcare.net | Richard M. Dearnley - Dearnley Brothers Fund II |
| Xpedior | George Essenmacher |
| Z-Tel Tech | David Grosinger |
| Ziff Davis | Saul Kassin |

/317315

# Exhibit B





03-20459

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. _____



CIV-MARTINEZ



MAGISTRATE JUDGE
DUBÉ

---

AMY LIU on behalf of herself and all others similarly situated,

    Plaintiff,

vs.

CREDIT SUISSE FIRST BOSTON CORPORATION, CREDIT SUISSE FIRST BOSTON, INCORPORATED, CREDIT SUISSE FIRST BOSTON-USA, CREDIT SUISSE FIRST BOSTON, CREDIT SUISSE GROUP, FRANK QUATTRONE, GEORGE BOUTROS, WILLIAM BRADY, JOHN M. HENNESSY, ALLEN D. WHEAT, RICHARD THORNBURGH, CHARLES WARD,  DAVID A. DENUNZIO, EDWARD NADEL, JOHN HODGE, JACK TEJAVANIJA, AIRSPAN NETWORKS, INC., ERIC D. STONESTROM, JOSEPH J. CAFFARELLI, AT ROAD, INC., KRISH PANU, THOMAS C. HOSTER, OCCAM NETWORKS INC. (formerly "ACCELERATED NETWORKS, INC."), SURESH NIHALANI, FREDERIC T. BOYER, AVANTGO, INC., RICHARD OWEN, DAVID B. COOPER, JR., AUTOWEB.COM, INC. (AUTOBYTEL, real party in interest), DEAN A. DEBIASE, SAMUEL M. HEDGPETH III, BSQUARE CORP., WILLIAM T. BAXTER, BRIAN V. TURNER, BLUE COAT SYSTEMS, INC. (formerly "CACHEFLOW, INC."), BRIAN M. NESMITH, MICHAEL J. JOHNSON, CLARENT CORP. (VERSO TECHNOLOGIES, INC., real party in interest), JERRY SHAW-YAU CHANG, RICHARD J. HEAPS, COMMERCE ONE, INC., MARK B. HOFFMAN, PETER F. PERVERE, CORILLIAN CORP., TED F. SPOONER, STEVEN SIPOWICZ, CENTILLIUM COMMUNICATIONS, INC., FARAJ AALAEI, JOHN W. LUHTALA, DIGITAL IMPACT, INC., WILLIAM C. PARK, DAVID OPPENHEIMER, E MACHINES, INC.,

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

COMPLAINT—CLASS ACTION
JURY TRIAL DEMANDED



Scanned Image - 1/03CV20459 Document 1 line 1 line Mar 02 00:00:00 2003

STEPHEN A. DUKKER, STEVEN H. MILLER,               )
EFFICIENT NETWORKS, INC., MARK A.                  )
FLOYD, JILL S. MANNING, E.PIPHANY, INC.,           )
ROGER S. SIBONI, KEVIN J. YEAMAN, EVOLVE           )
SOFTWARE, INC., JOHN P. BANTLEMAN,                 )
DOUGLAS S. SINCLAIR, HANDSPRING, INC.,             )
DONNA L. DUBINSKY, BERNARD J. WHITNEY,             )
IMPROVENET, INC., RONALD B. COOPER,                )
RICHARD G. REECE, INTERNAP NETWORK                 )
SERVICES CORP., ANTHONY C. NAUGHTIN,               )
PAUL E. MCBRIDE, INFORMATICA CORP.,                )
GAURAV S. DHILLON, CRAIG L.                         )
KLOSTERMAN, IPRINT TECHNOLOGIES, INC.              )
(formerly "IPRINT.COM"; MADETOORDER.COM,           )
INC., real party in interest), ROYAL P. FARROS,    )
JAMES P. MCCORMICK, INTRAWARE, INC.,               )
PETER H. JACKSON, DONALD M. FREED,                 )
INTERTRUST TECHNOLOGIES CORP., VICTOR              )
SHEAR, ERWIN N. LENOWITZ, INTERWOVEN,              )
INC., MARTIN BRAUNS, DAVID M. ALLEN,               )
LUMINENT, INC., WILLIAM R. SPIVEY, ERIC           )
BLACHNO, LANTE CORP. (SBI AND                       )
COMPANY, real party in interest), C. RUDY          )
PURYEAR, BRIAN HENRY, VA SOFTWARE                  )
CORPORATION (formerly "VA LINUX                     )
SYSTEMS"), LARRY M. AUGUSTIN, TODD B.              )
SCHULL, LIGHTSPAN PARTNERSHIP, INC.,               )
JOHN T. KERNAN, KATHLEEN R. MCELWEE,              )
MCDATA CORPORATION, JOHN F.                         )
MCDONNELL, DEE J. PERRY, MULTILINK                 )
TECHNOLOGY CORP., RICHARD N.                        )
NOTTENBURG, ERIC M. PILLMORE, MP3.COM             )
(VIVENDI UNIVERSAL NET USA GROUP, INC.,            )
real party in interest), MICHAEL L. ROBERTSON,     )
PAUL L. H. OUYANG, NUMERICAL                        )
TECHNOLOGIES, INC., Y. C. (BUNO) PATI,            )
RICHARD MORA, NEW FOCUS, INC., KENNETH            )
E. WESTRICK, WILLIAM L. POTTS, JR.,               )
NOVATEL WIRELESS, INC., JOHN MAJOR,               )
MELVIN FLOWERS, ONVIA.COM, INC., GLENN            )
S. BALLMAN, MARK T. CALVERT, ONYX                 )
SOFTWARE CORP., BRENT R. FREI, SARWAT             )
H. RAMADAN, RAZORFISH, INC. (SBI AND              )
COMPANY, real party in interest), JEFFREY A.      )
DACHIS, SUSAN BLACK, RETEK, INC., JOHN            )

2

Scanned Image - %ASCVBhbB Document 1 page 2 line Mar 05 08:05:15 2003

BUCHANAN, GREGORY A. EFFERTZ,                          )
PINNACOR, INC. (formerly "SCREAMINGMEDIA,              )
INC."), KEVIN C. CLARK, DAVID M. OBSTLER,              )
SILICON IMAGE, INC., DAVID D. LEE, DANIEL              )
K. ATLER, SELECTICA, INC., RAJEN JASWA,                )
STEPHEN BENNION, SIMPLEX SOLUTIONS,                    )
INC. (CADENCE DESIGN SYSTEMS, INC., real               )
party in interest), PENELOPE A. HERSCHER, LUIS         )
P. BUHLER, SUPPORTSOFT, INC. (formerly                 )
"SUPPORT.COM"), RADHA R. BASU, BRIAN M.                )
BEATTIE, TANNING TECHNOLOGY CORP.,                     )
LARRY G. TANNING, HENRY F. SKELSEY,                    )
TICKETS.COM, INC., W. THOMAS GIMPLE,                   )
JOHN M. MARKOVICH, TUMBLEWEED                          )
COMMUNICATIONS CORP., JEFFREY C. SMITH,                )
JOSEPH C. CONSUL, TRITON NETWORK                       )
SYSTEMS, INC., HOWARD SPEAKS, KENNETH                  )
R. VINES, VIANT CORP. (DIVINE, INC., real party        )
in interest), ROBERT L. GETT, M. DWAYNE                )
NESMITH, VITRIA TECHNOLOGY, INC., JOMEI                )
CHANG, PAUL AUVIL, GLOBESPANVIRATA,                    )
INC. (formerly "VIRATA CORP."), CHARLES                )
COTTON, ANDRE VOUGHT,                                  )
                                                       )
          Defendants.                                  )
                                                       )
_____              )
                                                       )

          Plaintiff makes the following allegations, except as to allegations specifically pertaining

to plaintiff and her counsel, based upon the investigation undertaken by plaintiff's counsel,

which included without limitation: (a) interviews with current and former employees of Credit

Suisse First Boston Corporation; (b) reviews of research reports published by Credit Suisse First

Boston Corporation relating to the corporate issuers named herein; (c) reviews of the

prospectuses of each corporate issuer named herein; and (d) an analysis of publicly-available

news articles and reports, stock price history data, public filings, press releases and other matters

of public records, and believe that substantial evidentiary support will exist for the allegations set

forth herein  after a reasonable opportunity for discovery.

3

## NATURE OF ACTION

This is a class action on behalf of all purchasers of the common stock of the following issuer companies during the Class Period described herein: Accelerated Networks, Inc.; Airspan Networks, Inc.; At Road, Inc.; AvantGo, Inc.; Autoweb.com, Inc.; Bsquare Corp.; CacheFlow, Inc.; Clarent Corp.; Commerce One, Inc.; Corillian Corp.; Centillium Communications, Inc.; Digital Impact, Inc; e Machines, Inc.; Efficient Networks, Inc.; E.piphany, Inc.; Evolve Software, Inc.; Handspring Inc.; ImproveNet, Inc.; Informatica Corp.; InterNAP Network Services Corp.; iPrint.com, Inc.; Intraware, Inc.; InterTrust Technologies Corp.; Interwoven, Inc.; Luminent, Inc.; Lante Corp.; VA Linux Systems; Lightspan Partnership, Inc.; McData Corp.; MultiLink Technology Corp.; MP3.com, Inc.; Numerical Technologies, Inc.; New Focus, Inc.; Novatel Wireless, Inc.; Onvia.com, Inc.; Onyx Software Corp.; Razorfish, Inc.; Retek, Inc.; ScreamingMedia, Inc.; Silicon Image, Inc.; Selectica, Inc.; Simplex Solutions, Inc.; Support.com, Inc.; Tanning Technology Corp.; Tickets.com, Inc.; Tumbleweed Communications Corp.; Triton Network Systems, Inc.; Viant Corp.; Vitria Technology, Inc.; Virata Corp. (collectively hereinafter, the "Issuers").

## JURISDICTION AND VENUE

1.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1337, Section 27 of the Securities Exchange Act of 1934 (the "Exchange Act") (15 U.S.C. § 78aa), Section 22(a) of the Securities Act of 1933 (the "Securities Act") (15 U.S.C. § 77v), and 28 U.S.C. § 1367(a).

2.     This action arises under Sections 10(b) of the Exchange Act (15 U.S.C. § 78j(b) and 78(a)) and Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5), Section 20(a) of the

4

Exchange Act, Sections 12(a)(2) and 15 of the Securities Act (15 U.S.C. §§ 77l(a)(2) and 77o),

common law respondeat superior, common law fraud, and the Florida Blue Sky Law (F.S.A. §

517.301).

3.      Venue is proper in this district pursuant to Section 27 of the Exchange Act, Section

22 of the Securities Act, and 28 U.S.C. § 1391(b). At all times herein mentioned, defendant Credit

Suisse First Boston Corporation maintained an office in and transacted business in this district at

1111 Brickell Avenue, in Miami, Florida.

4.      In connection with the acts alleged in this complaint, the defendants, directly or

indirectly, used the means and instrumentalities of interstate commerce, including, but not limited

to, the mails, interstate telephone communications, and the facilities of the national securities

markets.

<div align="center">

### PARTIES

</div>

**Plaintiff**

5.      Plaintiff, personally and as successor in interest to the estate of her deceased

husband, Peter Lin, purchased Commerce One securities in the open market during the Subclass

Nine Period.

**Bank Defendants**

6.      Defendant CREDIT SUISSE FIRST BOSTON CORPORATION ("CSFBC") is an

investment bank. CSFBC is a corporation organized and existing under the laws of Massachusetts.

At all relevant times, CSFBC was a registered broker-dealer and member of the National

Association of Securities Dealers, Inc. ("NASD"). CSFBC was a lead underwriter for the initial

public offerings ("IPOs") completed by each of the Issuers, defined below and listed in Exhibit A

5

hereto.  At all relevant times, CSFBC had a duty to promptly disseminate truthful and accurate

information with respect to the IPOs and the Issuers.

7.      CSFBC is a wholly-owned subsidiary of defendant CREDIT SUISSE FIRST

BOSTON (USA), Inc. ("CSFB-USA").  CSFB-USA is a Delaware corporation.

8.      CSFB-USA is a wholly-owned subsidiary of defendant CREDIT SUISSE FIRST

BOSTON, INC. ("CSFBI").  CSFBI is a Delaware corporation.

9.      CSFBI is jointly owned by the defendant Swiss Bank CREDIT SUISSE FIRST

BOSTON ("CS") and the defendant Swiss holding company, CREDIT SUISSE GROUP ("CSG").

CSG, in addition to partially owning CSFBI, also wholly owns CS.  CS and CSG are Swiss business

entities.

10.      On November 3, 2000, CS acquired an underwriter, Donaldson Lufkin & Jenrette

Inc ("DLJ").  As a result of this acquisition, CSFBI changed its organizational structure, and

CSFBC, one of CSFBI's (and CS's) principal U.S. registered broker-dealers, became a subsidiary of

DLJ, and DLJ changed its name to Credit Suisse First Boston (USA), Inc. ("CSFB-USA").

11.      Defendant JOHN M. HENNESSY was a member of the Board of Directors of CSG

in 1998, 1999, 2000, and from January 2001 through June of 2001.  He was also simultaneously

Chairman of Private Equity of CS during all or part of the same period of time.

12.      Defendant ALLEN D. WHEAT was a member of the Executive Board of CSG in

1998, 1999, 2000, and part of 2001.  He was also simultaneously Chairman of the Executive Board

of CS, as well as Chief Executive Officer of CS during all or part of the same period of time.

13.      Defendant RICHARD THORNBURGH is a member of the Board of Directors of

CSG and previously occupied this position in 1998, 1999, 2000, and 2001.  He also served as Chief

Financial Officer and/or Chief Risk Officer for CSG throughout the same period of time, and

6

Scanned Image - 1:02CV06499 Document 1 page 8 filed Mar 03 20:00:30 2003

presently also serves as Chief Risk Officer.  In addition to his duties with CSG, he was also Vice

Chairman of the Executive Board of CS from April 1, 1999 through 2000, and some or all of 2001.

Simultaneously, for all or some part of that time, he also served as Chief Financial Officer for CS.

14.     Defendant CHARLES WARD was a member of the Executive Board of CS in 1998,

1999, 2000, and some or all of 2001.  He was also simultaneously Co-Head of Investment Banking

and Private Equity for CS during some or all of the same period of time.  In addition, he was

appointed president of CS in March of 2000.

15.     Defendant DAVID A. DENUNZIO was Head of Private Equity of CS in 1998,

1999,  and most or all of 2000.

16.     Defendant EDWARD NADEL, an attorney, was elected Vice President of Merchant

Capital, Inc. in January of 2000.  Throughout the period of time from January 1999 through

December of 2000, he served as Vice President and/or in-house counsel for the Legal and

Compliance Department of CS and/or Private Equity of CS.

17.     Defendants FRANK QUATTRONE, GEORGE BOUTROS, and WILLIAM

("Bill") BRADY (collectively "QBB") were under a direct employment agreement (as of June

1998) with CS as the heads of CSFBC's (and CS's) Technology Group (the "Technology Group").

Defendants QBB, JOHN HODGE, and JACK TEJAVANIJA were members of the investment

banking team hired from Deutsche Bank AG to start-up the Technology Group.  Collectively,

Quattrone, Boutros, Brady, Hodge, and Tejavanija, will be at times referred to collectively as the

"Original Members".

18.     At all relevant times QBB and John Hodge were the authorized managers of the

CSFBC Technology Group (collectively, the "Technology Group Managers").

19.     At times, the institutional defendants CSFBC (including its Technology Group),

7

CSFB-USA, CSFBI, CS, CSG and the individual defendants Quattrone, Boutros, Brady, Hodge, and Tejavanija will be referred to collectively as the "Bank Defendants."

20.     Quattrone, Boutros, Brady, Hodge, and Tejavanija will be at times collectively referred to as the "Individual Bank Defendants."

**Issuer Defendants**

21.     Issuer defendant AIRSPAN NETWORKS, INC. is headquartered in Boca Raton, Florida. At all relevant times ERIC D. STONESTROM was the Chief Executive Officer ("CEO") for the company, and signed the Registration Statement for the Offering.  At all relevant times, JOSEPH J. CAFFARELLI was the Senior Vice President and Chief Financial Officer ("CFO") for the company, and signed the Registration Statement for the company's public offering ("Offering").

22.     Issuer defendant AT ROAD, INC., is headquartered in Fremont, California.  At all relevant times KRISH PANU was the CEO, President, Chairman of the Board ("Chairman") for the company, and signed the Registration Statement for the Offering.  At all relevant times, THOMAS C. HOSTER was the Senior Vice President and CFO for the company, and signed the Registration Statement for the Offering.

23.     Issuer defendant OCCAM NETWORKS, INC. (formerly "ACCELERATED NETWORKS, INC.") is headquartered in Santa Barbara, California.  At all relevant times SURESH NIHALANI was the CEO, Chairman, President and Director for the company, and signed the Registration Statement for the Offering.  At all relevant times, FREDERIC T. BOYER was the Vice President, Secretary, and CFO for the company, and signed the Registration Statement for the Offering.

24.     Issuer defendant AVANTGO, INC. is headquartered in Hayward, California.  At all relevant times RICHARD OWEN was the CEO and Director for the company, and signed the

8

Registration Statement for the Offering.  At all relevant times, DAVID B. COOPER, JR. was the

CFO for the company, and signed the Registration Statement for the Offering.

25.     Issuer defendant AUTOWEB.COM, INC. (AUTOBYTEL, real party in interest) is

headquartered in Irvine, California.  At all relevant times DEAN A. DEBIASE was the CEO,

President and a Director for the company, and signed the Registration Statement for the Offering.

At all relevant times, SAMUEL M. HEDGPETH III was the Vice President, Treasurer, and CFO

for the company, and signed the Registration Statement for the Offering.

26.     Issuer defendant BSQUARE CORP. is headquartered in Bellevue, Washington.  At

all relevant times WILLIAM T. BAXTER was the CEO, President, and Chairman for the company,

and signed the Registration Statement for the Offering.  At all relevant times, BRIAN V. TURNER

was the Senior Vice President, Secretary, and CFO for the company, and signed the Registration

Statement for the Offering.

27.     Issuer defendant BLUE COAT SYSTEMS, INC. ( formerly "CACHEFLOW,

INC.") is headquartered in  Sunnyvale, California.  At all relevant times BRIAN M. NESMITH was

the CEO, President, and a Director for the company, and signed the Registration Statement for the

Offering.  At all relevant times, MICHAEL J. JOHNSON was the Vice President, Secretary, and

CFO for the company, and signed the Registration Statement for the Offering.

28.     Issuer defendant CLARENT CORP. (VERSO TECHNOLOGIES, INC., real party

in interest) is headquartered in Redwood City, California.  At all relevant times JERRY SHAW-

YAU CHANG was the CEO, President, and a Director for the company, and signed the Registration

Statement for the Offering.  At all relevant times, RICHARD J. HEAPS was the CFO, Chief

Operating Officer, General Counsel, and Secretary for the company, and signed the Registration

Statement for the Offering.

9

29.    Issuer defendant COMMERCE ONE, INC. is headquartered in Walnut Creek, California. At all relevant times MARK B. HOFFMAN was the CEO, President, and Chairman for the company, and signed the Registration Statement for the Offering. At all relevant times, PETER F. PERVERE was the Vice President and CFO for the company, and signed the Registration Statement for the Offering.

30.    Issuer defendant CORILLIAN CORP. is headquartered in Beaverton, Oregon. At all relevant times TED F. SPOONER was the CEO and Chairman for the company, and signed the Registration Statement for the Offering. At all relevant times, STEVEN SIPOWICZ was the CFO and Secretary for the company, and signed the Registration Statement for the Offering.

31.    Issuer defendant CENTILLIUM COMMUNICATIONS, INC. is headquartered in - Fremont, California. At all relevant times FARAJ AALAEI was the CEO and a Director for the company, and signed the Registration Statement for the Offering. At all relevant times, JOHN W. LUHTALA was the Vice President and CFO for the company, and signed the Registration Statement for the Offering.

32.    Issuer defendant DIGITAL IMPACT, INC. is headquartered in San Mateo, California. At all relevant times WILLIAM C. PARK was the CEO and Chairman for the company, and signed the Registration Statement for the Offering. At all relevant times, DAVID OPPENHEIMER was Vice President, Treasurer, Secretary, and CFO for the company, and signed the Registration Statement for the Offering.

33.    Issuer defendant E MACHINES, INC. is headquartered in Irvine, California. At all relevant times STEPHEN A. DUKKER was the CEO and a Director for the company, and signed the Registration Statement for the Offering. At all relevant times, STEVEN H. MILLER was the CFO, Secretary, and Vice President for the company, and signed the Registration Statement for the

10

Offering.

34.    Issuer defendant EFFICIENT NETWORKS, INC. is headquartered in Dallas, Texas. At all relevant times MARK A. FLOYD was the CEO, President, and Chairman for the company, and signed the Registration Statement for the Offering. At all relevant times, JILL S. MANNING was the Vice President and CFO for the company, and signed the Registration Statement for the Offering.

Offering.

34.     Issuer defendant EFFICIENT NETWORKS, INC. is headquartered in Dallas, Texas. At all relevant times MARK A. FLOYD was the CEO, President, and Chairman for the company, and signed the Registration Statement for the Offering.  At all relevant times, JILL S. MANNING was the Vice President and CFO for the company, and signed the Registration Statement for the Offering.

35.     Issuer defendant E.PIPHANY, INC. is headquartered in San Mateo, California.  At all relevant times ROGER S. SIBONI was the CEO, President, and a Director for the company, and signed the Registration Statement for the Offering.  At all relevant times, KEVIN J. YEAMAN was the CFO for the company, and signed the Registration Statement for the Offering.

36.     Issuer defendant EVOLVE SOFTWARE, INC. is headquartered in Emeryville, California.  At all relevant times JOHN P. BANTLEMAN was the CEO, President, and a Director for the company, and signed the Registration Statement for the Offering.  At all relevant times, DOUGLAS S. SINCLAIR was the CFO, Corporate Secretary, and Treasurer for the company, and signed the Registration Statement for the Offering.

37.     Issuer defendant HANDSPRING, INC. is headquartered in Mountain View, California.  At all relevant times DONNA L. DUBINSKY was the CEO, President, and a Director for the company, and signed the Registration Statement for the Offering.  At all relevant times, BERNARD J. WHITNEY was the CFO and Secretary for the company, and signed the Registration Statement for the Offering.

38.     Issuer defendant IMPROVENET, INC. is headquartered in Redwood City, California.  At all relevant times RONALD B. COOPER was the CEO, President, and a Director for the company, and signed the Registration Statement for the Offering.  At all relevant times,

11

RICHARD G. REECE was the Senior Vice President and CFO for the company, and signed the Registration Statement for the Offering.

39.     Issuer defendant INTERNAP NETWORK SERVICES CORP. is headquartered in - Seattle, Washington.  At all relevant times ANTHONY C. NAUGHTIN was the CEO and a Director for the company, and signed the Registration Statement for the Offering.  At all relevant times, PAUL E. MCBRIDE was the Vice President and CFO for the company, and signed the Registration Statement for the Offering.

40.     Issuer defendant INFORMATICA CORP. is headquartered in Palo Alto, California. At all relevant times GAURAV S. DHILLON was the CEO for the company, and signed the Registration Statement for the Offering.  At all relevant times, CRAIG L. KLOSTERMAN was the CFO for the company, and signed the Registration Statement for the Offering.

41.     Issuer defendant IPRINT TECHNOLOGIES, INC. (formerly "IPRINT.COM"; MADETOORDER.COM, INC., real party in interest) is headquartered in Menlo Park, California. At all relevant times ROYAL P. FARROS was the CEO, President, and Chairman for the company, and signed the Registration Statement for the Offering.  At all relevant times, JAMES P. MCCORMICK was the CFO and Secretary for the company, and signed the Registration Statement for the Offering.

42.     Issuer defendant INTRAWARE, INC. is headquartered in Orinda, California.  At all relevant times PETER H. JACKSON was the CEO and a Director for the company, and signed the Registration Statement for the Offering.  At all relevant times, DONALD M. FREED was the Vice President and CFO for the company, and signed the Registration Statement for the Offering.

43.     Issuer defendant INTERTRUST TECHNOLOGIES CORP. is headquartered in Santa Clara, California.  At all relevant times VICTOR SHEAR was the CEO and Chairman for the

12

company, and signed the Registration Statement for the Offering.  At all relevant times, ERWIN N. LENOWITZ was the CFO, Secretary, and Vice Chairman of the Board for the company, and signed the Registration Statement for the Offering.

44.     Issuer defendant INTERWOVEN, INC. is headquartered in Sunnyvale, California. At all relevant times MARTIN BRAUNS was the CEO, President, and a Director for the company, and signed the Registration Statement for the Offering.  At all relevant times, DAVID M. ALLEN

company, and signed the Registration Statement for the Offering. At all relevant times, ERWIN N. LENOWITZ was the CFO, Secretary, and Vice Chairman of the Board for the company, and signed the Registration Statement for the Offering.

44.     Issuer defendant INTERWOVEN, INC. is headquartered in Sunnyvale, California. At all relevant times MARTIN BRAUNS was the CEO, President, and a Director for the company, and signed the Registration Statement for the Offering. At all relevant times, DAVID M. ALLEN was the Vice President and CFO for the company, and signed the Registration Statement for the Offering.

45.     Issuer defendant LUMINENT, INC. is headquartered in Chadsworth, California. At all relevant times WILLIAM R. SPIVEY was the CEO, President, and a Director for the company, and signed the Registration Statement for the Offering. At all relevant times, ERIC BLACHNO was the Vice President, Secretary, and CFO for the company, and signed the Registration Statement for the Offering.

46.     Issuer defendant LANTE CORP. (SBI AND COMPANY, real party in interest) is headquartered in Chicago, Illinois. At all relevant times C. RUDY PURYEAR was the CEO, President, and a Director for the company, and signed the Registration Statement for the Offering. At all relevant times, BRIAN HENRY was the Vice President and CFO for the company, and signed the Registration Statement for the Offering.

47.     Issuer defendant VA SOFTWARE CORPORATION (formerly "VA LINUX SYSTEMS") is headquartered in Fremont, California. At all relevant times LARRY M. AUGUSTIN was the CEO, President, and a Director for the company, and signed the Registration Statement for the Offering. At all relevant times, TODD B. SCHULL was the Vice President and CFO for the company, and signed the Registration Statement for the Offering.

13

48.     Issuer defendant LIGHTSPAN PARTNERSHIP, INC. is headquartered in San Diego, California. At all relevant times JOHN T. KERNAN was the CEO and Chairman for the company, and signed the Registration Statement for the Offering. At all relevant times, KATHLEEN R. MCELWEE was the Vice President and CFO for the company, and signed the Registration Statement for the Offering.

49.     Issuer defendant MCDATA CORPORATION is headquartered in Broomfield, Colorado. At all relevant times JOHN F. MCDONNELL was the CEO, President, and Chairman for the company, and signed the Registration Statement for the Offering. At all relevant times, DEE J. PERRY was the Vice President and CFO for the company, and signed the Registration Statement for the Offering.

50.     Issuer defendant MULTILINK TECHNOLOGY CORP. is headquartered in Somerset, New Jersey. At all relevant times RICHARD N. NOTTENBURG was the CEO, President, and Co-Chairman for the company, and signed the Registration Statement for the Offering. At all relevant times, ERIC M. PILLMORE was the Vice President, Secretary, and CFO for the company, and signed the Registration Statement for the Offering.

51.     Issuer defendant MP3.COM (VIVENDI UNIVERSAL NET USA GROUP, INC., real party in interest) is headquartered in San Diego, California. At all relevant times MICHAEL L. ROBERTSON was the CEO and Chairman for the company, and signed the Registration Statement for the Offering. At all relevant times, PAUL L. H. OUYANG was the Vice President and CFO for the company, and signed the Registration Statement for the Offering.

52.     Issuer defendant NUMERICAL TECHNOLOGIES, INC. is headquartered in San Jose, California. At all relevant times Y. C. (BUNO) PATI was the CEO, President, and a Director for the company, and signed the Registration Statement for the Offering. At all relevant times,

14

RICHARD MORA was the Senior Vice President and CFO for the company, and signed the Registration Statement for the Offering.

53.     Issuer defendant NEW FOCUS, INC. is headquartered in San Jose, California. At all relevant times KENNETH E. WESTRICK was the CEO and a Director for the company, and signed the Registration Statement for the Offering. At all relevant times, WILLIAM L. POTTS, JR. was the CFO for the company, and signed the Registration Statement for the Offering.

54.     Issuer defendant NOVATEL WIRELESS, INC. is headquartered in San Diego, California. At all relevant times JOHN MAJOR was the CEO and Chairman for the company, and signed the Registration Statement for the Offering. At all relevant times, MELVIN FLOWERS was the Vice President, Secretary, and CFO for the company, and signed the Registration Statement for the Offering.

55.     Issuer defendant ONVIA.COM, INC. is headquartered in Seattle, Washington. At all relevant times GLENN S. BALLMAN was the CEO, President, and a Director for the company, and signed the Registration Statement for the Offering. At all relevant times, MARK T. CALVERT was the Vice President, Secretary, and CFO for the company, and signed the Registration Statement for the Offering.

56.     Issuer defendant ONYX SOFTWARE CORP. is headquartered in Bellevue, Washington. At all relevant times BRENT R. FREI was the CEO and Chairman for the company, and signed the Registration Statement for the Offering. At all relevant times, SARWAT H. RAMADAN was the Vice President, Secretary, Treasurer, and CFO for the company, and signed the Registration Statement for the Offering.

57.     Issuer defendant RAZORFISH, INC. (SBI AND COMPANY, real party in interest) is headquartered in Washington, D.C. At all relevant times JEFFREY A. DACHIS was the CEO,

15

President, Treasurer, and a Director for the company, and signed the Registration Statement for the Offering. At all relevant times, SUSAN BLACK was the CFO for the company, and signed the Registration Statement for the Offering.

58.     Issuer defendant RETEK, INC. is headquartered in Minneapolis, Minnesota. At all relevant times JOHN BUCHANAN was the CEO, a Director, and Chairman for the company, and signed the Registration Statement for the Offering. At all relevant times, GREGORY A. EFFERTZ was the Vice President, Treasurer, Secretary, and CFO for the company, and signed the Registration Statement for the Offering.

59.     Issuer defendant PINNACOR, INC. (formerly "SCREAMINGMEDIA, INC.") is headquartered in New York, New York. At all relevant times KEVIN C. CLARK was the CEO and a Director for the company, and signed the Registration Statement for the Offering. At all relevant times, DAVID M. OBSTLER was the CFO for the company, and signed the Registration Statement for the Offering.

60.     Issuer defendant SILICON IMAGE, INC. is headquartered in Sunnyvale, California. At all relevant times DAVID D. LEE was the CEO, President, and Chairman for the company, and signed the Registration Statement for the Offering. At all relevant times, DANIEL K. ATLER was the Vice President and CFO for the company, and signed the Registration Statement for the Offering.

61.     Issuer defendant SELECTICA, INC. is headquartered in San Jose, California. At all relevant times RAJEN JASWA was the CEO, President and Chairman for the company, and signed the Registration Statement for the Offering. At all relevant times, STEPHEN BENNION was the CFO, Vice President, and Secretary for the company, and signed the Registration Statement for the Offering.

16

62.     Issuer defendant SIMPLEX SOLUTIONS, INC. (CADENCE DESIGN SYSTEMS, INC., real party in interest) is headquartered in Sunnyvale, California.  At all relevant times PENELOPE A. HERSCHER was the CEO and Chairman for the company, and signed the Registration Statement for the Offering.  At all relevant times, LUIS P. BUHLER was the CFO for the company, and signed the Registration Statement for the Offering.

63.     Issuer defendant SUPPORTSOFT, INC. (formerly "SUPPORT.COM") is headquartered in Redwood City, California.  At all relevant times RADHA R. BASU was the CEO, President, and a Director for the company, and signed the Registration Statement for the Offering.  At all relevant times, BRIAN M. BEATTIE was the CFO and Senior Vice President for the company, and signed the Registration Statement for the Offering.

64.     Issuer defendant TANNING TECHNOLOGY CORP. is headquartered in Denver, Colorado.  At all relevant times LARRY G. TANNING was the CEO, President, and Chairman for the company, and signed the Registration Statement for the Offering.  At all relevant times, HENRY F. SKELSEY was the Vice President, CFO, and a Director for the company, and signed the Registration Statement for the Offering.

65.     Issuer defendant TICKETS.COM, INC. is headquartered in Costa Mesa, California.  At all relevant times W. THOMAS GIMPLE was the CEO, President, and a Director for the company, and signed the Registration Statement for the Offering.  At all relevant times, JOHN M. MARKOVICH was the Vice President and CFO for the company, and signed the Registration Statement for the Offering.

66.     Issuer defendant TUMBLEWEED COMMUNICATIONS CORP. is headquartered in Redwood City, California.  At all relevant times JEFFREY C. SMITH was the CEO, President, and Chairman for the company, and signed the Registration Statement for the Offering.  At all

17

relevant times, JOSEPH C. CONSUL was the Vice President and CFO for the company, and signed the Registration Statement for the Offering.

67.    Issuer defendant TRITON NETWORK SYSTEMS, INC. Is headquartered in Orlando, Florida. At all relevant times HOWARD (SKIP) SPEAKS was the CEO, President, and a Director for the company, and signed the Registration Statement for the Offering. At all relevant times, KENNETH R. VINES was the Senior Vice President and CFO for the company, and signed the Registration Statement for the Offering.

68.    Issuer defendant VIANT CORP. (DIVINE, INC. , real party in interest) is headquartered in Boston, Massachusetts. At all relevant times ROBERT L. GETT was the CEO, President, and a Director for the company, and signed the Registration Statement for the Offering. At all relevant times, M. DWAYNE NESMITH was the Vice President and CFO for the company, and signed the Registration Statement for the Offering.

69.    Issuer defendant VITRIA TECHNOLOGY, INC. is headquartered in Sunnyvale, California. At all relevant times JOMEI CHANG was the President and CEO for the company, and signed the Registration Statement for the Offering. At all relevant times, PAUL AUVIL was the CFO for the company, and signed the Registration Statement for the Offering.

70.    Issuer defendant GLOBESPANVIRATA, INC. (formerly "VIRATA CORP.") is headquartered in Santa Clara, California. At all relevant times CHARLES COTTON was the CEO and a Director for the company, and signed the Registration Statement for the Offering. At all relevant times, ANDREW VOUGHT was the Senior Vice President, Secretary, and CFO for the company, and signed the Registration Statement for the Offering.

71.    The individual defendants identified in paragraphs 21 through 70 are hereinafter sometimes referred to as the "Individual Issuer Defendants."

18

72.     The Individual Issuer Defendants and the Issuers themselves (identified in paragraphs 21 through 70) will at times be referred to collectively as the "Issuer Defendants."

73.     The Bank Defendants and the Issuer Defendants are, at times, referred to collectively as the "Defendants."

                    *                    *                    *

74.     All Individual Issuer Defendants and Individual Bank Defendants are appropriately treated as a group for pleading purposes; and it is also appropriate to presume that the false and misleading information conveyed in each Issuer's Registration Statements, Prospectuses, Research Reports, and other public filings, press releases, and other publications as alleged herein are the collective actions of the narrowly defined group of Individual Issuer Defendants and Individual Bank Defendants identified above.  Each of the Individual Issuer Defendants, by virtue of his high level position with an Issuer, directly participated and was integrally involved in the management of that Issuer, was directly involved in the day to day operations of that Issuer and was privy to confidential proprietary information concerning that Issuer, its operations, finances, financial condition, products, and present and future business prospects as alleged herein.  Such Individual Issuer Defendants were personally involved in drafting, producing, reviewing, authorizing, and/or disseminating the false and misleading statements alleged herein, and/or were provided with copies of misleading research reports by CSFBC (or the Technology Group), Issuer's press releases, Issuer's SEC filings, and other alleged misleading publications of, or about, the Issuer prior to or shortly after their issuance, were aware that the false and misleading statements were being issued regarding that Issuer and approved or ratified these statements.  Likewise, each of the Individual Bank Defendants, by virtue of his high level position and/or central role in managing the Technology Group, directly participated and/or was integrally involved in the management of the

19

Scanned Image - F08CV50409 Document 1 page 10 files Nov 23 20:05:00 2003

Technology Group.  Each was directly involved in the day to day operations of the Technology Group and was privy to confidential proprietary information concerning the Technology Group's handling of each Issuer's IPO stock offering, later offerings, production of revenue estimates, and Issuer's interaction with the Technology Group's research analysts.  Each was aware of the operations, finances, financial condition, products, and present and future business prospects of each Issuer as alleged herein.  Such Individual Bank Defendants were personally involved in drafting, producing, reviewing, and/or disseminating the false and misleading statements alleged herein, and/or were provided with copies of misleading research reports by CSFBC's (or the Technology Group's) analysts regarding Issuer, Issuer's press releases, Issuer's SEC filings, and other alleged misleading publications of, or about, the Issuer prior to or shortly after their issuance, were aware that the false and misleading statements were being issued regarding that Issuer and approved or ratified these statements.

75.     CSFBC was a managing underwriter of each of the Issuer's offerings identified by their prospectus date in Appendix A and Appendix B below.  CSFBC had a duty to make certain that complete, accurate, and truthful information with respect to the Issuer's operations, financial condition, earnings, and future business prospects was contained in the Registration Statement and Prospectus, pursuant to which the offering was made.  As part of the offering, CSFBC purported to conduct or participate in an investigation known as a "due diligence" investigation, into the financial condition, business operations, prospects and financial, accounting, and management control systems of each Issuer.

<u>CONSPIRACY AND CONCERTED ACTION</u>

76.     In committing the wrongful acts alleged herein, Quattrone, Boutros, and Brady

20

Scanned Image · 1:00CV20405 Document 1 page 20 Mon Mar 22 09:30:45 2003

("QBB"), the Technology Group, CSFBC and each of the Issuer Defendants (collectively, hereinafter the "Conspirators") have pursued a conspiracy, common enterprise, and/or common course of conduct and acted in concert with and conspired with one another, in furtherance of their common plan, scheme, or design. During all relevant times hereto, the Conspirators, and each of them, initiated a course of conduct with the purpose and effect, *inter alia*, to fraudulently obtain money from the investing public by deceiving them regarding the accuracy of the each Issuer's IPO price and each Issuer's financial condition and future revenue prospects, thereby creating the appearance that the Issuers' revenue growth would be unpredictable. In furtherance of this plan, conspiracy, and course of conduct, the Conspirators, and each of them, took the actions as herein set forth.

      77.    QBB, the Technology Group, and CSFBC were collectively the central actors in the conspiracy (the "Core Conspirators"). These Core Conspirators developed the system of fraud described herein in paragraphs 90, recruited the Issuer Defendants to participate in the wrongful acts, and ultimately executed the conspiracy with each of the Issuers.

      78.    Each Individual Issuer Defendant, because of his or her position of control and authority as an officer and/or director of the Issuer, was able to and did control the contents of the various quarterly and annual financial reports, revenue estimates, SEC filings, and press releases for the Issuer with which he or she was employed. The Core Conspirators provided each Individual Issuer Defendant with copies of that Issuer's reports, releases, and filings alleged to have been misleading herein prior to or shortly after their issuance and each Individual Issuer Defendant had the ability and opportunity to prevent their issuance or to cause them to be corrected. Because of their Board membership and/or executive and managerial positions with the Issuers, each of the Individual Issuer Defendants had access to non public information about that Issuer's business,

21

finances, future business prospects, and revenue expectations via access to internal corporate documents, conversations, connections with corporate officers and employees, attendance at Board meetings and committees thereof and via reports and information provided to them in connection therewith.  The Individual Issuer Defendants also participated directly in the Core Conspirators' scheme to profit from the fraudulent acts by personally owning or selling stock of the Issuer to the public and/or directing Issuer's sale of stock to the venture funds established and managed by the Core Conspirators as described herein.

79.    The Conspirators accomplished their conspiracy, common enterprise, or common course of conduct of artificially affecting the price of Issuers' stock through the issuance of false and misleading quarterly and annual reports, SEC filings and reports, research reports, press releases to the public, and other sales-related communications to the public, which manipulated, misrepresented, and failed to disclose the true facts regarding Issuers' expected earnings, markets, business, revenues, management, financial condition, and future prospects.  Each of the Conspirators was a direct and substantial participant in the conspiracy, common enterprise, and common course of conduct complained of herein.

80.    Each of the Conspirators is sued both individually and as a co-conspirator, and the liability of each arises from the fact that each engaged in all or part of the unlawful acts charged herein.  In addition, there are other persons, the identities of whom are presently unknown to Plaintiff, who conspired in the commission of the wrongs alleged herein.  Each of the Defendants, by acting as herein described, did so knowingly or in such a reckless or grossly negligent manner as to constitute a fraud and deceit upon Issuers' shareholders.

## PLAINTIFFS' CLASS ACTION ALLEGATIONS

22

81.     Plaintiff brings this action as a class action pursuant to Federal Rule of Civil
Procedure 23(b)(1) and, in the alternative, (b)(3) on behalf of herself and the members of a class
("Class") of plaintiffs, consisting of all persons and entities who purchased common stock of each
Issuer during the dates set forth in Exhibit A, inclusive (the "Class Period"), and who were damaged
thereby.

82.     The Class Period is comprised of fifty Subclass Periods as set forth in Exhibit A.
Each Subclass of plaintiffs consists of all persons and entities who purchased that Issuer's securities
in the open market during that Subclass Period.  Each Subclass Period begins after the point in time
of each Issuer's initial offering, and does not include purchases made in conjunction with the Initial
public offering.  Excluded from the Class are the Defendants, officers and directors of the
Company, the members of their immediate families and their legal representatives, heirs,
successors, or assigns, and any entity in which Defendants have or had a controlling interest.

83.     As alleged herein, Defendants knowingly or recklessly disseminated materially false
and misleading information to the investing public regarding, *inter alia*, the Issuers' revenue
expectations.  Defendants' conduct had the intended effect of creating the false impression among
purchasers that the Issuers' revenue expectations were unpredictable.  These actions artificially
affected the prices plaintiffs paid for Issuers' securities during the Class Period.

84.     Shares of Issuers' securities were outstanding and actively and openly traded on the
NASDAQ, an efficient market in which the price of the Issuers' stocks reflected publicly
disseminated information about each Issuer, and millions of shares were traded during the Class
Period.

85.     The members of the Class are so numerous that joinder of all members is
impracticable.  While the exact number of Class members is unknown to plaintiffs at this time and

23

can only be ascertained through appropriate discovery, Plaintiff believes that there are at least

thousands of members of the Class.  Record owners and other members of the Class may be

identified from records maintained by the Issuers or their transfer agents and may be notified of the

pendency of this action by mail, using the form of notice similar to that customarily used in

securities class actions.

86.     Plaintiff's claims are typical of the claims of the members of the Class as all

members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal

and state law that is complained of herein.

87.     Plaintiff will fairly and adequately protect the interests of the members of the Class

and have retained counsel competent in class and securities litigation.

88.     Common questions of law and fact exist as to all members of the Class and

predominate over any questions affecting solely individual members of the Class.  Among the

questions of law and fact common to the Class are:

a.   whether the federal securities and other laws were violated by Defendants' acts

as alleged herein;

b.   whether Defendants participated in and pursued the common course of conduct

complained of herein;

c.   whether documents, press releases and other statements disseminated to the

investing public and the Issuers' shareholders during the Class Period misrepresented material

facts about the business, management, products, sales, markets, financial condition, and future

business prospects of Issuers;

d.   whether statements made by Defendants to the investing public during the Class

Period misrepresented material facts about the business, future prospects, and finances of the

24

Issuers;

e. whether the Prospectuses, Analysts' Research Reports, and other public statements made by Defendants misrepresented and/or failed to disclose material facts;

f. whether the market prices of Issuers' securities during the Class Period were artificially affected due to the material misrepresentations and omissions and failure to correct the material misrepresentations and omissions complained of herein; and

g. whether the members of the Class have sustained damages and, if so, the proper measure of damages.

89. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this class action.

<u>GENERAL DESCRIPTION OF THE FRAUD</u>

90. The alleged fraud, in its essence, has two components: First, CSFBC, the Technology Group, and each Issuer would effectuate an initial public offering ("IPO") for each Issuer at a per-share offering price that was inaccurate. CS and/or CSFBC's sales staff then made selective disclosures of the fact of the inaccuracy of the IPO pricing to members of the investing public. Second, CSFBC, the Technology Group, and each Issuer planned to and did act to defraud the market by knowingly disseminating false expectations about the Issuer's prospective financial performance, including false reports of Issuer's expected revenues and earnings. The intended combined effect of their fraud was to manipulate each Issuer's stock price, so that, *inter alia*,

25

Scanned Image - 1:03CV20409 Document 1 page 25 from Mar 29 22:22:23 2003

CSFBC, the Technology Group, and each Issuer could profit from the manipulations.

## TECHNOLOGY GROUP'S OPPORTUNITY TO COMMIT FRAUD

91.     To accomplish the fraud described in paragraph 90 above, CSFBC needed an opportunity to influence and conspire with each Issuer in setting the IPO price, and also an opportunity to influence and conspire with the Issuer in disseminating information to the market regarding the Issuer's expected financial performance.

92.     Typically, the direct liaison between an investment bank and a company in executing an IPO are the investment bankers, who are employed by the investment bank.  Executing IPOs, as well as other financing transactions for companies, is their primary employment function.

93.     In July of 1998, CS hired Frank Quattrone ("Quattrone") and several other investment bankers from Deutsche Bank AG to run a technology investment banking group (the Technology Group) for CS and CSFBC.

94.     At all relevant times, the Technology Group's operations were based in Silicon Valley.  At all relevant times, Quattrone was the head of the Technology Group, and he was granted the authority by CSFBC to employ and terminate employees in the Technology Group at will.

95.     Quattrone was granted unusual autonomy by CSFBC to structure the Technology Group in a manner in which he deemed reflected an optimal business strategy, including an integration of investment banking activities with equity-research analysts' activities.

96.     In furtherance of this strategy, Quattrone established a separate research department for his Technology Group ("Technology Research Team"), which included equity research analysts that would publish CSFBC research reports on technology companies with which CSFBC did business or might do business.

26

Scanned Image - USDCV56400 Document 1 page 26 Mon Mar 05 00:00:00 2003

97.    The Technology Research Team reported directly to Quattrone.  Quattrone both supervised and paid the Technology Research Team.

98.    One of the chief tasks of an equity research analyst working for an underwriter is to disseminate information to the public markets regarding companies' expected financial performance.  This information is disseminated both orally and through the writing of periodic research reports, which are widely disseminated to the public market.  The public markets view this information as material, and its dissemination by an analyst can affect the price of a company's stock.

99.    The Technology Research Team included a number of "All-Star" analysts who were well recognized in the public marketplace and whose published opinions were influential on the prices of the securities they opined.  The prospect of receiving research coverage from one of these influential "All-Star" analysts in the Technology Research Team increased the likelihood that a company would select CSFBC and the Technology Group for its prospective IPO.

100.    The Technology Group, at the direction of Quattrone, used the direct involvement of the Technology Research Team's research analysts in all stages of the IPO process (Pre-IPO, IPO Marketing, and Post-IPO) as a marketing device to lure potential clients to its IPO practice.

101.    Analysts in the Technology Research Team published research reports on each of the companies that the Technology Group brought public in an IPO.

102.    Quattrone and the investment bankers in the Technology Group exerted direct influence on what the research analyst in the Technology Research Team wrote in their published research reports.

103.    As *Forbes* reported on September 23, 2001:

27

> [I]n Quattrone's shop, research was expected to serve the bankers'
> interests ... [O]thers say he tried to bully them.  "I'll have you out of here
> Monday morning if you say that "... managing director recalls Quattrone
> telling an analyst who wanted to issue a less than flattering report about a
> client.  "Do you want to work in this firm?  Do you want to be a team
> player?  When it comes time for bonus review, all this will be
> remembered."

104.    The Technology Group maintained, and carried out, a policy of participating only in

IPOs in which CSFBC would be designated the "Lead" manager or, at a minimum, a "Co-Lead"

manager of the underwriting.

105.    The Lead or Co-Lead manager (also referred to as the "bookrunning" Manager(s) of

any IPO exert a dominant position over any other investment banking syndicate-members who are

involved in the selling of the company's stock in the IPO.  This includes dominance over

conducting the due-diligence of a company's financial condition, the review and dissemination of

expectations about a company's future financial performance, and the final determination of the

company's stock price in the IPO.

106.    The Technology Group was able to richly capitalize on its enhanced operating

structure, moving to the forefront in all technology IPOs.  As reported in Bloomberg News on June

27, 2001, "[I]n 2000, Quattrone's group was the undisputed king of the tech initial public offering

business.  It was one of Wall Street's top moneymaking endeavors, completing 47 deals—one out

of every four computer, software, Internet and semiconductor initial public offerings."

Additionally, on June 28, 2001, Bloomberg News issued a follow-up report stating that CSFBC was

"the No. 1 underwriter of initial stock sales for computer, software, Internet and semiconductor

companies in 1999 and 2000, garnering 24 percent of the market."

28

## TECHNOLOGY GROUP'S MOTIVE

107.    CSFBC, Quattrone, and each member of the Technology Group, including the other investment bankers and the research analysts in the Technology Research Team, had a direct financial incentive to (1) conduct as many IPOs as possible, and (2) take steps to ensure that an Issuer's stock price rose after the IPO.

108.    CSFBC profited directly from fees collected from taking a company to IPO. The more IPOs performed, the more fees CSFBC collected.

109.    Quattrone and members of his Technology Group also profited directly from conducting as much IPO business as possible. This was due to a revenue-sharing agreement that Quattrone and the Technology Group had with CSFBC and/or CS, which compensated them with half of the revenue (after certain costs) generated by the Technology Group. The profit was to be distributed by Quattrone to himself and his Technology Group employees.

110.    As *The Wall Street Journal* reported on May 3, 2001, " [w]ith a revenue-sharing agreement with CSFB after certain costs, the [Quattrone] group had as much as $500 million to divide among its members in 1999, according to some former and current CSFB employees."

111.    Additionally, as *The Wall Street Journal* reported on November 13, 2001, "Mr. Quattrone's pay was based on production. Thus, during the heady days for technology stocks, when CSFB was the premier underwriter of such offerings, he earned huge annual sums that approached $100 million, the people familiar with the firm say."

112.    Among those compensated from the Technology Group's share of IPO revenue were the analysts in the Technology Research Team. Quattrone had final authority to determine the analysts' bonuses.

113.    CSFBC's standard practice was to compensate its research analysts for their

29

Scanned Image - 1:03CV20409 Document 1 page 29 Mon Mar 03 00:00:00 2003

participation in generating investment banking business. As *The Wall Street Journal* reported on May 6, 2002, "[c]opies of job-offer letters from . . . Credit Suisse First Boston to candidates for research-analyst positions show that Wall Street analysts are paid, in part, for investment-banking business they help generate."

114.    In addition to their financial interest in conducting as much IPO business as possible, CSFBC, Quattrone, and the members of the Technology Group (including the other investment bankers and the research analysts in the Technology Research Team) had a financial interest in taking actions that would cause Issuers' stock prices to rise after the IPO.

115.    The perception that CSFBC sought to create was that its underwriting services created outsized economic returns. The desired outcome was to increase future demand for its IPO services. In addition, after the IPO date, CSFBC profited from its activities as a market-maker (buying and selling stocks for the public in the aftermarket for a fee) in the Issuers' stock. CSFBC and the Technology Group's scheme was to manufacture the perception among buyers that large economic returns accrued to holders of an Issuer's stock after a CSFBC(Technology Group)-led IPO. This had the desired effect of attracting additional buying demand and consequently trading volume that would not otherwise have occurred. Thus, CSFBC's profits from market-making trading were increased.

116.    In addition, Quattrone and his associates in the Technology Group sought to profit personally from CSFBC and the Technology Group's underwriting activities by establishing hedge funds. These hedge funds took pre-IPO stock from an Issuer client and then sold the stock after conducting the Issuer's IPO. As reported in *The Wall Street Journal* reported on May 3, 2001:

> Mr. Quattrone and two top CSFB aides—George Boutros and William
> Brady, his mergers and corporate-finance chiefs, respectively—were

30

Scanned Image - 3:00CV20430 Document 1 page 30 filed Mar 05 00:00:00 2003

general partners of the fund through a partnership named QBB
Management. The general partnership allowed the three executives to
invest personally in the companies the fund invested in, some of which
Mr. Quattrone's group brought public only months later. . . .

[Quattrone] and two colleagues made a total of about $2 million after
paying a bargain price for shares of Interwoven, Inc., an internet software
firm, a few months before CSFB took Interwoven public, according to
regulatory filings.

117.    These funds were instrumental to the Technology Group's overall fraudulent

scheme, because *inter alia*, they allowed the Technology Group to curry favor with potential clients

of its IPO services, and allowed the members of the Technology Group to profit directly from their

fraudulent activities.

118.    CSFBC also sought to profit from these activities, allocating money to Quattrone to

similarly invest on its behalf in pre-IPO stock in clients about to go public.

119.    As reported in *The Wall Street Journal* reported on May 3, 2001:

As part of his deal with CSFB, which he joined in 1998, Mr. Quattrone
was given $25 million each year to invest for the firm in potential
underwriting clients about to go public. Mr. Quattrone told associates the
fund would not only help the bank win underwriting business, but deliver
a rich investment return as well.

120.    In addition to the above hedge funds, CSFBC also engaged in pre-IPO venture

capital investments in several of its IPO offerings through other venture capital affiliates.

## TECHNOLOGY GROUP'S AND CSFBC'S ACTUAL KNOWLEDGE (SCIENTER)

121.    CSFBC and the Technology Group had actual knowledge that their misstatements

and omissions were fraudulent, and they engaged in a marketing effort to sell their fraudulent

31

scheme.

122.    For each Issuer's IPO, the Issuer had actual knowledge of the misstatements and omissions described above because it had discussed with the Technology Group the pricing of the Issuer's stock in the IPO, as well as the expectations for the Issuer's prospective financial performance, including revenue growth.

### ISSUERS' MOTIVE

123.    Each Issuer had an interest in having its stock price trade dramatically higher than the IPO offering price. This was because creating the perception that holders in the Issuer's stock were accruing large economic returns would attract additional buying demand by other investors that would not otherwise have occurred. Additionally, this perception of large economic returns would increase the amount of publicity afforded to the Issuer from its IPO.

124.    Each Issuer also had a direct financial interest in influencing the stock price so it would appreciate post-IPO as much as possible. This was for several reasons, including but not limited to: (1) each Issuer's stock would be more attractive to potential purchasers in any future stock offerings by that Issuer because, in part, the rise in the Issuer's stock price since IPO would be suggestive of further stock price rises for new purchasers, (2) any future sales of stock by the Issuer to the public at a higher stock price would raise money at a higher dollar-for-equity rate than had been garnered in the IPO, and (3) a higher stock price for the Issuer would be advantageous in seeking acquisition or merger opportunities with other companies.

125.    Individual Issuer Defendants also had a direct financial incentive in having the stock price appreciate as much as possible after the IPO. This is because they personally owned stock in the Issuer, and a higher stock price directly increased their personal wealth. In addition, a "lockup

32

agreement" made with CSFBC in connection with the IPO of each Issuer prevented the Individual

Issuer Defendants from selling their shares of the Issuer for a significant period of time beyond the

IPO date. It was, thus, in their best interest for the Issuer's stock price to continue to rise post-IPO,

at least until such time as they could sell their shares in the Issuer and realize profits.

126.   CSFBC and the Technology Group proposed to each Issuer that a higher stock price,

post-IPO, would be advantageous in effectuating further sales of the Issuer's stock in so-called

"Piggyback Offerings." CSFBC and the Technology Group also proposed to Individual Issuer

Defendants that they would be able to shorten the period of time that they were required to hold

their existing stock in the Issuer (as required by the "lockup agreement"), and participate as sellers

in these Piggyback Offerings of Issuer's stock.

127.   As *The Wall Street Journal* reported on February 17, 2000, CSFB used "piggyback"

transactions to accelerate corporate insider's financial gains from public offerings:

> Corporate executives are supposed to be bound for a time before they can
> cash in on the price run-ups in their companies' IPOs. But now, some
> executives have been given a key to indirectly open those lockup
> agreements.

> The secret lies not just in the typical 'follow on' sale to an initial public
> offering – that is, additional sales of new stock by the company. Instead,
> the trendy maneuver is a hybrid stock offering dubbed a piggyback
> offering.

> It works like this: Before the expiration of the traditional lockup period
> that keeps corporate executives and other insiders from selling, the
> company returns to the market with a new sale of stock that includes both
> new shares from the company and those held by the insiders.

33

Scanned Image - 1:03CV08400 Document 1 page 33 filed Mar 05 20:00:00 2003

In the past, insiders – including venture capitalist and other founding investors—would have had to wait at least six months to sell any of their shares after an IPO. With the piggybacks, they can unload a portion of their holdings in as little as 90 days.

Some of Wall Street's biggest firms, which once rigidly held new companies to lockup agreements, have eased up . . . Credit Suisse Group's Credit Suisse First Boston . . . are among the firms that have led piggyback deals so far this year.

### ISSUERS' OPPORTUNITY

128.    It is unusual even among employees working for the same investment bank that investment bankers would have direct influence over, and be able to explicitly conspire with, the research analysts.

129.    As reported in *Bloomberg News* on May 3, 2001:

"Normally, there's a sort of dotted-line relationship between analysts and investment banking," said Samuel Hayes, a professor of investment banking at Harvard Business School.  "In this case, Frank Quattrone had total supervision of these people.  It was a doomed relationship."

130.    The Technology Group and CSFBC presented to each Issuer an unusual opportunity to create the appearance of unpredictable revenue growth and consequently influence the price of each Issuer's security.

### ISSUERS' ACTUAL KNOWLEDGE (SCIENTER)

131.    Each Issuer had actual knowledge that its IPO pricing was inaccurate because each Issuer and/or the Individual Issuer Defendants had discussions with the Technology Group regarding the pricing of the Issuer's stock for the IPO.

34

132.   In addition, each Issuer also had actual knowledge that the forecasts of the Issuer's future revenues (that were to be disseminated and published) were intended to create the appearance of unpredictable revenue growth because each Issuer and/or the Individual Issuer Defendants had also discussed those forecasts with the Technology Group.

<u>**MISTATEMENTS AND OMMISSIONS IN EACH ISSUER'S PROSPECTUS**</u>

133.   Each Issuer's IPO Prospectus contained statements listing principal factors considered in determining the public offering price.  These statements are described with particularity for each Issuer in Exhibit C.

134.   These statements omitted to state the material fact that CSFBC, the Technology Group and each Issuer had knowingly set an inaccurate proposed offering price range (and consequently the public offering price), and that CS and/or CSFBC's sales staff made selective disclosures of this fact to members of the investing public.

135.   The fact of this inaccuracy was a necessary disclosure.  Without it, the statements in the Prospectus listing the principal factors considered in determining the public offering price were misleading because they seriously misrepresented the actual process used to determine each Issuer's offering price.

136.   The statutory safe harbor provided for forward-looking statements under certain circumstances does not apply to any of the allegedly false statements pleaded herein regarding the Issuers' prospectuses.  To the extent, however, that there were any forward-looking statements, the statutory safe harbor does not apply to any of the allegedly false statements pleaded herein regarding Issuer's Prospectus because those statements were made in connection with an initial public offering of stock, and such statements are excepted under 15 U.S.C. § 78u-5(b) of the statute.

35

137.   The "Bespeaks Caution" doctrine does not apply to the allegedly false statements pleaded herein. This is because those statements substantially affected the "total mix" of information provided to investors, and there were no meaningful, reasonably-specific cautionary statements that identified important factors that could cause actual results to differ materially from those in the purportedly forward-looking statements; in addition, the particular speakers knew that the particular forward-looking statements were false, and/or the forward-looking statements were authorized and/or approved by an executive officer of CSFBC and/or of the Issuer company who knew that those statements were false when made.

### MISTATEMENTS AND OMMISSIONS IN CSFBC'S RESEARCH REPORTS

138.   CSFBC and the Technology Group published research reports for each Issuer that contained statements discussing the forecasted revenues of each Issuer, including a projected income statement for each Issuer. These statements are described with particularity for each Issuer in Exhibit D.

139.   These statements failed to reveal, however, the material fact that the forecasted quarterly and annual revenues were set by the Issuer, CSFBC, and the Technology Group with the end of creating the appearance of unpredictable revenue growth. This artifice is described above in paragraph 90 and is incorporated by reference herein.

140.   The material fact of the creation of this appearance of unpredictable revenue growth was a necessary disclosure. Without it, the statements in the research reports discussing the forecasted revenues (and the projected income statement) of each Issuer were misleading since those statements purport to accurately present the objective beliefs of its authors. The authors were in fact engaging in a fraudulent scheme to purposely create an appearance of unpredictable revenue

36

growth expected by each Issuer. Investors who relied in good faith upon the veracity of these forecasts were duped into expecting that each Issuer's revenues would grow unpredictably.

141.   The misstatements and omissions described in paragraphs 138-140 were made with CSFBC's (and the Technology Group's) actual knowledge, as described above in paragraphs 121-122 , and incorporated herein.

142.   The misstatements and omissions described in paragraphs 138-140 were made with each Issuer's actual knowledge, as described above in paragraphs 131-132 , and incorporated herein.

143.   The statutory safe harbor does not apply to any forward-looking statements pleaded herein. Alternatively, to the degree that the statutory safe harbor does apply to any forward-looking statements pleaded herein, defendants are still liable because, the speakers knew that the forward-looking statements were false when issued, and/or the forward-looking statements were authorized and/or approved by an executive officer of CSFBC, and/or of the Issuer company who knew that those statements were false when made. In addition, there were no meaningful cautionary statements identifying important factors that could cause actual results to differ materially from those in the purportedly forward-looking statements.

144.   The "Bespeaks Caution" doctrine does not apply to the allegedly false statements pleaded herein. This is because those statements substantially affected the "total mix" of information provided to investors, and there were no meaningful reasonably-specific cautionary statements that identified important factors that could cause actual results to differ materially from those in the purportedly forward-looking statements. In addition, the speakers knew that the forward-looking statements were false, and/or the forward-looking statements were authorized and/or approved by an executive officer of CSFBC and/or of the Issuer company, who knew that

37

those statements were false when made.

## FRAUDULENT SCHEME AND DECEITFUL COURSE OF BUSINESS

145.    The fraudulent misstatements and omissions described in paragraphs 133-144 above and incorporated herein were individual components of the Core Conspirators' larger fraudulent scheme described above in paragraph 90, and incorporated herein.

146.    The Core Conspirators, as the center and nexus of the conspiracy, engaged in this fraudulent scheme as its regular course of business, including the development of standardized practices and models to assist their scheme.

147.    CSFBC repeated this fraudulent scheme with each new Issuer's IPO performed by its Technology Group. By virtue of its repetition, this fraudulent scheme became a deceitful course of business for the Core Conspirators (CSFBC, the Technology Group, and QBB).

## CSG AND CS ASSIST AND PARTICIPATE

148.    CSG and CS assisted and participated in the fraudulent scheme described in the above paragraphs. CSG and CS accomplished this by, *inter alia*, sharing officers and/or directors of its Executive Boards or Board of Directors with subsidiaries that profited directly from the fraud alleged above. The assisting and participating officers and directors included John M. Hennessy, Allen D. Wheat, David A. DeNunzio, Richard Thornburgh, Charles Ward, and Edward Nadel. This commonality of membership between the officers and directors of CSG and CS with those of the subsidiaries ensured that CSG and CS were generally aware of, directed, authorized, and sponsored the activities of the subsidiaries.

149.    At all relevant times, CS had a direct and active relationship with QBB and also the Technology Group. CS directly employed QBB by virtue of its July 1998 employment contract

38

Scanned Image - 1:03CV00448 Document 1 page 38 Mon Mar 05 09:09:45 2003

with QBB, and simultaneously employed the remainder of the Technology Group through CS's wholly owned subsidiaries.  In addition, the contract with QBB provided for CS's direct, active, and continuing investment in the activities of QBB and the Technology Group by requiring CS to create and fund venture investment funds for (and with) QBB and the Technology Group.

150.    In addition, at all relevant times, CSG employed through its wholly owned subsidiaries QBB and the Technology Group.  In addition, CSG at all times had the authority and power to prevent the venture fund activities of the Technology Group and QBB.

151.    These funds were instrumental to the Technology Group's overall fraudulent scheme, because *inter alia*, they allowed the Technology Group to curry favor with potential clients of its IPO services, and allowed the members of the Technology Group to profit directly from their fraudulent activities.

152.    CS and CSG each had a general awareness that its role was part of an overall activity that was improper.  Executive members and/or senior managers had raised concerns about the propriety and/or legality of these venture funds, and these venture fund transactions were not part of the normal course of business for CS or CSG.  Alternatively, CS and CSG knew or should have known that something improper was occurring because CS and CSG had a special duty to the investing public by virtue of its underwriting, investment advisory, and broker dealer operations.

### PURPOSEFUL DESTRUCTION OF EVIDENCE OF WRONGDOING

153.    In anticipation of litigation, and to eliminate evidence of wrongdoing, members of the Technology Group, at the direction of its senior management, purposely destroyed records, files, and other relevant evidence relating to the violations of securities laws alleged in this complaint.

### KNOWINGLY FALSE STATEMENTS—JOINT AND SEVERAL LIABILITY

39

Scanned Image - USDC/SDNY Document 1 page 39 filed Mar 23 23:23:23 2003

154.   The Defendants and each of them are jointly and severally liable for the alleged fraud, since, as discussed in the paragraphs above, each of them knowingly made misstatements and omissions and each of them knew that the Plaintiff and other Members of the Class were likely to reasonably rely on them.

## INSIDER TRADING IN THE AFTERMARKET BY THE BANK DEFENDANTS

155.   After each IPO, the Bank Defendants sold the Issuer's stock that the Bank Defendants had purchased prior to the IPO through venture capital investments by the hedge funds established by QBB and the Technology Group, and/or through other venture capital affiliates of the Bank Defendants.

156.   At the time that the Bank Defendants sold the Issuer stock that they had bought pre-IPO as described above, they were in possession of material, non-public information affecting the price of the publicly traded stock.

157.   The Bank Defendants were in possession of this material information both from their fiduciary role as the underwriter of each Issuer's IPO and from their complicity with each Issuer in the public dissemination of fraudulent information regarding the expected financial performance of the Issuer.  The dissemination of fraudulent information  included the publication of research reports by CSFBC and/or the Technology Group's research analysts that had the purpose of creating the appearance of unpredictable revenue growth.

158.   The Bank Defendants sold the Issuers' stock that they had purchased pre-IPO to the public marketplace in the aftermarket period at prices that were inflated by these material misrepresentations.  The Bank Defendants had knowledge of these material misrepresentations, and were complicit in them, but the fact of the misrepresentations was unknown to the public

40

Scanned Image - 1:03CV38489 Document 1 page 48 Mon Mar 03 09:59:00 2003

marketplace.

<div align="center">

**INSIDER TRADING IN THE AFTERMARKET BY THE
INDIVIDUAL ISSUER DEFENDANTS**

</div>

159.    After each IPO, the Individual Issuer Defendants also personally sold their Issuer's

stock that they had received prior to the IPO.  At the time the Individual Issuer Defendants sold

their pre-IPO stock, they were in possession of material, non-public information affecting the price

of the publicly traded stock.

160.    The Individual Issuer Defendants were in possession of this material information

through their complicity with the Bank Defendants in the public dissemination of fraudulent

information regarding the expected financial performance of their Issuer.  The dissemination of

fraudulent information included the publication of research reports by CSFBC and/or the

Technology Group's research analysts that had the purpose of creating the appearance of

unpredictable revenue growth.

161.    The Individual Issuer Defendants sold their Issuer's stock that they had acquired pre-

IPO at prices that were inflated by these material misrepresentations.  The Individual Issuer

Defendants had knowledge of these material misrepresentations, and were complicit in them, but

the fact of the misrepresentations was unknown to the public marketplace.

<div align="center">

**INSIDER TRADING IN THE FOLLOW-ON ("SECONDARY")
OFFERING BY THE BANK DEFENDANTS**

</div>

162.    This subsection applies only to the Bank Defendants' sales in the Secondary

Offerings identified in Exhibit B ("Secondary Offerings").

163.    At the time of each Secondary Offering, the Bank Defendants were in possession of

material, non-public information affecting the price of the Issuer's publicly traded stock.  This

<div align="right">41</div>

information is described above in paragraph 157 and incorporated herein by reference.

164.    The Bank Defendants participated as selling shareholders in each Secondary Offering and sold some or all of their pre IPO stock in each Secondary Offering at a price that was inflated by these material misrepresentations.  The Bank Defendants had knowledge of these material misrepresentations, and were complicit in them, but the fact of the misrepresentations was unknown to the public marketplace.

## INSIDER TRADING IN THE FOLLOW-ON (SECONDARY) OFFERING BY THE ISSUER

165.    This subsection applies only to those Issuers who had Secondary Offerings, as identified in Exhibit B ("Secondary Offerings") below.

166.    At the time of each Issuer's Secondary Offering. the Issuer was in possession (through its executive officers and/or directors) of material, non-public information affecting the price of that Issuer's publicly traded stock.  This information is described above in paragraph 160 and incorporated herein by reference.

167.    The Issuers sold some of their stock in the Secondary Offering at a price that was inflated by these material misrepresentations.  Each Issuer had knowledge of these material misrepresentations, and were complicit in them, but the fact of the misrepresentations was unknown to the public marketplace.

## INSIDER TRADING IN THE FOLLOW-ON (SECONDARY) OFFERING BY THE INDIVIDUAL ISSUER DEFENDANTS

168.    This subsection applies only to the Individual Issuer Defendants' sales of their Issuer's stock in the Secondary Offerings identified in Exhibit B ("Secondary Offerings") .

169.    At the time of each Issuer's Secondary Offering, the Individual Issuer Defendants

42

Document Image - 1:02CV09448 Document 1 page 42 Item Mar 26 00:00:00 2003

were in possession of material, non-public information affecting the price of that Issuer's publicly traded stock. This information is described above in paragraph 160 and incorporated herein by reference.

170. The Individual Issuer Defendants participated as selling shareholders in their Issuer's Secondary Offering and sold some or all of their pre-IPO stock in the offering at a price that was inflated by these material misrepresentations. The Individual Issuer Defendants had knowledge of these material misrepresentations, and were complicit in them, but the fact of the misrepresentations was unknown to the public marketplace.

### FIRST CLAIM: FOR VIOLATIONS OF SECTION 10(b) OF THE EXCHANGE ACT AND RULE 10b-5 PROMULGATED THEREUNDER BY THE CORE CONSPIRATORS (BY PLAINTIFF AND CLASS MEMBERS AGAINST QBB, THE TECHNOLOGY GROUP, AND CSFBC)

171. Plaintiff incorporates by reference and realleges the allegations as set forth above.

172. This Count is based upon Section 10(b) of the Exchange Act, 15 U.S.C. Section 78j(b), and Rule 10b-5 promulgated thereunder.

173. During the Class Period, the Defendants, singularly and in concert, engaged in a plan, scheme, and unlawful conspiracy and course of conduct, pursuant to which they knowingly and/or recklessly engaged in acts, transactions, practices, and courses of business which operated as a fraud upon Plaintiff and other members of the Class, and made various untrue statements of material facts and omitted to state material facts necessary in order to make the statements made not misleading to Plaintiff and other Class members. The purposes and effect of said scheme was to create the illusion of unpredictable revenue growth by each Issuer so that Defendants could profit from the purchase or sale of resulting price-manipulated securities owned by them, profit from increased underwriting and market making fees resulting from the price manipulation, and induce

43

Scanned Image - USDCY00405 Document 1 page 43 filed Mar 03 00:00:00 2003

Plaintiff and the members of the Class to purchase common stock at artificially manipulated prices.

174.   During the Class Period, the Defendants, pursuant to said plan, scheme, and unlawful conspiracy and course of conduct, knowingly and recklessly issued, caused to be issued, and participated in the issuance of false and misleading statements to the investing public which were contained in the various documents and releases specified herein, and failed to disclose material facts to the investing public.

175.   The Defendants knew or recklessly disregarded the fact that the aforesaid acts and practices, misleading statements, and omissions would adversely affect the price of each Issuer's common stock.

176.   The Defendants herein knew or recklessly disregarded the fact that the aforesaid acts and practices, misleading statements, and omissions would adversely affect the ability to market the Issuer's common stock. The Defendants, by acting as hereinabove described, did so knowingly or in such a reckless or grossly negligent manner as to constitute a deceit and fraud upon Plaintiff and the members of the Class.

177.   The Defendants are liable as direct participants in the wrongs complained of herein. The Defendants had a duty to promptly disseminate accurate and truthful information with respect to each Issuer's operations, financial condition, and anticipated revenues so that the price of the Issuer's common stock would be based on truthful and accurate information. The Defendants participated in the wrongdoing complained of in order to create and continue the illusion of unpredictability of Issuers' prospects for revenue growth.

178.   As a result of the dissemination of the aforementioned false and misleading reports, releases and financial statements, the price of each Issuer's common stock was artificially manipulated throughout the Class Period. In ignorance of the purposeful scheme designed, *inter*

44

Scanned Image - 1:02CV00400 Document 1 page 44 thm Mar 02 00:00:00 2002

*alia,* to create the appearance of unpredictable revenue growth, which was concealed by the Defendants, Plaintiff and the members of the Class purchased Issuer securities at artificially manipulated prices relying upon the integrity of the securities markets and were damaged thereby.

179.   Had Plaintiff and the members of the Class known of the materially adverse information not disclosed by the Defendants, they would not have purchased the securities of Issuer at all or, if so, not at the artificially manipulated prices they did.

180.   By virtue of the foregoing, the defendants each violated Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder.

181.   As a direct and proximate result of defendants' wrongful conduct, Plaintiff and other members of the Class suffered damages in connection with their purchases of the Issuers' securities during the Class period.

<u>SECOND CLAIM: FOR VIOLATIONS OF SECTION 10(b) OF THE EXCHANGE ACT AND RULE 10b-5 PROMULGATED THEREUNDER BY ISSUER DEFENDANTS (BY PLAINTIFF AND/OR CLASS MEMBERS AGAINST EACH ISSUER & INDIVIDUAL ISSUER DEFENDANTS)</u>

182.   Plaintiff incorporates by reference and realleges the allegations as set forth above.

183.   This Count is based upon Section 10(b) of the Exchange Act, 15 U.S.C. Section 78j(b), and Rule 10b-5 promulgated thereunder.

184.   During the Class Period, the Defendants, singularly and in concert, engaged in a plan, scheme, and unlawful conspiracy and course of conduct, pursuant to which they knowingly and/or recklessly engaged in acts, transactions, practices, and courses of business which operated as a fraud upon Plaintiff and other members of the Class, and made various untrue statements of material facts and omitted to state material facts necessary in order to make the statements made not misleading to Plaintiff and other Class members.  The purpose and effect of said scheme was to

45

create the illusion of unpredictable revenue growth so that Defendants could profit from the purchase or sale of resulting price-manipulated securities owned by them and induce Plaintiff and the members of the Class to purchase common stock at artificially manipulated prices.

185.   During the Class Period, the Defendants, pursuant to said plan, scheme, and unlawful conspiracy and course of conduct, knowingly and recklessly issued, caused to be issued, and participated in the issuance of false and misleading statements to the investing public which

create the illusion of unpredictable revenue growth so that Defendants could profit from the purchase or sale of resulting price-manipulated securities owned by them and induce Plaintiff and the members of the Class to purchase common stock at artificially manipulated prices.

185. During the Class Period, the Defendants, pursuant to said plan, scheme, and unlawful conspiracy and course of conduct, knowingly and recklessly issued, caused to be issued, and participated in the issuance of false and misleading statements to the investing public which were contained in the various documents and releases specified herein, and failed to disclose material facts to the investing public.

186. The Defendants knew or recklessly disregarded the fact that the aforesaid acts and practices, misleading statements, and omissions would adversely affect the price of the Issuer's common stock.

187. The Defendants herein knew or recklessly disregarded the fact that the aforesaid acts and practices, misleading statements, and omissions would adversely affect the ability to market the Issuer's common stock. The Defendants, by acting as hereinabove described, did so knowingly or in such a reckless or grossly negligent manner as to constitute a deceit and fraud upon Plaintiff and the members of the Class.

188. The Defendants are liable as direct participants in the wrongs complained of herein. The Defendants had a duty to promptly disseminate accurate and truthful information with respect to Issuer's operations, financial condition, and revenues so that the price of the Issuer's common stock would be based on truthful and accurate information. The Individual Issuer Defendants, because of their position of control and authority, were able to and did, directly or indirectly, control the content of the various financial reports, statements, and press releases of Issuer. The Defendants participated in the wrongdoing complained of in order to create and continue the illusion of

46

Scanned Image - USDC VA424 Document 1 page of Size Mar 03 02:00:00 2003

unpredictability of Issuers' prospects for revenue growth.

189.    As a result of the dissemination of the aforementioned false and misleading reports, releases and financial statements, the price of the Issuer's common stock was artificially manipulated throughout the Class Period.  In ignorance of the purposeful scheme designed, *inter alia*, to create the appearance of unpredictable revenue growth, which was concealed by the Defendants, Plaintiff and the members of the Class purchased Issuer securities at artificially manipulated prices relying upon the integrity of the securities markets and were damaged thereby.

190.    Had Plaintiff and the members of the Class known of the materially adverse information not disclosed by the Defendants, they would not have purchased the securities of Issuer at all or, if so, not at the artificially manipulated prices they did.

191.    By virtue of the foregoing, the defendants each violated Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder.

192.    As a direct and proximate result of defendants' wrongful conduct, Plaintiff and other members of the Class suffered damages in connection with their purchases of the Issuers' securities during the Class period.

### THIRD CLAIM:  FOR VIOLATIONS OF SECTION 15 OF THE SECURITIES ACT (AGAINST THE INDIVIDUAL DEFENDANTS ONLY BY PLAINTIFF AND CLASS MEMBERS)

193.    Plaintiff incorporates by reference and realleges the allegations as set forth above.

194.    By reason of their positions as senior managers and/or directors as alleged above, the Individual Defendants had the power to influence, and exercised such power, to cause Issuer to engage in the unlawful acts and conduct complained of herein.

195.    By reason of such wrongful conduct, the Individual Defendants are liable pursuant

47

Scanned Image - 1:03CV26440 Document 1 page of filed Mar 05 00:00:00 2003

to Section 15 of the Securities Act. As a direct and proximate result of the Individual Defendants'

wrongful conduct, Plaintiff and the other members of the Class suffered damages in connection with

their purchases of Issuers' securities during the Class Period.

### FOURTH CLAIM: FOR VIOLATIONS OF
### SECTION 12(a)(2) OF THE SECURITIES ACT
### (BY PLAINTIFF AND CLASS MEMBERS AGAINST DEFENDANT CSFBC)

196.    Plaintiff incorporates by reference and realleges the allegations as set forth above.

197.    This count is brought pursuant to Section 12(a)(2) of the Securities Act, 15 U.S.C. §

771(a)(2), on behalf of Plaintiff and other members of the Class against CSFBC. It does not sound

in fraud.

198.    CSFBC, as underwriter and dealer manager of Issuers' Offerings, solicited the

purchase of Issuers' securities by Plaintiff and the Class Members and offered those securities on

behalf of itself and Issuers; and CSFBC was motivated (at least in part) in doing so, by desire to

serve its own financial interests and/or those financial interests of persons deemed to be a "seller" of

the Issuer securities under the federal securities laws and related state laws.

199.    As detailed above, the Prospectus for each Issuer's Offering contained several

material misstatements and omitted to state several material facts which were necessary to make the

statements made, in light of the circumstances in which they were made, not misleading.

200.    As a result, in contravention of Section 12(a)(2) of the Securities Act, CSFBC

offered and sold securities to Plaintiff and the Class Members by means of a prospectus or oral

communication which included an untrue statement of material fact or omitted to state a material

fact necessary to make the statements made, in light of the circumstances in which they were made,

not misleading, by the use of means or instrumentalities in and of interstate commerce or by use of

48

Scanned Image - 94MCV00496 Document 1 page 48 Mon Mar 03 00:00:00 2003

the mails, where Plaintiff did not know of the untruths and/or omissions and where CSFBC knew

or, in the exercise of reasonable care, could have known of them.

201.    Plaintiff and the other members of the Class, hereby tender to CSFBC the Issuer

securities which they purchased in the Offerings and still hold, and Plaintiff and the other members

of the Class demand rescission of that purchase, together with restitution and repayment of the

consideration which Plaintiff and the other members of the Class paid in connection therewith, plus

interest.

202.    Less than three years has elapsed from the time that the securities upon which this

Count is brought were sold to the public to the time of the filing of this action.  Less than one year

has elapsed from the time when Plaintiff discovered or reasonably could have discovered the facts

upon which this Count is based to the time of the filing of this action.

### FIFTH CLAIM:  FOR VIOLATIONS OF SECTION 20(a) OF THE EXCHANGE ACT BY THE TECHNOLOGY GROUP MANAGERS (BY ALL PLAINTIFF AND CLASS MEMBERS AGAINST THE TECHNOLOGY GROUP MANAGERS ONLY)

203.    Plaintiff incorporates by reference and realleges the allegations as set forth above.

This claim for relief is based on Section 20(a) of the Exchange Act.

204.    At all relevant times, the Technology Group Managers, by virtue of their offices,

directorships, and the specific acts heretofore described, were controlling persons of the Technology

Group within the meaning of Section 20(a) of the Exchange Act.

205.    At all relevant times, pursuant to their positions of control, the Technology Group

Managers possessed the power to direct, or cause the direction of, the Technology Group's

management, operations, business, and Policies. In addition, the Technology Group Managers

possessed the power to directly or indirectly control or influence the specific corporate policy which

49

governed the Technology Group's management, operations, business, and Policies.  As such and at all relevant times, the Technology Group Managers were controlling persons of the Technology Group within Section 20(a) of the Exchange Act.

206.    The Technology Group Managers had the power and influence, and exercised the same, to cause the Technology Group to engage in the illegal conduct and practices complained of herein.

207.    By reason of their position of control over the Technology Group, as alleged above, the Technology Group Managers are liable jointly and severally with and to the same extent as the Technology Group is liable to Plaintiff and the other members of the Class for the damages which they suffered in connection with their purchases of Issuers' securities during the Class Period as a result of the wrongful conduct alleged herein.

## SIXTH CLAIM:  FOR CSFBC'S VIOLATIONS OF
## SECTION 20(a) OF THE EXCHANGE ACT
## (BY ALL PLAINTIFF AND CLASS MEMBERS AGAINST CSFBC ONLY)

208.    Plaintiff incorporates by reference and realleges the allegations as set forth above. This claim for relief is based on Section 20(a) of the Exchange Act.

209.    As alleged above, at all relevant times CSFBC employed the Technology Group as an agent of its corporation.  CSFBC, by virtue of its corporate position of control, authority, employment, and/or contract was a controlling person of the Technology Group within the meaning of Section 20(a) of the Exchange Act.

210.    At all relevant times, pursuant to its position of control, CSFBC possessed the power to direct, or cause the direction of, the Technology Group's management, operations, business, and Policies. In addition, CSFBC possessed the power to directly or indirectly control or influence the

50

specific corporate policy which governed the Technology Group's management, operations, business, and Policies. As such and at all relevant times, CSFBC was a controlling person of the Technology Group within Section 20(a) of the Exchange Act.

211. In addition, CSFBC as an underwriter and/or broker and/or dealer had a duty to the public with respect to the Technology Group. CSFBC failed in this duty by, among other things, failing to maintain adequate oversight and/or hiring and/or training standards for the Technology Group. Further, CSFBC failed to adequately supervise the Technology Group, and failed to enforce any adequate standards which they had.

212. By reason of their position of control over the Technology Group, as alleged above, CSFBC is liable jointly and severally with and to the same extent as the Technology Group is liable to Plaintiff and the other members of the Class for the damages which they suffered in connection with their purchases of Issuers' securities during the Class Period as a result of the wrongful conduct alleged herein.

## SEVENTH CLAIM: FOR CS'S VIOLATIONS OF SECTION 20(a) OF THE EXCHANGE ACT (BY ALL PLAINTIFF AND CLASS MEMBERS AGAINST CS ONLY)

213. Plaintiff incorporates by reference and realleges the allegations as set forth above. This claim for relief is based on Section 20(a) of the Exchange Act.

214. As alleged above, at all relevant times CS wholly owned CSFBC and/or the Technology Group. CS, by virtue of its ownership position of CSFBC and/or the Technology Group and control, authority, employment, and/or contract was a controlling person of CSFBC and/or the Technology Group within the meaning of Section 20(a) of the Exchange Act.

215. At all relevant times, pursuant to its position of control, CS possessed the power to

51

Scanned Image - 1:03CV00485 Document 1 page 91 Mon Mar 03 00:00:00 2003

direct, or cause the direction of, CSFBC and/or the Technology Group's management, operations, business, and Policies. In addition, CS possessed the power to directly or indirectly control or influence the specific corporate policy which governed CSFBC and/or the Technology Group's management, operations, business, and Policies. As such and at all relevant times, CS was a controlling person of CSFBC and/or the Technology Group within Section 20(a) of the Exchange Act.

216.    In addition, CS as an investment advisor and/or broker and/or dealer had a duty to the public with respect to CSFBC and/or the Technology Group. CS failed in this duty by, among other things, failing to maintain adequate oversight and/or hiring and/or training standards for CSFBC and/or the Technology Group. Further, CS failed to adequately supervise CSFBC and/or the Technology Group, and failed to enforce any adequate standards which they had.

217.    By reason of their position of control over CSFBC and/or the Technology Group, as alleged above, CS is liable jointly and severally with and to the same extent as CSFBC and/or the Technology Group is liable to Plaintiff and the other members of the Class for the damages which they suffered in connection with their purchases of Issuers' securities during the Class Period as a result of the wrongful conduct alleged herein.

<div align="center">

**EIGHTH CLAIM:  FOR CSG'S VIOLATIONS OF
SECTION 20(a) OF THE EXCHANGE ACT
(BY ALL PLAINTIFF AND CLASS MEMBERS AGAINST CSG ONLY)**

</div>

218.    Plaintiff incorporates by reference and realleges the allegations as set forth above. This claim for relief is based on Section 20(a) of the Exchange Act.

219.    As alleged above, at all relevant times CSG wholly owned CSFBC. CSG, by virtue of its ownership position of CSFBC and/or the Technology Group and control, authority,

52

Scanned image - LIBCVBMH Document 1 page 52 thru Mar 04 58:45:01 2003

employment, and/or contract was a controlling person of CSFBC and/or the Technology Group within the meaning of Section 20(a) of the Exchange Act.

220.    At all relevant times, pursuant to its position of control, CSG possessed the power to direct, or cause the direction of, CSFBC and/or the Technology Group's management, operations, business, and Policies.  In addition, CSG possessed the power to directly or indirectly control or influence the specific corporate policy which governed CSFBC and/or the Technology Group's management, operations, business, and Policies.  As such and at all relevant times, CSG was a controlling person of CSFBC and/or the Technology Group within Section 20(a) of the Exchange Act.

221.    In addition, CSG as an investment advisor and/or broker and/or dealer had a duty to the public with respect to CSFBC and/or the Technology Group.  CSG failed in this duty by, among other things, failing to maintain adequate oversight and/or hiring and/or training standards for the CSFBC and/or the Technology Group.  Further, CSG failed to adequately supervise the Technology Group, and failed to enforce any adequate standards which they had.

222.    By reason of their position of control over CSFBC and/or the Technology Group, as alleged above, CSG is liable jointly and severally with and to the same extent as CSFBC and/or the Technology Group is liable to Plaintiff and the other members of the Class for the damages which they suffered in connection with their purchases of Issuers' securities during the Class Period as a result of the wrongful conduct alleged herein.

### NINTH CLAIM:  FOR EACH ISSUER'S VIOLATIONS OF SECTION 20(a) OF THE EXCHANGE ACT (BY ALL PLAINTIFF AND CLASS MEMBERS AGAINST EACH ISSUER ONLY)

223.    Plaintiff incorporates by reference and realleges the allegations as set forth above.

53

Scanned Image - 1:03CV00409 Document 1 page 32 thru line 63 05:00:00 2003

This claim for relief is based on Section 20(a) of the Exchange Act.

224.   As alleged above, at all relevant times each Issuer employed its Individual Issuer Defendants. Each Issuer, by virtue of its corporate position of employment, control, and authority was a controlling person of its Individual Issuer Defendants within the meaning of Section 20(a) of the Exchange Act.

225.   At all relevant times, pursuant to its position of control, each Issuer possessed the power to direct, or cause the direction of, its Individual Issuer Defendants' management, operations, business, and Policies. In addition, each Issuer possessed the power to directly or indirectly control or influence the specific corporate policy which governed its Individual Issuer Defendants' management, operations, business, and Policies. As such and at all relevant times, each Issuer was a controlling person of its Individual Issuer Defendants within Section 20(a) of the Exchange Act.

226.   By reason of its position of control over its Individual Issuer Defendants, as alleged above, each Issuer is liable jointly and severally with and to the same extent as its Individual Issuer Defendants are liable to Plaintiff and the other members of the Class for the damages which they suffered in connection with their purchases of each Issuer's securities during the Class Period as a result of the wrongful conduct alleged herein.

## TENTH CLAIM: FOR CSFBC'S LIABILITY UNDER *RESPONDEAT SUPERIOR* FOR THE FRAUDULENT ACTS OF THE TECHNOLOGY GROUP (BUT NOT INCLUDING QBB) (BY ALL PLAINTIFF AND CLASS MEMBERS AGAINST CSFBC ONLY)

227.   Plaintiff incorporates by reference and realleges the allegations as set forth above. This claim for relief is based on the common law of respondeat superior.

228.   As alleged above, CSFBC at all relevant times employed the Technology Group as an agent of its corporation.

54

229.   As alleged above, the acts of the Technology Group in carrying out its fraudulent scheme were committed while acting within the scope of its employment to CSFBC. The scope of the Technology Group's employment included investment banking, equity research, and equity sales activities for CSFBC, and the fraudulent scheme was executed by means of the same activities.

230.   CSFBC was negligent in allowing the fraudulent acts of the Technology Group to be

229.    As alleged above, the acts of the Technology Group in carrying out its fraudulent scheme were committed while acting within the scope of its employment to CSFBC. The scope of the Technology Group's employment included investment banking, equity research, and equity sales activities for CSFBC, and the fraudulent scheme was executed by means of the same activities.

230.    CSFBC was negligent in allowing the fraudulent acts of the Technology Group to be executed and continued. CSFBC knew, or should have known, of all or at least some part of the Technology Group's fraudulent activities and that knowledge required CSFBC to investigate, control, and prevent the Technology Group from carrying out its fraudulent scheme. In addition, or in the alternative, CSFBC was negligent in supervising the activities of the Technology Group because the Technology Group could not have carried out its fraudulent scheme without the support and operations of CSFBC.

231.    In addition, as a securities underwriter and/or broker and/or dealer, CSFBC had a non-delegable duty to the public, based upon the public's trust, to diligently and adequately supervise its operations, including the operations of the Technology Group. CSFBC failed in this duty by failing to adequately supervise the Technology Group. Among other things, CSFBC failed to maintain adequate oversight and/or hiring and/or training standards for the Technology Group, and/or failed to enforce any adequate standards which they had.

232.    By reason of its position of employment over the Technology Group, as alleged above, CSFBC is liable jointly and severally with and to the same extent as the Technology Group is liable to Plaintiff and the other members of the Class for the damages which they suffered in connection with their purchases of Issuers' securities during the Class Period as a result of the wrongful conduct alleged herein.

55

ELEVENTH CLAIM: FOR CS'S LIABILITY UNDER *RESPONDEAT SUPERIOR* FOR
THE FRAUDULENT ACTS OF QBB AND/OR THE TECHNOLOGY GROUP (BY ALL
PLAINTIFF AND CLASS MEMBERS AGAINST CS ONLY)

233.    Plaintiff incorporates by reference and realleges the allegations as set forth above.

This claim for relief is based on the common law of respondeat superior.

234.    As alleged above, CS at all relevant times employed QBB and/or the Technology

Group as an agent of its corporation.

235.    As alleged above, the acts of the QBB and/or the Technology Group in carrying out

its fraudulent scheme were committed while acting within the scope of its employment to CS. The

scope of the QBB and/or the Technology Group's employment included investment banking, equity

research, and equity sales activities for CS, and the fraudulent scheme was executed by means of the

same activities.

236.    CS was negligent in allowing the fraudulent acts of the QBB and/or the Technology

Group to be executed and continued.  CS knew, or should have known, of all or at least some part of

the QBB and/or the Technology Group's fraudulent activities and that knowledge required CS to

investigate, control, and prevent the QBB and/or the Technology Group from carrying out its

fraudulent scheme.  In addition, or in the alternative, CS was negligent in supervising the activities

of the QBB and/or the Technology Group because the QBB and/or the Technology Group could not

have carried out its fraudulent scheme without the support and operations of CS.

237.    In addition, as a securities underwriter and/or broker and/or dealer, CS had a non-

delegable duty to the public, based upon the public's trust, to diligently and adequately supervise its

operations, including the operations of the QBB and/or the Technology Group.  CS failed in this

duty by failing to adequately supervise the QBB and/or the Technology Group. Among other things,

CS failed to maintain adequate oversight and/or hiring and/or training standards for the QBB and/or

Scanned Image • V.05CV00406 Document 1 page 56 Mon Mar 10 00:00:00 2003

the Technology Group, and/or failed to enforce any adequate standards which they had.

238.   By reason of its position of employment over the QBB and/or the Technology Group, as alleged above, CS is liable jointly and severally with and to the same extent as the QBB and/or the Technology Group is liable to Plaintiff and the other members of the Class for the damages which they suffered in connection with their purchases of Issuers' securities during the Class Period as a result of the wrongful conduct alleged herein.

### TWELVTH CLAIM:  FOR EACH ISSUER'S LIABILITY UNDER *RESPONDEAT SUPERIOR* FOR THE FRAUDULENT ACTS OF ITS INDIVIDUAL ISSUER DEFENDANTS (BY ALL PLAINTIFF AND CLASS MEMBERS AGAINST EACH ISSUER ONLY)

239.   Plaintiff incorporates by reference and realleges the allegations as set forth above. This claim for relief is based on the common law of respondeat superior.

240.   As alleged above, at all relevant times each Issuer employed its Individual Issuer Defendants.

241.   As alleged above, the acts of each Issuer's Individual Issuer Defendants in carrying out their fraudulent scheme with the Technology Group were committed while acting within the scope of their employment with Issuer.  The scope of each Issuer's Individual Issuer Defendants' employment included working with the Issuer's underwriters in preparing the initial public offering, disclosing accurate financial information (including financial forecasts) to the underwriters, disclosing accurate financial information (including financial forecasts) to the equity research analysts, disseminating truthful information to the public through the underwriters, and disseminating truthful information to the public through the equity research analysts.  The corporate officer's fraudulent scheme was executed by means of the same activities.

242.   Each Issuer was negligent in allowing the fraudulent acts of its Individual Issuer

57

Defendants to be executed and continued. Each Issuer knew, or should have known, of all or at least some part of its Individual Issuer Defendants' fraudulent scheme and that knowledge required each Issuer to investigate, control, and prevent their Individual Issuer Defendants from carrying out the fraudulent scheme. In addition, or in the alternative, each Issuer was negligent in supervising the activities of its Individual Issuer Defendants because the Individual Issuer Defendants could not have carried out their fraudulent scheme without the support and operations of Issuer.

243.   In addition, as a registered public company, each Issuer had a non-delegable duty to the public, based upon the public's trust, to diligently and adequately supervise its Individual Issuer Defendants' communications to the public. Each Issuer failed in this duty by failing to adequately supervise their Individual Issuer Defendants, and/or to maintain adequate oversight standards for its Individual Issuer Defendants.

244.   By reason of its position of employment over its Individual Issuer Defendants, as alleged above, each Issuer is liable jointly and severally with and to the same extent as the Individual Issuer Defendants are liable to Plaintiff and the other members of the Class for the damages which they suffered in connection with their purchases of Issuers' securities during the Class Period as a result of the wrongful conduct alleged herein.

## THIRTEENTH CLAIM:  FOR VIOLATIONS OF COMMON LAW FRAUD (BY PLAINTIFF AND CLASS MEMBERS AGAINST ALL DEFENDANTS)

245.   Plaintiff incorporates by reference and realleges the allegations as set forth above.

246.   This Count is based upon common law fraud.

247.   During the Class Period, the Defendants, singularly and in concert, engaged in a plan, scheme, and unlawful conspiracy and course of conduct, pursuant to which they knowingly and/or recklessly engaged in acts, transactions, practices, and courses of business which operated as

58

Scanned Image - 1:09CV00000 Document 1 page 58 Mon Mar 24 09:56:00 2008

a fraud upon Plaintiff and other members of the Class, and made various untrue statements of material facts and omitted to state material facts necessary in order to make the statements made not misleading to Plaintiff and other Class members. The purposes and effect of said scheme was to create the illusion of unpredictable revenue growth so that Defendants could profit from the purchase or sale of the resulting price-manipulated securities owned by them and induce Plaintiff and the other members of the Class to purchase common stock at artificially manipulated prices.

248.    During the Class Period, the Defendants, pursuant to said plan, scheme, and unlawful conspiracy and course of conduct, knowingly and recklessly issued, caused to be issued, and participated in the issuance of false and misleading statements to the investing public which were contained in the various documents and releases specified herein, and failed to disclose material facts to the investing public.

249.    The Defendants knew or recklessly disregarded the fact that the aforesaid acts and practices, misleading statements, and omissions would adversely affect the price of the Issuers' common stock.

250.    The Defendants herein knew or recklessly disregarded the fact that the aforesaid acts and practices, misleading statements, and omissions would adversely affect the ability to market the Issuers' common stock. The Defendants, by acting as hereinabove described, did so knowingly or in such a reckless or grossly negligent manner as to constitute a deceit and fraud upon Plaintiff and the other members of the Class.

251.    The Defendants are liable as direct participants in the wrongs complained of herein. The Defendants had a duty to promptly disseminate accurate and truthful information with respect to Issuer's operations, financial condition, and earnings so that the price of Issuers' common stock would be based on truthful and accurate information. The Defendants participated in the

59

wrongdoing complained of in order to continue the illusion of the unpredictability of Issuers'

prospects for revenue growth.

252.    As a result of the dissemination of the aforementioned false and misleading reports,

releases and financial statements, the price of Issuers' common stock was artificially manipulated

throughout the Class Period.  In ignorance of the purposeful scheme designed to create the illusion

of unpredictable revenue growth, which was concealed by the Defendants, Plaintiff and the other

members of the Class justifiably relied on the false and misleading reports, releases, and financial

statements, and as a result, purchased Issuer securities at artificially manipulated prices and were

damaged thereby.

253.    Had Plaintiff and the other members of the Class known of the materially adverse

information not disclosed by the Defendants, they would not have purchased the securities of Issuer

at all or, if so, not at the artificially manipulated prices they did.

254.    By virtue of the foregoing, the defendants each committed fraud.

255.    As a direct and proximate result of defendants' wrongful conduct, Plaintiff and other

members of the Class suffered damages in connection with their purchases of the Issuers' securities

during the Class period.

### FOURTEENTH CLAIM: FOR VIOLATIONS OF FLORIDA BLUE SKY LAW
### (BY PLAINTIFF AND CLASS MEMBERS AGAINST ALL DEFENDANTS)

256.    Plaintiff incorporates by reference and realleges the allegations as set forth above.

257.    This Count is based upon the Florida Blue Sky Law, F.S.A. Section 517.301.

258.    During the Class Period, the Defendants, singularly and in concert, engaged in a

plan, scheme, and unlawful conspiracy and course of conduct, pursuant to which they knowingly

and/or recklessly engaged in acts, transactions, practices, and courses of business which operated as

60

Scanned Image - 1:03CV10405 Document 1 page 60 filed Mar 24 00:00:00 2003

a fraud upon Plaintiff and other members of the Class, and made various untrue statements of material facts and omitted to state material facts necessary in order to make the statements made not misleading to Plaintiff and other Class members. The purposes and effect of said scheme was to create the illusion of unpredictable revenue growth so that Defendants could profit from the purchase or sale of resulting price-manipulated securities owned by them and induce Plaintiff and the other members of the Class to purchase common stock at artificially manipulated prices.

259.    During the Class Period, the Defendants, pursuant to said plan, scheme, and unlawful conspiracy and course of conduct, knowingly and recklessly issued, caused to be issued, and participated in the issuance of false and misleading statements to the investing public which were contained in the various documents and releases specified herein, and failed to disclose material facts to the investing public.

260.    The Defendants knew or recklessly disregarded the fact that the aforesaid acts and practices, misleading statements, and omissions would adversely affect the price of Issuers' common stock.

261.    The Defendants herein knew or recklessly disregarded the fact that the aforesaid acts and practices, misleading statements, and omissions would adversely affect the ability to market the Issuers' common stock. The Defendants, by acting as hereinabove described, did so knowingly or in such a reckless or grossly negligent manner as to constitute a deceit and fraud upon Plaintiff and the other members of the Class.

262.    The Defendants are liable as direct participants in the wrongs complained of herein. The Defendants had a duty to promptly disseminate accurate and truthful information with respect to Issuers' operations, financial condition, and earnings so that the price of the Issuers' common stock would be based on truthful and accurate information. The Defendants participated in the

61

Scanned Image - V:\SECV20449 Document 1 page 61 thru Mar 62 00:00:00 2002

wrongdoing complained of in order to continue the illusion of the unpredictability of Issuers'

prospects for revenue growth.

263.    As a result of the dissemination of the aforementioned false and misleading reports,

releases and financial statements, the price of Issuers' common stock was artificially manipulated

throughout the Class Period.  In ignorance of the purposeful scheme designed to create the illusion

of the unpredictability of revenue growth, which was concealed by the Defendants, Plaintiff and the

other members of the Class purchased Issuer securities at artificially manipulated prices, justifiably

relying upon the false and misleading reports, releases and financial statements and were damaged

thereby.

264.    Had Plaintiff and the other members of the Class known of the materially adverse

information not disclosed by the Defendants, they would not have purchased the securities of Issuer

at all or, if so, not at the artificially manipulated prices they did.

265.    By virtue of the foregoing, the defendants each violated Florida Blue Sky Law,

F.S.A. Section 517.301.

266.    As a direct and proximate result of defendants' wrongful conduct, Plaintiff and the

other members of the Class suffered damages in connection with their purchases of the Issuers'

securities during the Class period.

<u>FIFHTEENTH CLAIM:  FOR NEGLIGENT MISREPRESENTATION</u>
<u>(BY PLAINTIFF AGAINST ALL DEFENDANTS)</u>

267.    Plaintiff incorporates by reference and realleges the allegations as set forth above.

268.    With respect to the information provided to Plaintiff and other members of the Class

about the Issuers, Defendants owed Plaintiff and other members of the Class a duty of reasonable

care.  Defendants knew that Plaintiff and the other members of the Class were relying upon the

62

Scanned Image • V:\SECV\\5449 Document 1 page 62 Mon Mar 31 08:00:00 2003

misrepresentations set forth in the Prospectuses about each Issuer's performance and financial condition in assessing whether to purchase each Issuer's stock.

269.    In order to induce plaintiff and other members of the Class to purchase the stock, Defendants made the misrepresentations and material omissions specified herein.

270.    In fact, these representations were false in material respects, and Defendants knew they were false or would have known they were false had they exercised reasonable care.

271.    Moreover, Defendants knew that the Plaintiff and other members of the Class would rely upon these false representations and omissions in assessing whether to purchase each Issuer's stock.

272.    Plaintiff and the other members of the Class relied reasonably relied on Defendants' misrepresentations and material omissions, as they had no cause to believe that the Prospectus contained materially false and misleading statements, and omissions of material fact.

273.    As a direct and proximate cause of Defendants' negligent misrepresentations, Plaintiff and the other members of the Class have been damaged.  They would not have purchased Issuers' stock but for the false statements and omissions of Defendants.

### PRAYER FOR JUDGMENT AND RELIEF

WHEREFORE, Plaintiffs pray for judgment and relief as follows:

1.  Declaring that this lawsuit is properly maintainable as a class action and certifying Plaintiffs as representatives of the Class;

2.  Awarding compensatory damages against Defendants individually, jointly and severally in an amount not yet fully ascertained, which when determined with sufficient specificity will be alleged and proved at trial;

63

Scanned Image - 1:02CV09409 Document 1 page 63 thru Mar 03 00:20:09 2003

3. Prejudgment interest at the maximum rate allowable by law;

4. Enjoining Defendants' wrongful conduct;

5. Awarding to Plaintiff and the Class Members disgorgement of Defendants' profits and commissions;

6. Awarding Plaintiff her costs and disbursements and reasonable allowances for Plaintiff's counsels' and experts', fees and expenses;

7. Awarding Plaintiffs and the Class Members restitution and rescission as permitted by law;

8. Punitive damages in an amount to be determined at trial;

9. Granting such other and further relief as the Court may deem just and proper.

64

## JURY TRIAL DEMAND

Plaintiff hereby demands a jury trial pursuant to Federal Rules of Civil Procedure Rule

38(b).

Dated: 2/28/03

Dexter W. Lehtinen
Claudio Riedi
Lehtinen Vargas & Riedi, P.A.
7700 N. Kendall Drive, Suite 303
Miami, Florida 33156
(305) 279-1166 Telephone
(305) 279-1365 Facsimile
criedi@lehtinenlaw.com

Dated: 2/28/03

Charles H. Jung (pro hac vice admission
to be applied for)
41 Sutter Street #1470
San Francisco, California 94104
(877) 891-0342 Telephone
(801) 730-5516 Facsimile
seclaw@ureach.com

Attorneys for Plaintiffs

65

# Exhibit C



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
IN RE INITIAL PUBLIC OFFERING          :
SECURITIES LITIGATION                  :
                                       :          21 MC 92
                                       :          ORDER
                                       :
------------------------------------X

MICHAEL B. MUKASEY, U.S.D.J.

  Pursuant to Rules 2, 15 and 16 of the Rules for the
Division of Business Among District Judges for this District, the
cases on the attached list ("IPO securities law cases") are
transferred to the docket of the Honorable Shira Scheindlin for
coordination and decision of pretrial motions, discovery, and
related matters other than trial.  The coordinated proceedings
before Judge Scheindlin will proceed under the above docket
number, with the above caption.

  Counsel are directed henceforth to file duplicate
originals of all papers under both the docket number set forth
above, and the original docket number of each case.  Both docket
numbers are to be listed alongside the caption.

  Upon the conclusion of proceedings before Judge
Scheindlin, any case that has not been either dismissed or
settled will be returned for trial to the judge to whom that case
was initially assigned, or to whom cases related to that case
were assigned.

MICROFILM   -12:00 PM

AUG - 9 2001

Any newly filed IPO securities law case is to be marked as related to the above docket number.  If such newly filed case deals with an issuer's securities that are the subject of an earlier filed case, such newly filed case is to be marked as related also to the lowest numbered docket number of the case that involves such securities.

SO ORDERED:

Dated:  New York, New York
       August 8, 2001

Michael B. Mukasey,
Chief Judge

U. S. DISTRICT COURT
FD
AUG - 9 2001
S. D. OF N. Y.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
                                          :
IN RE: INITIAL PUBLIC OFFERING            :        ORDER
SECURITIES LITIGATION                     :        21 MC 92   (SAS)
                                          :
------------------------------------------X

SHIRA A. SCHEINDLIN, U.S.D.J.:

      An initial conference will be held on September 7, 2001 at 4:30 in the Ceremonial Courtroom, 9th Floor, 500 Pearl Street, New York, New York.  All counsel shall comply with the following requirements.

I.   Prior to the conference, counsel shall provide the Court with the following documents in hard copy and on a floppy disk as WordPerfect files (version 6, 7 or 8).  The disk shall be labeled "IPO - Firm Name".

   A.   A document entitled "CASES" that lists all of the cases in which counsel has appeared or intends to appear, listed alphabetically by issuer, then by docket number

```
(e.g. Issuer: ADOBE
     XYZ v. DEF Corp. et al. 01 Civ. 0123
     ZYX v. FED Corp. et al. 01 Civ. 0125
     SWR v. BCD Corp. et al. 01 Civ. 0234

     Issuer: BINGO
     BCD v. HIJ Corp. et al. 01 Civ. 1234
     ABC v. QXR Corp. et al. 01 Civ. 2345
     RPS v. DCB Corp. et al. 01 Civ. 3456

     Issuer: CENSUS

     PDF v. HIJ Corp. et al. 01 Civ. 2001
     BZB v. KLM Corp. et al. 01 Civ. 2002
     JKL v. SMW Corp. et al. 01 Civ. 2003);
```

MICROFILM   -12:00 PM   AUG - 9 2001

<div align="center">
PDF v. HIJ Corp. et al. 01 Civ. 2001<br>
BZB v. KLM Corp. et al. 01 Civ. 2002<br>
JKL v. SMW Corp. et al. 01 Civ. 2003);
</div>

B.   A document entitled "MOTIONS" that indicates for each case:

    1.   Whether counsel has moved for consolidation and/or the appointment of a lead plaintiff and lead counsel;

    2.   The dates that any such motions were submitted or will be submitted;

    3.   Whether the Court has already ruled on consolidation and/or the appointment of lead plaintiff and lead counsel, and a summary of that ruling;

C.   A document entitled "RULE1-9" that includes a separate Local Rule 1.9 statement for each party in each case. These statements must also be filed with the Clerk of the Court.  See ¶ IV, infra;

D.   A document entitled "CONTACT" that provides counsel's mailing address, telephone number, facsimile number and e-mail address.  Counsel shall also identify the principal counsel designated to receive communications from other counsel and from the Court, as well as a

second counsel who may be contacted if principal

counsel cannot be reached;

E.   A document entitled "NON-IPO" that lists all of the

cases counsel believes have wrongfully been transferred

to this consolidated proceeding.

II.  <u>At the conference</u>, counsel who will appear in court shall

submit a typewritten appearance sheet, in duplicate,

prepared in advance of the conference.

III. <u>At the conference</u>, counsel shall be prepared to discuss the

following:

A.   Appointment of plaintiffs' liaison or co-liaison

counsel and defendants' liaison or co-liaison counsel.

<u>See</u> Manual for Complex Litigation (Third) § 20.22 , at

26-29 (1995);

B.   The briefing of common issues with respect to motions

to dismiss;

C.   The briefing of issues that relate only to a particular

issuer.

IV.  All documents filed with the Clerk of the Court shall be

filed in duplicate, <u>i.e.</u> in the Master Docket and in the

individual case docket.

V.   The parties are reminded that the Private Securities

Litigation Reform Act (PSLRA) requires that evidence be preserved during the pendency of any stay of discovery.  See 15 U.S.C. § 78u-4(b)(3)(C)(i).[1]

VI.  Any suggestions for agenda items are welcome and must be sent to the Court ten days in advance of the scheduled conference.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:   New York, New York
         August 8, 2001

---

[1]  That section provides:

> During the pendency of any stay of discovery pursuant to this paragraph, unless otherwise ordered by the court, any party to the action with actual notice of the allegations contained in the complaint shall treat all documents, data compilations (including electronically recorded or stored data), and tangible objects that are in the custody or control of such person and that are relevant to the allegations, as if they were the subject of a continuing request for production of documents from an opposing party under the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(b)(3)(C)(i)

# Exhibit D



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
----------------------------------------------- X
                                                :
IN RE INITIAL PUBLIC OFFERING                   :
ANTITRUST LITIGATION                            :    01 Civ. 2014 (WHP)
                                                :
----------------------------------------------- X
```

## CONSOLIDATED AMENDED CLASS ACTION COMPLAINT

**LOVELL & STEWART, LLP**
500 Fifth Avenue
New York, New York 10110
(212) 608-1900

**MILBERG WEISS BERSHAD HYNES
 & LERACH LLP**
One Pennsylvania Plaza
New York, New York 10119-0165
(212) 594-5300

**SCHIFFRIN & BARROWAY, LLP**
Three Bala Plaza East
Suite 400
Bala Cynwyd, PA 19004
(610) 667-7706

**SIROTA & SIROTA LLP**
110 Wall Street, 21st Floor
New York, New York 10005
(212) 425-9055

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**
270 Madison Avenue
New York, NY 10016
(212) 545-4600

**Plaintiffs' Executive Committee**
(Additional Counsel on Signature Page)

This is a class action alleging violations of federal and state antitrust laws.  Plaintiffs make the following allegations upon information and belief based upon the investigation of their counsel, except as to the allegations specifically pertaining to plaintiffs and their counsel.

## I.  SUMMARY OF ALLEGATIONS

1.  During the Class Period (as defined at ¶ 25), the defendants combined, conspired and agreed to require from customers consideration in addition to the underwriters' discount (the "anti-competitive charges") for allocations of shares of initial public offerings of certain technology-related companies (see Exhibit A hereto)[1] and to inflate the aftermarket prices for such Class Securities, in violation of Section 1 of the Sherman Antitrust Act, 15 U.S.C. § 1, and state antitrust laws.

2.  These technology-related companies that issued the Class Securities did not sell directly to the public the shares of their initial public offerings ("IPOs") of common stock. Instead, such companies sold their IPO stock to intermediaries known as "underwriters."  The underwriters sold 100% of such IPO stock to the public during the relevant period.  They did so in combinations, or "syndicates," of underwriters.

3.  During 1999-2000, one or more of the defendants was the lead underwriter(s) in approximately 90% of the dollar value of the IPOs of technology-related companies and approximately 87% of the dollar value of all equity IPOs.  See ¶ 76 n. 3.  The lead underwriter substantially controls an underwriting.  By virtue of the facts alleged herein, the defendants dominated or had market power in the relevant market during the Class Period.  See ¶¶ 75-78 infra.

---

[1]  Exhibit A lists "Class Securities" and related information.

4.      As further described herein, pursuant to defendants' combination, conspiracy and agreement:

(a)      Each defendant required customers to pay to defendants the IPO price for the relevant Class Security plus additional anticompetitive charges.  See ¶ 6 infra.

(b)      Each defendant required customers to agree, in order to obtain IPO shares of Class Securities, to make "tie in purchases" of such Class Securities in the aftermarket at levels above the respective IPO prices.  See ¶ 7 infra.

5.      Defendants commonly organized themselves into groups – known as "syndicates" – to underwrite and market IPOs.  Defendants abused the preexisting practice of combining into underwriting syndicates by implementing the unlawful agreement alleged herein through such syndicates, including through "road shows", other communications, information sharing, and other aspects and work of their underwriting syndicates as alleged at ¶¶ 51-59 infra.  Indeed, various defendants jointly agreed upon the amounts, prices and/or timing of the tie-in purchases that various customers were required to make in order to receive allocations of shares of Class Securities on initial public offerings.  Moreover, with respect to the Class Securities, defendants agreed to permit the lead underwriter in each syndicate to sell all of the shares being underwritten (if deemed beneficial to further the conspiracy to inflate the aftermarket prices or to receive the anticompetitive charges or otherwise), but to pay all underwriters in such syndicate even when they did not sell any of the Class Securities.  This undisclosed "centralizing" agreement further enhanced defendants' market power.

6.      Defendants' unlawful combination, conspiracy and agreement and their substantial market power enabled them to extract the anticompetitive charges from their

-2-

customers and Class members.  The defendants agreed that customers would be required to pay to the underwriters the public offering price plus the additional consideration of the anticompetitive charges for IPO shares of Class Securities.  Defendants did not disclose these anticompetitive charges in prospectuses for Class Securities.  The defendants agreed that such anticompetitive charges could take several forms.  These included non-competitively determined commissions on the purchase and sale of other securities, purchases of an issuer's shares in follow-up or "secondary" public offerings (for which the underwriters would earn underwriting discounts), commitments to purchase other, less attractive securities, or the laddered purchases described in the next paragraph.  Pursuant to defendants' agreement, the amount of the required consideration was frequently based upon a percentage of the profits obtained by the customer in connection with the purchase of IPO shares.

7.     The defendants leveraged their extensive market power by agreeing to require that, in order to obtain IPO shares of a Class Security, customers had to place bids for and/or purchase quantities of such Class Security in the aftermarket at prices above the IPO price in order to systematically and significantly inflate the after-market prices of IPOs — a practice known as "laddering."  The laddered purchases were made at the direction of defendants (or their co-conspirators) for defendants' purpose of inflating the aftermarket prices of Class Securities in order to increase defendants' revenues.   Specifically, the defendants' individual and collective revenue in connection with their underwriting activity depended, among other things, on the change in a stock's price shortly following the IPO.  Through the laddering practices and other elements of their unlawful agreement, defendants did cause the prices of the Class Securities to

-3-

trade at significantly inflated prices on the first day of trading and thereafter in the aftermarket until the practices were publicly disclosed. The result was that defendants significantly increased their underwriting market share and created billions of dollars of additional revenues for themselves that they would not have made in the absence of their unlawful agreement. See ¶ 74 infra.

8.    These laddered purchases, other purchases made by defendants and their co-conspirators, other elements of defendants' unlawful agreement, and the momentum of defendants' increasing market power had a cumulative effect on the relevant market. These factors and the defendants' increasing effectiveness began consistently to inflate the trading volume and prices of the Class Securities by substantial amounts. Between 1981 and 1996, the average price increase on the first day of trading of equity IPOs was approximately 8%. As the direct result and cumulative effect of defendants' implementation of their anticompetitive agreement, during the Class Period, the average price increase on the first day of trading in Class Securities was in excess of 60% and during 1999-2000 was in excess of 70%. Moreover, defendants' agreement caused more shares to be traded and attracted more trading interest for defendants' market-making operations on the first trading day and thereafter. From 1981 until 1996, the average volume of trades on the first day of trading of IPOs in general was roughly one-third the number of shares publicly offered. This volume dramatically increased during 1999-2000.

9.    Plaintiffs and Class members were injured in their business or property by defendants' violation of the antitrust laws in that plaintiffs and Class members paid the anticompetitive charges and inflated aftermarket prices caused by such unlawful agreement.

## II. JURISDICTION AND VENUE

10.    Plaintiffs bring this action under Section 4 of the Clayton Act, 15 U.S.C. §§ 15, for treble damages to recover for injuries sustained by plaintiffs and Class members arising from violations by defendants of the federal antitrust laws, including Section 1 of the Sherman Antitrust Act, 15 U.S.C. § 1. This Court has supplemental jurisdiction over the state law claims alleged in the second and third claims for relief pursuant to 28 U.S.C. § 1367(a).

11.    Venue is proper in this judicial district pursuant to 15 U.S.C. § 22 and 28 U.S.C. § 1391(b) and (c), because each of the defendants resides, is licensed to do business or maintains an office and/or the claims arose in this District. Many of the wrongful acts alleged herein took place in this District.

12.    N.Y. Gen. Bus. Law § 340 applies to the claims of all Class members.  All but one of the named defendants have their principal places of business in New York. The anti-competitive scheme of the defendants was conceived, developed, agreed to and deployed in and from New York.  The bulk of the defendants' underwriting services in connection with the Class Securities was performed in New York.  Many members of the Class also have additional state law claims under the laws of states in which they reside other than New York.

## III. PLAINTIFFS

13.    Except where otherwise alleged, each plaintiff identified below purchased, among others, the Class Securities identified below during the Class Period.  Except where otherwise alleged, these purchases were made in the aftermarket at the inflated prices caused by defendants' conduct.

(a)     Plaintiff Mita Aggarwal, a resident of New Jersey, and Mita Aggarwal IRA purchased Ariba, Inc. securities.

(b)     Plaintiff Estelle L. Augustine, a resident of Ohio, purchased Marketwatch.com, Inc. securities.

(c)     Plaintiff Tom Barnett, a resident of South Carolina, purchased Ariba, Inc. securities.

(d)     Plaintiff Anupkumar Bhasin, a resident of Maryland, purchased Rediff.com India, Ltd. securities.

(e)     Plaintiff Glen Billing, a resident of Texas, purchased Marimba, Inc. securities.

(f)     Plaintiff Joe Braswell, a resident of Maryland, purchased PlanetRx.com Inc. securities.

(g)     Plaintiff Troy Brooks, a resident of Alberta, Canada, purchased Wireless Facilities, Inc. securities.

(h)     Plaintiff Anita Budich, a resident of Arizona, purchased VA Linux Systems, Inc. securities.

(i)     Plaintiff Thomas E. Burke, a resident of Massachusetts, purchased Storagenetworks, Inc. securities from defendant Salomon Smith Barney, Inc. on June 30, 2000.

(j)     Plaintiff Don K. Burris, a resident of Georgia, purchased MP3.com Inc. securities.

(k)     Plaintiff Louis Capolino, a resident of New Jersey, purchased Global Crossing, Ltd. securities from defendant Salomon Smith Barney, Inc. on February 24, 1999 and on September 14, 1999.

(l)     Plaintiff Jerry Cobb, a resident of Florida, purchased iVillage, Inc. securities.

(m)     Plaintiff Max Cohen, a resident of New York, purchased Starmedia Networks, Inc. securities from defendant Salomon Smith Barney, Inc. on September 8, 2000.

(n)     Plaintiff Ray L. Cox, a resident of Tennessee, purchased Freemarkets, Inc. and Ventro Corp. securities.

(o)     Plaintiffs Buddy and Eileen Dukeman, residents of Pennsylvania, purchased Priceline.com securities.

(p)     Plaintiff Joyce Dunn, a resident of California, purchased Global Crossing, Ltd. securities from defendant Morgan Stanley Dean Witter & Co. on January 26, 2000.

(q)     Plaintiff David Federico, a resident of California, purchased Navisite, Inc. securities.

(r)     Plaintiff Robert Grovich, a resident of California, purchased Corvis Corp. securities.

(s)     Plaintiff Joe Goldgrab, a resident of New York, purchased Gadzoox Networks, Inc. securities.

(t)     Plaintiff Bob Harper, a resident of Mississippi, purchased Rhythms Netconnections, Inc. securities.

(u)     Plaintiff David Hoffman, a resident of California, purchased F5 Networks Inc. securities from defendant J.P Morgan Chase Securities (then Chase H&Q) on March 6, 7 and 10, 2000, and on April 14, 2000.

(v)     Plaintiff Bruce J. Jiorle, a resident of New Jersey, purchased Internet Capital Group, Inc. securities.

(w)     Plaintiff H. Wayne Jones is a resident of the State of Georgia.  Mr. Jones purchased at artificially inflated prices the common stock of Ariba, Inc. after the IPO for that security.

(x)     Plaintiff Susan Katz, a resident of New York, purchased Liberate Technologies, Inc. securities.

(y)     Plaintiff Glenn Kerr, a resident of Maryland, purchased Calico Commerce, Inc. securities.

(z)     Plaintiff Irving Lassoff, a resident of Pennsylvania, purchased Net2000 Communications, Inc. securities from defendant Morgan Stanley Dean Witter & Co. on November 30, 2000.

(aa)    Plaintiff Roderick Lau, a resident of the city of Calgary, Alberta, Canada, purchased Netzero, Inc. securities.

(bb)    Plaintiff Elizabeth Bates Lester, a resident of Michigan, and the Elizabeth Bates Lester Trust purchased Internet Capital Group, Inc. securities from defendant Merrill Lynch, Pierce, Fenner & Smith, Inc. on November 1, 1999.

(cc)    Plaintiff James W. Lester, a resident of Michigan, and the James W. Lester Trust purchased Internet Capital Group, Inc. securities from defendant Merrill Lynch, Pierce, Fenner & Smith, Inc. on August 30, 1999, December 22, 1999, January 10, 20000, October 10, 2000, and November 10, 2000.

(dd)    Plaintiff Solomon Lissanu, a resident of Virginia, purchased Netzero, Inc. securities.

(ee)    Plaintiff Raymond Litwin, a resident of Maryland, purchased Opus360 Corp. securities.

(ff)    Plaintiff Local 144 Nursing Home Pension Fund, located in New York, purchased Aether Systems, Inc. from defendant Robertson Stephens, Inc. on March 21, 2000; Extreme Networks Incorporated from defendant Robertson Stephens, Inc. on March 22, 2000 and October 13, 2000 and from defendant Morgan Stanley & Co., Incorporated on October 2, 2000; and Liberate Technologies from a predecessor entity of J.P. Morgan Chase & Co. on March 6, 2000.

(gg)    Plaintiffs Michele and Bill Lucia, residents of New York, purchased 50 shares of Infonet Services Corp. common stock directly from defendant Merrill Lynch, Pierce, Fenner & Smith, Inc. ("Merrill Lynch") as part of the Infonet IPO.  In connection with this allocation, defendant Merrill Lynch, the lead underwriter for that IPO, required that Mr. and Mrs. Lucia pay anticompetitive charges, and Mr. and Mrs. Lucia did pay the anticompetitive charges, in the forms of additional purchases of this security in the aftermarket, at inflated prices and at excessive commissions.  Mr. and Mrs. Lucia purchased twenty-five shares of Buy.com Inc. common stock directly from defendant Merrill Lynch as part of the Buy.com Inc. IPO.  In connection with this allocation, defendant Merrill Lynch, the lead underwriter for that IPO, required that Mr. and Mrs. Lucia pay anticompetitive charges, and Mr. and Mrs. Lucia did pay the anticompetitive charges, in the forms of additional purchases of this security in the aftermarket, at inflated prices and at excessive commissions.

(hh)    Plaintiff Robert Malafronte, a resident of Illinois, purchased Commerce One, Inc. and Lante Corp. securities.

(ii)     Plaintiff Binh Nguyen, a resident of Washington, purchased Internet Capital Group, Inc. securities.

(jj)     Plaintiff David Pazarella, a resident of New York, purchased Calico Commerce, Inc. securities.

(kk)    Plaintiff Demetrios Petratos, a resident of Louisiana, purchased Autoweb.com, Inc. securities.

(ll)     Plaintiff Carlos Reeberg, a resident of Arizona, purchased VerticalNet, Inc. securities.

(mm)   Plaintiff Hans Reihl, a resident of Berg, Germany, purchased Digimarc Corp. securities.

(nn)    Plaintiff Norman Ross, a resident of Florida, purchased iBeam Broadcasting Corp. securities from defendant Morgan Stanley Dean Witter & Co. on September 22, 2000 and on December 1, 2000.

(oo)    Plaintiff Rachel Schwartz, a resident of New York, purchased Multex.com Inc. securities.

(pp)    Plaintiff Mark Sculnick, a resident of New York, purchased InterTrust Technologies Corp. securities.

(qq)    Plaintiff Edward Seltzer, a resident of Nevada, purchased Net2Phone Inc. securities.

(rr)     Plaintiff Kenneth Shives, a resident of Pennsylvania, purchased Ariba, Inc. securities.

(ss)    Plaintiff Farideh Sigari, a resident of California, purchased Selectica, Inc. securities.

(tt)    Plaintiff Efriam Simcha, a resident of New York, purchased Red Hat Inc., VA Linux Systems, Inc., Microstrategy, Inc. and Priceline.com Inc. securities.

(uu)    Plaintiff Henry Sklanowsky, a resident of California, purchased Priceline.com securities.

(vv)    Plaintiff Robert Tarantino, a resident of New York, purchased from defendant Credit Suisse First Boston Vitria Technology, Inc. securities on September 22, 1999, October 13, 1999, January 21, 2000, April 11, 2000, July 10, 2000 and July 13, 2000.

(ww)    Plaintiff Enrico Tavani, a resident of Antibes, France, purchased Optio Software, Inc. securities.

(xx)    Plaintiff Robert H. Thomas, a resident of Texas, purchased Internet Capital Group, Inc. securities.

(yy)    Plaintiff Anthony Voto, a resident of New York, purchased Marimba, Inc. securities.

(zz)    Plaintiff Heinz Wahl, a resident of Frankenthal, Germany, purchased Doubleclick, Inc. securities.

(aaa)    Plaintiff Philip Warner, a resident of Massachusetts, purchased Wireless Facilities, Inc. securities.

(bbb)    Plaintiff Matthew Weiner, a resident of New York, purchased Palm, Inc. securities.

(ccc)   Plaintiff Michael Weiss, a resident of Michigan, purchased Merrill Lynch B2B Internet HOLDRs Depository Receipts.

(ddd)   Plaintiff Ross Wiczer is a resident of the State of Maryland.  Mr. Wiczer purchased at artificially inflated prices the common stock of Priceline.com, Inc. after the IPO for that security.

(eee)   Plaintiff Bert Zauderer, a resident of Pennsylvania, purchased Merrill Lynch B2B Internet HOLDRs Depository Receipts.

(fff)   Plaintiff Deming Zhous, a resident of Illinois, purchased Avici Systems, Inc. securities.

## IV. DEFENDANTS

14.   Defendant **BEAR, STEARNS & CO. INC.**, defined to include all predecessor entities,  is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in New York, New York.

15.   Defendant **CREDIT SUISSE FIRST BOSTON CORPORATION** ("CSFB"), defined to include all predecessor entities, including, but not limited to, Donaldson Lufkin & Jenrette Securities Corporation ("DLJ") and any related DLJ entities, is a corporation organized and existing under the laws of the Commonwealth of Massachusetts, with its principal place of business in New York, New York.

16.   Defendant **DEUTSCHE BANK ALEX. BROWN** ("Alex Brown"), defined to include all predecessor entities, is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in New York, New York.

17.    Defendant **GOLDMAN SACHS & CO.** ("Goldman"), defined to include all predecessor entities, is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in New York, New York.

18.    Defendant **J. P. MORGAN CHASE & CO.**, defined to include all predecessor entities, including, but not limited to, Hambrecht & Quist LLC ("H&Q) and any related H&Q entities, is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in New York, New York.

19.    Defendant **LEHMAN BROTHERS, INC.**, defined to include all predecessor entities, is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in New York, New York.

20.    Defendant **MERRILL LYNCH, PIERCE, FENNER & SMITH, INC.**, defined to include all predecessor entities, is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in New York, New York.

21.    Defendant **MORGAN STANLEY & CO., INCORPORATED** ("Morgan Stanley"), defined to include all predecessor entities, including, but not limited to Morgan Stanley Dean Witter & Co. and related entities, is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in New York, New York.

22.    Defendant **ROBERTSON STEPHENS, INC.** ("Robertson Stephens"), defined to include all predecessor entities, is a corporation organized and existing under the laws of the State of Delaware, with offices in New York, New York.

23.    Defendant **SALOMON SMITH BARNEY, INC.**, defined to include all predecessor entities, is a corporation organized and existing under the laws of the Commonwealth of Massachusetts, with its principal place of business in New York, New York.

-13-

## V. CO-CONSPIRATORS

24.    Various investment banks and market makers, not named as defendants in this Complaint, participated in and knowingly and intentionally profited from the violations alleged herein and performed acts and made statements in furtherance thereof.

## VI. CLASS ALLEGATIONS

25.    Plaintiffs bring this action on behalf of themselves and all persons who between March 9, 1997 and December 6, 2000 (the "Class Period") purchased Class Securities on the initial public offering and paid the anticompetitive charges and/or purchased Class Securities in the aftermarket and were damaged thereby.[2]

26.    Excluded from the Class are each defendant, any investment banks which participated as syndicate members in any of the Class Securities, and all co-conspirators and each of their respective officers and directors, members of their immediate families, their legal representatives, heirs, successors or assigns and any entity in which any of the defendants or any excluded person has a controlling interest.  Also excluded are all issuers of Class Securities and all officers, directors or affiliates of any issuers of the Class Securities.

27.    Members of the Class are so numerous that joinder of all members is impracticable.  While the precise number of members of the Class is unknown at this time, it is believed to number at least in the tens of thousands of members. Hundreds of millions of shares of Class Securities were sold by defendants to members of the Class during the Class Period.

---

[2] Plaintiffs reserve the right to amend, supplement or alter the definition of the Class in plaintiffs' class motion pursuant to Rule 23 of the Federal Rules of Civil Procedure.

28.     Plaintiffs will fairly and adequately protect the interests of the members of the Class and have no interests which are contrary to or are in conflict with those of the Class that they seek to represent.  Plaintiffs have retained competent counsel experienced in class action litigation of this type to protect the Class and prosecute this action vigorously.

29.     Plaintiffs' claims are typical of the claims of the other members of the Class since all of their damages arise from and were caused by the same unlawful conduct engaged in by Defendants.

30.     A class action is superior to other available methods, if any, for the fair and efficient adjudication of this controversy because, among other reasons, joinder of all members of the Class is impracticable.  Furthermore, the expense and burden of individual litigation make it impracticable for the members of the Class individually to redress the wrongs done to them. Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action.

31.     Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting solely individual Class members.  Such questions include:

(a)     whether defendants entered into the combination, conspiracy and agreement complained of herein;

(b)     whether the alleged combination, conspiracy and agreement violated federal and state antitrust laws;

(c)     whether the combination, conspiracy and agreement caused injury to the business or property of plaintiffs and the other members of the Class;

-15-

(d)    the appropriate measure of damages; and

(e)    whether plaintiffs and the other members of the Class are entitled to declaratory relief.

32.    Because defendants have acted on grounds generally applicable to the entire Class, damages and declaratory relief are appropriate with respect to the Class as a whole.

## VII. INTERSTATE TRADE AND COMMERCE, AND BACKGROUND

33.    Each defendant has thousands of brokerage account customers who entrust it with various monies, properties and orders to buy securities.  The customers, including plaintiffs and Class members, for whose business the defendants purportedly compete, are located throughout the United States and elsewhere. The orders and the transactions of plaintiffs and Class members in Class Securities were entered and made in interstate commerce.  Defendants sold across state lines to Class Members many billions of dollars worth of Class Securities.

34.    The orders and transactions of plaintiffs and Class Members include orders to buy shares in the initial public offering of or aftermarket for Class Securities.

35.    IPOs are commonly conducted through investment banks as underwriters, including defendants.

36.    In an IPO, underwriting investment banks typically purchase from an issuer its initial public offering of stock at a price agreed upon with the issuer.  The underwriters also agree with the issuer: (a) to charge an agreed-upon underwriters' discount representing the underwriters' disclosed compensation, and (b) to offer the entire issue of stock to the public at the sum of (1) the agreed-upon purchase price paid to the issuer, plus (2) the agreed-upon underwriters' discount and commission.  This sum is the "IPO price."

37.    Underwriter syndicates of investment banks developed from the need of bankers to pool capital resources in order to underwrite securities.  This development was further necessitated by the passage of the Glass-Steagall Act.  The conditions that justified combining into syndicates in order to underwrite IPO shares, however, no longer applied or became less pertinent by the mid-1990s due to changes in the net capital rules, dramatic increases in the capital of U.S. investment banks, and the relaxation (and eventual repeal) of Glass-Steagall.

38.    Nonetheless, defendants still regularly combined with one another during the Class Period into underwriting syndicates.  One or more of the defendants served as the lead or a lead underwriter of the underwriting syndicates for approximately 73% of the total dollar amount of all equity underwritings and 71% of the total dollar amount of technology-related IPOs during 1997.  By virtue of their unlawful agreement alleged herein, defendants' comparable market share had grown to approximately 87% and 90%, respectively, by 1999-2000.

39.    Defendants further concentrated their market power within the underwriting syndicates during the Class Period: all defendants reduced competition among themselves by agreeing that whichever of them was lead underwriter in a particular syndicate could itself distribute all the shares of each Class Security (if deemed beneficial to maximize the aftermarket prices of the Class Securities and the anticompetitive charges or for other advantages).  Any member of the syndicate who did not sell the number of shares allocated to it as stated in the prospectus, or, indeed, any shares, nevertheless shared in the underwriters' discount.  These procedures would be applicable reciprocally in each syndicate for which one of the defendants was a lead underwriter.  Defendants further abused their combination in syndicates by jointly concealing the centralizing agreement from customers.

-17-

40.     Defendants worked individually and in concert among themselves and with co-conspirator market-makers to inject demand into the market for Class Securities and to inflate aftermarket prices.   Through the foregoing steps, their unlawful agreement and other conduct, defendants increased their power in and dominated the relevant market.  See ¶ 78 infra.

41.     Beginning prior to March 9, 1997, and throughout the Class Period, defendants combined, conspired and agreed to require from customers the anticompetitive charges and to inflate the aftermarket prices for the Class Securities.

42.     The anticompetitive charges caused the actual consideration paid to defendants for Class Securities to be greater than the IPO price and, correspondingly, inflated defendants' revenues.  The defendants agreed that such anticompetitive charges could take several forms. These included non-competitively determined commissions on the purchase and sale of other securities, purchases of an issuer's shares in follow-up or "secondary" public offerings (for which the underwriters would earn underwriting discounts), commitments to purchase other, less attractive securities, or the laddered purchases described herein.  Pursuant to defendants' agreement, the amount of the required consideration was frequently based upon a percentage of the profits obtained by the customer in connection with the purchase of IPO shares.  Also, as defendants' combination and conspiracy evolved and became more effective, defendants' demands on their customers increased.

43.     Defendants' combination, conspiracy and agreement unreasonably restrained interstate trade and commerce by inflating defendants' charges and revenues and the aftermarket prices for Class Securities in billions of dollars worth of interstate transactions.

-18-

## VIII. THE MAKING AND IMPLEMENTATION OF
## DEFENDANTS' UNLAWFUL AGREEMENT

44.     Defendants had the opportunity to make and manage their unlawful agreement and monitor their compliance with the agreement through, among others, the steps and means alleged in the succeeding paragraphs.

45.     During and prior to the Class Period, defendants continuously communicated and worked together as co-underwriters and members of underwriting syndicates, as market makers, and in the other capacities alleged below.

46.     Also, defendants collaborated with one another in trade organizations such as the Securities Industry Association ("SIA"), including as members of SIA's Syndicate Committee. The SIA advanced defendants' individual and collective interests in increasing their revenues, reducing their costs, and inflating what the public pays to financial intermediaries.

47.     Further, defendants frequently communicated with one another as members of the National Association of Securities Dealers, Inc. ("NASD") where they jointly participated in the trading of securities on the NASD's automated quotation system, commonly known as NASDAQ, and are and were members of various national and regional exchanges, including the New York Stock Exchange ("NYSE") and the American Stock Exchange ("AMEX").  Various defendants also combined to create various joint ventures in the securities market, including Stock Edge LLC, a stock trading vehicle for virtually all defendants, and Bond Book LLC, a bond trading system for virtually all defendants.

48.    In addition to the foregoing, defendants had numerous other regular meetings, including meetings among their top investment bankers, legal officers and marketing managers prior to and during the Class Period.

49.    Defendants implemented their unlawful combination, conspiracy and agreement through and in connection with their agreements to combine together into underwriting syndicates for Class Securities.

50.    Defendants conducted their underwritings together in varying combinations and worked with other defendants at multiple times during the Class Period.  For example, in underwritings of Class Securities in which Goldman was the lead underwriter, CSFB was a co-underwriter more than 35 times, Morgan Stanley was a co-underwriter more than 23 times, and Robertson Stephens was a co-underwriter more than 25 times.  Similarly, in underwritings of Class Securities in which CSFB was lead underwriter, Robertson Stephens was a co-underwriter more than 38 times.

51.    Defendants had, through the foregoing means and others, frequent communications among themselves and with other defendants about IPOs, Class Securities, their division of revenues, the aftermarket prices of Class Securities, the anticompetitive charges and tie-purchases alleged herein and related matters.

52.    During the foregoing communications and underwritings, defendants were all aware that the amount of the anticompetitive charges and future underwriting business opportunities depended upon whether, and the extent to which, the price of the newly offered common stock increased during aftermarket trading. The more that prices increased in

aftermarket trading, the more that defendants' customers were attracted to IPOs and the more revenues that defendants, individually and collectively, could make from IPOs.

53.    In order to implement their anticompetitive and unlawful agreement alleged herein, various defendants jointly took the steps, had the further communications, and made the further agreements alleged in the succeeding paragraphs.

54.    Defendants, jointly and individually, hosted "road shows" during which customers were introduced to the issuer and its managers and during which the offering was described. Defendants also conducted telephone calls, meetings and other regular communications prior to the IPOs of Class Securities.  During, or as part of these communications, including communications separate and apart from the "road shows," defendants, at times jointly, made inquiries of customers or others interested in purchasing Class Securities concerning the number of shares that such person would be willing to purchase in the aftermarket and the prices such person would be willing to pay for such shares.

55.    Representatives of different defendants discussed and communicated with each other about the requirement of tie-in purchases, the amount of increase in Class Securities prices after IPOs and related matters.

56.    As part of defendants' agreement, various defendants disclosed to each other on a reciprocal basis the identities of the customers to whom they allocated, or intended to allocate, Class Securities.  In order to monitor whether the customers complied with the preconditions to receiving allocations, these communications among defendants included discussions of customers' trades, as well as cooperation in supplying various data to one another and third parties.

-21-

57.     In furtherance of their conspiracy, defendants jointly informed customers of the terms of the tie-in purchases that they required for participation in the IPOs.

58.     Various defendants jointly used as a criterion in determining the levels of participation by non-defendant underwriters in a given syndicate whether and, if so, the extent to which, those underwriters adhered to the anticompetitive requirements described herein.  With respect to defendants and non-defendant co-conspirators, the agreement was to reward those underwriters from deal to deal for their adherence to the agreement on a reciprocal basis regardless of the identity of the lead underwriter.

59.     Various officers, partners and employees of defendants moved to similar positions with other defendants.  In their new positions, such persons continued to engage in the same unlawful conduct described herein on behalf of their new employers and the conspiracy and combination alleged herein.

60.     In connection with the offering of the Class Securities, defendants pre-committed their research analysts to issue positive reports shortly following the offering (known among defendants as "booster shots") and systematically to take other steps to help sell and promote the Class Securities in the IPO and the aftermarket.  At times, defendants would take other actions designed to maintain a level of credibility.

61.     Throughout the Class Period, defendants and their co-conspirators all undertook other overt acts which furthered the conspiracy's objectives by inflating the prices of Class Securities in the aftermarket.

62.     Defendants were required to and did have compliance procedures, practices and reports which promptly informed defendants of the amount of commissions, charges, and other

payments that their customers were making and the customers' commissions-to-equity ratios and turnover ratios, and whether the customers were paying any anticompetitive charges. Defendants were all aware of the effects of their unlawful agreement upon their customers, and each defendant monitored their customers' trades and accounts from one IPO to the next to ensure that customers were paying the corresponding anticompetitive charges. Defendants provided information to and received information from paid subscription services, among others, relating to commissions paid to defendants by various customers.

63.    As a result of the foregoing, and other communications, all defendants were aware that each of them was complying with their unlawful agreement. Indeed, CSFB, for example, has repeatedly and conspicuously stated that its practices in connection with IPOs during the relevant time period were consistent with the practices employed by the other underwriters.

64.    In the foregoing circumstances, it was in the individual and collective revenue maximizing interests of all defendants to agree on and impose the additional anticompetitive charges and the requirement of tie-in or laddered purchases.

## IX. VIOLATIONS ALLEGED

65.    During the Class Period, defendants combined, conspired and agreed to require from customers the anticompetitive charges and to inflate the aftermarket prices for Class Securities.

66.    Defendants shared a common motive to require their anticompetitive charges and inflate aftermarket prices of Class Securities; only by acting together and through joint action and agreement among themselves and their co-conspirators were Defendants able to require and obtain the anticompetitive charges and inflate the prices of the Class Securities after the IPOs.

-23-

Such charges and inflated prices greatly increased defendants' individual and collective revenues.

67.     The Defendants' combination, conspiracy and agreement was not disclosed to, approved by, or regulated by the NASD or the SEC.

68.     Application of antitrust laws to the unlawful combination, conspiracy and agreement alleged herein would not subject defendants to standards of conduct that would conflict with anything in the federal securities laws or the rules or regulations of the SEC or NASD.

69.     This Complaint does not challenge any statute, rule, regulation or interpretation by the SEC or any self regulatory organization, including any statute, rule, regulation or interpretation relating to price stabilization efforts (i.e., efforts in the aftermarket to retard the decline of the prices at levels below the IPO price).

## X. EFFECT OF THE CONSPIRACY

70.     The aforesaid combination, conspiracy and agreement had the effect, among other things, of imposing on plaintiffs and Class members an additional anticompetitive charge in order to purchase Class Securities in the initial offering.

71.     The aforesaid combination, conspiracy and agreement had the additional effect, among other things, of artificially inflating the aftermarket prices and the consideration paid by plaintiffs and Class members for the Class Securities to levels above that which would have existed in a competitive market.  With regard to IPOs during the Class Period of technology-related companies in the amount of $20,000,000 or more, those IPOs in which a defendant served

as the lead underwriter had a first day percentage increase in price that, on average, was approximately twice as high as that of IPOs for which no defendant was the lead underwriter.

72.    The aforesaid combination, conspiracy and agreement had the effect of increasing defendants' revenues.

73.    The aforesaid combination, conspiracy and agreement also had the effect of injecting substantial, accumulating demand for Class Securities into the market. This injected demand and the increasing prices of the Class Securities, in turn, attracted additional customer interest in, and demand for, the Class Securities. The totality of defendants' conduct, as described herein, was specifically intended to and did have the cumulative and reinforcing effect of inflating aftermarket prices of Class Securities, drawing in more participants and inducing them to buy or pay higher prices for Class Securities.

74.    As a result of their unlawful agreement and increases in the prices of Class Securities following the offerings, defendants were able to attract dramatically more IPO business. Defendants' agreement caused more shares to be traded and attracted more trading interest for defendants' market making operations on the first trading day and thereafter. Until 1998, the average volume of trades on the first day of trading was roughly one-third the number of shares publicly offered. Average volume dramatically increased during 1998-2000. Accordingly, defendants were able to charge and make, in the aggregate, billions of dollars in additional revenues from (a) the collection of additional underwriting charges, commissions and fees, as well as the anticompetitive charges obtained in initial public offerings, (b) increased customer trading business resulting from inflated trading volumes, and (c) other sources.

## XI. RELEVANT MARKET

75.    Each defendant possessed a series of attributes that, collectively, permitted it to be a leading underwriter of equity IPOs.  These attributes included financial and reputational capital; substantial sales and customer base; established trustworthiness and relationships; and sufficient due diligence, analytical, market making, and other specialized staff, experience and expertise. Firms that did not possess this series of attributes were not effective competitors, were not effective production substitutes and could not overcome the barriers to entry to be a leading underwriter of equity IPOs.

76.    Enhancing each defendant's foregoing series of attributes, each defendant also possessed, or developed during the Class Period, a second series of attributes that, collectively and in combination with its first series of attributes alleged above, permitted it to be a leading underwriter of IPOs of technology-related companies in the relevant market.[3]  These attributes included specialized analytical and due diligence expertise in technology-related companies; sufficient staff conversant with technology companies; experience with technology-related companies; other attributes that enabled each defendant to create or adeptly employ the vocabulary, systems and valuation (or supposed valuation) methodologies that could rank, compare, and lend legitimacy to the technology-related companies; and the commitment of reputational and financial capital to build and create a market for initially selling to the public

---

[3]  A "technology-related" company includes all Class Securities and the securities of any other company that qualified for or was assigned by Thomson Financial Securities Data the following U.S. Department of Commerce Standard Industrial Classification Codes:  3571, 3572, 3575, 3577, 3578, 3661, 3663, 3669, 3674, 3812, 3823, 3825, 3826, 3827, 3829, 3841, 3845, 4812, 4813, 4899, 7370, 7371, 7372, 7373, 7374, 7375, 7378 or 7379; or was classified by Thomson Financial Securities Data as "High Tech."

and then trading in the IPO stocks of the technology-related companies.  Firms that did not possess this combination of attributes were not effective competitors, were not effective production substitutes and could not overcome the barriers to entry to be underwriters of IPOs of technology-related companies.

77.     As is recognized by investors and market participants, (a) tech-related companies are a distinct market, and (b) there is a line of demarcation in underwriting between issues of IPO securities that raise less than $20,000,000 and those that raise $20,000,000 or more.  Defendants did not find it cost-effective to serve and generally did not serve as lead underwriters for technology-related or other companies that issued IPO securities raising less than $20,000,000. The market for initially selling to the public and subsequently trading in IPO securities of technology-related companies which raised less than $20,000,000 is a distinct market.

78.     The relevant market is the market for initially selling to the public and thereafter trading securities of issuers in technology-related companies in initial public offerings of stock listed on U.S. exchanges or over-the-counter markets in a total dollar issue of $20 million or more.  In the alternative, the relevant market is the market for initially selling to the public and thereafter trading securities for all equity issuers in initial public offerings of stock listed on U.S. exchanges or over-the-counter markets raising $20 million or more.

## XII. INJURY TO PLAINTIFFS AND CLASS MEMBERS

79.     Plaintiffs and Class members were injured in their business or property by defendants' violations of the antitrust laws in that plaintiffs and Class members paid the anticompetitive charges and/or the inflated aftermarket prices caused by defendants' unlawful combination, conspiracy and agreement.

## FIRST CLAIM FOR RELIEF FOR VIOLATION OF
## SECTION 1 OF THE SHERMAN ACT
## <u>AGAINST DEFENDANTS</u>

80.    Plaintiffs incorporate by reference the allegations of paragraphs 1 through 79, as if fully set forth herein.

81.    Defendants entered into a combination, conspiracy and agreement in unreasonable restraint of trade in violation of Section 1 of the Sherman Act.

82.    The purpose and effect of defendants' unlawful combination, conspiracy and agreement was to require plaintiffs and other members of the Class to pay anticompetitive charges to defendants and inflated prices for Class Securities in the aftermarket.

83.    By reason of the foregoing, plaintiffs and the other members of the Class have been damaged in their business and property.

## SECOND CLAIM FOR RELIEF FOR
## VIOLATION OF NEW YORK GENERAL
## <u>BUSINESS LAW § 340 AGAINST DEFENDANTS</u>

84.    Plaintiffs incorporate by reference the allegations of paragraphs 1 through 79 above as if fully set forth herein.

85.    Defendants' unlawful conduct constitutes  a violation of N.Y. General Business Law § 340.  Through such conduct, which defendants engaged in in New York, defendants restrained competition and the free exercise of activities in the conduct of business, trade and commerce and in the furnishing of services in New York.

86.    Defendants' restraints of business, trade and commerce have substantially affected business, trade and commerce in the State of New York.

-28-

87.    By reason of the foregoing, plaintiffs and the other members of the Class have been damaged.

## THIRD CLAIM FOR RELIEF FOR VIOLATION
## OF ANTITRUST LAWS OF OTHER STATES

88.    Plaintiffs incorporate by reference the allegations of paragraphs 1 through 79 above as if fully set forth herein.

89.    By reason of the foregoing,  defendants have entered into agreements in restraint of trade in violation of Arizona Revised Stat. §§ 44-1401, *et seq.* with respect to purchases of Class Securities in Arizona.

90.    By reason of the foregoing, defendants have entered into agreements in restraint of trade in violation of Cal. Bus. & Prof. Code § 17200, *et seq.* with respect to purchases of Class Securities in California.

91.    By reason of the foregoing, Defendants have entered into agreements in restraint of trade in violation of D.C. Code Ann. §§ 28-4503, *et seq.* with respect to purchases of Class Securities in the District of Columbia.

92.    By reason of the foregoing, Defendants have entered into agreements in restraint of trade in violation of Fla. Stat. §§ 501.201, *et seq.* with respect to purchases of Class Securities in Florida.

93.    By reason of the foregoing, Defendants have entered into agreements in restraint of trade in violation of Kan. Stat. Ann. §§ 50-101, *et seq.* with respect to purchases of Class Securities in Kansas.

94.    By reason of the foregoing, Defendants have entered into agreements in restraint of trade in violation of La. Rev. Stat. §§ 51:137, *et seq.* with respect to purchases of Class Securities in Louisiana.

95.    By reason of the foregoing, Defendants have entered into agreements in restraint of trade in violation of Me. Rev. Stat. Ann. 10, § 1101, *et seq.* with respect to purchases of Class Securities in Maine.

96.    By reason of the foregoing, defendants have entered into agreements in restraint of trade in violation of Mass. Ann. Laws ch. 93A, *et seq.* with respect to purchases of Class Securities in Massachusetts.

97.    By reason of the foregoing, defendants have entered into agreements in restraint of trade in violation of Mich. Comp. Laws Ann. §§ 445.773, *et seq.* with respect to purchases of Class Securities in Michigan.

98.    By reason of the foregoing, defendants have entered into agreements in restraint of trade in violation of Minn. Stat. §§ 325D.52, *et seq.* with respect to purchases of Class Securities in Minnesota.

99.    By reason of the foregoing, defendants have entered into agreements in restraint of trade in violation of Miss. Code. Ann. §§ 75-21-1, *et seq.* with respect to purchases of Class Securities in Mississippi.

100.    By reason of the foregoing, defendants have entered into agreements in restraint of trade in violation of Nev. Rev. Stat. Ann § 598A, *et seq.* with respect to purchases of Class Securities in Nevada.

101.    By reason of the foregoing, defendants have entered into agreements in restraint of trade in violation of New Jersey Antitrust Act, N.J. Stat. Ann §§56:9-1, *et seq.* with respect to purchases of Class Securities in New Jersey.

102.    By reason of the foregoing, defendants have entered into agreements in restraint of trade in violation of N.M. Stat. Ann. §§ 57-1-1, *et seq.* with respect to purchases of Class Securities in New Mexico.

103.    By reason of the foregoing, defendants have entered into agreements in restraint of trade in violation of N.C. Gen. Stat. §§ 75-1, *et seq.* with respect to purchases of Class Securities in North Carolina.

104.    By reason of the foregoing, defendants have entered into agreements in restraint of trade in violation of N.D. Cent. Code § 51-08.1-01, *et seq.* with respect to purchases of Class Securities in North Dakota.

105.    By reason of the foregoing, defendants have entered into agreements in restraint of trade in violation of S.D. Codified Laws Ann. § 37-1, *et seq.* with respect to purchases of Class Securities in South Dakota.

106.    By reason of the foregoing, defendants have entered into agreements in restraint of trade in violation of Tenn. Code Ann. §§ 47-25-101, *et seq.* with respect to purchases of Class Securities in Tennessee.

107.    By reason of the foregoing, defendants have entered into agreements in restraint of trade in violation of Vt. Stat. Ann. 9, § 2453, *et seq.* with respect to purchases of Class Securities in Vermont.

108.   By reason of the foregoing, defendants have entered into agreements in restraint of trade in violation of W. Va. Code §§ 47-18-1, *et seq.* with respect to purchases of Class Securities in West Virginia.

109.   By reason of the foregoing, defendants have entered into agreements in restraint of trade in violation of Wis. Stat. § 133.01, *et seq.* with respect to purchases of Class Securities in Wisconsin.

110.   Plaintiffs and members of the Class have been damaged by reason of the foregoing.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiffs pray:

a.   That this action be maintained as a class action under Rule 23(b)(2) and (3) of the Federal Rules of Civil Procedure;

b.   That the unlawful combination, conspiracy and agreement alleged herein be adjudged, decreed and declared to be in unreasonable restraint of trade or commerce in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1, and a violation of the antitrust laws of the states identified herein;

c.   That plaintiffs and the Class recover damages, as provided by law, and that judgment be entered in favor of plaintiffs and the Class and against defendants in an amount to be trebled as provided by law;

d.   That plaintiffs and the Class recover their costs of this suit, including reasonable attorneys' fees and expenses as provided by law; and

e.   That plaintiffs and the Class be granted such other or further relief as may appear just and proper to this Court.

Dated: New York, New York
        January 2, 2002

LOVELL & STEWART, LLP

By _____
Christopher Lovell (CL 2595)
500 Fifth Avenue
New York, New York 10110
(212) 608-1900
Coordinating Chairman of
Plaintiffs' Executive Committee

MILBERG WEISS BERSHAD HYNES &
LERACH LLP

By _____
Melvyn I. Weiss (MW 1392)
Robert A. Wallner (RW 5109)
J. Douglas Richards (JDR 6038)
Ariana J. Tadler (AT 0452)
One Pennsylvania Plaza
New York, New York 10119
(212) 594-5300

-33-

By _Saul Roffe/by CC_
Howard Sirota (HS 5958)
Saul Roffe (SR 2108)
110 Wall Street
New York, New York 10005
(212) 425-9055

By _Richard S. Schiffrin/by CC_
Richard S. Schiffrin
David Kessler
Krishna B. Narine
Three Bala Plaza East, Suite 400
Bala Cynwyd, PA 19004
(610) 667-7706

WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLP

By _Fred T. Isquith /THB_
Fred T. Isquith (FI 6782)
Mary Jane Edelstein Fait
Thomas H. Burt (TB 7601)
270 Madison Avenue
New York, New York 10016
(212) 545-4600

**Plaintiffs' Executive Committee**

Waite, Schneider, Bayless and
Chesley Co., L.P.A.
Stanley Chesley
1513 Fourth & Vine Tower
One West Fourth Street
Cincinnati, Ohio 45202
(513) 621-0267

Beatie and Osborn, LLP
Russell H. Beatie
521 Fifth Avenue
New York, New York 10175
(212) 888-9000

Jonathan Kord Lagemann
300 East 42nd Street, 10th Floor
New York, New York 10017
(212) 599-0990

-34-

Louis F. Burke, P.C.
Louis F. Burke
360 Lexington Avenue, 14th Floor
New York, New York 10017
(212) 682-1700

Schatz & Nobel, P.C.
Andrew M. Schatz
330 Main Street
Hartford, Connecticut 06106
(860) 493-6292

Wechsler Harwood Halebian
 & Feffer, LLP
Stuart Wechsler
488 Madison Avenue, 8th Floor
New York, New York 10022
(212) 935-7400

Cauley Geller Bowman & Coates, LLP
Steve Cauley
11311 Arcade Drive, Suite 200
Little Rock, Arkansas 72212
(501) 312-8500

Major & White
Ann D. White
261 Old York Road
Suite 810
Jenkintown, Pennsylvania 19046
(215) 481-0273

Feldman & Rifkin, LLP
Mark C. Rifkin
101 Greenwood Avenue, Suite 230
Jenkintown, Pennsylvania 19046
(215) 885-3302

Law Office of Charles Piven
Charles Piven
Two World Trade Center - Baltimore
401 East Pratt Street, Suite 2525
Baltimore, Maryland 21202

Law Office of Marc Henzel
Marc Henzel
273 Montgomery Avenue, Suite 202
Bala Cynwyd, Pennsylvania 19004
(610) 660-8000

**Other Plaintiffs' Counsel**

Exhibit A

# KEY TO EXHIBIT A

The following abbreviations are used in Exhibit A:

Bear Stearns & Co., Inc.  =  BS

Credit Suisse First Boston Corporation  =  CSFB

Deutsche Bank Alex. Brown  =  ALEX BROWN

Goldman Sachs & Co.  =  GS

J. P. Morgan Chase & Co.  =  JPM CHASE

Lehman Brothers, Inc.  =  LEH

Merrill Lynch Pierce Fenner & Smith Incorporated  =  MERRILL

Morgan Stanley & Co., Incorporated  =  MSDW

Robertson Stephens, Inc.  =  ROBERTSON

Salomon Smith Barney, Inc.  =  SALOMON

EXHIBIT A

| IPO DATE | ISSUER | DEFENDANT UNDERWRITER |
|---|---|---|
| 03/11/1997 | Storage Dimensions, Inc. | SALOMON |
| 03/12/1997 | Macrovision Corp | JPM CHASE |
| 03/12/1997 | ProMedCo Management Co | ROBERTSON |
| 03/13/1997 | NeoMagic Corp | MS |
| 03/27/1997 | Logitech International SA | ROBERTSON |
| 04/10/1997 | BEA Systems Inc | GS |
| 04/11/1997 | AccelGraphics Inc | ROBERTSON |
| 04/17/1997 | On Sale Inc. | ALEX BROWN |
| 05/13/1997 | Rambus Inc | MS |
| 05/15/1997 | Amazon.com Inc | ALEX BROWN |
| 05/15/1997 | General Cable Corp | MERRILL |
| 05/15/1997 | LHS Group Inc | GS |
| 06/03/1997 | RF Micro Devices Inc | JPM CHASE |
| 06/04/1997 | Melita International Corp | ROBERTSON |
| 06/05/1997 | Cardima, Inc. | BEAR |
| 06/05/1997 | PSW Technologies Inc | ALEX BROWN |
| 06/09/1997 | Iridium World Communications | MERRILL |
| 06/10/1997 | Peapod Inc | SALOMON |
| 06/12/1997 | Star Telecommunications Inc | JPM CHASE |
| 06/17/1997 | Genesys Telecommun Labs | GS |
| 06/18/1997 | Aris Corp | ALEX BROWN |
| 06/18/1997 | StarTek Inc | CSFB |
| 06/19/1997 | Aurora Biosciences Corp | ALEX BROWN |
| 06/19/1997 | Great Plains Software Inc | GS |
| 06/19/1997 | MAS Technology Ltd | JPM CHASE |
| 06/20/1997 | Metrika Systems Corp | SALOMON |
| 06/23/1997 | Qwest Communications Corp | SALOMON |
| 06/24/1997 | Waterlink Inc | SALOMON |
| 06/25/1997 | 3Dfx Interactive Inc | ROBERTSON |
| 06/30/1997 | Pierce Leahy Corp | SALOMON |
| 07/01/1997 | Schick Technologies Inc | LEH |
| 07/01/1997 | TSI International Software Ltd | ROBERTSON |
| 07/02/1997 | 8x8 Inc | CSFB |
| 07/02/1997 | Vista Medical Technologies Inc | GS |
| 07/08/1997 | Axiom Inc | LEH |
| 07/09/1997 | Telegroup Inc | SALOMON |
| 07/11/1997 | At Home Corp | MSDW  MERRILL |
| 07/14/1997 | SulzerMedica(Sulzer AG) | MSDW |
| 07/17/1997 | Monarch Dental Corp | JPM CHASE |
| 07/18/1997 | Ionica Group Plc | CSFB |
| 07/24/1997 | Galileo International Inc | MSDW |

2

| | | |
|---|---|---|
| 07/28/1997 | Bioreliance Corp | MSDW |
| 07/29/1997 | Corsair Communications Inc | ALEX BROWN |
| 07/30/1997 | Information Management Assocs | ALEX BROWN |
| 07/31/1997 | EDAP SA | LEH |
| 08/04/1997 | Ocular Sciences Inc | MSDW |
| 08/06/1997 | Pegasus Systems Inc | JPM CHASE |
| 08/06/1997 | QAD Inc | SALOMON |
| 08/07/1997 | Hyseq Inc | LEH |
| 08/08/1997 | Innova Corp | JPM CHASE |
| 08/08/1997 | Omtool Ltd | ROBERTSON |
| 08/12/1997 | Syntel Inc | JPM CHASE |
| 08/14/1997 | Television Azteca SA de CV | BEAR |
| 08/18/1997 | Positron Fiber Systems Corp | ROBERTSON |
| 08/22/1997 | Kendle International Inc | LEH |
| 09/12/1997 | Castle Dental Centers Inc | SALOMON |
| 09/15/1997 | MegaBios Corp | JPM CHASE |
| 09/16/1997 | Box Hill Systems Corp | SALOMON |
| 09/19/1997 | ProBusiness Services Inc | ROBERTSON |
| 09/23/1997 | JD Edwards & Co | MSDW |
| 09/25/1997 | Pervasive Software Inc | ROBERTSON |
| 09/26/1997 | Network Solutions Inc | JPM CHASE |
| 09/26/1997 | NextLink Communications Inc | SALOMON |
| 09/29/1997 | Bell Canada International Inc | GS |
| 09/30/1997 | Best Software Inc | JPM CHASE |
| 09/30/1997 | Omega Research Inc | ROBERTSON |
| 09/30/1997 | Power-One Inc | ROBERTSON |
| 09/30/1997 | RSL Communications Ltd | GS |
| 10/01/1997 | Corixa Corp | LEH |
| 10/01/1997 | OSI Systems Inc | ROBERTSON |
| 10/01/1997 | SPR Inc | SALOMON |
| 10/06/1997 | SCM Microsystems Inc | JPM CHASE |
| 10/07/1997 | Microcell Telecommunications | MERRILL |
| 10/08/1997 | Taiwan Semiconductor Mnfr Co | GS |
| 10/10/1997 | Intelligent Polymers Ltd | CSFB |
| 10/15/1997 | Concord Communications Inc | ROBERTSON |
| 10/16/1997 | China Telecom Hong Kong Ltd | GS |
| 10/22/1997 | AmeriPath Inc | CSFB |
| 10/22/1997 | Intl Manufacturing Svcs Inc | ALEX BROWN |
| 10/23/1997 | ITC Deltacom Inc | MSDW |
| 10/28/1997 | MMC Networks Inc | MSDW |
| 10/28/1997 | Metromedia Fiber Network Inc | SALOMON |
| 10/30/1997 | Faroudja Inc | ROBERTSON |
| 11/04/1997 | Excel Switching Corp | MSDW |
| 11/06/1997 | Somnus Medical Technologies | JPM CHASE |
| 11/13/1997 | Magyar Tavkozlesi(MagyarCom) | MERRILL CSFB |
| 11/13/1997 | SportsLine USA Inc | ROBERTSON |
| 11/14/1997 | Hypercom Corp | LEH |
| 11/15/1997 | Telstra Corp Ltd(Australia) | CSFB |

3

| | | |
|---|---|---|
| 11/18/1997 | Software AG Systems Inc | ROBERTSON |
| 11/19/1997 | Preview Travel Inc | JPM CHASE |
| 11/20/1997 | American Physician Partners | SALOMON |
| 11/20/1997 | PRT Group Inc | SALOMON |
| 11/21/1997 | Gene Logic Inc | ROBERTSON |
| 11/21/1997 | RealNetworks Inc | GS |
| 11/21/1997 | Teligent Inc | MERRILL SALOMON |
| 11/24/1997 | Electric Lightwave Inc | LEH |
| 11/25/1997 | Applied Micro Circuits Corp | ROBERTSON |
| 11/26/1997 | Nanophase Technologies Corp | CSFB |
| 12/04/1997 | Gilat Communications Ltd | LEH |
| 12/05/1997 | USWeb Corp | JPM CHASE |
| 12/09/1997 | ICOS Vision Systems Corp | ROBERTSON |
| 12/11/1997 | Focal Inc | LEH |
| 12/12/1997 | FlexiInternational Software | ALEX BROWN |
| 12/12/1997 | Power Integrations Inc | JPM CHASE |
| 12/16/1997 | Spiros Development Corp II | MERRILL |
| 12/17/1997 | Information Advantage Software | ROBERTSON |
| 01/26/1998 | Integrated Electrical Services | MERRILL |
| 01/29/1998 | Steven Myers & Associates Inc | CSFB |
| 01/29/1998 | VeriSign Inc | MSDW |
| 02/02/1998 | Artisan Components Inc | ALEX BROWN |
| 02/03/1998 | USN Communications | MERRILL |
| 02/04/1998 | BMJ Medical Management Inc | JPM CHASE |
| 02/04/1998 | Global Telesystems Group, Inc. | MERRILL |
| 02/04/1998 | Vysis Inc(BP Amoco PLC) | ALEX BROWN |
| 02/05/1998 | Visual Networks | GS |
| 02/09/1998 | CDNow Inc | ALEX BROWN |
| 02/10/1998 | Province Healthcare Co | ALEX BROWN |
| 02/12/1998 | Icon CMT Corp | CSFB |
| 02/12/1998 | Micromuse, Inc | ALEX BROWN |
| 02/20/1998 | DoubleClick Inc | GS |
| 02/20/1998 | Nutraceutical International | CSFB |
| 03/09/1998 | Ladish Co Inc | CSFB |
| 03/12/1998 | Reltec Corp | MSDW |
| 03/13/1998 | DSET Corp | ALEX BROWN |
| 03/13/1998 | Fundtech Ltd | ROBERTSON |
| 03/18/1998 | CuraGen Corp | MSDW |
| 03/18/1998 | Exodus Communications Inc | GS |
| 03/23/1998 | ISS Group Inc | GS |
| 03/25/1998 | ONIX Systems Inc | CSFB |
| 03/25/1998 | Shire Pharmaceuticals Group | BEAR |
| 03/26/1998 | Transgene | LEH |
| 04/08/1998 | Schein Pharmaceutical Inc | BEAR SALOMON |
| 04/13/1998 | Nanogen Inc | MSDW |
| 04/14/1998 | Horizon Medical Products Inc | CSFB |
| 04/16/1998 | Broadcom Corp | MSDW |
| 04/23/1998 | Manhattan Associates Inc | ALEX BROWN |

| | | |
|---|---|---|
| 04/23/1998 | US LEC Corp | SALOMON |
| 04/27/1998 | Mobius Management Systems Inc | GS |
| 04/28/1998 | Aspec Technology Inc | JPM CHASE |
| 04/28/1998 | Provant Inc | SALOMON |
| 04/29/1998 | First Virtual Corp | ROBERTSON |
| 04/30/1998 | Brio Technology | ROBERTSON |
| 04/30/1998 | Amkor Technology Inc | SALOMON |
| 04/30/1998 | Tristar Aerospace Co | ALEX BROWN |
| 05/04/1998 | Hyperion Telecommunications | SALOMON |
| 05/05/1998 | Caliber Learning Network Inc | ALEX BROWN |
| 05/11/1998 | MGC Communications, Inc. | BEAR |
| 05/11/1998 | Evolving Systems Inc | GS |
| 05/11/1998 | Verio Inc | SALOMON |
| 05/14/1998 | Icon PLC | GS |
| 05/18/1998 | L-3 Communications Holdings | LEH |
| 05/20/1998 | Carreker-Antinori Inc | ROBERTSON |
| 05/21/1998 | COM21 Inc | ALEX BROWN |
| 05/22/1998 | Atlantic Data Services Inc | ROBERTSON |
| 05/28/1998 | AnswerThink Consulting Group | MSDW |
| 06/02/1998 | Ultimate Software Group Inc | CSFB |
| 06/09/1998 | Inktomi Corp | GS |
| 06/10/1998 | Aztec Technology Partners Inc | ROBERTSON |
| 06/10/1998 | MicroStrategy Inc | MERRILL |
| 06/10/1998 | Paradigm Geophysical Ltd | ROBERTSON |
| 06/11/1998 | NetGravity Inc | ROBERTSON |
| 06/12/1998 | Asymetrix Learning Systems Inc | ROBERTSON JPM CHASE |
| 06/17/1998 | software.net Corp | ALEX BROWN |
| 06/17/1998 | Unigraphics Solutions Inc | MSDW |
| 06/18/1998 | Amdocs Ltd. | GS  MERRILL |
| 06/19/1998 | Cognizant Technology Solutions | ROBERTSON |
| 06/19/1998 | Interplay Entertainment | BEAR |
| 06/22/1998 | International Integration Inc | MSDW |
| 06/24/1998 | SCC Communications Corp | ROBERTSON |
| 06/25/1998 | King Pharmaceuticals Inc | CSFB |
| 06/26/1998 | Cumulus Media Inc | LEH |
| 06/29/1998 | Celestica Inc | MSDW |
| 06/29/1998 | MIPS Technologies Inc | ALEX BROWN |
| 06/30/1998 | Allegiance Telecom Inc | MSDW SALOMON |
| 06/30/1998 | Citadel Communications Corp | CSFB  GS |
| 07/16/1998 | Broadcast.Com Inc | MSDW |
| 07/17/1998 | Actuate Software Corp | GS |
| 07/17/1998 | SkyePharma PLC | SALOMON |
| 07/20/1998 | Equant NV | MSDW |
| 07/24/1998 | Bindview Development | ROBERTSON |
| 07/27/1998 | Echelon Corp | ROBERTSON |
| 07/30/1998 | Carrier Access Corp | CSFB |
| 07/30/1998 | Maxtor Corp | SALOMON |
| 07/30/1998 | Northeast Optic Network Inc | CSFB |

| | | |
|---|---|---|
| 07/31/1998 | Cyberian Outpost | ALEX BROWN |
| 08/06/1998 | Eclipsys,Corp | MSDW |
| 08/10/1998 | Pilot Network Services | CSFB |
| 08/11/1998 | GeoCities | GS |
| 08/12/1998 | Convergys(Cincinnati Bell) | MSDW |
| 08/13/1998 | Global Crossing | SALOMON |
| 08/13/1998 | 24/7 Media Inc | MERRILL |
| 08/17/1998 | Entrust Technologies Inc | GS |
| 08/18/1998 | Crown Castle International | LEH |
| 08/18/1998 | Digital River, Inc. | ALEX BROWN |
| 08/18/1998 | Terayon Communication Systems | ALEX BROWN |
| 09/24/1998 | eBay Inc | GS |
| 10/03/1998 | Swisscom AG | JPM CHASE |
| 10/06/1998 | iXOS Software AG | GS |
| 10/12/1998 | NTT Mobile Commun Network Inc | GS |
| 11/10/1998 | EarthWeb Inc | JPM CHASE |
| 11/12/1998 | theglobe.com Inc | BEAR |
| 12/02/1998 | E-Tek Dynamics Inc | GS |
| 12/02/1998 | Ticketmaster Online-CitySearch | ROBERTSON  BEAR  CSFB |
| 12/03/1998 | uBID Inc | MERRILL |
| 12/09/1998 | Exchange Applications Inc | ALEX BROWN |
| 12/09/1998 | Xoom.com Inc | BEAR |
| 12/15/1998 | InfoSpace.com Inc | JPM CHASE |
| 12/16/1998 | Concur Technologies Inc | ROBERTSON |
| 01/15/1999 | MarketWatch.com Inc | ALEX BROWN  CSFB |
| 01/21/1999 | Covad Communications Group Inc | BEAR |
| 01/21/1999 | NVidia Corporation | MSDW |
| 01/22/1999 | Allaire Corp | CSFB |
| 01/28/1999 | Tut Systems Inc | LEH |
| 01/29/1999 | Smith-Gardner & Associates Inc | ALEX BROWN |
| 02/01/1999 | MedE America Inc | SALOMON |
| 02/01/1999 | Perot Systems Corp | MSDW |
| 02/04/1999 | Albany Molecular Research Inc | JPM CHASE |
| 02/04/1999 | Pacific Internet Ltd. | LEH |
| 02/04/1999 | Modem Media. Poppe Tyson Inc | ROBERTSON |
| 02/05/1999 | Vialog Corp | BEAR |
| 02/10/1999 | Healtheon Corp | MSDW |
| 02/10/1999 | Prodigy Communications Corp | BEAR |
| 02/10/1999 | VerticalNet Inc | LEH |
| 02/11/1999 | Catapult Communications | JPM CHASE |
| 02/11/1999 | United Pan Europe Communications, N.V. | GS |
| 02/11/1999 | Onyx Software Corp | CSFB |
| 02/11/1999 | SERENA Software Inc | JPM CHASE |
| 02/12/1999 | Bookham Technology | GS |
| 02/12/1999 | Bottomline Technologies Inc | ROBERTSON |
| 02/18/1999 | Vignette Corp | MSDW |
| 02/19/1999 | Pinnacle Holdings Inc | ALEX BROWN |
| 02/25/1999 | Intraware Inc | CSFB |

| | | |
|---|---|---|
| 02/25/1999 | pcOrder.com | GS |
| 02/26/1999 | Invitrogen Corp | CSFB |
| 03/05/1999 | Neon Systems Inc | CSFB |
| 03/09/1999 | RoweCom, Inc. | JPM CHASE |
| 03/16/1999 | FlashNet Communications Inc | ROBERTSON |
| 03/17/1999 | Multex.com Inc | ROBERTSON |
| 03/18/1999 | iVillage Inc | GS |
| 03/22/1999 | Autoweb.com Inc | CSFB |
| 03/24/1999 | MiningCo.com Inc | BEAR |
| 03/25/1999 | OneMain.com Inc | ALEX BROWN |
| 03/26/1999 | Valley Media | JPM CHASE |
| 03/26/1999 | Autobytel.com Inc | ALEX BROWN |
| 03/29/1999 | Critical Path Inc | ROBERTSON |
| 03/29/1999 | MKS Instruments Inc | CSFB  LEH |
| 03/29/1999 | Priceline.com Inc | MSDW |
| 03/30/1999 | ZDNet(Ziff-Davis Inc) | GS  CSFB |
| 04/05/1999 | PLX Technology Inc | MERRILL |
| 04/06/1999 | Rhythms NetConnections | MERRILL  SALOMON |
| 04/08/1999 | Extreme Networks Inc | MSDW |
| 04/08/1999 | USInternetworking Inc | CS-FB |
| 04/08/1999 | Value America Inc | ROBERTSON |
| 04/09/1999 | iTurf Inc | ALEX BROWN |
| 04/13/1999 | MIH Ltd | MERRILL |
| 04/14/1999 | Sagent Technology Inc | CSFB |
| 04/23/1999 | Launch Media Inc | JPM CHASE |
| 04/23/1999 | Net Perceptions Inc | ROBERTSON |
| 04/26/1999 | Razorfish Inc | CSFB |
| 04/28/1999 | Informatica Corp | CSFB |
| 04/29/1999 | Marimba Inc | MSDW |
| 04/29/1999 | Mpath Interactive Inc | ROBERTSON |
| 04/30/1999 | AppliedTheory Corp | BEAR |
| 05/04/1999 | FlyCast Communications | ALEX BROWN |
| 05/04/1999 | MapQuest.com Inc | ROBERTSON |
| 05/05/1999 | Destia Communications Inc | MSDW |
| 05/05/1999 | NorthPoint Communications Grp | GS |
| 05/05/1999 | Portal Software Inc | GS |
| 05/05/1999 | Radio One Inc | CSFB |
| 05/05/1999 | Silknet Software Inc | CSFB |
| 05/06/1999 | Latitude Communications Inc | CSFB |
| 05/07/1999 | AdForce Inc | JPM CHASE |
| 05/07/1999 | Media Metrix Inc | CSFB |
| 05/07/1999 | NetObjects Inc | ALEX BROWN |
| 05/10/1999 | Maker Communications Inc | LEH |
| 05/10/1999 | TheStreet.com | GS |
| 05/11/1999 | CareerBuilder Inc | CSFB |
| 05/11/1999 | Time Warner Telecom Inc | MSDW  LEH |
| 05/12/1999 | Copper Mountain Networks Inc | MSDW |
| 05/13/1999 | Scient Corp. | MSDW  JPM CHASE |

| Date | Company | Underwriter |
|---|---|---|
| 05/14/1999 | Alloy Online Inc | ROBERTSON |
| 05/14/1999 | Nextcard Inc | CSFB |
| 05/17/1999 | Redback Networks Inc | MSDW |
| 05/18/1999 | Nextera Enterprises Inc | CSFB |
| 05/19/1999 | eToys Inc | GS |
| 05/20/1999 | @plan.inc | JPM CHASE |
| 05/20/1999 | CAIS Internet Inc | BEAR |
| 05/20/1999 | TenFold Corp | GS |
| 05/24/1999 | Brocade Comm Sys Inc | MSDW |
| 05/25/1999 | barnesandnoble.com Inc | GS |
| 05/25/1999 | Juno Online Services Inc | SALOMON |
| 05/25/1999 | Korea Telecom Corp | MSDW |
| 05/25/1999 | DLJ Direct | CSFB |
| 05/25/1999 | StarMedia Network Inc | GS |
| 05/26/1999 | Edgar Online Inc | CSFB |
| 05/26/1999 | Inet Technologies Inc | GS |
| 05/26/1999 | Private Business Inc | ALEX BROWN |
| 05/27/1999 | SalesLogix Corp | JPM CHASE |
| 06/02/1999 | iXL Enterprises Inc | MERRILL  CSFB |
| 06/04/1999 | F5 Networks Inc | JPM CHASE |
| 06/04/1999 | High Speed Access Corp | LEH |
| 06/04/1999 | Network Access Solutions Corp | CSFB |
| 06/04/1999 | Online Resources & Commun | JPM CHASE |
| 06/04/1999 | Wit Capital Group Inc | BEAR |
| 06/08/1999 | Back Web Technologies | GS |
| 06/08/1999 | drkoop.com Inc | BEAR |
| 06/09/1999 | Ditech Communications Corp | ALEX BROWN |
| 06/10/1999 | Phone.com Inc | CSFB |
| 06/11/1999 | Openwave Systems | CSFB |
| 06/15/1999 | CareInsite Inc(Medical Mgr) | MERRILL |
| 06/16/1999 | ESPS Inc | JPM CHASE |
| 06/16/1999 | SBA Communications Corp | LEH |
| 06/17/1999 | AppNet Systems Inc | CSFB |
| 06/17/1999 | Mail.com Inc | SALOMON |
| 06/17/1999 | United Therapeutics Corp | ALEX BROWN |
| 06/17/1999 | Viant Corp | GS |
| 06/18/1999 | Student Advantage | ROBERTSON |
| 06/18/1999 | Goto.Com Inc | CSFB |
| 06/22/1999 | Ariba Inc | MSDW |
| 06/22/1999 | Ramp Networks Inc | ROBERTSON |
| 06/23/1999 | CyberSource Corp | MERRILL |
| 06/23/1999 | GlobeSpan Inc | ROBERTSON |
| 06/23/1999 | Software.com Inc | CSFB |
| 06/23/1999 | TD Waterhouse Group Inc | CSFB |
| 06/24/1999 | Internet.com Corp | CSFB |
| 06/24/1999 | Juniper Networks | GS |
| 06/25/1999 | Persistence Software Inc | ROBERTSON |
| 06/25/1999 | Stamps.com Inc | ROBERTSON |

| | | |
|---|---|---|
| 06/25/1999 | US Search Corp.com | BEAR |
| 06/28/1999 | E-Loan Inc | GS |
| 06/29/1999 | Digital Island Inc | BEAR |
| 06/29/1999 | Network Plus Corp | GS |
| 06/29/1999 | nFront Inc | JPM CHASE |
| 06/29/1999 | ShowCase Corp | MERRILL |
| 06/30/1999 | Ask Jeeves Inc | MSDW |
| 07/01/1999 | Clarent Corp | CSFB |
| 07/01/1999 | Commerce One Inc | CSFB |
| 07/01/1999 | Primus Knowledge Solutions Inc | ROBERTSON |
| 07/01/1999 | Salem Communications Corp | ALEX BROWN |
| 07/07/1999 | Interliant Inc | MERRILL |
| 07/08/1999 | Liquid Audio Inc | LEH |
| 07/12/1999 | China.com Corp | LEH |
| 07/13/1999 | TIBCO Software Inc | GS |
| 07/14/1999 | Efficient Networks Inc | CSFB |
| 07/15/1999 | Audible Inc | CSFB |
| 07/15/1999 | National Info Consortium Inc | JPM CHASE |
| 07/15/1999 | Ravisent Technologies Inc | BEAR |
| 07/16/1999 | Paradyne Networks Inc | CSFB |
| 07/19/1999 | Convergent Communications Inc | GS |
| 07/19/1999 | Gadzoox Networks Inc | CSFB |
| 07/19/1999 | Talk City Inc | LEH |
| 07/20/1999 | Art Technology Group Inc | JPM CHASE |
| 07/20/1999 | Engage Technologies Inc | GS |
| 07/20/1999 | Genentech Inc | JPM CHASE |
| 07/20/1999 | Insight Communications Co Inc | CSFB |
| 07/20/1999 | MP3.COM Inc | CSFB |
| 07/21/1999 | Hoover's Inc | JPM CHASE |
| 07/21/1999 | Scientific Learning Corp | MERRILL |
| 07/21/1999 | Voyager.Net Inc | CSFB |
| 07/22/1999 | Insweb Corp | GS |
| 07/22/1999 | Tanning Technology Corp | CSFB |
| 07/23/1999 | Allscripts Inc | GS |
| 07/23/1999 | JFAX.com Inc | CSFB  ROBERTSON |
| 07/26/1999 | VersaTel Telecom International N.V. | LEH |
| 07/26/1999 | Chemdex Corp | MSDW |
| 07/27/1999 | Ventro Corporation | MSDW |
| 07/27/1999 | Drugstore.com Inc | MSDW |
| 07/27/1999 | Quokka Sports Inc. | MERRILL |
| 07/27/1999 | Liberate Technologies | CSFB |
| 07/28/1999 | Focal Communications Corp | SALOMON |
| 07/28/1999 | Packeteer Inc | ROBERTSON |
| 07/29/1999 | Digex Inc | BEAR |
| 07/29/1999 | NetIQ Corp | CSFB |
| 07/30/1999 | Accrue Software Inc | ROBERTSON |
| 07/30/1999 | Biopure Corp | JPM CHASE |
| 07/30/1999 | Net2Phone Inc | JPM CHASE  ALEX BROWN |

| | | |
|---|---|---|
| 08/02/1999 | 1-800-Flowers.com Inc | GS |
| 08/02/1999 | SplitRock Services Inc | BEAR |
| 08/03/1999 | Fairchild Semiconductor Intl | CSFB  SALOMON |
| 08/03/1999 | Quotesmith.com Inc | JPM CHASE |
| 08/04/1999 | Internet Initiative Japan, Inc. | GS |
| 08/04/1999 | Homestore.com Inc | MSDW |
| 08/04/1999 | Internet Capital Group Inc | MERRILL |
| 08/04/1999 | Mission Critical Software Inc | JPM CHASE |
| 08/04/1999 | Pivotal Corp | MERRILL |
| 08/05/1999 | Cobalt Group Inc | ROBERTSON |
| 08/05/1999 | Interactive Pictures Corp | JPM CHASE |
| 08/05/1999 | Tumbleweed Communications Corp | CSFB |
| 08/05/1999 | Internet Gold-Golden Lines Ltd | LEH |
| 08/09/1999 | US Interactive Inc | LEH |
| 08/10/1999 | Braun Consulting Inc | CSFB |
| 08/10/1999 | HotJobs.com Ltd | ALEX BROWN |
| 08/11/1999 | Mortgage.com Inc | CSFB |
| 08/11/1999 | Red Hat Inc | GS |
| 08/12/1999 | Active Software Inc | GS |
| 08/12/1999 | IXnet Inc(IPC Information) | CSFB  SALOMON |
| 08/12/1999 | NetScout Systems Inc | ALEX BROWN |
| 08/12/1999 | Quest Software Inc | ROBERTSON |
| 08/16/1999 | SilverStream Software Inc | MSDW |
| 08/18/1999 | Netro Corp | MERRILL |
| 08/18/1999 | Wink Communications Inc | CSFB |
| 08/19/1999 | Agile Software Corp | MSDW |
| 08/19/1999 | Headhunter.net Inc | CSFB |
| 08/19/1999 | LookSmart Ltd | GS |
| 08/19/1999 | MyPoints.com Inc | ROBERTSON |
| 09/15/1999 | Garden.com Inc | JPM CHASE |
| 09/16/1999 | Luminant Worldwide Corp | ALEX BROWN |
| 09/16/1999 | Vitria Technology Inc | CSFB |
| 09/21/1999 | E.piphany Inc | CSFB |
| 09/21/1999 | Kana Communications Inc | GS |
| 09/22/1999 | Broadbase Software Inc | ALEX BROWN |
| 09/22/1999 | Interactive Intelligence Inc | MERRILL |
| 09/22/1999 | Yesmail.com Inc | ALEX BROWN |
| 09/23/1999 | Alteon Websystems Inc | LEH |
| 09/23/1999 | Ashford.Com Inc | GS |
| 09/23/1999 | eGain Communications Corp | ROBERTSON |
| 09/23/1999 | Netzero Inc | GS |
| 09/23/1999 | Webstakes.com Inc | BEAR |
| 09/24/1999 | Bluestone Software Inc | ALEX BROWN |
| 09/24/1999 | Interspeed Inc | CSFB |
| 09/24/1999 | Keynote Systems Inc | ROBERTSON |
| 09/27/1999 | AirGate PCS Inc | CSFB |
| 09/27/1999 | Foundry Networks Inc | ALEX BROWN |
| 09/27/1999 | FreeShop.com Inc | ALEX BROWN |

| | | |
|---|---|---|
| 09/27/1999 | ITXC Corp | LEH |
| 09/27/1999 | Medscape Inc | CSFB |
| 09/28/1999 | FTD.COM INC | BEAR |
| 09/29/1999 | InterNAP Network Services Corp | MSDW |
| 09/29/1999 | NetSolve Inc | ROBERTSON |
| 09/29/1999 | TiVo Inc | CSFB |
| 09/29/1999 | Radware Ltd | SALOMON |
| 09/30/1999 | Digital Insight Corp | MSDW |
| 10/01/1999 | Daleen Technologies Inc | ROBERTSON |
| 10/01/1999 | Golden Telecom, Inc. | ALEX BROWN |
| 10/01/1999 | Vixel Corp | ROBERTSON |
| 10/01/1999 | Williams Communications Group | SALOMON  LEH |
| 10/04/1999 | XM Satellite Radio Hldg Inc | BEAR  CSFB |
| 10/05/1999 | Breakaway Solutions Inc | MSDW |
| 10/05/1999 | Silicon Image Inc | CSFB |
| 10/06/1999 | Calico Commerce Inc | GS |
| 10/06/1999 | PlanetRx.com Inc | GS |
| 10/06/1999 | DSL.net, Inc. | ALEX BROWN |
| 10/06/1999 | SmartDisk Corp | ROBERTSON |
| 10/07/1999 | Homeservices Com Inc | CSFB |
| 10/07/1999 | Illuminet Holdings Inc | MSDW |
| 10/07/1999 | Interwoven Inc | CSFB |
| 10/07/1999 | TriZetto Group Inc | BEAR |
| 10/08/1999 | E-Stamp Corp | CSFB |
| 10/08/1999 | Jupiter Communications Inc | CSFB |
| 10/13/1999 | Netcentives Inc | CSFB |
| 10/14/1999 | iGo Corp | ROBERTSON |
| 10/14/1999 | QuickLogic Corp | ROBERTSON |
| 10/14/1999 | ReSourcePhoenix com | ROBERTSON |
| 10/14/1999 | Women.com Networks | MSDW |
| 10/19/1999 | BSquare Corp | CSFB |
| 10/19/1999 | Satyan Infoway Ltd. | MERRILL |
| 10/19/1999 | Radio Unica Communications Corp. | SALOMON |
| 10/19/1999 | ZapMe! Corp | MERRILL |
| 10/20/1999 | Aether Systems Inc | MERRILL |
| 10/21/1999 | Sycamore Networks Inc | MSDW |
| 10/22/1999 | MCK Communications Inc | ROBERTSON |
| 10/22/1999 | Navisite Inc | ROBERTSON |
| 10/26/1999 | InterTrust Technologies Corp | CSFB |
| 10/26/1999 | Viador Inc. | BEAR |
| 10/26/1999 | JNI Corp | CSFB |
| 10/26/1999 | ECtel Ltd(ECI Telecom Ltd) | JPM CHASE |
| 10/27/1999 | Data Return Corp | BEAR |
| 10/27/1999 | Spanish Broadcasting System | LEH |
| 10/27/1999 | Predictive Systems Inc | ROBERTSON |
| 10/27/1999 | Triton PCS Holdings Inc | MSDW |
| 10/28/1999 | Akamai Technologies Inc | MSDW |
| 10/28/1999 | Allied Riser Communications Co | GS |

11

| | | |
|---|---|---|
| 10/29/1999 | Chartered Semiconductor Manufacturing, Ltd | SALOMON |
| 10/29/1999 | Radware Ltd. | SALOMON |
| 11/02/1999 | Thomson Multimedia(Thomson) | GS |
| 11/03/1999 | Be Free Inc | CSFB |
| 11/03/1999 | Pac-West Telecomm Inc | BEAR |
| 11/03/1999 | Tickets.com | MSDW |
| 11/04/1999 | Cobalt Networks Inc | GS |
| 11/04/1999 | WebVan Group Inc | GS |
| 11/04/1999 | Wireless Facilities Inc | CSFB |
| 11/08/1999 | Charter Communications Inc | GS |
| 11/09/1999 | Data Critical Corp | CSFB |
| 11/09/1999 | Expedia Inc | MSDW  GS |
| 11/09/1999 | Next Level Communications | CSFB  MERRILL |
| 11/10/1999 | ASD Systems Inc | BEAR |
| 11/10/1999 | ibasis Inc | ROBERTSON |
| 11/10/1999 | SonicWALL Inc | BEAR |
| 11/11/1999 | Finisar Corp | MERRILL |
| 11/11/1999 | Sage Inc | ROBERTSON |
| 11/12/1999 | CVC Inc | LEH |
| 11/12/1999 | Immersion Corp | JPM CHASE |
| 11/12/1999 | Rudolph Technologies Inc | ROBERTSON |
| 11/12/1999 | Somera Communications Inc | LEH |
| 11/16/1999 | Quintus Corp | CSFB |
| 11/16/1999 | Virata Corp | CS-FB |
| 11/17/1999 | Agilent Technologies Inc | MSDW |
| 11/17/1999 | Terra Networks, S.A. | GS |
| 11/17/1999 | Alaska Communications Systems | GS |
| 11/17/1999 | iManage Inc | ROBERTSON |
| 11/17/1999 | Korea Thrunet Co. Ltd. | L:EH |
| 11/17/1999 | MetaSolv Inc | MSDW |
| 11/17/1999 | Rainmaker Systems Inc | CSFB |
| 11/17/1999 | Retek Inc(HNC Software Inc) | CSFB |
| 11/18/1999 | CacheFlow Inc | MSDW |
| 11/18/1999 | i-Cable Communications Ltd | MERRILL |
| 11/18/1999 | Symyx Technologies Inc | CSFB |
| 11/19/1999 | Lifeminders.Com Inc | JPM CHASE |
| 11/19/1999 | Mediaplex Inc | LEH |
| 11/19/1999 | SciQuest.com Inc | CSFB |
| 11/22/1999 | Deltathree.com Inc | LEH |
| 11/22/1999 | Digital Impact Inc | CSFB |
| 11/22/1999 | Getthere.Com Inc | CSFB |
| 11/22/1999 | Management Network Group Inc | JPM CHASE |
| 11/22/1999 | TeleCorp PCS Inc | SALOMON |
| 11/23/1999 | Official Payments Corp | CSFB |
| 11/23/1999 | SmarterKids com Inc | JPM CHASE |
| 11/23/1999 | OpenTV Corp(MIH Ltd) | MERRILL |
| 12/01/1999 | Knot Inc | CSFB |
| 12/01/1999 | McAfee.com Corp | MSDW |

| 12/02/1999 | Digimarc Corp | ROBERTSON |
| 12/02/1999 | PFSweb Inc | JPM CHASE |
| 12/06/1999 | AirNet Communications Corp | SALOMON |
| 12/06/1999 | Harris Interactive Inc | LEH |
| 12/07/1999 | Classic Communications Inc | GS |
| 12/07/1999 | Healthcentral.com Inc | LEH |
| 12/08/1999 | Fogdog, Inc. | CSFB |
| 12/08/1999 | Agency.com Ltd | GS |
| 12/08/1999 | Andover.net Inc | CSFB |
| 12/08/1999 | NetRatings Inc | LEH |
| 12/08/1999 | Preview Systems Inc | ROBERTSON |
| 12/09/1999 | Freemarkets Inc | GS  MSDW |
| 12/09/1999 | JazzTel plc | GS |
| 12/09/1999 | MedicaLogic Inc/Medscape Inc | CSFB |
| 12/09/1999 | Tularik Inc | LEH |
| 12/09/1999 | VA Linux Systems Inc | CSFB |
| 12/09/1999 | El Sitio International Corp | CSFB |
| 12/10/1999 | Ebenx Inc | ROBERTSON |
| 12/10/1999 | eSpeed Inc(Cantor Fitzgerald) | JPM CHASE |
| 12/10/1999 | MotherNature.com Inc | BEAR |
| 12/13/1999 | Tritel Inc. | GS |
| 12/14/1999 | Caliper Technologies Corp | CSFB |
| 12/14/1999 | Optio Software Inc | MERRILL |
| 12/15/1999 | Infonet Services Corp | MERRILL |
| 12/15/1999 | Maxygen Inc | GS |
| 12/15/1999 | Xpedior Inc | CSFB |
| 12/15/1999 | Z-Tel Technologies Inc | CSFB |
| 12/16/1999 | Egreetings Network Inc | CS-FB |
| 12/17/1999 | C-bridge Internet Solutions | ROBERTSON |
| 12/17/1999 | Ondisplay Inc | ROBERTSON |
| 01/24/2000 | Neoforma.com Inc | MERRILL |
| 01/25/2000 | Regent Communications, Inc. | MSDW |
| 01/26/2000 | Extensity Inc | ALEX BROWN |
| 01/26/2000 | T/R Systems Inc | ROBERTSON |
| 01/27/2000 | Aspect Medical Systems Inc | MSDW |
| 01/27/2000 | 724 Solutions Inc | CSFB |
| 01/28/2000 | Caminus Corp | ALEX BROWN |
| 01/28/2000 | interWAVE Communications | SALOMON |
| 01/31/2000 | Quantum Effect Devices Inc | MSDW |
| 01/31/2000 | Sequenom Inc | ROBERTSON |
| 01/31/2000 | SkillSoft Corp | CSFB |
| 01/31/2000 | Turnstone Systems Inc | GS |
| 02/01/2000 | IMPSAT Fiber Networks | MSDW |
| 02/01/2000 | Telaxis Communications Corp | CSFB |
| 02/02/2000 | Centra Software Inc | ROBERTSON |
| 02/03/2000 | Antigenics Inc | ROBERTSON |
| 02/03/2000 | Dobson Communications Corp. | LEH |
| 02/03/2000 | Avanex Corp | MSDW |

| Date | Company | Underwriter(s) |
|---|---|---|
| 02/03/2000 | Mediacom Communications Corp | CSFB  SALOMON |
| 02/03/2000 | Therma-Wave Inc | LEH |
| 02/04/2000 | Alamosa PCS Holdings, Inc. | LEH SSB |
| 02/04/2000 | FirePond Inc | ROBERTSON |
| 02/07/2000 | Buy.com Inc | MERRILL |
| 02/08/2000 | Fastnet Corp | CSFB |
| 02/08/2000 | Vicinity Corp | JPM CHASE |
| 02/09/2000 | Cypress Communications Corp | BEAR |
| 02/09/2000 | Delano Technology Corp | ROBERTSON |
| 02/09/2000 | Organic Inc | GS |
| 02/09/2000 | Witness Systems Inc | JPM CHASE |
| 02/09/2000 | Xcare Net Inc | ROBERTSON |
| 02/10/2000 | Fargo Electronics Inc | ROBERTSON |
| 02/10/2000 | Lante Corp | CSFB |
| 02/10/2000 | Lightspan Partnership Inc | CSFB |
| 02/10/2000 | Pets.com Inc | MERRILL |
| 02/10/2000 | webMethods Inc | MSDW |
| 02/11/2000 | Flag Telecom Holdings Ltd. | SALOMON |
| 02/11/2000 | VIA NET.WORKS Inc | CSFB |
| 02/14/2000 | Diversa Corp | BEAR |
| 02/14/2000 | Savvis Communications Corp | MERRILL  MSDW |
| 02/15/2000 | Chordiant Software Inc | ROBERTSON |
| 02/15/2000 | LendingTree Inc | MERRILL |
| 02/15/2000 | VarsityBooks.com Inc | ROBERTSON |
| 02/16/2000 | Choice One Communications | MSDW |
| 02/17/2000 | GigaMedia Ltd. | GS |
| 02/17/2000 | Apropos Technology Inc | JPM CHASE |
| 02/22/2000 | Inforte Corp | GS |
| 02/23/2000 | Nextel Partners Inc | GS |
| 02/24/2000 | Merrill Lynch B2B HOLDRs | MERRILL |
| 02/24/2000 | Carrier 1 International, Inc. | MSDW |
| 02/24/2000 | Digitalthink Inc | CSFB |
| 02/24/2000 | Merrill Lynch Internet Infrastructure HOLDRs | MERRILL |
| 02/25/2000 | Intersil Corp | CSFB  SALOMON |
| 02/28/2000 | Hotel Reservations Network Inc | CSFB |
| 02/28/2000 | Avenue A Inc | MSDW |
| 02/29/2000 | Niku Corp | GS |
| 02/29/2000 | MatrixOne Inc | GS |
| 02/29/2000 | net.Genesis Corp | JPM CHASE  ALEX BROWN |
| 03/01/2000 | Onvia.com Inc | CSFB |
| 03/02/2000 | Palm Inc(3Com Corp) | GS |
| 03/02/2000 | AsiaInfo Holdings, Inc. | MSDW |
| 03/02/2000 | Prime Response Inc | ROBERTSON |
| 03/02/2000 | Register.com Inc | ALEX BROWN |
| 03/03/2000 | Switchboard Inc | ROBERTSON |
| 03/06/2000 | UTStarcom Inc | MERRILL |
| | Versata Inc | CSFB |
| | Crayfish Co Ltd | MSDW |

14

| 03/06/2000 | Net 2000 Communications Inc | GS |
| 03/07/2000 | FirstWorld Communications Inc | LEH |
| 03/07/2000 | iprint.com Inc | CSFB |
| 03/08/2000 | Verado Holdings | LEH |
| 03/09/2000 | HomeGrocer.com | MSDW |
| 03/09/2000 | OraPharma Inc | ROBERTSON |
| 03/09/2000 | Selectica Inc | CSFB |
| 03/10/2000 | GT Group Telecom | GS |
| 03/10/2000 | OTG Software Inc | CSFB |
| 03/13/2000 | Digitas Inc | MSDW |
| 03/13/2000 | FairMarket Inc | ALEX BROWN |
| 03/13/2000 | Infineon Technologies AG | ALEX BROWN  GS |
| 03/15/2000 | ImproveNet Inc | CSFB |
| 03/15/2000 | Loudeye Technologies Inc | ROBERTSON |
| 03/15/2000 | PSi Technologies Inc | JPM CHASE |
| 03/16/2000 | Universal Access Inc | GS |
| 03/16/2000 | Uproar Inc | SALOMON |
| 03/17/2000 | Integrated Information Systems | ROBERTSON |
| 03/17/2000 | UASX Global Holdings Inc. | GS |
| 03/17/2000 | Netpliance Inc | CSFB |
| 03/20/2000 | Snowball.com Inc | GS |
| 03/21/2000 | Aclara Biosciences Inc | ALEX BROWN |
| 03/21/2000 | Caldera Systems Inc | ROBERTSON |
| 03/22/2000 | Blaze Software Inc | ROBERTSON |
| 03/22/2000 | inSilicon Corp | ROBERTSON |
| 03/23/2000 | Silicon Laboratories Inc | MSDW |
| 03/23/2000 | Viasystems Group Inc | MSDW |
| 03/24/2000 | eMachines Inc | CSFB |
| 03/24/2000 | Eprise Corp | ALEX BROWN |
| 03/24/2000 | ETINUUM INC | JPM CHASE |
| 03/24/2000 | Intermune Pharmaceuticals Inc | JPM CHASE |
| 03/27/2000 | ARTISTdirect Inc | MSDW |
| 03/27/2000 | IntraBiotics Pharmaceuticals | ALEX BROWN |
| 03/27/2000 | Websense Inc | JPM CHASE |
| 03/28/2000 | Telocity Delaware Inc | MERRILL |
| 03/30/2000 | ArrowPoint Communications Inc | GS |
| 03/30/2000 | Luminex Corp | LEH |
| 03/30/2000 | Valueclick Inc | GS |
| 04/04/2000 | Oratec Interventions Inc | MERRILL |
| 04/04/2000 | Ulticom Inc | LEH |
| 04/06/2000 | GoAmerica Inc | BEAR |
| 04/06/2000 | i3 Mobile Inc | ALEX BROWN |
| 04/06/2000 | LivePerson Inc | JPM CHASE |
| 04/06/2000 | Saba Software Inc | GS |
| 04/06/2000 | Sangamo BioScience Inc | LEH |
| 04/06/2000 | Tanox Inc | ROBERTSON |
| 04/07/2000 | Lexicon Genetics Inc | JPM CHASE |
| 04/07/2000 | Numerical Technologies Inc | CSFB |

15

| | | |
|---|---|---|
| 04/07/2000 | Opus360 Corp | ROBERTSON |
| 04/10/2000 | Exelixis Inc | GS |
| 04/11/2000 | DDi Corp | CSFB |
| 04/11/2000 | HealthStream Inc | ROBERTSON |
| 04/12/2000 | Corillian Corp | CSFB |
| 04/12/2000 | Nuance Communications Inc | GS |
| 04/19/2000 | Embarcadero Technologies Inc | CSFB |
| 04/19/2000 | Packard BioScience Co | MERRILL |
| 04/19/2000 | PEC Solutions Inc | CSFB |
| 04/26/2000 | AT&T Wireless Group | GS  MERRILL  SALOMON |
| 04/26/2000 | Metawave Communications Corp | MERRILL |
| 04/26/2000 | Praecis Pharmaceuticals Inc | SALOMON |
| 04/27/2000 | ON Semiconductor Corp | MSDW |
| 04/27/2000 | Software Technologies Corp | MSDW |
| 05/01/2000 | Sonic Innovations Inc | GS |
| 05/03/2000 | Crown Media Holdings Inc | CSFB |
| 05/04/2000 | Orchid BioSciences Inc | CSFB |
| 05/05/2000 | Genomic Solutions Inc | LEH |
| 05/05/2000 | Paradigm Genetics Inc | JPM CHASE |
| 05/12/2000 | Sequoia Software Corp | LEH |
| 05/17/2000 | iBeam Broadcasting Corp | MSDW |
| 05/17/2000 | New Focus Inc | CSFB |
| 05/17/2000 | US Unwired Inc | CSFB |
| 05/18/2000 | Nogatech Inc | CSFB |
| 05/18/2000 | Pixelworks Inc | SALOMON |
| 05/19/2000 | coolsavings.com inc | JPM CHASE |
| 05/22/2000 | Integrated Circuit Systems Inc | CSFB |
| 05/23/2000 | Centillium Communications Inc | CSFB |
| 05/24/2000 | Sonus Networks Inc | GS |
| 05/25/2000 | Sirenza MicroDevices | ALEX BROWN |
| 05/25/2000 | Stanford Microdevices Inc | ALEX BROWN |
| 05/31/2000 | First Horizon Pharmaceutical | JPM CHASE |
| 05/31/2000 | ONI Systems Corp | GS |
| 06/01/2000 | CrossWorlds Software Inc | JPM CHASE |
| 06/02/2000 | Exult Inc | MERRILL |
| 06/07/2000 | Ubiquitel Inc | CSFB |
| 06/08/2000 | Community Health Systems Inc | MERRILL |
| 06/13/2000 | Intuitive Surgical Inc | LEH |
| 06/14/2000 | Rediff.com India  Ltd. | GS |
| 06/20/2000 | Handspring Inc | CSFB |
| 06/22/2000 | Accelerated Networks Inc | CSFB |
| 06/22/2000 | ClickSoftware Ltd | LEH |
| 06/23/2000 | Charles River Labs Int Inc | CSFB |
| 06/23/2000 | Manufacturers Services Ltd | CSFB |
| 06/26/2000 | Click Commerce Inc | MSDW |
| 06/26/2000 | eFunds Corp | LEH |
| 06/26/2000 | Stratos Lightwave Inc | LEH |
| 06/26/2000 | Marvell Technology Group Ltd | GS |

| | | |
|---|---|---|
| 06/27/2000 | Genuity Inc | MSDW  SALOMON |
| 06/28/2000 | CareScience Inc | ALEX BROWN |
| 06/28/2000 | Capstone Turbine | GS |
| 06/28/2000 | Virage Inc | CSFB |
| 06/29/2000 | Mobile Telesystems OJSC | ALEX BROWN |
| 06/29/2000 | Exfo Electro-Optical Engineering | MERRILL |
| 06/29/2000 | Storagenetworks Inc | GS |
| 06/30/2000 | Mobility Electronics Inc | ALEX BROWN |
| 07/10/2000 | Axcelis Technologies(Eaton) | GS |
| 07/10/2000 | Entegris Inc | MERRILL |
| 07/11/2000 | Divine Interventures Inc | ROBERTSON |
| 07/12/2000 | Sunrise Telecom Inc | JPM CHASE |
| 07/12/2000 | Triton Network Systems Inc | CSFB |
| 07/13/2000 | I Many Inc | ROBERTSON |
| 07/13/2000 | Network Engines Inc | CSFB |
| 07/14/2000 | Omnivision Technologies Inc | ROBERTSON |
| 07/17/2000 | Decode Genetics, Inc. | MSDW |
| 07/18/2000 | Support.com Inc | CSFB |
| 07/18/2000 | Transgenomic Inc | JPM CHASE |
| 07/19/2000 | Airspan Networks Inc | CSFB |
| 07/19/2000 | Vascular Solutions Inc | SALOMON |
| 07/20/2000 | Corio Inc | GS |
| 07/20/2000 | SMTC Corp | LEH |
| 07/20/2000 | Talarian Corp | LEH |
| 07/21/2000 | Variagenics Inc | CSFB |
| 07/24/2000 | Blue Martini Software Inc | GS |
| 07/24/2000 | Evoke Communcations Inc | SALOMON |
| 07/25/2000 | Gemini Genomics PLC | JPM CHASE |
| 07/25/2000 | Interland Inc | BEAR |
| 07/26/2000 | Mainspring Inc | MSDW |
| 07/26/2000 | Rita Medical Systems Inc | SALOMON |
| 07/26/2000 | TyCom Ltd(Tyco Intl Ltd) | GS  SALOMON |
| 07/27/2000 | Avici Systems Inc | MSDW |
| 07/27/2000 | Corvis Corp | CSFB |
| 07/27/2000 | Discovery Partners Int'l Inc | JPM CHASE |
| 07/27/2000 | Genencor International Inc | MERRILL |
| 07/27/2000 | Illumina Inc | GS |
| 07/27/2000 | Lexent Inc | CSFB |
| 07/27/2000 | ValiCert Inc | ALEX BROWN  MERRILL |
| 07/27/2000 | Webex Communications Inc | GS |
| 07/31/2000 | Convergent Group Corp | ROBERTSON |
| 07/31/2000 | Tripath Technology Inc | SALOMON |
| 07/31/2000 | Virage Logic Corp | LEH |
| 07/31/2000 | Western Multiplex Corp | SALOMON |
| 08/01/2000 | Genaissance Pharmaceuticals | ALEX BROWN |
| 08/01/2000 | Opnet Technologies Inc | MSDW |
| 08/01/2000 | Speechworks International Inc | JPM CHASE |
| 08/02/2000 | Deltagen Inc | SALOMON |

| | | |
|---|---|---|
| 08/02/2000 | iAsia Works Inc | GS |
| 08/02/2000 | Resonate Inc | GS |
| 08/02/2000 | ScreamingMedia Inc | CSFB |
| 08/02/2000 | SignalSoft Corp | SALOMON |
| 08/02/2000 | Versicor Inc | LEH |
| 08/03/2000 | Inspire Pharmaceuticals Inc | ALEX BROWN |
| 08/03/2000 | Cross wave Communications, Inc. | GS |
| 08/03/2000 | Rosetta Inpharmatics Inc | LEH |
| 08/03/2000 | 3-Dimensional Pharmaceuticals | BEAR |
| 08/04/2000 | EXE Technologies Inc | CSFB  SALOMON |
| 08/04/2000 | Lantronix Inc | CSFB |
| 08/04/2000 | Microtune Inc | GS |
| 08/07/2000 | Active Power Inc | GS |
| 08/07/2000 | America Online Latin America | SALOMON  CSFB |
| 08/07/2000 | Medicines Co | JPM CHASE |
| 08/07/2000 | Pemstar Inc | LEH |
| 08/08/2000 | ChipPAC Inc | CSFB |
| 08/08/2000 | TeleCommunication Systems Inc | JPM CHASE  ALEX BROWN |
| 08/09/2000 | AtheroGenics Inc | JPM CHASE |
| 08/09/2000 | Esperion Therapeutics Inc | ROBERTSON |
| 08/09/2000 | Evolve Software Inc | CSFB |
| 08/09/2000 | H Power Corp | LEH |
| 08/09/2000 | McData Corp(EMC Corp) | CSFB |
| 08/09/2000 | Pharsight Corp | CSFB |
| 08/09/2000 | RadView Software Ltd | CSFB |
| 08/10/2000 | American Med Sys Holdings Inc | JPM CHASE |
| 08/10/2000 | Equinix Inc | GS |
| 08/10/2000 | Large Scale Biology Corp | JPM CHASE |
| 08/10/2000 | Lion Bioscience AG | MSDW |
| 08/10/2000 | Regeneration Technologies Inc | LEH |
| 08/10/2000 | Vina Technologies Inc | LEH |
| 08/11/2000 | Telik Inc | LEH |
| 08/11/2000 | Compugen Ltd | ROBERTSON |
| 08/14/2000 | Dyax Corp | JPM CHASE |
| 08/14/2000 | SynQuest Inc | BEAR |
| 08/16/2000 | O2Wireless Solutions Inc | JPM CHASE |
| 08/16/2000 | PeoplePC Inc | JPM CHASE |
| 08/17/2000 | Avistar Communications Corp | JPM CHASE |
| 08/17/2000 | Integrated Telecom Express Inc | LEH |
| 08/17/2000 | PECO II Inc | ROBERTSON |
| 08/18/2000 | Viasource Communications Inc | CSFB |
| 08/18/2000 | WJ Communications Inc | JPM CHASE |
| 08/23/2000 | O2 Micro International Limited | ROBERTSON |
| 09/19/2000 | ViryaNet LTD | JPM CHASE |
| 09/20/2000 | OmniSky Corp | CSFB |
| 09/21/2000 | INRANGE Technologies Corp | SALOMON |
| 09/21/2000 | TTM Technologies Inc | ROBERTSON |
| 09/25/2000 | CoSine Communications Inc | GS |

| | | |
|---|---|---|
| 09/27/2000 | AvantGo Inc | CSFB |
| 09/27/2000 | DURECT Corp | MSDW |
| 09/27/2000 | University of Phoenix Online | CSFB |
| 09/28/2000 | @Road Inc | CSFB |
| 09/28/2000 | Proton Energy Systems, Inc. | MSDW |
| 09/28/2000 | Elastic Networks Inc | JPM CHASE |
| 09/28/2000 | Vastera Inc | ALEX BROWN |
| 09/29/2000 | Docent Inc | ALEX BROWN |
| 09/29/2000 | Simple Technology Inc | LEH |
| 09/29/2000 | Intershop Communications | CSFB |
| 09/29/2000 | Wilson Greatbatch Technologies | CSFB  MERRILL |
| 10/02/2000 | InforMax, Inc. | BEAR |
| 10/04/2000 | Advanced Switching Com Inc | MSDW |
| 10/04/2000 | Oplink Communications Inc | ROBERTSON |
| 10/05/2000 | Kosan Biosciences Inc | LEH |
| 10/12/2000 | Synplicity Inc | ROBERTSON |
| 10/17/2000 | EndWave Corp | ALEX BROWN |
| 10/17/2000 | IXIA | MERRILL |
| 10/26/2000 | MediChem Life Sciences Inc | JPM CHASE |
| 11/06/2000 | Transmeta Corp | MSDW |
| 11/08/2000 | Inficon Holding AG | CSFB |
| 11/09/2000 | Luminent Inc(MRV Comm) | CSFB |
| 11/10/2000 | AeroGen Inc | JPM CHASE |
| 11/10/2000 | Computer Access Technology | ROBERTSON |
| 11/13/2000 | Adolor Corp | MERRILL |
| 11/15/2000 | Novatel Wireless Inc | CSFB |
| 11/16/2000 | Beacon Power Corp | SALOMON |
| 11/17/2000 | Array Biopharma Inc | LEH |
| 11/20/2000 | Alliance Fiber Optic Products | MERRILL |
| 11/20/2000 | iMagicTV | MERRILL |
| 11/28/2000 | Rigel Pharmaceuticals Inc | MSDW |
| 12/04/2000 | Telenor AS(Norway) | GS |

## CERTIFICATE OF SERVICE

The undersigned, an attorney admitted to practice in this Court, certifies that on the 2nd day of January, 2002, I caused a true and correct copy of the attached Consolidated Amended Class Action Complaint to be served by hand and facsimile to counsel listed on the attached service list.

Peter Safirstein, Esq.

## SERVICE LIST

CLIFFORD CHANCE ROGERS &
   WELLS
James N. Benedict
Jon R. Roellke
Kenneth A. Gallo
Robert Houck
200 Park Avenue
New York, New York 10166
(212) 878-8000
Attorneys for Merrill Lynch, Pierce,
Fenner & Smith, Inc.

KIRKLAND & ELLIS
Steven G. Bradbury
Andrew B. Clubok
Howard Fetner (HF 1971)
153 East 53rd Street
New York, New York 10022
(212) 446-4800
Attorneys for Morgan Stanley
& Co., Incorporated

WILMER, CUTLER & PICKERING
Robert B. McCaw
Fraser L. Hunter, Jr.
Ali M. Stoeppelwerth
520 Madison Avenue
New York, New York 10019
(212) 230-8800
Attorneys for Salomon
Smith Barney, Inc.

KING & SPALDING
Richard A. Cirillo
Deborah S. Burstein
1185 Avenue of the Americas
New York, New York 10036
(212) 556-2100
Attorneys for Credit Suisse
First Boston Corporation

SULLIVAN & CROMWELL
Gandolfo V. DiBlasi
John L. Hardiman
Penny Shane
125 Broad Street
New York, New York 10004
(212) 558-4000
Attorneys for the Goldman
Sachs & Co.

O'MELVENY & MYERS LLP
Andrew J. Frackman
Richard G. Parker
Robert M. Stern
153 East 53rd Street
New York, New York 10022
(212) 326-2000
Attorneys for Robertson Stephens, Inc.

PAUL, WEISS, RIFKIND WHARTON
   & GARRISON
Moses Silverman
Philip G. Barber
Andrew Tauber
1285 Avenue of the Americas
(212)373-3000
Attorneys for Lehman Brothers, Inc

SIMPSON THACHER & BARTLETT
Barry R. Ostrager
David W. Ichel
425 Lexington Avenue
New York, New York 10017
(212) 455-2256
Attorneys for J.P. Morgan Chase & Co.